1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11

12  DEBORAH D. PETERSON,           )
    Personal Representative of    )
13  the Estate of James C.        )    No. C08-80030 MISC JSW (BZ)
    Knipple (Dec.), et al.,       )
14                                )    **CLERK'S NOTICE REGARDING**
                 Plaintiff(s),    )    **TENTATIVE RULING**
15                                )
         v.                       )
16                                )
    ISLAMIC REPUBLIC OF IRAN,     )
17  et al.,                       )
                                  )
18               Defendant(s).    )
    _____)

19

20       Attached to this Clerk's Notice is a Draft Order

21  representing a tentative ruling on plaintiffs' *ex parte*

22  applications.  If plaintiffs wish to forego oral argument, and

23  accept this tentative ruling as the court's order, they shall

24  file a writing to that effect by no later than May 9, 2008.

25  Otherwise, the Court will hear argument on the applications on

26  **Wednesday, May 16, 2008 at 10:00 a.m.** in Courtroom G,

27  ///

28  ///

15th Floor, Federal Building, 450 Golden Gate Avenue,

 San Francisco, California 94102.

Dated:   April 29, 2008

_Lashanda Scott_
_____
Lashanda Scott - Courtroom Deputy
to Magistrate Judge Bernard
Zimmerman

G:\BZALL\-REFS\PETERSON\CLERKS NOTICE RE TENTATIVE RULING.wpd

1    **TENTATIVE RULING**

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   DEBORAH D. PETERSON,           )
     Personal Representative of     )
13   the Estate of James C.         )    No. C08-80030 MISC JSW (BZ)
     Knipple (Dec.), et al.,        )
14                                  )    **REPORT AND RECOMMENDATION RE**
                  Plaintiff(s),     )    **PLAINTIFFS' *EX PARTE***
15                                  )    **APPLICATIONS**
            v.                      )
16                                  )
     ISLAMIC REPUBLIC OF IRAN,      )
17   et al.,                        )
                                    )
18                Defendant(s).     )
     _____ )

19

20        Plaintiffs' *ex parte* application for an order amending

     the writ of execution to include additional names and their *ex*

21   *parte* application to direct the issuance of a second amended

22   and alias writ of execution were referred to me on March 17,

23   2008, by Judge Jeffrey S. White.

24        These suits are consolidated actions brought in the

25   United States District Court, for the District of Columbia

26   before Judge Royce C. Lamberth.  (Case Nos. 01-2094 (RCL) &

27   01-2684 (RCL).)  The plaintiffs are nearly one thousand family

28

                                    1

# TENTATIVE RULING

members and estates of the 241 servicemen killed in the 1983
bombing of a United States Marine barracks in Beirut, Lebanon.
(Sept. 7, 2007, Mem. Op. of Judge Lamberth, Docket No. 229 at
p. 1.)  Plaintiffs filed suit against defendants, the Islamic
Republic of Iran ("Iran") and the Iranian Ministry of
Information and Security, alleging "they provided material
support and assistance to Hezbollah[], the terrorist
organization that orchestrated and carried out the bombing."
(Id. at 1 - 2.)  After conducting a trial, Judge Lamberth
found that the defendants were responsible for the attack.
(Id. at 2.)  Judge Lamberth appointed special masters consider
to the claims of the individual plaintiffs.  (Id.)  On
September 7, 2007, the court issued a default judgment against
the defendants in the amount of $2,656,944,877.00.  (J. at p.
1, Docket No. 228.)

Plaintiffs registered the judgment in the Northern
District of California on March 11, 2008.  Plaintiffs allege
that Iran's assets might be available for levy and execution
in this district.  Plaintiffs' first application is for an
order to amend the identity of the judgement debtor from "The
Islamic Republic of Iran" to "The Islamic Republic of Iran aka
The Ministry of Petroleum on Behalf of the Islamic Republic of
Iran, Ministry of Oil on Behalf of the Islamic Republic of
Iran, and The National Iranian Oil Company on Behalf of the
Islamic Republic of Iran, and its subsidiaries:" plaintiffs
then list twenty-five companies they contend are subsidiaries.
Plaintiffs' second application seeks an order issuing a second

2

# TENTATIVE RULING

amended and alias writ of execution showing the alleged true name and identity of the judgment debtor from "The Islamic Republic of Iran" to "The Islamic Republic of Iran aka The Ministry of Petroleum on Behalf of the Islamic Republic of Iran, Ministry of Oil on Behalf of the Islamic Republic of Iran, and The National Iranian Oil Company on Behalf of the Islamic Republic of Iran, on behalf of the following: [plaintiffs then list three companies] and all subsidiaries subdivisions, affiliates, and related entities."  Plaintiffs contend these other companies are instrumentalities and agencies of Iran and wish to levy against these entities' assets in collecting the judgment.

Following a review of the applications, I requested additional briefing on this court's authority to modify the judgment entered by the District of Columbia, District Court. Plaintiffs' response is that they are merely seeking to "retitle" the judgment debtor by adding various "agencies and instrumentalities" of Iran, as permitted by California Code of Civil Procedure section 680.135.

Federal Rule of Civil Procedure 69(a)(1) provides that a writ of execution for the enforcement of a monetary judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  When a judgment debtor is known by names other than what is listed in the judgment, the judgment creditor can file an affidavit of identity pursuant to California Code of Civil Procedure section 680.135.  That statute provides that:

3

# TENTATIVE RULING

"'Affidavit of Identity' means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed **with the clerk of the court in which the judgment is entered** at the time the judgment creditor files for a writ of execution or an abstract of judgment." Cal. Civ. Proc. § 680.135 (West Ann. 2008) (*emphasis* added).

Here, the judgment was entered in the District of Columbia, not the Northern District. California Code of Civil Procedure section 680.135 does not authorize this court to grant plaintiffs' applications. They should be addressed to the District Court of the District of Columbia. California's requirement that plaintiffs seek leave to amend the identity of a defendant from the court in which they obtained the default judgment will avoid inconsistent rulings since plaintiffs will likely seek to collect a judgment of this size in various districts. Significantly, plaintiffs never explain why they have not asked the District of Columbia court for the relief they seek.

For the reasons set forth above, I **RECOMMEND** that plaintiffs' applications be **DENIED**.

Dated:

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PETERSON\Tentative Report and Recommendation re Ex Parte Apps to Amend Writ of Execution.wpd

4