**TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendant(s). | No. C08-80030 MISC JSW (BZ)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFFS' *EX PARTE* APPLICATIONS** |

    Plaintiffs' *ex parte* application for an order amending the writ of execution to include additional names and their *ex parte* application to direct the issuance of a second amended and alias writ of execution were referred to me on March 17, 2008, by Judge Jeffrey S. White.

    These suits are consolidated actions brought in the United States District Court, for the District of Columbia before Judge Royce C. Lamberth.  (Case Nos. 01-2094 (RCL) & 01-2684 (RCL).)  The plaintiffs are nearly one thousand family

1

**TENTATIVE RULING**

members and estates of the 241 servicemen killed in the 1983 bombing of a United States Marine barracks in Beirut, Lebanon. (Sept. 7, 2007, Mem. Op. of Judge Lamberth, Docket No. 229 at p. 1.)  Plaintiffs filed suit against defendants, the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security, alleging "they provided material support and assistance to Hezbollah[], the terrorist organization that orchestrated and carried out the bombing." (Id. at 1 - 2.)  After conducting a trial, Judge Lamberth found that the defendants were responsible for the attack. (Id. at 2.)  Judge Lamberth appointed special masters consider to the claims of the individual plaintiffs.  (Id.)  On September 7, 2007, the court issued a default judgment against the defendants in the amount of $2,656,944,877.00.  (J. at p. 1, Docket No. 228.)

Plaintiffs registered the judgment in the Northern District of California on March 11, 2008.  Plaintiffs allege that Iran's assets might be available for levy and execution in this district.  Plaintiffs' first application is for an order to amend the identity of the judgement debtor from "The Islamic Republic of Iran" to "The Islamic Republic of Iran aka The Ministry of Petroleum on Behalf of the Islamic Republic of Iran, Ministry of Oil on Behalf of the Islamic Republic of Iran, and The National Iranian Oil Company on Behalf of the Islamic Republic of Iran, and its subsidiaries:" plaintiffs then list twenty-five companies they contend are subsidiaries. Plaintiffs' second application seeks an order issuing a second

2

**TENTATIVE RULING**

amended and alias writ of execution showing the alleged true name and identity of the judgment debtor from "The Islamic Republic of Iran" to "The Islamic Republic of Iran aka The Ministry of Petroleum on Behalf of the Islamic Republic of Iran, Ministry of Oil on Behalf of the Islamic Republic of Iran, and The National Iranian Oil Company on Behalf of the Islamic Republic of Iran, on behalf of the following: [plaintiffs then list three companies] and all subsidiaries subdivisions, affiliates, and related entities." Plaintiffs contend these other companies are instrumentalities and agencies of Iran and wish to levy against these entities' assets in collecting the judgment.

Following a review of the applications, I requested additional briefing on this court's authority to modify the judgment entered by the District of Columbia, District Court. Plaintiffs' response is that they are merely seeking to "retitle" the judgment debtor by adding various "agencies and instrumentalities" of Iran, as permitted by California Code of Civil Procedure section 680.135.

Federal Rule of Civil Procedure 69(a)(1) provides that a writ of execution for the enforcement of a monetary judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." When a judgment debtor is known by names other than what is listed in the judgment, the judgment creditor can file an affidavit of identity pursuant to California Code of Civil Procedure section 680.135. That statute provides that:

3

1

## TENTATIVE RULING

2  "'Affidavit of Identity' means an affidavit or declaration
3  executed by a judgment creditor, under penalty of perjury,
4  that is filed **with the clerk of the court in which the**
5  **judgment is entered** at the time the judgment creditor files
6  for a writ of execution or an abstract of judgment."  Cal.
7  Civ. Proc. § 680.135 (West Ann. 2008) (*emphasis* added).
8      Here, the judgment was entered in the District of
9  Columbia, not the Northern District.  California Code of Civil
10 Procedure section 680.135 does not authorize this court to
11 grant plaintiffs' applications.  They should be addressed to
12 the District Court of the District of Columbia.  California's
13 requirement that plaintiffs seek leave to amend the identity
14 of a defendant from the court in which they obtained the
15 default judgment will avoid inconsistent rulings since
16 plaintiffs will likely seek to collect a judgment of this size
17 in various districts.  Significantly, plaintiffs never explain
18 why they have not asked the District of Columbia court for the
19 relief they seek.
20     For the reasons set forth above, I **RECOMMEND** that
21 plaintiffs' applications be **DENIED.**
22 Dated:

                                    _____
                                         Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-REFS\PETERSON\Tentative Report and Recommendation re Ex Parte Apps
to Amend Writ of Execution.wpd

4