UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>　　　　Defendant(s). | No. 08-80030 MISC JSW (BZ)<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFFS'** ***EX PARTE*** **APPLICATIONS** |

　　　Plaintiffs' *ex parte* applications for an order amending the writ of execution to include additional names of the judgment debtor and for an order directing the issuance of a second amended and alias writ of execution were referred to me by the Honorable Judge Jeffrey S. White.

　　　These suits are consolidated actions brought in the United States District Court for the District of Columbia and assigned to the Honorable Royce C. Lamberth.  (Case Nos. 01-2094 (RCL) & 01-2684 (RCL).)  The plaintiffs are nearly one thousand family members and estates of the 241 servicemen

1

1   killed in the 1983 bombing of a United States Marine barracks
2   in Beirut, Lebanon.  (Sept. 7, 2007, Mem. Op. of Judge
3   Lamberth, Docket No. 229 at p. 1.)  Plaintiffs filed suit
4   against defendants, the Islamic Republic of Iran ("Iran") and
5   the Iranian Ministry of Information and Security, alleging
6   "they provided material support and assistance to Hezbollah[],
7   the terrorist organization that orchestrated and carried out
8   the bombing."  (Id. at 1 - 2.)  After conducting a trial,
9   Judge Lamberth found that the defendants were responsible for
10  the attack.  (Id. at 2.)  Judge Lamberth appointed special
11  masters to consider the damage claims of the individual
12  plaintiffs.  (Id.)  On September 7, 2007, the court issued a
13  default judgment against the defendants in the amount of
14  $2,656,944,877.00.  (J. at p. 1, Docket No. 228.)
15       Plaintiffs registered the judgment in the Northern
16  District of California on March 11, 2008 and obtained a writ
17  of execution.  These applications followed.  Plaintiffs' first
18  application is for an order to amend the identity of the
19  judgement debtor from "The Islamic Republic of Iran" to "The
20  Islamic Republic of Iran aka The Ministry of Petroleum on
21  Behalf of the Islamic Republic of Iran, Ministry of Oil on
22  Behalf of the Islamic Republic of Iran, and The National
23  Iranian Oil Company on Behalf of the Islamic Republic of Iran,
24  and its subsidiaries:" plaintiffs then list twenty-five
25  companies they contend are subsidiaries.  Plaintiffs' second
26  application seeks an order issuing a second amended and alias
27  writ of execution in which the true name and identity of the
28  judgment debtor is charged from "The Islamic Republic of Iran"

to "The Islamic Republic of Iran aka The Ministry of Petroleum on Behalf of the Islamic Republic of Iran, Ministry of Oil on Behalf of the Islamic Republic of Iran, and The National Iranian Oil Company on Behalf of the Islamic Republic of Iran, on behalf of the following: [plaintiffs then list three companies] and all subsidiaries subdivisions, affiliates, and related entities." Plaintiffs contend these other companies are instrumentalities and agencies of Iran and wish to levy against their assets, as permitted by the recent amendments to the Foreign Sovereignty Immunities Act. 28 U.S.C. § 1605A (allowing plaintiffs to seek recourse against certain foreign states for "personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act"); and 28 U.S.C. § 1610(g) (permitting "attachment in aid of execution" for "property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity....")[1]

Following a review of the applications, I requested additional briefing on this court's authority to issue what amounts to an amendment of the judgment entered by the District Court in the District of Columbia changing the name of the judgment debtor. Plaintiffs' response is that they are merely seeking to "retitle" the judgment debtor by adding

---

[1] Plaintiffs do not contend that 28 U.S.C. sections 1605A and 1610 are federal statutes that trump state collection procedures under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 69(a)(1).

3

1 various "agencies and instrumentalities" of Iran, as permitted
2 by California Code of Civil Procedure (Cal. Civ. Proc. Code)
3 section 680.135 (West 2008).  During argument, plaintiffs
4 conceded that they had not applied for such relief from Judge
5 Lamberth.  Plaintiffs also stated that they had filed similar
6 applications in perhaps a half a dozen other districts around
7 the country where they believe Iranian assets may be located.

   Fed. R. of Civ. P. 69(a)(1) provides that a writ of
execution for the enforcement of a monetary judgment "must
accord with the procedure of the state where the court is
located."  In California, when a judgment debtor is known by
names other than what is listed on the judgment, the judgment
creditor can file, prior to issuance of the writ of
execution, an "affidavit of identity" pursuant to Cal. Civ.
Proc. Code section 699.510(c)(1)(West 2008).  As defined in
Cal. Civ. Proc. Code section 680.135; "'Affidavit of
Identity' means an affidavit or declaration executed by a
judgment creditor, under penalty of perjury, that is filed
**with the clerk of the court in which the judgment is entered**
at the time the judgment creditor files for a writ of
execution" which sets forth "the additional name or names by
which the judgment debtor is known."  Cal. Civ. Proc. Code §
680.135 (*emphasis* added).  If the court finds that the
affidavit of identity is sufficient, it "shall authorize the
issuance of the writ of execution with the additional name or
///
///
///

4

1  names." Cal. Civ. Proc. § 699.510(c)(1).[2]

