Timothy T. Scott (SBN 126971)
tscott@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark D. Hopson
mhopson@sidley.com
Griffith L. Green
ggreen@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Attorneys For The International
Bank for Reconstruction and Development

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.) et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al. <br><br> Defendants. | Case No. 08-mc-80030-JSW <br> Hon. Jeffrey S. White <br> Hon. Bernard Zimmerman <br><br> **NOTICE OF MOTION AND MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER; MEMORANDUM IN SUPPORT THEREOF** <br><br> [Proposed] Order Granting Motion And Declaration of Ryan M. Sandrock Filed Concurrently Herewith <br><br> Date: July 2, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom G |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 2, 2008 at 9:00 a.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of the Honorable Bernard Zimmerman, the International Bank for Reconstruction and Development ("World Bank") will and hereby does move this Court to stay Plaintiffs' Motion For Assignment pending the United States District Court For The District of Columbia's Decision on Plaintiffs' Motion To Appoint A Receiver.[1]  This motion is based on this notice of motion, the accompanying memorandum and exhibits thereto, the pleadings and other papers on file in this action, and on such other evidence and argument as may be presented to the court on reply and at the time of hearing.

**SUMMARY OF ARGUMENT**

In September 2007, after nearly six years of litigation, the United States District Court for the District of Columbia ("D.C. District Court") entered a default judgment against Iran and other defendants relating to the 1983 bombing of the United States Marine barracks in Beirut, Lebanon.  Plaintiffs in the D.C. action (who are identical to the Plaintiffs in this action and represented by some of the same counsel) have made two attempts to collect on this judgment from the World Bank in the D.C. District Court: (1) they caused a Writ of Attachment to be issued for Iran's assets allegedly held by the World Bank, and (2) they filed a Motion to Appoint a Receiver to draw down international development funds available to Iran for humanitarian purposes.[2]

Plaintiffs filed this collection action two months ago.  In a third attempt to collect on their judgment, Plaintiffs filed a Motion For Assignment under C.C.P. § 708.510, pursuant to which they seek to have Iran's assets held by the World Bank — including "undisbursed loan proceeds" assigned to them. (Assignment Motion, p. 2).  The relief sought in this Court is essentially identical

---

[1] By filing this motion, the World Bank reserves and does not waive any of its rights and defenses, including but not limited to (i) immunity from suit under the International Organizations Immunities Act, the Foreign Sovereign Immunities Act, and its Articles of Agreement; (ii) lack of personal jurisdiction over the World Bank; and (iii) lack of service (the World Bank has not been served in this case).  Pursuant to the Court's May 7, 2008 order, the World Bank will file an opposition to Plaintiffs' Motion For Assignment on or before June 9, 2008.

[2] As set forth in its letter responding to Plaintiffs' Writ of Garnishment, the World Bank has not identified any debts owing to or any goods, chattels, or credits of Defendants.

MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030

to that sought by Plaintiffs in the D.C. District Court. Both motions seek to allow Plaintiffs to "step [part way] into Iran's shoes" in order to draw down international developmental loan commitments to Iran — without the concomitant obligation to undertake development programs or repay the funds. The only difference is that while Plaintiffs pursue a federal remedy in the D.C. District Court, they pursue a California state law remedy in this Court.

All of these collection efforts — whether based on federal or state law — are barred by the World Bank's immunity under the Foreign Sovereign Immunities Act and the International Organization Immunities Act. The D.C. District Court is already familiar with this issue because, in addition to the World Bank's filings, other parties have also asserted similar immunities in the D.C. proceedings. In addition, the D.C. District Court is intimately familiar with this case because it has overseen it for nearly seven years.

This Court should exercise its discretion to stay Plaintiffs' assignment motion until the D.C. District Court resolves the receiver motion. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Allowing this action to proceed in this district would present the risk of inconsistent rulings on the same issue — the scope of the World Bank's immunity from collection efforts — which would prejudice the World Bank. Issuing a stay, in contrast, would not prejudice Plaintiffs in any way, given that they will be able to fully litigate the immunity issue in the D.C. District Court on a briefing schedule that is almost identical to the briefing schedule in this Court. Finally, issuing a stay would promote judicial economy because the issues before this Court and the D.C. District Court are substantively nearly identical, and the D.C. District Court has already invested a great amount of time and resources in this case.

