# EXHIBIT A

Case 3:07-cv-02174-H-BLM     Document 84     Filed 04/08/2008     Page 1 of 10

1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL SHAMES; GARY                          CASE NO. 07-CV-2174 H
     GRAMKOW, on behalf of themselves              (BLM)
12   and on behalf of all persons similarly
     situated,                                     ORDER GRANTING
13                                                 DEFENDANTS' MOTIONS TO
                                                   DISMISS AND DENYING
                                      Plaintiffs,  WITHOUT PREJUDICE
14        vs.                                      MOTION FOR PRELIMINARY
                                                   INJUNCTION
15
                                                   [Doc. Nos. 10, 34, 48, 50.]
16   THE HERTZ CORPORATION, a
     Delaware corporation; DOLLAR
17   THRIFTY AUTOMOTIVE GROUP,
     INC., a Delaware corporation; AVIS
18   BUDGET GROUP, INC., a Delaware
     corporation; VANGUARD CAR
19   RENTAL USA, INC., an Oklahoma
     corporation; ENTERPRISE RENT-A-
20   CAR COMPANY, a Missouri
     corporation; FOX RENT A CAR,
21   INC., a California corporation;
     COAST LEASING CORP., a Texas
22   corporation; THE CALIFORNIA
     TRAVEL AND TOURISM
23   COMMISSION; and CAROLINE
     BETETA,
24
                                      Defendants.
25        On November 14, 2007, plaintiffs Michael Shames and Gary Gramkow

26   ("Plaintiffs") filed a putative class action complaint against several passenger rental car

27   companies ("the rental car defendants") operating at certain California airports, the

28   California Travel and Tourism Commission ("CTTC"), and  Caroline Beteta, the

                                         - 1 -                              07cv2174

Case 3:07-cv-02174-H-BLM    Document 84    Filed 04/08/2008    Page 2 of 10

1    Executive Director of the CTTC. (Doc. No. 1.) Plaintiffs seek a preliminary injunction

2    against the CTTC. (Doc. No. 10.) Defendants have brought three motions to dismiss

3    Plaintiffs' complaint: one by the rental car defendants, one by the CTTC, and one by

4    Caroline Beteta. (Doc. Nos. 34, 48, 50.) The rental car defendants also filed a related

5    request for judicial notice. (Doc. No. 36.) On March 25, 2008, following full briefing

6    on all of the pending motions, the Court the submitted all the motions without oral

7    argument pursuant to its discretion under Local Civil Rule 7.1(d)(1). (Doc. No. 78.)

8    On March 27, 2008, the CTTC filed an objection to a declaration accompanying

9    Plaintiffs reply brief regarding the motion for preliminary injunction. (Doc. No. 79.)

10   On April 1, 2008, Plaintiffs responded to the objection. (Doc. No. 81.) These filings

11   were not authorized by the Local Rules, were filed after the motion was submitted, and

12   were filed without leave of the Court. In the future, the parties should request leave

13   prior to any supplemental briefing. For the reasons discussed below, the Court grants

14   the motions to dismiss, denies the motion for preliminary injunction, and grants 30 days

15   leave to amend the complaint in a manner consistent with this order.

16                                      **Background**

17       Plaintiffs' complaint asserts three causes of action: price fixing in violation of the

18   Sherman Act, 15 U.S.C. § 1; unfair competition in violation of Cal. Bus. & Prof. Code

19   § 17200 et seq.; and violations of California's Bagley-Keene Open Meeting Act, Cal.

20   Govt. Code § 11120 et seq. Plaintiffs assert the first two claims against all defendants

21   and the third only against the CTTC and defendant Beteta.

22       Plaintiffs' complaint alleges that the rental car defendants have committed a per

23   se violation of federal antitrust law by entering into a horizontal price-fixing agreement

24   to raise and fix the prices charged to consumers for the rental of automobiles at certain

25   California airports. (Compl. ¶ 1.) The alleged agreement has two components. First,

26   the rental car defendants purportedly agreed to impose on consumers a surcharge of

27   2.5% of the price of a car rental and not to compete with each other with respect to that

28   surcharge. (Id.) The rental car defendants allegedly misrepresent that consumers owe

     the 2.5% surcharge to the CTTC, when it is actually owed by the car companies. (Id.)

