# EXHIBIT F



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING    LOS ANGELES<br>BRUSSELS    NEW YORK<br>CHICAGO    SAN FRANCISCO<br>DALLAS    SHANGHAI<br>FRANKFURT    SINGAPORE<br>GENEVA    SYDNEY<br>HONG KONG    TOKYO<br>LONDON    WASHINGTON, D.C. |
| ggreen@sidley.com<br>(202) 736-8126 | FOUNDED 1866 |

May 23, 2008

**BY EMAIL**

David J. Cook, Esq.
Cook Collection Attorneys PLC
165 Fell Street
San Francisco, CA 94012-5106

    Re:    <u>Peterson v. Islamic Republic of Iran</u>, No 01-2094 (D.D.C.)

Dear Mr. Cook:

    Thank you for your email dated May 21, 2008. The World Bank is disappointed that it now appears that the Court will have to become involved to resolve this matter. As I noted in our telephone discussion on May 21, 2008, both statutory and case-law authority make absolutely plain that there is no legal basis for pursuing garnishment proceedings (and the other relief you seek on behalf of your clients) against the World Bank.

    First, the Foreign Sovereign Immunities Act ("FSIA") poses an insuperable obstacle to exactly the sort of garnishment efforts you are pursuing against the Bank:

> Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act *shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state* as the result of an action brought in the courts of the United States or of the States.

28 U.S.C. § 1611(a) (emphasis added). The World Bank is an "international organization" under the International Organization Immunities Act of 1945 ("IOIA") and has been designated as such by the President. *See* 22 U.S.C. § 288 *et seq.*; Exec. Order No. 9751, 11 Fed. Reg. 7713 (1946). Also, although Congress recently amended some aspects of the FSIA, § 1611(a) was not altered in any way. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. 110-181, § 1083, 122 Stat. 3, 338-344 (Jan. 28, 2008). Thus, by its plain terms, § 1611(a) expressly



David J. Cook, Esq.
May 23, 2008
Page 2

prohibits what you are attempting to do in this case: use judicial process to interfere with the distribution of development funds to, or on behalf of, a foreign country.

Second, just three months ago, the D.C. Circuit reaffirmed the World Bank's immunity from garnishment proceedings. In *Inversora Murten, S.A.* v. *Energoprojekt-Niskogradnja Co. Ltd.*, 2008 WL 441836 (D.C. Cir. Feb. 14, 2008), the Court squarely held that World Bank was immune from garnishment proceedings because "its interests are not advanced by subjecting itself to" such proceedings. *Inversora* followed *Atkinson* v. *Inter-American Development Bank*, 156 F.3d 1335 (D.C. Cir. 1998), which also held that international organizations were immune from garnishment proceedings. *Atkinson* made clear that international organizations had absolute immunity from suit, *see id.* at 1341, and that that immunity "should be construed as *not waived* unless the particular type of suit would *further* the Bank's objectives," *id. at* 1338 (citing *Mendaro* v. *World Bank*, 717 F.2d 610 (D.C. Cir. 1983)).

Third, the World Bank's Articles of Agreement provide that the "*property and assets of the Bank shall*, wheresoever located and by whomsoever held, *be immune from all forms of seizure, attachment or execution* before the delivery of final judgment against the Bank." See Articles of Agreement of the International Bank for Reconstruction and Development, Dec. 27, 1945, art. VII, § 3, 60 Stat. 1440, 1458 (emphases added). This treaty provision is not only binding as part of federal law, but has also been *expressly* incorporated into the United States Code. See 22 U.S.C. § 286h.

The World Bank has made every effort to explain to you the bases for its immunity from your various collection efforts, which now include a motion to appoint a receiver. Nonetheless, you have declined to desist and — in your last email — threatened to seek civil penalties and a restraining order.

The World Bank, accordingly, now has no alternative other than to involve the Court and will oppose your motion to appoint a receiver. It may also seek to recover its expenses incurred in doing so from plaintiffs' counsel under Rule 11.

Please call me if you wish to discuss this matter further.

Sincerely,

Griffith L. Green

DC1 1209370v.1