# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH D. PETERSON, *et al.*,

      Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN, *et. al.*,

      Defendants.

Civil Action No. 01-2094 (RCL)

### EMERGENCY MOTION TO SHORTEN TIME FOR PLAINTIFFS TO RESPOND TO JBIC'S MOTION TO QUASH WRIT OF ATTACHMENT ON JUDGMENT

Pursuant to Fed. R. Civ. P. 6(c), Japan Bank for International Cooperation ("JBIC"), a third party stranger to the above captioned litigation, hereby moves the Court to shorten the time for Plaintiffs to oppose JBIC's motion to quash the writ of attachment on judgment served upon it by the U.S. Marshal's office on April 30, 2008. In support of this motion, JBIC states:

1. JBIC is a Japanese Government financial institution. As such, it is a foreign sovereign immune from jurisdiction and attachment in U.S. courts.

2. Notwithstanding JBIC's sovereign immunity, on March 25, 2008, the Plaintiffs caused this Court to issue a writ of attachment directed to JBIC.

3. Notwithstanding JBIC's sovereign immunity, on April 14, 2008, Plaintiffs delivered, by first class mail, a subpoena in aid of attachment to JBIC.

4. On April 23, 2008, counsel for JBIC served written objections to the subpoena, alerting Plaintiffs to JBIC's sovereign immunity.

5. Notwithstanding JBIC's sovereign immunity, on April 30, 2008, JBIC was served with the writ of attachment requested by Plaintiffs.

1

6. Notwithstanding JBIC's sovereign immunity and notwithstanding that Plaintiffs were on written notice of JBIC's sovereign immunity, on May 1, 2008, Plaintiffs commenced an ancillary proceeding to enforce the judgment entered in this case by filing a motion for enforcement in the United States District Court for the Northern District of California. That motion has now been set for hearing on July 2, 2008, and third party garnishees like JBIC have been invited to submit opposition briefs in that proceeding by June 9, 2008.

7. Not only does JBIC have sovereign immunity, but it maintains no office in California and there is no basis for jurisdiction or venue over JBIC in California.

8. For the reasons set forth in the memorandum of points and authorities accompanying the contemporaneously filed motion to quash, JBIC respectfully requests that the Court: (1) shorten the time for Plaintiffs' opposition to JBIC's motion to quash the writ of attachment directed to seven calendar days from the docketing of this motion; and (2) issue a ruling on JBIC's status as a foreign sovereign, immune from the jurisdiction of U.S. courts, at the Court's earliest possible opportunity so as to resolve the matter prior to Plaintiffs' noticed hearing on July 2, 2008 and in any future efforts by Plaintiffs to hail JBIC into an American court.

9. JBIC respectfully requests that the Court intercede on an expedited basis to prevent JBIC from expending further effort or expense to extricate itself from a litigation matter in which it has no stake or role, either in this Court or in any other state or federal court in the United States.

10. Unless immediately halted, Plaintiffs efforts to seek attachment of the assets of foreign sovereigns like JBIC may do irreparable damage to America's relationships and credibility with other foreign states who have no connection to state sponsored terrorism, such as

the sovereign nation of Japan.

11. This Court has the authority to shorten time for Plaintiffs' response to JBIC's motion to quash under Rule 6(c), Federal Rules of Civil Procedure.

WHEREFORE, Japan Bank for International Cooperation asks this Court to grant this motion, to order Plaintiffs to respond to JBIC's motion to quash on or before, May 20, 2008, and to set this matter for resolution in as expeditious manner as possible.

Dated: May 13, 2008

Respectfully submitted,

ARENT FOX PLLC

/s/ James H. Hulme
James H. Hulme (#323014)
Stewart S. Manela (#948679)
Matthew M. Wright (#474731)
1050 Connecticut Ave, N.W.
Washington, DC 20036-5339
(202) 857-6000/Telephone
(202) 857-6395/Facsimile

*Attorneys for Japan Bank for International Cooperation*

Pursuant to L. Civ. R. 7(m), I contacted David J. Cook, Esq., Plaintiff's collection counsel, on May 12, 2008 via telephone to seek consent to the relief requested in this motion. He declined to consent and Plaintiffs oppose this motion.

Matthew M. Wright, Esq.

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of May 2008, I caused a copy of the foregoing Emergency Motion to Shorten Time for Plaintiffs to Respond to JBIC's Motion to Quash Writ of Attachment on Judgment and Proposed Order to be served by U.S. Mail, first-class postage pre-paid, and electronic mail upon the following:

David J. Cook, Esq.
Cook Collection Attorneys, P.L.C.
165 Fell Street
San Francisco, CA 94102

Thomas Fay, Esq.
601 Pennsylvania Avenue NW
South Building - Suite 900
Washington, DC 20004

Steven Perles, Esq.
Perles Law Firm, P.C.
1146 19th Street 5th Floor
Washington, DC 20036

                                                  /s/ James H. Hulme
                                                  James H. Hulme