DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants. | CASE NO. 3:08-80030-JSW (BZ)<br><br>NOTICE OF OBJECTION AND OBJECTION TO REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' EX PARTE APPLICATION (DOCKET NO. 36) |

COMES NOW Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs"), who hereby object to the REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' EX PARTE APPLICATIONS, pursuant to F.R.C.P. 72(b)(2) and Local Rule of Court 72-2 and 72-3 of the United States District Court, Northern District of California ("USDC, N.D.Cal."), on the following grounds:

1. The court ruled as follows:

"Because the judgment was entered in the District of Columbia, not the Northern District, Cal. Civ. Proc. Code section 680.135 does not authorize this court to grant plaintiffs' applications.³" (p. 5, ll. 2-5.)

BASIS OF OBJECTION: C.C.P. § 680.135, applicable herein under F.R.C.P. 69(a) specifically provides:

> "Affidavit of Identity" means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed with the clerk of the court in which the judgment is entered at the time the judgment creditor files for a writ of execution or an abstract of judgment. . . ."

While this judgment was originally rendered by the United States District Court, District of Columbia ("USDC, D.C.") (Judge Royce C. Lamberth, Chief Judge), Plaintiff has independently docketed the judgment in the USDC, N.D.Cal. under 28 U.S.C. § 1963, in which this is the sole court by which a Writ of Execution for purposes of execution could ever be issued. The USDC, D.C. could not issue a Writ of Execution, for purposes of Plaintiffs levying and executing upon assets in the USDC, N.D.Cal. Accordingly, the definition of the word "court" under C.C.P. § 680.135 is specifically defined as that specific court which in fact would issue the Writ of Execution. Otherwise, Plaintiffs would be left with the anomaly of seeking redress before the USDC, D.C., seeking relief in the issuance of a "Writ of Execution" by another court, under the auspices of another Judge. Furthermore, in many states, Writs of Execution are not routinely issued, but rather, various writs such as garnishments, citations, "writs of attachment on garnishments," and other devices of local supplemental law. Accordingly, the Magistrate Judge was in error in finding that only the USDC, D.C. Court could direct or redirect the form and format of a Writ of Execution, when in fact that Writ of Execution would be issued by another independent District Court.

The Court also states at page 6:

> ". . . Applied in the federal system, this procedure has merit. Presumably, the judge who entered the judgment is in the best position to determine whether the debtor uses additional names. And the proliferation of 'identity' proceedings around the country, such as has occurred with this judgment, with its concomitant risk of inconsistent rulings, would be avoided." (P. 6, ll. 3-9)

While multi-district enforcement is common, in a case such as this, levies and execution, by their very nature are "local" in that a Judgment Creditor seeks to levy on a specific asset in a specific district. If the Judgment Creditor has reason to believe, e.g., that an asset is held in a name other than the Judgment Debtor, the Judgment Creditor would be obligated to insure that the

1  Writ of Execution properly lists all of the names of the Judgment Debtor, to insure confluence
2  between the levy process and the identity of the asset. Otherwise, the respondent (garnishee) under
3  a levy could potentially avoid paying over the asset, based upon the lack of identity or misidentity
4  of the debtor.

5  The court also misconstrues the prospect that a Northern California Writ of Execution is
6  only good within the prospect of levy in the State of California. Conversely, a Writ issued by the
7  USDC, D.C. similarly would be limited. Plaintiffs therefore, notwithstanding potentially some
8  redress by the USDC, D.C., could not use a USDC, D.C. Writ to reach an asset in the USDC, N.D.
9  Cal.

10  2. Plaintiffs further object to the following:

11  "Nor is it clear that the relief plaintiffs seek is available under Cal. Civ. Proc. Code
    sections 680.135 and 699.510. Plaintiffs are not claiming that Iran is literally
12  known by the names of the many oil companies named in the applications. Rather,
    plaintiffs are claiming that Iran nationalized or otherwise owns a number of oil
13  companies, some of which have subsidiaries, and it wishes to execute against these
    entities. A literal reading of the California statutes suggests that they are meant to
14  address judgment debtors known by multiple names or aliases, (see Richard L.
    Enkelis, Action Guide: Enforcing Civil Money Judgments, Step. 13, p. 19 (2006))
15  rather than subsidiaries or affiliates of the judgment debtor.⁴ In fact, section 680.135
    states that:
16
    [t]he affidavit of identity **shall not include** the name of names of
17  persons, including **any corporations**, partnerships, or any legal
    entities not separately named in the judgment **in which the**
18  **judgment debtor is a partner, shareholder, or member**, other
    than the judgment debtor.
19
    Cal. Civ. Proc. Code § 680.135 (emphasis added).
20
    BASIS OF OBJECTION: Many of the concerns raised by the Magistrate Judge are in fact
21
    resolved by the legislation found at section 1605A, which is now part of the Foreign Sovereign
22
    Immunities Act ("FSIA"), as set forth by the attached enabling legislation. The effective abolition
23
    of the FSIA as to Iran and other terrorist states completely vitiates the barrier between a state
24
    sponsor of terror, on the one hand, and its "agencies and instrumentalities." Plaintiffs have
25
    demonstrated that Iran obviously owns and controls its own Ministry of Petroleum and their many
26
    subsidiaries, and the legislation essentially sought to "collapse" all of these entities into the
27
    Judgment Debtor. Accordingly, the Court's analysis, e.g., that these are alleged "different entities"
28

