1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **COOK COLLECTION ATTORNEYS**
   **A PROFESSIONAL LAW CORPORATION**
3  165 Fell Street
   San Francisco, CA 94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel.: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal          )   CASE NO. 3:08-80030-JSW (BZ)
13 Representative of the Estate of James C. )
   Knipple (Dec.). et al.,                  )   DECLARATION OF DAVID J. COOK, ESQ.
14                                          )   IN SUPPORT OF MOTION FOR HEARING
              Plaintiffs.                   )   ON OBJECTION TO REPORT AND
15                                          )   RECOMMENDATION TO DENY
   vs.                                      )   PLAINTIFFS' EX PARTE APPLICATIONS,
16                                          )   PURSUANT TO LOCAL RULE 72-3(a). AND
   ISLAMIC REPUBLIC OF IRAN. et al.,        )   MOTION FOR DE NOVO DETERMINATION
17                                          )
              Defendants.                   )   Date: July 11, 2008
18 _____ )   Time: 9:00 a.m.
                                                Courtroom: 17, 16th Floor
19                                              Judge: Jeffrey S. White

20        I. DAVID J. COOK. hereby declare and state as follows:

21        1. I am one of the attorneys of record for Plaintiffs in the above-entitled action, am duly

22 authorized to practice before all courts in the State of California, and am familiar with the facts

23 and circumstances in this action.

24        2. This matter was heard by the Honorable Bernard Zimmerman. Magistrate Judge. who

25 heard and considered both this case and the companion case of *Peterson vs. Islamic Republic of*

26 *Iran,* Case No. 3:08-mc-80030-JSW (BZ).  The court issued a REPORT AND

27 RECOMMENDATION TO DENY PLAINTIFFS' EX PARTE APPLICATIONS in the

28

1  *Greenbaum vs. Islamic Republic of Iran* action (Docket No. 14), a true and correct copy which is

2  attached hereto marked *Exhibit "A."*  A true and correct copy of the REPORT AND

3  RECOMMENDATION TO DENY PLAINTIFFS' EX PARTE APPLICATION (Docket No. 36)

4  in this action is attached hereto marked *Exhibit "B."*

5        3. Plaintiffs have a number of fundamental objections which are summarized as follows:

6  Plaintiffs seek to amend the Writ of Execution issued by the USDC, N.D.Cal., in which this court

7  and only this court has the power to issue the Writ and control its process, and only this court.

8  Plaintiffs have addressed all of these issues in great detail by way of the SUPPLEMENTAL

9  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND EX PARTE

10  APPLICATION FOR ODER AMENDING AND TO DIRECT ISSUANCE OF SECOND

11  AMENDED AND ALIAS WRIT OF EXECUTION TO INCLUDE ADDITIONAL NAMES etc.

12  and the SUPPLEMENTAL DECLARATION OF DAVID J. COOK, ESQ. in support thereof filed

13  in *Peterson vs. Islamic Republic of Iran*, Case No. 3:08-80030-JSW (BZ) [Docket No. 35). a true

14  and correct copy which is attached hereto marked *Exhibit "C."*

15        I declare under penalty of perjury that the foregoing is true and correct.

16        Executed on June 2, 2008.

17

18                               /s/ David J. Cook
                             DAVID J. COOK, ESQ. (SB# 060859)

19

20  F:\USERS\DJCNEW\peterson.objexs

21

22

23

24

25

26

27

28

DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF EX PARTE APPLICATION FOR ORDER
AMENDING WRIT OF EXECUTION TO INCLUDE ADDITIONAL NAMES PURSUANT  TO C.C.P. § 680.135
CASE NO. 3:08-80030-JSW (BZ)                                        2

# EXHIBIT "A"

```
 1
 2
 3
 4
 5
 6                     UNITED STATES DISTRICT COURT
 7                   NORTHERN DISTRICT OF CALIFORNIA
 8
 9   STEVEN M. GREENBAUM, et al.,)
                                 )
10        Plaintiff(s),          )     No. 08-80024 MISC JSW (BZ)
                                 )
11   v.                          )     REPORT AND RECOMMENDATION TO
                                 )     DENY PLAINTIFFS' EX PARTE
12   ISLAMIC REPUBLIC OF IRAN, et)     APPLICATIONS
     al.,                        )
13                               )
          Defendant(s).          )
14   _____)
```

