# EXHIBIT "G"

F:\GMK\ASCR08\REINTRO.002                                      H.L.C.

841

1        (2) such other findings, conclusions, and rec-
2    ommendations for improving the capabilities of the
3    Department for homeland defense as the advisory
4    panel considers appropriate.

5  SEC. 1083. TERRORISM EXCEPTION TO IMMUNITY.

6    (a) TERRORISM EXCEPTION TO IMMUNITY.—

7        (1) IN GENERAL.—Chapter 97 of title 28,
8    United States Code, is amended by inserting after
9    section 1605 the following:

10 "§ 1605A. Terrorism exception to the jurisdictional
11              immunity of a foreign state

12    "(a) IN GENERAL.—

13        "(1) NO IMMUNITY.—A foreign state shall not
14    be immune from the jurisdiction of courts of the
15    United States or of the States in any case not other-
16    wise covered by this chapter in which money dam-
17    ages are sought against a foreign state for personal
18    injury or death that was caused by an act of torture,
19    extrajudicial killing, aircraft sabotage, hostage tak-
20    ing, or the provision of material support or resources
21    for such an act if such act or provision of material
22    support or resources is engaged in by an official,
23    employee, or agent of such foreign state while acting
24    within the scope of his or her office, employment, or
25    agency.



January 16, 2008 (11:12 AM)

F:\V10\011608\011608.044

842

| | |
|---|---|
| 1 | ''(2) CLAIM HEARD.—The court shall hear a |
| 2 | claim under this section if— |
| 3 | ''(A)(i)(I) the foreign state was designated |
| 4 | as a state sponsor of terrorism at the time the |
| 5 | act described in paragraph (1) occurred, or was |
| 6 | so designated as a result of such act, and, sub- |
| 7 | ject to subclause (II), either remains so des- |
| 8 | ignated when the claim is filed under this sec- |
| 9 | tion or was so designated within the 6-month |
| 10 | period before the claim is filed under this sec- |
| 11 | tion; or |
| 12 | ''(II) in the case of an action that is refiled |
| 13 | under this section by reason of section |
| 14 | 1083(c)(2)(A) of the National Defense Author- |
| 15 | ization Act for Fiscal Year 2008 or is filed |
| 16 | under this section by reason of section |
| 17 | 1083(c)(3) of that Act, the foreign state was |
| 18 | designated as a state sponsor of terrorism when |
| 19 | the original action or the related action under |
| 20 | section 1605(a)(7) (as in effect before the en- |
| 21 | actment of this section) or section 589 of the |
| 22 | Foreign Operations, Export Financing, and Re- |
| 23 | lated Programs Appropriations Act, 1997 (as |
| 24 | contained in section 101(c) of division A of |
| 25 | Public Law 104–208) was filed; |

H.L.C.

1          "(ii) the claimant or the victim was, at the

2     time the act described in paragraph (1)

3     occurred—

4               "(I) a national of the United States;

5               "(II) a member of the armed forces;

6          or

7               "(III) otherwise an employee of the

8          Government of the United States, or of an

9          individual performing a contract awarded

10         by the United States Government, acting

11         within the scope of the employee's employ-

12         ment; and

13              "(iii) in a case in which the act occurred

14         in the foreign state against which the claim has

15         been brought, the claimant has afforded the

16         foreign state a reasonable opportunity to arbi-

17         trate the claim in accordance with the accepted

18         international rules of arbitration; or

19              "(B) the act described in paragraph (1) is

20         related to Case Number 1:00CV03110 (EGS)

21         in the United States District Court for the Dis-

22         trict of Columbia.

23     "(b) LIMITATIONS.—An action may be brought or

24 maintained under this section if the action is commenced,

25 or a related action was commenced under section



844

1   1605(a)(7) (before the date of the enactment of this sec-

2   tion) or section 589 of the Foreign Operations, Export Fi-

3   nancing, and Related Programs Appropriations Act, 1997

4   (as contained in section 101(c) of division A of Public Law

5   104–208) not later than the latter of—

6          "(1) 10 years after April 24, 1996; or

7          "(2) 10 years after the date on which the cause

8       of action arose.

