WHITE & CASE LLP
MATTHEW P. LEWIS (SBN: 155516)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Telephone:    213-620-7700
Facsimile:     213-432-2329
Email:          mlewis@whitecase.com

*Attorneys for Specially Appearing
Deutsche Bank Trust Company Americas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al. <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (bz) <br><br> LIMITED RESPONSE OF SPECIALLY APPEARING NON-PARTY DEUTSCHE BANK TRUST COMPANY AMERICAS TO MOTION FOR ASSIGNMENT OF RIGHTS PURSUANT TO C.C.P. § 708.510(a) AND F.R.C.P. 69(a) <br><br> Date:         July 2, 2008 <br> Time:        10:00 a.m. <br> Courtroom: 17, 16th Floor <br> Judge:       Jeffrey S. White |

NEWYORK 6644782 (2K)

LIMITED RESPONSE OF SPECIALLY APPEARING
NON-PARTY DEUTSCHE BANK TRUST COMPANY
AMERICAS TO MOTION FOR ASSIGNMENT OF RIGHTS

## I. PRELIMINARY STATEMENT

Specially appearing non-party Deutsche Bank Trust Company Americas ("DBTCA")[1] submits this limited response to Plaintiffs' Motion for Assignment of Rights Pursuant to C.C.P. § 708.510(a) and F.R.C.P. 69(a) (the "Motion"), without waiving any of its rights or defenses.

DBTCA takes no position with respect to the Motion as between the parties to the litigation. There is some ambiguity (exacerbated by Plaintiffs' failure to attach a proposed order) as to whether Plaintiffs are seeking an order impacting the rights of DBTCA; however, to the extent the Motion seeks relief against DBTCA or any other non-party, it should be denied. First, Plaintiffs have not properly served DBTCA or, to DBTCA's knowledge, any of its affiliates. No order should issue impacting the rights of DBTCA or any non-party, absent proper service and an opportunity to respond in full. Second, as a matter of law, a motion to assign rights does not impact non-parties, which Plaintiffs basically acknowledge. Third, Plaintiffs could not bind DBTCA or any of its affiliates for the reasons outlined in the *amicus curiae* brief submitted by the Institute of International Bankers, International Bankers Association in California and the Clearing House.

DBTCA requests notice if Plaintiffs seek any relief as against DBTCA, or if the Court otherwise intends to consider such issue. DBTCA reserves all rights and defenses to any request by Plaintiffs for such relief.

## II. ARGUMENT

### A. DBTCA Has Not Been Properly Served.

Plaintiffs have not properly served process on DBTCA or, to its knowledge, any of its affiliates. To the extent Plaintiffs seek an assignment order that purports to bind DBTCA or any non-party, Plaintiffs are required to properly serve this Motion and provide an opportunity to

---

[1] Exhibit E of the Declaration of David J. Cook, Esq. filed in support of the Motion listed a number of financial institutions and included a reference to "Deutsche Bank." There is no legal entity by that name. DBTCA files this special limited response because it has an office located at the address at which Plaintiffs purport to have served "Deutsche Bank."

NEWYORK 6644782 (2K)

1    LIMITED RESPONSE OF SPECIALLY APPEARING
NON-PARTY DEUTSCHE BANK TRUST COMPANY
AMERICAS TO MOTION FOR ASSIGNMENT OF RIGHTS

appear and respond in full. DBTCA reserves all its rights relating to service, including those provided under F.R.C.P. 12(b)(5).

### B.  Under California Law, an Assignment Order Applies Only to the Defendant, Not to Third Parties.

As specified in the statute itself, "the court may order the *judgment debtor* to assign to the judgment creditor . . . all or part of a right to payment." Cal. Civ. Proc. Code § 708.510(a) (2008) (emphasis added). The statute further notes that "the notice of the motion shall be served on the *judgment debtor*." Cal. Civ. Proc. Code § 708.510(b) (emphasis added). Thus, the statute does not permit a judgment creditor to bind non-parties to an assignment order. *See*, e.g., *Kracht v. Perrin, Gartland & Doyle*, 219 Cal. App. 3d 1019, 1021-1022 (Cal. App. 4 Dist. 1990) (noting that Section 708.510 does not require notice of the motion for assignment of rights be given to the obligor of the judgment debtor, and that an order of assignment does not preclude a challenge to whether the claims were assignable *ab initio*). Plaintiffs basically concede that an assignment order would not bind any potential obligor, such as DBTCA or any of its affiliates: "assignment order does not necessarily preadjudicate the claims by and between the obligor and the judgment creditor." (Pl. Mot. at 6) The Motion, however, is unclear as to the nature and scope of the order sought. Thus, this submission is merely to point out that any order purporting to bind DBTCA, or any other third party, would exceed the scope of the statute.

### C.  An Assignment Order Also Cannot Bind Non-Parties For Reasons Described in the *Amicus Curiae* Brief.

As explained in the *amicus curiae* brief submitted by the Institute of International Bankers, International Bankers Association in California, and the Clearing House, which arguments are incorporated by reference herein, there are numerous substantive and procedural reasons why an assignment order would not be binding on non-parties. Specifically, the application of an assignment order against unspecified accounts or assets held outside of the United States would violate U.S. and California law because: (i) the California courts have repeatedly limited the reach of Section 708.510 to funds within the United States; (ii) the Foreign Sovereign Immunities Act

NEWYORK 6644782 (2K)

2   LIMITED RESPONSE OF SPECIALLY APPEARING NON-PARTY DEUTSCHE BANK TRUST COMPANY AMERICAS TO MOTION FOR ASSIGNMENT OF RIGHTS

(28 U.S.C. §§ 1602-1611 (2008)) exempts assets of foreign governments not located in the United States from attachment; (iii) the appropriate forum for relief would be in the country where the assets sought to be assigned are located; and (iv) the order would subject the non-party banks to conflicting law and potentially cause them to violate the law in foreign countries. Moreover, the statute cited by Plaintiffs does not apply to the types of accounts and letters of credit as to which Plaintiffs seek an assignment. Finally, the Motion does not comply with the requirements of the relevant California procedural law, as the Motion does not specify which rights to payment it seeks to assign.

### III.   CONCLUSION

DBTCA takes no position with respect to the Motion as between the parties to the litigation. For the reasons stated above, however, DBTCA respectfully requests that the Court not issue any relief as against DBTCA, unless (i) service of process has been properly effected, and (ii) a full and fair opportunity is allowed to present complete objections and arguments in opposition to the Motion and any proposed order.

WHITE & CASE LLP

Dated: June 9, 2008                    By:_____/S/_____

Matthew P. Lewis
*Attorney for*
*Deutsche Bank Trust Company Americas*

NEWYORK 6644782 (2K)

3    LIMITED RESPONSE OF SPECIALLY APPEARING
NON-PARTY DEUTSCHE BANK TRUST COMPANY
AMERICAS TO MOTION FOR ASSIGNMENT OF RIGHTS