1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA 94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9               UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  DEBORAH D. PETERSON, Personal      )   CASE NO. 3:08-mc-80030-JSW (BZ)
    Representative of the Estate of James C.  )
    Knipple (Dec.), et al.,            )   NOTICE OF LIMITED NONOPPOSITION TO
14                                      )   THAT NOTICE OF MOTION AND MOTION
                                        )   TO STAY MOTION FOR ASSIGNMENT
15             Plaintiffs,              )   PENDING THE UNITED STATES DISTRICT
                                        )   COURT FOR THE DISTRICT OF
16  vs.                                 )   COLUMBIA'S DECISION ON PLAINTIFFS'
                                        )   MOTION TO APPOINT A RECEIVER
17  ISLAMIC REPUBLIC OF IRAN, et al.,   )
                                        )   [International Bank for Reconstruction and
18             Defendants.              )   Development aka The World Bank; Joinder by
    _____  )   Export Import Bank of Korea; and Japan Bank
19                                          for International Cooperation]

20                                          Date:  July 2, 2008
                                            Time:  9:00 a.m.
21                                          Courtroom: G
                                            Judge: Bernard Zimmerman
22

23         COMES NOW Plaintiffs DEBORAH D. PETERSON, Personal Representative of the

    Estate of James C. Knipple (Dec.), et al., who hereby file their certain limited Notice of Limited
24
    Nonopposition to that certain NOTICE OF MOTION AND MOTION TO STAY MOTION FOR
25
    ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
26
    OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER, as
27

28  NOTICE OF LIMITED NONOPPOSITION TO THAT NOTICE OF MOTION AND MOTION TO STAY MOTION
    FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
    COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER
    CASE NO. 3:08-mc-80030-JSW (BZ)                                                          1

1  follows:

2  ## I. <u>INTRODUCTION.</u>

3      The International Bank for Reconstruction and Development aka The World Bank ("World

4  Bank") moves this court to stay the court's consideration of a motion filed by Plaintiffs for an

5  order for assignment of rights under C.C.P. § 708.510.  The basis of relief, if any, sought by World

6  Bank is the pendency of the notice of motion and motion for appointment of receiver pending in

7  the United States District Court, District of Columbia, Case No. 01-2094 (RCL), in which

8  Plaintiffs seek a broad-based receivership of certain assets of ISLAMIC REPUBLIC OF IRAN

9  ("Iran").  To the extent that World Bank raises its limited sovereign immunity as a potential

10  defense to any relief, and whether or not World Bank is entitled to such sovereign immunity, the

11  moving party is correct of an overlap of issues.

12      To the extent that Judge Lamberth grants the motion for appointment of receiver of Iran,

13  and that the receivership's assets might include monies due the receiver from a whole host of

14  banks, which may include World Bank, under traditional principles of equity, the receiver would

15  have jurisdiction of these assets, as the case may be, rendering potentially, an assignment order

16  moot and/or unnecessary.  World Bank as much concedes these issues.

17  ## II. <u>NO STANDING.</u>

18      World Bank has no standing by which to oppose an assignment motion, in that an obligor

19  is not a party to an assignment proceeding under C.C.P. § 708.510(b) [no service necessary upon

20  the obligor], and under the leading California case entitled ***Kracht vs. Perrin, Gartland & Doyle,***

21  219 Cal.App.3d 1019, 268 Cal.Rptr. 637 (Cal.App.4 Dist. 1990), in which the court stated at page

22  1021 and the ensuing footnote, as follows:

23      "In September of 1988 Kracht (as judgment creditor of Hogue from the prior
       action) sought and obtained a court order, pursuant to Code of Civil Procedure
24      sections 708.510 and 708.520, compelling Hogue to assign all choses in action
       which he held against Attorneys. The order was obtained without notice to or
25      opposition by Attorneys. [1] Kracht thereafter filed a complaint for legal malpractice
       against Attorneys as assignee of the claims."