2  Because the judgment was entered in the District of
3  Columbia, not the Northern District, Cal. Civ. Proc. Code
4  section 680.135 does not authorize this court to grant
5  plaintiffs' applications.[3] As noted earlier, Fed. R. Civ. P.
6  69(a)(1) requires this court to permit execution in accordance
7  with the "procedure of the state where the court is located."
8  During argument, counsel for plaintiffs suggested that this
9  requirement be ignored. Essentially, counsel argued that the
10 requirement made sense in California, where writs of execution
11 are obtained from the state court that enters the judgment and
12 can be served throughout the state, but does not make sense in
13 federal practice because the District of Columbia cannot issue
14 a writ of execution which can be enforced in California.
15 While there is some appeal to this argument, it does not alter

---

[2]  Since a writ of execution has issued, questions exist as to the timeliness of plaintiffs' applications. Presumably, that is one reason plaintiffs seek an amended writ of execution. In view of the disposition herein, I have assumed, without deciding, that the applications were timely.

[3]  Plaintiffs suggest that the issues presented in their applications have already been resolved in their favor by decisions of the Iran-U.S. Claims Tribunal created in 1981 to resolve claims that arose following the Iranian hostage crisis, and that this court should give collateral estoppel effect to these decisions. Whether collateral estoppel applies to these issues can be decided by the District Court in the District of Columbia. Even assuming that the decisions of the Tribunal can be given collateral estoppel effect, an issue on which plaintiffs provided no direct authority, it is not clear that the issue of whether the various entities are agents and instrumentalities of Iran in 2008 is identical to the issue of whether those entities were agents of instrumentalities of Iran in the mid-1980's, when the decisions upon which plaintiffs rely were made. Collins v. D.R. Horton, Inc., 505 F.3d 874, 882 fn. 8 (9th Cir. 2007) (issue in both actions must be identical for collateral estoppel to apply).

the fact that the California statute clearly requires that the "affidavit of identity" be filed with the court that entered judgment. Cal. Civ. Proc. Code § 680.135. Applied in the federal system, this procedure has merit. Presumably, the judge who entered the judgment is in the best position to determine whether the debtor uses additional names. And the proliferation of "identity" proceedings around the country, such as has occurred with this judgment, with its concomitant risk of inconsistent rulings, would be avoided.

Nor is it clear that the relief plaintiffs seek is available under Cal. Civ. Proc. Code sections 680.135 and 699.510. Plaintiffs are not claiming that Iran is literally known by the names of the many oil companies named in the applications. Rather, plaintiffs are claiming that Iran nationalized or otherwise owns a number of oil companies, some of which have subsidiaries, and it wishes to execute against these entities. A literal reading of the California statutes suggests that they are meant to address judgment debtors known by multiple names or aliases, (see Richard L. Enkelis, Action Guide: Enforcing Civil Money Judgments, Step 13, p.19 (2006)) rather than subsidiaries or affiliates of the judgment debtor.[4] In fact, section 680.135 states that:

---

[4] It is not clear that plaintiffs would be entitled to amend the judgment under California law. Although a court has authority to amend a judgment when "a judgment debtor changes his or her name after a judgment is entered," plaintiffs do not contend that Iran changed its name after the judgment was entered. Alan M. Ahart, California Practice Guide: Enforcing Judgments & Debts, ¶ 6:1563 (The Rutter Group 2007). A plaintiff may also amend a judgment to include a corporation's alter ego, but only if the alter ego controlled the underlying
(continued...)

6

> [t]he affidavit of identity **shall not include** the name of names of persons, including **any corporations**, partnerships, or any legal entities not separately named in the judgment **in which the judgment debtor is a partner, shareholder**, **or member**, other than the judgment debtor.

Cal. Civ. Proc. Code § 680.135 (emphasis added).

Plaintiffs showing is also deficient from an evidentiary standpoint. Cal. Civ. Proc. Code section 680.135 requires an affidavit or declaration under penalty of perjury which sets forth the factual basis for assertion that the debtor is known by other names. Here plaintiffs' applications are supported by declarations of counsel which attaches a number of unauthenticated or poorly authenticated documents which purportedly establish that the government of Iran, the judgment debtor, owns one or more national oil companies which in turn have a number of subsidiaries. As proof, plaintiffs rely principally on screen shots of various internet websites. Plaintiffs have not established that the websites from which these screen shots were taken are owned or maintained by the companies in question, let alone that the information on those websites is accurate. <u>Wady v. Provident Life & Accident Ins. Co. of Am.</u>, 216 F.Supp.2d 1060, 1064 - 65 (C.D. Cal. 2002) (court sustained objection to printouts from a company's website because the affiant lacked "personal knowledge of who maintains the website, who authored the documents, or accuracy

---

[4](...continued)
litigation, which does not appear to be the case here. <u>Katzir's Floor and Home Design, Inc. v. M-MLS.com</u>, 394 F.3d 1143, 1148 (9th Cir. 2004); <u>Jines v. Abarbanel</u>, 77 Cal.App.3d 702, 717 (1978).

7

1  of their content"). See also Internet and Email Evidence, Am.
2  Law Institute-Am. Bar Ass'n, Trial Evidence in the Federal
3  Courts: Problems and Solutions, 559, 562 - 64 (2008).
4       For the reasons set forth above, I **RECOMMEND** that
5  plaintiffs' applications be **DENIED**.
6  Dated: May 22, 2008

             _____
             Bernard Zimmerman
             United States Magistrate Judge