## BACKGROUND

### The Underlying Action in The D.D.C.

This case is a collection action that seeks to execute on a default judgment entered by the United States District Court for the District of Columbia in *Petersen v. Islamic Republic of Iran*, No. 01-cv-02094-RCL (D.D.C.) (consolidated actions) (Report and Recommendation To Deny Plaintiffs' *Ex Parte* Applications, Doc. No. 36, p. 1). Plaintiffs in those actions, which commenced

2

MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030

SF1 1500256v.1

in October 2001, sued defendants Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security (collectively, "Iran" or "Defendants"), alleging that Iran had provided support for the 1983 bombing of the United States Marine Barracks in Beirut, Lebanon.  After a trial and consideration of damages issues by special masters appointed by Judge Lamberth, the D.C. District Court issued a default judgment against defendants for $2,656,944,877.  Plaintiffs now seek to collect on this judgment from Iran and alleged creditors of Iran.

### **Plaintiffs' Attempt to Collect The Judgment In The D.C. District Court**

On March 25, 2008, Plaintiffs caused the D.C. District Court to begin issuing Writs of Attachment seeking to seize all of Iran's assets.  In addition to commercial banks (that might conceivably hold deposits belonging to Iran), Plaintiffs also caused the court to issue Writs against the World Bank and several other international intergovernmental organizations (*i.e.*, the International Monetary Fund, the International Finance Corporation, and the Asian Development Bank).  (Writ of Attachment as to World Bank, attached to declaration of Ryan M. Sandrock ("Sandrock Declaration") as Exhibit A).  Plaintiffs also caused Writs to be issued against several foreign government agencies (*e.g.,* the Japan Bank for International Cooperation, the Export Import Bank of Korea, the Export Import Bank of India).  (Excerpt of Docket Report for 1:01-cv-02094-RCL (DDC), attached to Sandrock Declaration as Exhibit B.)

The World Bank is an "international organization" under the International Organization Immunities Act of 1945 ("IOIA") and has been designated as such by the President. *See* 22 U.S.C. § 288 *et seq.*; Exec. Order No. 9751, 11 Fed. Reg. 7713 (1946).  Accordingly, it is entitled to the protections of § 1611(a) of the Foreign Sovereign Immunities Act, which provides:

> Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act *shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state* as the result of an action brought in the courts of the United States.

28 U.S.C. § 1611(a) (emphasis added).

By its plain terms, § 1611(a) prohibits the use of judicial process to interfere with the

3

**MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030**

SF1 1500256v.1

distribution of development funds to, or on behalf of, a foreign country.

Moreover, just three months ago, the D.C. Circuit reaffirmed the World Bank's immunity from garnishment proceedings under the International Organizations Immunities Act of 1945 ("IOIA"). In *Inversora Murten, S.A.* v. *Energoprojekt-Niskogradnja Co. Ltd.*, 2008 WL 441836 (D.C. Cir. Feb. 14, 2008), the Court squarely held that World Bank was immune from garnishment proceedings under the IOIA. *Inversora* followed *Atkinson* v. *Inter-American Development Bank*, 156 F.3d 1335 (D.C. Cir. 1998), which also held that international organizations were immune from garnishment proceedings.

After receiving the Writ, the World Bank promptly advised Plaintiffs' counsel that, as an international organization, it was immune from garnishment proceedings under both international treaty and U.S. statute. (*E.g.*, Letter from P. Miranda to D. Cook (dated May 9, 2008), attached to Sandrock Declaration as Exhibit C.) The World Bank further advised plaintiffs' counsel that, in any event, it did not hold any property or funds belonging to Iran and was not indebted to Iran. *(Id.).*

In response, Plaintiffs filed in the D.C. District Court a "Motion For Appointment of Receiver As Supplemental Remedy Pursuant To F.R.C.P. 69(a)(1), And Under Rule 66 of the Federal Rules of Civil Procedure, 28 U.S.C. § 754 And 28 U.S.C. § 1692" (the "D.C. Receiver Motion," attached, along with Memorandum in Support, to Sandrock Declaration as Exhibit D). This extraordinary motion starts by likening Iran to a "customer," the World Bank and other international intergovernmental organizations to commercial banks, and international development loan arrangements to checking accounts. It then purportedly seeks to "oust Iran from any of the banking relations with [the World Bank] and replace the Receivers as the owners and holders of [any of Defendants' accounts with the World Bank]. The Receivers standing in the shoes of Iran could and would direct [the World Bank] to pay-over, surrender, and hand over all funds held by [the World Bank] to the Plaintiffs." (Sandrock Declaration, Exhibit D, Memorandum, page 5). In short, it seeks an order allowing Plaintiffs to draw down — immediately, and without obligation to repay — all existing international developmental loans available to Iran for humanitarian purposes.

4

**MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030**

SF1 1500256v.1

**The D.C. Court Is Addressing the World Bank's Immunity**

The issue of the World Bank's immunity from Plaintiffs' collection efforts is already being litigated in the D.C. District Court. As noted above, after the World Bank asserted its immunity, Plaintiffs filed the D.C. Receiver Motion, putting the issue of the World Bank's immunities squarely before that court.[3] The World Bank has stated its intention to oppose Plaintiffs' efforts to appoint a receiver. (Letter from G. Green to D. Cook (dated May 23, 2008), attached to Sandrock Declaration as Exhibit F). The World Bank's opposition to this motion is due June 5, 2008, and Plaintiffs' reply on June 12.

Moreover, the Japan Bank for International Cooperation ("JBIC") has not only asserted its immunity under the FSIA, but has also sought expedited consideration of this issue by the D.C. District Court prior to this Court's July 2, 2008 hearing. (Emergency Motion to Shorten Time to Respond to JBIC's Motion to Quash, attached to Sandrock Declaration as Exhibit G, ¶¶ 6, 8).

Finally, the World Bank — like the other international organizations targeted by Plaintiffs — has its headquarters in Washington, D.C. Indeed, even when it is not immune from suit, actions against the World Bank can be brought only in jurisdictions in which it maintains an office, has appointed an agent, or issued securities. *See* Articles of Agreement of the International Bank for Reconstruction and Development, Dec. 27, 1945, art. VII, § 3, 60 Stat. 1440, 1458. Both the D.C. District Court and the U.S. Court of Appeals for the D.C. Circuit have previously examined and determined the scope of the World Bank's (and other international organizations') immunity from garnishment proceedings. *See Inversora,* 2008 WL 441836 at *2; *Atkinson*, 156 F.3d 1335, 1339-1343.

**Plaintiffs' Attempt to Collect The Judgment In This District**

In addition to the collection proceeding instituted in the D.C. District Court, Plaintiffs

---

[3] The International Monetary Fund, another international organization covered by the FSIA and IOIA, has likewise asserted its immunity and is subject to the D.C. Receiver Motion. (Letter from J. Powers to D.C. District Court (dated May 1, 2008), attached to Sandrock Declaration as Exhibit E).

5

have filed collection actions in several other districts, including this district.  On March 11, 2008, Plaintiffs registered the D.C. District Court judgment in this district and obtained a writ of execution.  On May 1, 2008, Plaintiffs filed a "Motion For Assignment of Rights Pursuant to C.C.P. § 708.510 and F.R.C.P. 69(a)" (the "Assignment Motion").  The Assignment Motion seeks essentially the same remedy as the D.C. Receiver Motion:  an order allowing Plaintiffs to draw down all existing international developmental loans available to Iran.  The primary difference between the two motions is that the Assignment Motion seeks to use a mechanism of California procedure — C.C.P. § 708.510 — rather than of Federal procedure.

The Assignment Motion, like the D.C. Receiver Motion, concedes that whether the World Bank has immunity is central to resolution of this matter.  In particular, it notes that "[s]ome of the financial institutions, such as The World Bank, Japanese Bank for International Cooperation, Export Import Bank of Korea, Export Import Bank of India, International Finance Corporation, if not others, might well claim their own sovereign immunity."  (Assignment Motion, p. 11).  As they do in the D.C. Receiver Motion, however, Plaintiffs assert that the assignment mechanism (like the receiver mechanism in the D.C. Court) may allow the court to sidestep this issue — "[t]his court need not necessarily resolve the issue of sovereign immunity of the foreign and International Banks [including the World Bank], as Plaintiffs would stand in the shoes of Iran . . ." (Assignment Motion, p. 14).

## ARGUMENT

Federal courts have inherent power to control their dockets by staying proceedings.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  It is well settled that a district court has the power to stay proceedings pending before it and to control its docket in the interests of judicial economy, and that the granting of a stay therefore ordinarily lies within the discretion of the district court.  *See, e.g., Gonzales v. General Motors Corp.*, 2007 WL 2406871, *1 (N.D. Cal. Aug. 20, 2007) (*citing Landis*).

In exercising its discretion, the court "must weigh competing interests and maintain an even balance" among the interests of the court, counsel, and litigants.  *Rivers v. The Walt Disney*

6

MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030

SF1 1500256v.1

*Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis*). In particular, a court deciding whether to grant a stay must weigh: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005). In this case, each of these factors favor a stay.

### I. The Potential Prejudice to the World Bank from Denial of a Stay Far Outweighs Any Potential Prejudice to Plaintiffs from Grant of a Stay

The immunity issues presented to this Court and to the D.C. District Court are substantively identical. As Plaintiffs themselves recognize, any attempt to collect on the judgment from the World Bank — whether through attachment, assignment, or appointment of receiver — will raise the issue of whether the World Bank is immune from these efforts. Plaintiffs' argument in this district that the assignment mechanism will allow the immunity issue to be avoided is precisely the same as its claim in the D.C. Court that the receiver mechanism will avoid the immunity question.

Given the importance of these common issues, the World Bank and other international organizations would be severely prejudiced by inconsistent rulings. Numerous courts have recognized that the potential for inconsistent rulings weighs in favor of a stay. *Nielsen v. Merck and Co*. 2007 WL 806510, *1 (N.D. Cal. March 15, 2007) ("absent a stay, there would be a significant risk of inconsistent rulings given the number of cases already in the MDL that raise the same jurisdictional question"); *Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc*. 486 F. Supp. 2d 990, 994 (D. Ariz. 2007) ("denying the stay could result in substantial expense and wasted resources if the PTO and the Court were to issue inconsistent rulings"); *Microsoft Corp. v. Compression Labs Inc.*, 2005 WL 1566531, *2 (N.D. Cal. July 5, 2005) ("granting defendants' motion for a temporary stay avoids the possibility of inconsistent rulings.") Here, the potential for inconsistent rulings is plain. This action arises from a judgment issued by the D.C District Court,

7

MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030

SF1 1500256v.1

and the collection efforts in both districts seek the same monies.[4]  If this Court and the D.C. District Court were to resolve the common immunity issue differently, the World Bank's status would remain uncertain, and the parties would be forced to litigate this issue for some time.

In contrast, Plaintiffs would suffer no prejudice from having the D.C. District Court — the court where this case arose — consider the immunity issue first.  The stay sought is limited in duration in that it is tied to the D.C. Court's resolution of a specific issue on which the current briefing schedule is identical to the briefing schedule before this Court.  In addition, this is not a case in which a stay would impose a last-minute delay of the resolution of a long-standing proceeding.  To the contrary, the D.C. action has been going on for nearly seven years while this action is only a few months old.  Finally, the parties can fully litigate the immunity issue in the D.C. Court because the parties are identical (and counsel nearly identical) in both actions.

## II.     A Stay Will Further Judicial Economy

Because of the common issues in the D.C action, granting a stay will also further judicial economy and the "orderly course of justice."  A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, 2008 WL 361128, *3 (N.D. Cal. Feb. 11, 2008 (staying action pending resolution of similar issues in independent proceedings) (White, J.).  Here, as set forth above, the D.C. Court's resolution of the Receiver Motion will bear upon this Court's resolution of the Assignment Motion because it will necessarily consider and decide the scope of the World Bank's immunity.

Plaintiffs will no doubt claim that the issues in the two actions are different and should be resolved separately.  There are at least three flaws in this argument.  First, it is proper to stay an action pending resolution of independent proceedings, even where such resolution would not be controlling.  *Leyva,* 593 F.2d at 862-863 ("A trial court may, with propriety, find it is efficient for

---

[4] Recognizing the relation between this action and the D.D.C action, Judge Zimmerman recently recommended that Plaintiffs' *ex parte* applications for an order amending the writ of execution to include additional names of the judgment debtor be denied. Part of the basis for this holding was Judge Zimmerman's determination that "[p]resumably, the judge who entered the judgment is in the best position to determine whether the debtor uses additional names." (Report and Recommendation To Deny Plaintiffs' Ex Parte Applications, Doc. No. 36, p. 6).

8

**MEMORANDUM IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030**

SF1 1500256v.1

its own docket and the fairest court for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."); *FormFactor, Inc.*, 2008 WL 361128, *3 (White, J.). Second, to the extent that the D.C. proceedings do not fully resolve these proceedings, they would most likely narrow the issues for consideration by this Court. Third, as will be set forth more fully in the World Bank's opposition to the Assignment Motion, Plaintiffs' collection efforts in both courts present the same issue and should result in the same decision — that neither the receiver mechanism nor the attachment mechanism allows Plaintiffs to avoid application of the immunity granted to the World Bank under the FSIA and IOIA. Indeed, courts interpreting C.C.P. § 708.510(f) have repeatedly refused to order the assignment of assets which are immune from execution. *See Quaestor Investments, Inc. v. The State of Chiapas*, 1997 WL 34618203, *7 (C.D. Cal. Sept. 2, 1997) (holding that "an assignment order [under C.C.P. § 708.510(f)] may not be issued with respect to assets which are immune from execution" and on that basis denying motion to assign assets immune from execution under the FSIA); *Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1099-1100 (1990) (denying motion under C.C.P. § 708.510 as to assets immune from execution under the FSIA).

## CONCLUSION

For all the reasons set forth above, this Court should grant the World Bank's Motion to Stay the Assignment Motion Pending the United States District Court for the District of Columbia's decision on Plaintiffs' Motion To Appoint A Receiver.

Dated: May 28, 2008                         SIDLEY AUSTIN LLP

By: /s/ Ryan M. Sandrock

Attorneys For The International Bank for Reconstruction and Development

9