1    Second, the rental car defendants allegedly agreed to raise and fix prices by

2    passing on to consumers an Airport Concession Fee[1] of approximately 9%. (Id.) Prior

3    to 2007, this fee was included in the advertised base rate pursuant to California law

4    mandating that the advertised rate include all charges to be billed (except for taxes, a

5    customer facility charge, and a mileage charge). (See Compl. ¶ 31.) In January, 2007,

6    the California legislature changed this rule to permit rental car companies to "unbundle"

7    the Airport Concession Fee from the base rate and separately itemize it on the bill.

8    (Compl. ¶ 1.)  Plaintiffs allege that the rental car defendants took this opportunity to

9    collectively increase prices, agreeing to maintain the level of the previously bundled

10    base rates while passing the Airport Concession Fee on to consumers as a separate fee.

11    (Id.)

12    Plaintiffs also assert that the CTTC and defendant Beteta facilitated these

13    allegedly illegal antitrust activities. The California Tourism Marketing Act ("CTMA"),

14    Cal. Govt. Code § 13995 et seq., created the CTTC in 1995. (Compl. ¶ 25.) The CTTC

15    is a California nonprofit mutual benefit corporation.  (Id. ¶ 26.) As defined by the

16    CTMA, the CTTC would be funded by contributions from industry and the state general

17    fund.  (Id. ¶ 25.)  The CTTC, which is chaired by the Secretary of the California

18    Business, Transportation and Housing Agency, consists of 37 members who serve both

19    as commissioners and as directors of the CTTC.  (Id. ¶ 26.)  The Governor appoints

20    twelve of the CTTC's members. (Id. ¶ 27.) Five segments of the tourism industry, one

21    of which is the "passenger car rental industry," elect the remaining members without

22    the involvement of public officials. The CTTC Executive Director is a tourism industry

23    professional recommended by the CTTC and approved by the Governor. (Id.)

24    As relevant here, the first significant function of the CTTC is to set industry

25    assessment levels for its budget. (Id. ¶ 28.) Every two years, the CTTC proposes

26    assessment levels for various segments of the travel and tourism industry. (Id.) Those

27    _____

28    [1]"'Airport concession fee' means a charge collected by a rental company from a renter that is the renter's proportionate share of the amount paid by the rental company to the owner or operator of an airport for the right or privilege of conducting a vehicle rental business on the airport's premises." Cal. Civ. Code § 1936.01(a)(1).

07cv2174

1   industry segments then vote on the specific assessment level proposals. The levels that

2   receive the most weighted votes become effective and enforceable, and must be paid by

3   all those conducting business over a minimum level in each of the respective tourism-

4   related segments. (Id.)

5           Second, the CTTC develops a marketing plan for the expenditure of the assessed

6   funds. (Id. ¶ 29.) The CTTC's plans regarding operations and spending are subject to

7   approval by the Secretary of the Business, Transportation and Housing Agency, in her

8   capacity as chair of the CTTC. (Id.) However, a three fifths vote of the CTTC

9   members will override any disapproval by the chair. (Id.) As a result, Plaintiffs assert

10  that the 24 industry-selected CTTC members exercise final, controlling decision-

11  making power within the CTTC. (Id.) In summary, Plaintiffs state that the CTTC,

12  while privately chosen, exercises "state-unchecked" power in the assessment of monies

13  under state authority, the enforcement of that collection on business, and the

14  expenditure of those funds. (Id. ¶ 30.)

15          Plaintiffs' complaint alleges that in 2006 a state bill (AB 2592) was enacted that

16  amended California Civil Code § 1936.01 to make two significant changes with respect

17  to the rental car defendants. (Compl. ¶ 32.) First, it created airport rental car firms as

18  an industry sector included in the CTTC. (Id.) The bill allegedly provided for a

19  referendum to be held among the rental car defendants to approve a contribution to the

20  CTTC's budget. (Id.) This contribution would increase the CTTC's budget and relieve

21  the state general fund of almost all of its current and future contributions. (Id.)

22  Plaintiffs allege that, because industry segment representation on the CTTC is

23  proportional to the assessments paid by that segment, the rental car industry became

24  entitled to six seats on the CTTC. (Id.)

25          Second, Plaintiffs allege that AB 2592 included a provision allowing the rental

26  car defendants to unbundle the Airport Concession Fee in the manner discussed above.

27  (Id. ¶ 33.) The complaint states that AB 2592 provided that this "disaggregation

28  provision" would become effective only if the rental car industry assessed upon itself

    new rates that would increase the CTTC's funding. (Id. ¶ 34.) To that end, the rental

1   car defendants agreed to a "self-assessment" of 2.5%. (Id.) Plaintiffs allege that the

2   rental car defendants further agreed, in violation of the antitrust laws, to pass that

3   assessment on to consumers and not absorb it or otherwise compete with each other on

4   that portion of the price charged to consumers. (Id. ¶ 35.)

5           Plaintiffs allege that the rental car defendants offered the state legislature a quid

6   pro quo of industry contribution to the CTTC budget and general fund relief in return

7   for the change in consumer billing format permitted by AB 2592. (Id. ¶ 36.) Plaintiffs

8   allege that, although that statute did not authorize any price level change, beginning in

9   January 2007 when the statute took effect, the rental car defendants agreed and

10  combined to fix prices approximately 9% higher by charging the Airport Concession

11  fee as a separate and additional charge. (Id.) Although AB 2592 permitted a change

12  in billing format, Plaintiffs allege that the price increase related to the Airport

13  Concession Fee as a separate charge was neither explicitly authorized by, nor a

14  necessary consequence of, AB 2592. (Id. ¶ 37.) Rather, Plaintiffs allege, the increase

15  was the result of independent price-fixing agreements by the rental car defendants. (Id.)

16  Plaintiffs assert that the CTTC, and defendant Beteta in her capacity as CTTC's

17  executive director, participated in this alleged conspiracy by coordinating

18  communications and facilitating the price fixing agreements. (Id.)

19                                        **Discussion**

20  **I.      Motion to Dismiss - Legal Standard**

21          Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a

22  claim either where that claim lacks a cognizable legal theory, or where insufficient facts

23  are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d

24  696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court construes the

25  complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual

26  allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.

27  1996).

28          The Supreme Court recently addressed the question of "what a plaintiff must

    plead in order to state a claim under § 1 of the Sherman Act." Bell Atlantic Corp. v.

                                            - 5 -                                    07cv2174

1  Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). "While a complaint attacked by

2  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

3  obligation to provide the grounds of his entitlement to relief requires more than labels

4  and conclusions, and a formulaic recitation of the elements of a cause of action will not

5  do." Id. at 1965-1966. "Factual allegations must be enough to raise a right to relief

6  above the speculative level on the assumption that all the allegations in the complaint

7  are true (even if doubtful in fact). Id. at 1965. Applying "these general standards" to

8  a claim under the Sherman Act, the Supreme Court held that stating a claim under

9  section 1 of that Act "requires a complaint with enough factual matter (taken as true)

10 to suggest that an agreement was made." Id. "[A]n allegation of parallel conduct and

11 a bare assertion of conspiracy will not suffice." Id.

12 **II.   Plaintiffs' Antitrust Claim**

13        Section 1 of the Sherman Act prohibits a "contract, combination . . . , or

14 conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. "The crucial question

15 is whether the challenged anticompetitive conduct stems from independent decision or

16 from an agreement." Twombly, 127 S.Ct. at 1964. To state a section 1 claim, a

17 plaintiff "must plead not just ultimate facts (such as a conspiracy), but evidentiary facts

18 which, if true, will prove: (1) a contract, combination or conspiracy among two or more

19 persons or distinct business entities; (2) by which the persons or entities intended to

20 harm or restrain trade or commerce . . . ; (3) which actually injures competition."

21 Kendall v. Visa U.S.A., Inc., ___ F.3d ___, 2008 WL 613924 at *3 (9th Cir. March 7,

22 2008). For the following reasons, the Court concludes that Plaintiffs' complaint fails

23 to satisfy this standard with respect to all defendants.

24        **A.   Defendant Beteta**

25        The Court concludes that Plaintiffs' complaint fails to state a claim against

26 defendant Beteta for a violation of section 1 of the Sherman Act. Plaintiffs' complaint

27 contains only conclusory assertions and general allegations that Ms. Beteta had

28 knowledge of, facilitated, and participated in a conspiracy by the rental car defendants

to fix prices. (E.g., Compl. ¶¶ 43, 44.) The complaint fails to set forth factual

1  allegations supporting these assertions. Although Ms. Beteta may have met with rental

2  car industry members, that fact alone is insufficient to raise Plaintiffs' right to relief

3  against Ms. Beteta "above the speculative level." Twombly, 127 S.Ct. at 1965.

4  **B.   The CTTC**

5  Similarly, the Court concludes that the allegations of Plaintiffs' complaint are

6  insufficient to state a claim against the CTTC on Plaintiff's antitrust claim.  The

7  complaint is devoid of factual allegations regarding any actual agreement between the

8  CTTC and the rental car defendants.  The only factual assertions regarding the CTTC

9  are that the CTTC held meetings that California law requires it to hold and allegedly

10 violated certain provisions of the Bagley-Keene Act regarding notice of those meetings.

11 Like the allegations regarding defendant Beteta, the complaint's allegation of an

12 agreement and/or conspiracy to which the CTTC was a party is stated by Plaintiffs'

13 conclusory assertions that the CTTC had knowledge of, facilitated, and participated in

14 the rental car defendants' alleged conspiracy to fix prices.  (See Compl. ¶¶ 43-44.)

15 The rental car companies' purportedly agreed to pass the 2.5% "self-assessment"

16 on to consumers. (See Compl. ¶¶ 34-35.) However, the complaint does not allege facts

17 making it "plausible," see Twombly, 127 S.Ct. at 1965, that the CTTC agreed or

18 conspired with the rental car defendants to pass this price along to consumers.  In fact,

19 the California Tourism Marketing Act expressly permits "an assessed business [to] pass

20 on some or all of the assessment to customers."  Cal. Govt. Code § 13995.65(f).

21 Similarly, the complaint does not allege facts making it plausible that the CTTC agreed

22 or conspired with the rental car companies to pass the Airport Concession Fee of

23 approximately 9% on to consumers.

24 Moreover, even if Plaintiffs alleged that the CTTC engaged in parallel conduct

25 with the rental car companies, the Supreme Court has emphasized that "[w]ithout more,

26 parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement

27 at some unidentified point does not supply facts adequate to show illegality."

28 Twombly, 127 S.Ct. at 1966. Here, the Court concludes that Plaintiffs' complaint fails

to plead "enough factual matter (taken as true) to suggest that an agreement was made"

1   between the CTTC and the rental car defendants.  Id. at 1965.

2       Since the Court has concluded that Plaintiffs' complaint fails to state a claim

3   upon which relief may be granted against the CTTC or defendant Beteta for a violation

4   of section 1 of the Sherman Act, the Court need not address those defendants'

5   arguments regarding immunity from antitrust liability.

6       **C.    The Rental Car Defendants**

7       Next, the Court concludes that the allegations of Plaintiffs' complaint are

8   insufficient to state a claim under section 1of the Sherman Act against the rental car

9   defendants.  The gravamen of Plaintiffs' complaint is that, beginning when AB 2592

10  took effect in January of 2007, the rental car defendants simultaneously increased their

11  prices by approximately 9% and imposed a uniform 2.5% fee on consumers.  Plaintiffs

12  acknowledge that AB 2592 permitted these actions.  Plaintiffs argue, however, that

13  since AB 2592 did not expressly require passing the costs at issue through to

14  consumers, the allegations sufficiently support the existence of an agreement by the

15  rental car defendants to raise and fix prices.  The Court disagrees.

16      Although Plaintiffs allege parallel conduct by the rental car defendants, the Court

17  concludes that Plaintiffs fail to place those allegations "in a context that raises a

18  suggestion of a preceding agreement, not merely parallel conduct that could just as well

19  be independent action."  Twombly, 127 S.Ct. at 1966.  The Supreme Court in Twombly

20  emphasized "[t]he need at the pleading stage for allegations plausibly suggesting (not

21  merely consistent with) agreement."  Id. at 1966.  Here, Plaintiffs allege certain facts

22  and circumstances consistent with an agreement to raise and fix prices.  Without

23  additional factual allegations, however, the Court concludes that Plaintiffs' assertions

24  are equally consistent with "a wide swath of rational and competitive business strategy

25  unilaterally prompted by common perceptions of the market."  Id. at 1964.

26      As alleged in Plaintiffs' complaint, the rental car defendants responded to the

27  passage of AB 2592 by simultaneously changing their billing practices and price levels

28  in certain ways that, prior to AB 2592, were not allowed.  Plaintiffs are correct that the

change in law did not require price increases.  However, in light of the complaint's very

- 8 -

07cv2174

1  general allegations, e.g., Compl. ¶¶ 35, 44(a), 46, the Court concludes that Plaintiffs

2  have not alleged sufficient facts to make the existence of a conspiracy plausible. It is

3  equally plausible that the rental car defendants' actions constituted "identical,

4  independent action" motivated by economic self-interest. Id. at 1961; see Brooke

5  Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 227 (1993) (common

6  reaction of firms in a concentrated market that recognize their shared economic interests

7  not in itself unlawful). The general allegations of Plaintiffs' complaint, see Compl. ¶¶

8  35, 44, 46, provide "no reason to infer that the companies had agreed among themselves

9  to do what was only natural anyway." Twombly, 127 S.Ct. at 1971.

10  ### D.   Leave to Amend

11      If a complaint is found to fail to state a claim, courts generally grant leave to

12  amend unless the pleading could not possibly be cured by the allegation of other facts.

13  See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995)  As a result, the Court will

14  provide Plaintiffs with an opportunity to amend their pleadings.

15  ### III.   Plaintiffs' State Law Claims

16      Plaintiffs assert that the Court has pendent jurisdiction over the state law claims,

17  a concept codified in 28 U.S.C. § 1367. (Compl. ¶ 5.) A district court may decline to

18  exercise supplemental for reasons including that the claim "raises a novel or complex

19  issue of State law," or that the court "has dismissed all claims over which it has original

20  jurisdiction." 28 U.S.C. § 1367(c). Here, the Court has already dismissed the only

21  federal question claim. Furthermore, the state law claims may implicate novel or

22  complex questions of state law, including questions related to interpretation of the

23  CTMA and the Bagley-Keene Open Meeting Act. Therefore, the Court declines to

24  exercise supplemental jurisdiction at this time, dismisses without prejudice the

25  remaining state law claims, and denies without prejudice any motion for preliminary

26  injunction. If Plaintiffs successfully assert an antitrust cause of action in an amended

27  pleading, the Court will reconsider whether to exercise supplemental jurisdiction in

28  light of all the circumstances of this litigation.

Plaintiffs also allege jurisdiction under the Class Action Fairness Act of 2005

07cv2174

1   ("CAFA"), 28 U.S.C. § 1332(d)(2) and (6). (Compl. ¶ 4.) It does not appear from the

2   complaint or the parties' briefing, however, that Plaintiffs argue that CAFA provides

3   subject matter jurisdiction over the state law claims, standing alone.

4   **IV.   Defendants' Request for Judicial Notice**

5        The rental car defendants ask the Court to take judicial notice of facts in three

6   areas: (1) alleged legislative history of Cal. Civil Code § 1936.01, (2) California Senate

7   Bill 1057, 2007-08 session, and (3) Plaintiffs' rental agreements with Alamo and

8   Enterprise Rent-A-Car Company of San Francisco. Plaintiffs do not object to judicial

9   notice of the rental agreements and certain portions of the legislative history, and the

10   Court takes judicial notice of those documents not subject to dispute. Plaintiffs object

11   to the introduction of the Senate bill and two aspects of the alleged legislative history:

12   (1) a letter from Robert C. Fellmeth to the Honorable Mark Leno concerning AB 2592,

13   and (2) a Senate floor analysis of AB 2592. The Court concludes that it may take notice

14   of these documents, which are matter of public record related to legislation at issue

15   here.

16   **Conclusion**

17        The Court GRANTS Defendants motions to dismiss and DENIES Plaintiffs

18   request for a preliminary injunction without prejudice. Plaintiffs may file an amended

19   complaint within 30 days of the date this order is entered in the docket.

20        IT IS SO ORDERED.

21   DATED:  April 8, 2008

22

23                   MARILYN L. HUFF, District Judge
                           UNITED STATES DISTRICT COURT

24   COPIES TO:
    All Parties of Record

25

26

27

28

07cv2174