NOTICE OF OBJECTION AND OBJECTION TO REPORT AND RECOMMENDATION TO DENY
PLAINTIFFS' EX PARTE APPLICATION (DOCKET NO. 36) - CASE NO. 3:08-80030-JSW (BZ)        3

fails to address the fact that Congress sought to abolish "separateness" and conflate Iran and all of its agencies and instrumentalities into one debtor.

3. Plaintiffs also object to the following:

> "Plaintiffs showing is also deficient from an evidentiary standpoint. Cal. Civ. Proc. Code section 680.135 requires an affidavit or declaration under penalty of perjury which sets forth the factual basis for assertion that the debtor is known by other names. Here plaintiffs' applications are supported by declarations of counsel which attaches a number of unauthenticated or poorly authenticated documents which purportedly establish that the government of Iran, the judgment debtor, owns one or more national oil companies which in turn have a number of subsidiaries. As proof, plaintiffs rely principally on screen shots of various internet websites. Plaintiffs have not established that the websites from which these screen shots were taken are owned or maintained by the companies in question, let alone that the information on those websites is accurate. Wady v. Provident Life & Accident Ins. Co. Of Am., 216 F.Supp.2d 1060, 1064 - 65 (C.D. Cal. 2002) (court sustained objection to printouts from a company's website because the affiant lacked 'personal knowledge' of who maintains the website, who authored the documents, or accuracy of their content'). See also Internet and Email Evidence, Am. Law Institute-Am. Bar Ass'n, Trial Evidence in the Federal Courts: Problems and Solutions, 559, 562 - 64 (2008)."

BASIS OF OBJECTION: Plaintiffs are obviously severely hobbled by the fact that Iran is a sovereign state; that Iran is a state sponsor of terror; that Iran is not readily subject to any type of discovery, whether by way of depositions, orders of examination under C.C.P. § 708.110(a), or post-judgment interrogatories, or the like. Iran has made it clear that Iran will never pay this judgment, and needless to say, is not about to cooperate with the victims of its terrorist conduct, leading to now a $2.7 billion judgment. Plaintiffs are therefore left to whatever available resources there are. Plaintiffs' evidence includes, but is not limited to, e.g., information which Iran makes available through its public website under the title of "Ministry of Petroleum," information available from the Energy Information Administration of the Department of Energy, various reports and proceedings from the Iran-U.S. Claims Tribunal, and other sources. Plaintiffs do not claim that the level of evidence necessarily would rise to the dignity of a successful party in a summary judgment proceeding, but has provided sufficient evidence or some evidence by which the Court can independently determine that Plaintiffs have demonstrated that Iran operates under various names which include the Ministry of Petroleum, National Iranian Oil Company, National Iranian Gas Export Company, and the like. Furthermore, the information which Plaintiffs have

provided is consistent with each other, and supported by independent government reports, including the EIA/DOE Report, along with and including, information from the Iran-U.S. Claims Tribunal. Plaintiffs have certainly provided a sufficient quantum of evidence which would demonstrate to any trier of fact, that Iran owns its own Ministry of Petroleum, has multiple subsidiaries, sells 3 billion barrels of oil a day, constitutes the fourth largest holder of oil reserves, fourth largest exporter, and under any set of facts, that Plaintiffs are entitled to redraft the Writ of Execution showing that Iran is the owner and holder thereof, and recasting the Writ according.

WHEREFORE, these Plaintiffs request that an order be entered, as follows:

1. Overruling the recommendation of the Magistrate Judge;

2. Entering an order granting those certain applications filed by Plaintiffs for an order amending the Writ of Execution (Docket No. 6 and Docket No. 9);

3. And such other relief as the court may deem just and proper.

DATED: May 30, 2008            COOK COLLECTION ATTORNEYS

By: /s/ David J. Cook
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal
Representatives of the Estate of James C. Knipple
(Dec.), et al.

F:\USERS\DJCNEW\petersonsf.obj

## PROOF OF SERVICE

*Via Email dr-ahmadinejad@president.ir*
PRESIDENT DR. AHMADINEJAD

ISLAMIC REPUBLIC OF IRAN
acting through its
MINISTRY OF DEFENSE AND
SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street
Beginning of Resalat Highway
Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: Responsible Officer

ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue
Golestan Yekom
Teheran, Iran
ATTN: Responsible Officer

ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue
United Nations Street
Teheran, Iran
ATTN: Responsible Officer

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

NOTICE OF OBJECTION AND OBJECTION TO REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' EX PARTE APPLICATION (DOCKET NO. 36)

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

__XXX__ (BY EMAIL) Emailing addressed to the person's/company's email address listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008.

                                    /s/ Karene Jen
                                    Karene Jen