Plaintiffs' *ex parte* applications for an order amending
the writ of execution to include additional names of the
judgment debtor and for an order directing the issuance of a
second amended and alias writ of execution were referred to me
by the Honorable Judge Jeffrey S. White.  For the reasons set
forth in my May 22, 2008 Report and Recommendation to Deny
Plaintiffs' *Ex Parte* Applications in the <u>Peterson v. Islamic
Republic of Iran</u> case, case number 08-80030 MISC JSW (BZ), I
**RECOMMEND** that plaintiffs' applications be **DENIED**.

Dated:  May 22, 2008

                          _____
                          Bernard Zimmerman
                          United States Magistrate Judge

G:\BZALL\-REFS\GREENBAUM\R&R RE APPLICATIONS TO AMEND WRIT.wpd

                               1

                                              EXHIBIT A

# EXHIBIT "B"

1  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND EX PARTE

2  APPLICATION FOR ODER AMENDING AND TO DIRECT ISSUANCE OF SECOND

3  AMENDED AND ALIAS WRIT OF EXECUTION TO INCLUDE ADDITIONAL NAMES etc.

4  and the SUPPLEMENTAL DECLARATION OF DAVID J. COOK, ESQ. in support thereof filed

5  in *Peterson vs. Islamic Republic of Iran*, Case No. 3:08-80030-JSW (BZ) [Docket No. 35] marked

6  as *Exhibit "C."* The USDC, D.C. does not have any power, one way or another, to issue such

7  Writs, and accordingly, Plaintiffs therefore can only seek relief through this court, and no other

8  court. For example, if Plaintiffs sought relief before Judge Lamberth in *Peterson vs. Islamic*

9  *Republic of Iran*, Case No. 01-2094 (RCL) (USDC, D.C.), Judge Lamberth would not be able to

10  adjudicate ultimately what a Writ of Execution would look like in the N.D.Cal., C.D.Cal.,

11  S.D.Tex., or otherwise. If presented to Judge Lamberth, e.g., that Plaintiffs sought to amend a

12  Northern District of California Writ, Judge Lamberth would readily state that only the Northern

13  District of California could control its Writs and related process, and would be the sole tribunal.

14       The process of docketing under 28 U.S.C. § 1963 empowers a Judgment Creditor to levy

15  and execute upon apparent assets within that judicial district, and under F.R.C.P. 69(a), a method

16  of execution is through a Writ itself. To render consistency to this process, only the issuing court

17  could modify or control its own Writ process.

18       Therefore, the analysis that this matter is best left with Judge Lamberth is in error, as Writs

19  are purely "local." Furthermore, the court's analysis that Plaintiffs would only seek relief in which

20  the Judgment was "entered" is incorrect, in that this judgment was entered in and to this District,

21  under 28 U.S.C. § 1963.

22  ## IV. QUANTUM OF PROOF.

23       Plaintiffs obviously have great difficulty in obtaining evidence from Iran, who has been

24  extremely nonresponsive, a foreign sovereign state sponsor of terrorism, and is not likely to

25  willingly respond to a deposition notice, order of examination (debtor's exam), or post-judgment

26  interrogatories. Plaintiffs are therefore left with the resources available to them, which consist of

27

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   DEBORAH D. PETERSON,            )
     Personal Representative of      )
12   the Estate of James C.          )   No. 08-80030 MISC JSW (BZ)
     Knipple (Dec.), et al.,         )
13                                   )   **REPORT AND RECOMMENDATION TO**
                    Plaintiff(s),    )   **DENY PLAINTIFFS'** *EX PARTE*
14                                   )   **APPLICATIONS**
          v.                         )
15                                   )
     ISLAMIC REPUBLIC OF IRAN,       )
16   et al.,                         )
                                     )
17                  Defendant(s).    )
                                     )
18

19        Plaintiffs' *ex parte* applications for an order amending

20   the writ of execution to include additional names of the

21   judgment debtor and for an order directing the issuance of a

22   second amended and alias writ of execution were referred to me

23   by the Honorable Judge Jeffrey S. White.

24        These suits are consolidated actions brought in the

25   United States District Court for the District of Columbia and

26   assigned to the Honorable Royce C. Lamberth.  (Case Nos. 01-

27   2094 (RCL) & 01-2684 (RCL).)  The plaintiffs are nearly one

28   thousand family members and estates of the 241 servicemen

                                1

1  killed in the 1983 bombing of a United States Marine barracks

2  in Beirut, Lebanon.  (Sept. 7, 2007, Mem. Op. of Judge

3  Lamberth, Docket No. 229 at p. 1.)  Plaintiffs filed suit

4  against defendants, the Islamic Republic of Iran ("Iran") and

5  the Iranian Ministry of Information and Security, alleging

6  "they provided material support and assistance to Hezbollah[],

7  the terrorist organization that orchestrated and carried out

8  the bombing."  (Id. at 1 - 2.)  After conducting a trial,

9  Judge Lamberth found that the defendants were responsible for

10  the attack.  (Id. at 2.)  Judge Lamberth appointed special

11  masters to consider the damage claims of the individual

12  plaintiffs.  (Id.)  On September 7, 2007, the court issued a

13  default judgment against the defendants in the amount of

14  $2,656,944,877.00.  (J. at p. 1, Docket No. 228.)

15      Plaintiffs registered the judgment in the Northern

16  District of California on March 11, 2008 and obtained a writ

17  of execution.  These applications followed.  Plaintiffs' first

18  application is for an order to amend the identity of the

19  judgement debtor from "The Islamic Republic of Iran" to "The

20  Islamic Republic of Iran aka The Ministry of Petroleum on

21  Behalf of the Islamic Republic of Iran, Ministry of Oil on

22  Behalf of the Islamic Republic of Iran, and The National

23  Iranian Oil Company on Behalf of the Islamic Republic of Iran,

24  and its subsidiaries:" plaintiffs then list twenty-five

25  companies they contend are subsidiaries.  Plaintiffs' second

26  application seeks an order issuing a second amended and alias

27  writ of execution in which the true name and identity of the

28  judgment debtor is charged from "The Islamic Republic of Iran"

2

1   to "The Islamic Republic of Iran aka The Ministry of Petroleum

2   on Behalf of the Islamic Republic of Iran, Ministry of Oil on

3   Behalf of the Islamic Republic of Iran, and The National

4   Iranian Oil Company on Behalf of the Islamic Republic of Iran,

5   on behalf of the following: [plaintiffs then list three

6   companies] and all subsidiaries subdivisions, affiliates, and

7   related entities."  Plaintiffs contend these other companies

8   are instrumentalities and agencies of Iran and wish to levy

9   against their assets, as permitted by the recent amendments to

10  the Foreign Sovereignty Immunities Act.  28 U.S.C. § 1605A

11  (allowing plaintiffs to seek recourse against certain foreign

12  states for "personal injury or death that was caused by an act

13  of torture, extrajudicial killing, aircraft sabotage, hostage

14  taking or the provision of material support or resources for

15  such an act"); and 28 U.S.C. § 1610(g) (permitting "attachment

16  in aid of execution" for "property of an agency or

17  instrumentality of such a state, including property that is a

18  separate juridical entity or is an interest held directly or

19  indirectly in a separate juridical entity....")[1]

20      Following a review of the applications, I requested

21  additional briefing on this court's authority to issue what

22  amounts to an amendment of the judgment entered by the

23  District Court in the District of Columbia changing the name

24  of the judgment debtor.  Plaintiffs' response is that they are

25  merely seeking to "retitle" the judgment debtor by adding

26

27      [1]    Plaintiffs do not contend that 28 U.S.C. sections
    1605A and 1610 are federal statutes that trump state collection
    procedures under Federal Rule of Civil Procedure (Fed. R. Civ.
28  P.) 69(a)(1).

3

1 | various "agencies and instrumentalities" of Iran, as permitted
2 | by California Code of Civil Procedure (Cal. Civ. Proc. Code)
3 | section 680.135 (West 2008).  During argument, plaintiffs
4 | conceded that they had not applied for such relief from Judge
5 | Lamberth.  Plaintiffs also stated that they had filed similar
6 | applications in perhaps a half a dozen other districts around
7 | the country where they believe Iranian assets may be located.

8 |      Fed. R. of Civ. P. 69(a)(1) provides that a writ of
9 | execution for the enforcement of a monetary judgment "must
10 | accord with the procedure of the state where the court is
11 | located."  In California, when a judgment debtor is known by
12 | names other than what is listed on the judgment, the judgment
13 | creditor can file, prior to issuance of the writ of
14 | execution, an "affidavit of identity" pursuant to Cal. Civ.
15 | Proc. Code section 699.510(c)(1)(West 2008).  As defined in
16 | Cal. Civ. Proc. Code section 680.135; "'Affidavit of
17 | Identity' means an affidavit or declaration executed by a
18 | judgment creditor, under penalty of perjury, that is filed
19 | **with the clerk of the court in which the judgment is entered**
20 | at the time the judgment creditor files for a writ of
21 | execution" which sets forth "the additional name or names by
22 | which the judgment debtor is known."  Cal. Civ. Proc. Code §
23 | 680.135 (*emphasis* added).  If the court finds that the
24 | affidavit of identity is sufficient, it "shall authorize the
25 | issuance of the writ of execution with the additional name or
26 | ///
27 | ///
28 | ///

4

1  names." Cal. Civ. Proc. § 699.510(c)(1).[2]

2      Because the judgment was entered in the District of

3  Columbia, not the Northern District, Cal. Civ. Proc. Code

4  section 680.135 does not authorize this court to grant

5  plaintiffs' applications.[3]  As noted earlier, Fed. R. Civ. P.

6  69(a)(1) requires this court to permit execution in accordance

7  with the "procedure of the state where the court is located."

8  During argument, counsel for plaintiffs suggested that this

9  requirement be ignored.  Essentially, counsel argued that the

10 requirement made sense in California, where writs of execution

11 are obtained from the state court that enters the judgment and

12 can be served throughout the state, but does not make sense in

13 federal practice because the District of Columbia cannot issue

14 a writ of execution which can be enforced in California.

15 While there is some appeal to this argument, it does not alter

16

17      [2]   Since a writ of execution has issued, questions exist
   as to the timelines of plaintiffs' applications.  Presumably,
18 that is one reason plaintiffs seek an amended writ of
   execution.  In view of the disposition herein, I have assumed,
19 without deciding, that the applications were timely.

20      [3]   Plaintiffs suggest that the issues presented in their
   applications have already been resolved in their favor by
21 decisions of the Iran-U.S. Claims Tribunal created in 1981 to
   resolve claims that arose following the Iranian hostage crisis,
22 and that this court should give collateral estoppel effect to
   these decisions.  Whether collateral estoppel applies to these
23 issues can be decided by the District Court in the District of
   Columbia.  Even assuming that the decisions of the Tribunal can
24 be given collateral estoppel effect, an issue on which
   plaintiffs provided no direct authority, it is not clear that
25 the issue of whether the various entities are agents and
   instrumentalities of Iran in 2008 is identical to the issue of
26 whether those entities were agents of instrumentalities of Iran
   in the mid-1980's, when the decisions upon which plaintiffs
27 rely were made.  Collins v. D.R. Horton, Inc., 505 F.3d 874,
   882 fn. 8 (9th Cir. 2007) (issue in both actions must be
28 identical for collateral estoppel to apply).

1    the fact that the California statute clearly requires that the
2    "affidavit of identity" be filed with the court that entered
3    judgment.  Cal. Civ. Proc. Code § 680.135.  Applied in the
4    federal system, this procedure has merit.  Presumably, the
5    judge who entered the judgment is in the best position to
6    determine whether the debtor uses additional names.  And the
7    proliferation of "identity" proceedings around the country,
8    such as has occurred with this judgment, with its concomitant
9    risk of inconsistent rulings, would be avoided.

10         Nor is it clear that the relief plaintiffs seek is
11   available under Cal. Civ. Proc. Code sections 680.135 and
12   699.510.  Plaintiffs are not claiming that Iran is literally
13   known by the names of the many oil companies named in the
14   applications.  Rather, plaintiffs are claiming that Iran
15   nationalized or otherwise owns a number of oil companies, some
16   of which have subsidiaries, and it wishes to execute against
17   these entities.  A literal reading of the California statutes
18   suggests that they are meant to address judgment debtors known
19   by multiple names or aliases, (see Richard L. Enkelis, Action
20   Guide: Enforcing Civil Money Judgments, Step 13, p.19 (2006))
21   rather than subsidiaries or affiliates of the judgment
22   debtor.[4]  In fact, section 680.135 states that:

23

24        [4]     It is not clear that plaintiffs would be entitled to
     amend the judgment under California law.  Although a court has
25   authority to amend a judgment when "a judgment debtor changes
     his or her name after a judgment is entered," plaintiffs do not
26   contend that Iran changed its name after the judgment was
     entered.  Alan M. Ahart, California Practice Guide: Enforcing
27   Judgments & Debts, ¶ 6:1563 (The Rutter Group 2007).  A
     plaintiff may also amend a judgment to include a corporation's
28   alter ego, but only if the alter ego controlled the underlying
                                                    (continued...)

                                    6

1
2
3
4

> [t]he affidavit of identity **shall not include**
> the name of names of persons, including **any**
> **corporations**, partnerships, or any legal
> entities not separately named in the judgment
> **in which the judgment debtor is a partner,**
> **shareholder, or member,** other than the judgment
> debtor.

5    Cal. Civ. Proc. Code § 680.135 (emphasis added).

6         Plaintiffs showing is also deficient from an evidentiary

7    standpoint.  Cal. Civ. Proc. Code section 680.135 requires an

8    affidavit or declaration under penalty of perjury which sets

9    forth the factual basis for assertion that the debtor is known

10   by other names.  Here plaintiffs' applications are supported

11   by declarations of counsel which attaches a number of

12   unauthenticated or poorly authenticated documents which

13   purportedly establish that the government of Iran, the

14   judgment debtor, owns one or more national oil companies which

15   in turn have a number of subsidiaries.  As proof, plaintiffs

16   rely principally on screen shots of various internet websites.

17   Plaintiffs have not established that the websites from which

18   these screen shots were taken are owned or maintained by the

19   companies in question, let alone that the information on those

20   websites is accurate.  Wady v. Provident Life & Accident Ins.

21   Co. of Am., 216 F.Supp.2d 1060, 1064 - 65 (C.D. Cal. 2002)

22   (court sustained objection to printouts from a company's

23   website because the affiant lacked "personal knowledge of who

24   maintains the website, who authored the documents, or accuracy

25

26        ⁴(...continued)
     litigation, which does not appear to be the case here.
27   Katzir's Floor and Home Design, Inc. v. M-MLS.com, 394 F.3d
     1143, 1148 (9th Cir. 2004); Jines v. Abarbanel, 77 Cal.App.3d
28   702, 717 (1978).

                                    7

1    of their content").  <u>See</u> <u>also</u> Internet and Email Evidence, Am.

2    Law Institute-Am. Bar Ass'n, Trial Evidence in the Federal

3    Courts: Problems and Solutions, 559, 562 – 64 (2008).

4        For the reasons set forth above, I **RECOMMEND** that

5    plaintiffs' applications be **DENIED**.

6    Dated: May 22, 2008

7

8                              Bernard Zimmerman
                               United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28