9       "(c) PRIVATE RIGHT OF ACTION.—A foreign state

10  that is or was a state sponsor of terrorism as described

11  in subsection (a)(2)(A)(i), and any official, employee, or

12  agent of that foreign state while acting within the scope

13  of his or her office, employment, or agency, shall be liable

14  to—

15         "(1) a national of the United States,

16         "(2) a member of the armed forces,

17         "(3) an employee of the Government of the

18      United States, or of an individual performing a con-

19      tract awarded by the United States Government,

20      acting within the scope of the employee's employ-

21      ment, or

22         "(4) the legal representative of a person de-

23      scribed in paragraph (1), (2), or (3),

24  for personal injury or death caused by acts described in

25  subsection (a)(1) of that foreign state, or of an official,

F:\GMK\ASCR08\REINTRO.002

1  employee, or agent of that foreign state, for which the

2  courts of the United States may maintain jurisdiction

3  under this section for money damages. In any such action,

4  damages may include economic damages, solatium, pain

5  and suffering, and punitive damages. In any such action,

6  a foreign state shall be vicariously liable for the acts of

7  its officials, employees, or agents.

8      "(d) ADDITIONAL DAMAGES.—After an action has

9  been brought under subsection (c), actions may also be

10  brought for reasonably foreseeable property loss, whether

11  insured or uninsured, third party liability, and loss claims

12  under life and property insurance policies, by reason of

13  the same acts on which the action under subsection (c)

14  is based.

15      "(e) SPECIAL MASTERS.—

16          "(1) IN GENERAL.—The courts of the United

17      States may appoint special masters to hear damage

18      claims brought under this section.

19          "(2) TRANSFER OF FUNDS.—The Attorney

20      General shall transfer, from funds available for the

21      program under section 1404C of the Victims of

22      Crime Act of 1984 (42 U.S.C. 10603c), to the Ad-

23      ministrator of the United States district court in

24      which any case is pending which has been brought

25      or maintained under this section such funds as may

(Rev. 12/1/2003 12:12 AM)

F:\V10\01160\01160\01160S.044



846

1     be required to cover the costs of special masters ap-
2     pointed under paragraph (1). Any amount paid in
3     compensation to any such special master shall con-
4     stitute an item of court costs.
5     "(f) APPEAL.—In an action brought under this sec-
6     tion, appeals from orders not conclusively ending the liti-
7     gation may only be taken pursuant to section 1292(b) of
8     this title.
9     "(g) PROPERTY DISPOSITION.—
10     "(1) IN GENERAL.—In every action filed in a
11     United States district court in which jurisdiction is
12     alleged under this section, the filing of a notice of
13     pending action pursuant to this section, to which is
14     attached a copy of the complaint filed in the action,
15     shall have the effect of establishing a lien of lis
16     pendens upon any real property or tangible personal
17     property that is—
18     "(A) subject to attachment in aid of execu-
19     tion, or execution, under section 1610;
20     "(B) located within that judicial district,
21     and
22     "(C) titled in the name of any defendant,
23     or titled in the name of any entity controlled by
24     any defendant if such notice contains a state-
25     ment listing such controlled entity.

January 16, 2008 (11:12 AM)
F:\V10\011608\011608.044



847

1        "(2) NOTICE.—A notice of pending action pur-
2     suant to this section shall be filed by the clerk of the
3     district court in the same manner as any pending
4     action and shall be indexed by listing as defendants
5     all named defendants and all entities listed as con-
6     trolled by any defendant.
7        "(3) ENFORCEABILITY.—Liens established by
8     reason of this subsection shall be enforceable as pro-
9     vided in chapter 111 of this title.
10       "(h) DEFINITIONS.—For purposes of this section—
11       "(1) the term 'aircraft sabotage' has the mean-
12     ing given that term in Article 1 of the Convention
13     for the Suppression of Unlawful Acts Against the
14     Safety of Civil Aviation;
15       "(2) the term 'hostage taking' has the meaning
16     given that term in Article 1 of the International
17     Convention Against the Taking of Hostages;
18       "(3) the term 'material support or resources'
19     has the meaning given that term in section 2339A
20     of title 18;
21       "(4) the term 'armed forces' has the meaning
22     given that term in section 101 of title 10;
23       "(5) the term 'national of the United States'
24     has the meaning given that term in section

848

1    101(a)(22) of the Immigration and Nationality Act

2    (8 U.S.C. 1101(a)(22));

3        "(6) the term 'state sponsor of terrorism'

4    means a country the government of which the Sec-

5    retary of State has determined, for purposes of sec-

6    tion 6(j) of the Export Administration Act of 1979

7    (50 U.S.C. App. 2405(j)), section 620A of the For-

8    eign Assistance Act of 1961 (22 U.S.C. 2371), sec-

9    tion 40 of the Arms Export Control Act (22 U.S.C.

10   2780), or any other provision of law, is a govern-

11   ment that has repeatedly provided support for acts

12   of international terrorism; and

13       "(7) the terms 'torture' and 'extrajudicial kill-

14   ing' have the meaning given those terms in section

15   3 of the Torture Victim Protection Act of 1991 (28

16   U.S.C. 1350 note).".

17       (2) AMENDMENT TO CHAPTER ANALYSIS.—The

18   table of sections at the beginning of chapter 97 of

19   title 28, United States Code, is amended by insert-

20   ing after the item relating to section 1605 the fol-

21   lowing:

"1605A. Terrorism exception to the jurisdictional immunity of a foreign state.".

22   (b) CONFORMING AMENDMENTS.—

23       (1) GENERAL EXCEPTION.—Section 1605 of

24   title 28, United States Code, is amended—

25           (A) in subsection (a)—

F:\V10\01160\01160G.044
January 16, 2008 (11:12 AM)



849

| | |
|---|---|
| 1 | (i) in paragraph (5)(B), by inserting |
| 2 | "or" after the semicolon; |
| 3 | (ii) in paragraph (6)(D), by striking |
| 4 | ";or" and inserting a period; and |
| 5 | (iii) by striking paragraph (7); |
| 6 | (B) by repealing subsections (e) and (f); |
| 7 | and |
| 8 | (C) in subsection (g)(1)(A), by striking |
| 9 | "but for subsection (a)(7)" and inserting "but |
| 10 | for section 1605A". |
| 11 | (2) COUNTERCLAIMS.—Section 1607(a) of title |
| 12 | 28, United States Code, is amended by inserting "or |
| 13 | 1605A" after "1605". |
| 14 | (3) PROPERTY.—Section 1610 of title 28, |
| 15 | United States Code, is amended— |
| 16 | (A) in subsection (a)(7), by striking |
| 17 | "1605(a)(7)" and inserting "1605A"; |
| 18 | (B) in subsection (b)(2), by striking "(5), |
| 19 | or (7), or 1605(b)" and inserting "or (5), |
| 20 | 1605(b), or 1605A"; |
| 21 | (C) in subsection (f), in paragraphs (1)(A) |
| 22 | and (2)(A), by inserting "(as in effect before |
| 23 | the enactment of section 1605A) or section |
| 24 | 1605A" after "1605(a)(7)"; and |
| 25 | (D) by adding at the end the following: |

F:\V100116080\16080.044
January 16, 2008 (11:14 AM)



850

1   ''(g) PROPERTY IN CERTAIN ACTIONS.—

2   ''(1) IN GENERAL.—Subject to paragraph (3),

3   the property of a foreign state against which a judge-

4   ment is entered under section 1605A, and the prop-

5   erty of an agency or instrumentality of such a state,

6   including property that is a separate juridical entity

7   or is an interest held directly or indirectly in a sepa-

8   rate juridical entity, is subject to attachment in aid

9   of execution, and execution, upon that judgment as

10   provided in this section, regardless of—

11   ''(A) the level of economic control over the

12   property by the government of the foreign state;

13   ''(B) whether the profits of the property go

14   to that government;

15   ''(C) the degree to which officials of that

16   government manage the property or otherwise

17   control its daily affairs;

18   ''(D) whether that government is the sole

19   beneficiary in interest of the property; or

20   ''(E) whether establishing the property as

21   a separate entity would entitle the foreign state

22   to benefits in United States courts while avoid-

23   ing its obligations.

24   ''(2) UNITED STATES SOVEREIGN IMMUNITY IN-

25   APPLICABLE.—Any property of a foreign state, or

851

1    agency or instrumentality of a foreign state, to

2    which paragraph (1) applies shall not be immune

3    from attachment in aid of execution, or execution,

4    upon a judgment entered under section 1605A be-

5    cause the property is regulated by the United States

6    Government by reason of action taken against that

7    foreign state under the Trading With the Enemy

8    Act or the International Emergency Economic Pow-

9    ers Act.

10       "(3) THIRD-PARTY JOINT PROPERTY HOLD-

11   ERS.—Nothing in this subsection shall be construed

12   to supersede the authority of a court to prevent ap-

13   propriately the impairment of an interest held by a

14   person who is not liable in the action giving rise to

15   a judgment in property subject to attachment in aid

16   of execution, or execution, upon such judgment.".

17       (4) VICTIMS OF CRIME ACT.—Section

18   1404C(a)(3) of the Victims of Crime Act of 1984

19   (42 U.S.C. 10603c(a)(3)) is amended by striking

20   "December 21, 1988 with respect to which an inves-

21   tigation or" and inserting "October 23, 1983, with

22   respect to which an investigation or civil or crimi-

23   nal".

24   (c) APPLICATION TO PENDING CASES.—



852

1     (1) IN GENERAL.—The amendments made by
2 this section shall apply to any claim arising under
3 section 1605A of title 28, United States Code.

4     (2) PRIOR ACTIONS.—

5         (A) IN GENERAL.—With respect to any ac-
6     tion that—

7            (i) was brought under section
8         1605(a)(7) of title 28, United States Code,
9         or section 589 of the Foreign Operations,
10         Export Financing, and Related Programs
11         Appropriations Act, 1997 (as contained in
12         section 101(c) of division A of Public Law
13         104–208), before the date of the enact-
14         ment of this Act,

15            (ii) relied upon either such provision
16         as creating a cause of action,

17            (iii) has been adversely affected on the
18         grounds that either or both of these provi-
19         sions fail to create a cause of action
20         against the state, and

21            (iv) as of such date of enactment, is
22         before the courts in any form, including on
23         appeal or motion under rule 60(b) of the
24         Federal Rules of Civil Procedure,

F:\GMK\ASCR08\REINTRO.002                                          H.L.C.

853

1    that action, and any judgment in the action

2    shall, on motion made by plaintiffs to the

3    United States district court where the action

4    was initially brought, or judgment in the action

5    was initially entered, be given effect as if the

6    action had originally been filed under section

7    1605A(c) of title 28, United States Code.

8        (B) DEFENSES WAIVED.—The defenses of

9    res judicata, collateral estoppel, and limitation

10   period are waived—

11           (i) in any action with respect to which

12       a motion is made under subparagraph (A),

13       or

14           (ii) in any action that was originally

15       brought, before the date of the enactment

16       of this Act, under section 1605(a)(7) of

17       title 28, United States Code, or section

18       589 of the Foreign Operations, Export Fi-

19       nancing, and Related Programs Appropria-

20       tions Act, 1997 (as contained in section

21       101(c) of division A of Public Law 104–

22       208), and is refiled under section 1605A(c)

23       of title 28, United States Code,

24   to the extent such defenses are based on the

25   claim in the action.



H.L.C.

854

1        (C) TIME LIMITATIONS.—A motion may be

2     made or an action may be refiled under sub-

3     paragraph (A) only—

4          (i) if the original action was com-

5       menced not later than the latter of—

6            (I) 10 years after April 24, 1996;

7          or

8            (II) 10 years after the cause of

9          action arose; and

10         (ii) within the 60-day period begin-

11       ning on the date of the enactment of this

12       Act.

13      (3) RELATED ACTIONS.—If an action arising

14    out of an act or incident has been timely commenced

15    under section 1605(a)(7) of title 28, United States

16    Code, or section 589 of the Foreign Operations, Ex-

17    port Financing, and Related Programs Appropria-

18    tions Act, 1997 (as contained in section 101(c) of

19    division A of Public Law 104–208), any other action

20    arising out of the same act or incident may be

21    brought under section 1605A of title 28, United

22    States Code, if the action is commenced not later

23    than the latter of 60 days after—

24        (A) the date of the entry of judgment in

25      the original action; or



1          (B) the date of the enactment of this Act.

2          (4) PRESERVING THE JURISDICTION OF THE

3      COURTS.—Nothing in section 1503 of the Emer-

4      gency Wartime Supplemental Appropriations Act,

5      2003 (Public Law 108–11, 117 Stat. 579) has ever

6      authorized, directly or indirectly, the making inappli-

7      cable of any provision of chapter 97 of title 28,

8      United States Code, or the removal of the jurisdic-

9      tion of any court of the United States.

10     (d) APPLICABILITY TO IRAQ.—

11         (1) APPLICABILITY.—The President may waive

12     any provision of this section with respect to Iraq, in-

13     sofar as that provision may, in the President's deter-

14     mination, affect Iraq or any agency or instrumen-

15     tality thereof, if the President determines that—

16             (A) the waiver is in the national security

17         interest of the United States;

18             (B) the waiver will promote the reconstruc-

19         tion of, the consolidation of democracy in, and

20         the relations of the United States with, Iraq;

21         and



22             (C) Iraq continues to be a reliable ally of

23         the United States and partner in combating

24         acts of international terrorism.

H.L.C.

856

1        (2) TEMPORAL SCOPE.—The authority under
2    paragraph (1) shall apply—
3            (A) with respect to any conduct or event
4        occurring before or on the date of the enact-
5        ment of this Act;
6            (B) with respect to any conduct or event
7        occurring before or on the date of the exercise
8        of that authority; and
9            (C) regardless of whether, or the extent to
10       which, the exercise of that authority affects any
11       action filed before, on, or after the date of the
12       exercise of that authority or of the enactment
13       of this Act.
14       (3) NOTIFICATION TO CONGRESS.—A waiver by
15   the President under paragraph (1) shall cease to be
16   effective 30 days after it is made unless the Presi-
17   dent has notified Congress in writing of the basis for
18   the waiver as determined by the President under
19   paragraph (1).
20       (4) SENSE OF CONGRESS.—It is the sense of
21   the Congress that the President, acting through the
22   Secretary of State, should work with the Govern-
23   ment of Iraq on a state-to-state basis to ensure com-
24   pensation for any meritorious claims based on ter-
25   rorist acts committed by the Saddam Hussein re-



1    gime against individuals who were United States na-
2    tionals or members of the United States Armed
3    Forces at the time of those terrorist acts and whose
4    claims cannot be addressed in courts in the United
5    States due to the exercise of the waiver authority
6    under paragraph (1).

7    (e) SEVERABILITY.—If any provision of this section
8  or the amendments made by this section, or the applica-
9  tion of such provision to any person or circumstance, is
10 held invalid, the remainder of this section and such
11 amendments, and the application of such provision to
12 other persons not similarly situated or to other cir-
13 cumstances, shall not be affected by such invalidation.

# TITLE XI—CIVILIAN PERSONNEL MATTERS

Sec. 1101. Extension of authority to waive annual limitation on total compensa-
tion paid to Federal civilian employees working overseas under
areas of United States Central Command.
Sec. 1102. Continuation of life insurance coverage for Federal employees called
to active duty.
Sec. 1103. Transportation of dependents, household effects, and personal prop-
erty to former home following death of Federal employee where
death resulted from disease or injury incurred in the Central
Command area of responsibility.
Sec. 1104. Special benefits for civilian employees assigned on deployment tem-
porary change of station.
Sec. 1105. Death gratuity authorized for Federal employees.
Sec. 1106. Modifications to the National Security Personnel System.
Sec. 1107. Requirement for full implementation of personnel demonstration
project.
Sec. 1108. Authority for inclusion of certain Office of Defense Research and
Engineering positions in experimental personnel program for
scientific and technical personnel.
Sec. 1109. Pilot program for the temporary assignment of information tech-
nology personnel to private sector organizations.
Sec. 1110. Compensation for Federal wage system employees for certain travel
hours.



1 | **DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2 | **COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
3 | 165 Fell Street
San Francisco, CA  94102
4 | Mailing Address: P.O. Box 270
San Francisco, CA  94104-0270
5 | Tel.: (415) 989-4730
Fax: (415) 989-0491
6 | File No. 52,759

7 | Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
8 | of the Estate of James C. Knipple (Dec.), et al.

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 |

13 | DEBORAH D. PETERSON, Personal    )    CASE NO. 3:08-80030-JSW (BZ)
Representative of the Estate of James C. )
Knipple (Dec.), et al.,    )
14 |                              )    PROOF OF SERVICE
          Plaintiffs,    )
15 |                              )
16 | vs.    )
                              )
ISLAMIC REPUBLIC OF IRAN, et al.,    )
17 |                              )
          Defendants.    )
18 | _____ )

19 | *Via Email dr-ahmadinejad@president.ir*    ISLAMIC REPUBLIC OF IRAN
PRESIDENT DR. AHMADINEJAD    Khomeini Avenue
20 |                              United Nations Street
ISLAMIC REPUBLIC OF IRAN    Teheran, Iran
21 | acting through its    ATTN: Responsible Officer
MINISTRY OF DEFENSE AND
22 | SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street
23 | Beginning of Resalat Highway
Seyyed Khandan Bridge
24 | P.O. Box 16765-1479
Tehran, Iran
25 | Attn: Responsible Officer

26 | ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue
27 | Golestan Yekom
Teheran, Iran
28 | ATTN: Responsible Officer

PROOF OF SERVICE - CASE NO. 3:08-80030-JSW (BZ)

1

1  1. National Iranian Gas Export Company
   Website: www.nigec.ir
2  Email: info@nigec.ir

3  2. National Iranian South Oil Company
   Website: www.nisoc.com
4  Email: info@nisoc.com

5  3. National Iranian Offshore Oil Company
   Website: www.iooc.co.ir
6  Email: webmaster@iooc.co.ir

7  4. National Iranian Central Oil Fields Co.
   Website: www.icofc.ir
8  Email: info@icofc.ir

9  5. Khazar Exploration & Production Co.
   Tehran HQ.
10 No.19 – 11th Alley - Vozara Ave. - Arjantin
   sq.
11 Tehran. Iran
   Tel: +98-21-88722430, 3
12 Fax: +98-21-88711386

13 6. Petroleum Engineering & Development
   Co.
14 Website: www.pedec.ir
   Email: info@pedec.net
15
   7. Pars Oil and Gas Company
16 Website: www.pogc.org
   Email: info@pogc.ir
17
   8. Pars Special Economic energy Zone Co.
18 Website: www.pseez.com
   Email: info@pseez.com
19
   9. National Iranian Oil Terminals Company
20 Website: www.nioc-otc.com
   Email: info@nioc-otc.com
21
   10. National Iranian Drilling Company
22 Website: www.nidc.ir
   Email: webmaster@nidc.ir
23
   11. North Drilling Company
24 Website: www.northdrilling.com
   Email: info@northdrilling.com
25
   12. PetroIran Development Company
26 Website: petroiran.com
   Email: info@petroiran.com
27
            I declare:
28

13. Ahwaz Pipe Mills Company
Website: www.apm-ir.com
Email: tabibi@apm-ir.com

14. Petropars
Website: www.petropars.com
Email: webadmin@ppars.com

15. Fuel Consumption Optimization Co.
Website: www.ifco.ir
Email: info@ifco.ir

16. National Iranian Tanker Co.
Website: www.nitc.co.ir
Email: administrator@nitc.co.ir

17. Exploration Service Company (ESC)
Website: www.oeoc.ir
Email: info@oeoc.ir

18. Kala Naft London Ltd.
Website: www.kalaltd.com
Email: admin@kalaltd.com

19. Kala Naft Canada Ltd.
Website: www.kalanaftcanada.com
Email: info@kalanaftcanada.com

20. Arvandan Oil and Gas Company
Website: www.arvandan.org
Email: info@arvandan.org

21.    National Iranian Gas Company
Website: www.nigc.org
Email: webmaster@nigc.org

22.    National Iranian Petrochemical
       Company
Website: www.nipc.net
Email: webmaster@nipc.net

23. National Iranian Oil Refining and
Distribution Co.
Website: www.niordc.ir
Email: info@niordc.ir

1    I am employed in the County of San Francisco, California. I am over the age of eighteen
(18) years and not a party to the within cause. My business address is 165 Fell Street, San
2    Francisco, CA 94102. On the date set forth below, I served the attached:

3        SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF SECOND EX PARTE APPLICATION FOR ORDER AMENDING AND TO DIRECT
4        ISSUANCE OF SECOND AMENDED AND ALIAS WRIT OF EXECUTION TO
INCLUDE ADDITIONAL NAMES PURSUANT TO C.C.P. § 680.135
5
SUPPLEMENTAL DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF
6        SECOND EX PARTE APPLICATION FOR ORDER AMENDING AND TO DIRECT
ISSUANCE OF SECOND AMENDED AND ALIAS WRIT OF EXECUTION TO
7        INCLUDE ADDITIONAL NAMES PURSUANT TO C.C.P. § 680.135

8    on the above-named person(s) by:

9     __XXX__  (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage
thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the
10    person(s) served above.

11    __XXX__  (BY EMAIL) Emailing addressed to the person's/company's email address listed above
on May 20, 2008.
12
I declare under penalty of perjury that the foregoing is true and correct.
13
Executed on May 20, 2008.
14

15                                            _____/s/ David J. Cook_____
David J. Cook
16

17

18

19

20

21

22

23

24

25

26

27

28