26

27

28  NOTICE OF LIMITED NONOPPOSITION TO THAT NOTICE OF MOTION AND MOTION TO STAY MOTION
    FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
    COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER
    CASE NO. 3:08-mc-80030-JSW (BZ)                                                    2

[1] Code of Civil Procedure section 708.510 does not require that notice of the motion to cause an assignment be given to the obligor of the judgment debtor. The order of assignment does not affect the obligor's rights until notice of the order is received by the obligor. (Code Civ.Proc., § 708.540.) The fact that the choses in action were ordered assigned under Code of Civil Procedure section 708.510 does not preclude a challenge to whether the claims were assignable ab initio, because the Legislature specifically noted that **section 708.510 "... does not make any property assignable that is not already assignable."** (See Legis.Com.Comment, Assembly 1982 Addition, West's Ann.Code Civ.Proc., § 708.510.) (Emphasis added)

World Bank would be unaffected by the outcome of the proceeding unless and until Plaintiffs seek to enforce the order(s) under C.C.P. § 708.540, which provides as follows:

"The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor. For the purpose of this section, "obligor" means the person who is obligated to make payments to the judgment debtor or who may become obligated to make payments to the judgment debtor depending upon future developments."

An assignment order can reach rights to payment of money which are due now, due in the future or even contingent, but based on future rights which have yet to arise.

### III. POTENTIAL DOCTRINE OF MOOTNESS.

If the District Court grants the receivership motion, this relief might well be moot in that the court will grant Plaintiffs the right to stand in the shoes of Iran and reach those assets due from Iran held by various banks, and the like. Therefore, this motion by World Bank, Import Export Bank of Korea, and Japan Bank for International Cooperation, might well be moot. However, as to the other financial institutions, no good reason would delay the adjudication of this motion by the Plaintiffs, and none of the other banks have sought any delay in the adjudication of this motion, by stay or otherwise.

Accordingly, as to World Bank and World Bank (and joining parties) only, Plaintiffs are willing to stay the assignment motion, pending the outcome of the motion for appointment of receiver before Judge Royce C. Lamberth, Judge of the United States District Court, District of Columbia, and that the matter otherwise would proceed against all other participants herein.

NOTICE OF LIMITED NONOPPOSITION TO THAT NOTICE OF MOTION AND MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER
CASE NO. 3:08-mc-80030-JSW (BZ)                                                                    3

DATED:  June 11, 2008

COOK COLLECTION ATTORNEYS


By: ___/s/ David J. Cook_____
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs DEBORAH D. PETERSON,
Personal Representatives of the Estate of James C.
Knipple
(Dec.), et al.

F:\USERS\DJCNEW\petersonsf.opposstay

NOTICE OF LIMITED NONOPPOSITION TO THAT NOTICE OF MOTION AND MOTION TO STAY MOTION
FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER
CASE NO. 3:08-mc-80030-JSW (BZ)

4

**PROOF OF SERVICE**

HIS EXCELLENCY MAHMOUD
AHMADINEJAD THE PRESIDENT
Palestine Avenue
Azerbaijan Intersection
Tehran, Islamic Republic of Iran
Fax: +98 21 6 649 5880

ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue
Golestan Yekom
Teheran, Iran
ATTN: Responsible Officer

ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue
United Nations Street
Teheran, Iran
ATTN: Responsible Officer

TIMOTHY T. SCOTT
RYAN M. SANDROCK
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Fax: (415) 772-7400

MARK D. HOPSON
GRIFFITH L. GREEN
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Fax: (202) 736-8711

JERROLD ABELES
ARENT FOX LLP
555 W. Fifth Street, 48th Floor
Los Angeles, CA 90013

JAMES H. HULME
ARENT FOX LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036

WILLIAM L. STERN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Fax: (415) 268-7522

NANCY R. THOMAS
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024

JAY R. HENNEBERRY
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
Fax: 213-622-9865

MATTHEW PAUL LEWIS
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Fax: 213-452-2329

NOEL ANDREW LEIBNITZ
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Fax: 415-954-4480

MARK FREDRICK LAMBERT
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Fax: 650/213-8158

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

NOTICE OF LIMITED NONOPPOSITION TO THAT NOTICE OF MOTION AND MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISONI ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER

1 | on the above-named person(s) by:

2 | ___XXX___ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the
3 | person(s) served above.

4 |      I declare under penalty of perjury that the foregoing is true and correct.

5 | Executed on June 11, 2008.

6 |

                        /s/  Karene Jen
                            Karene Jen

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |