

INTERNATIONAL MONETARY FUND
WASHINGTON, D. C. 20431

RECEIVED
JUN - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

June 6, 2008

Hon. Jeffrey S. White
United States District Judge
United States District Court for the
  Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

Re: <u>Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.</u>,
    3:08-mc-80030-JSW

Dear Judge White:

The International Monetary Fund (the "Fund") was purportedly served in the above-referenced action with a Motion for Assignment of Rights Pursuant to C.C.P. § 708.510(a) and F.R.C.P. 69(a) in respect of property of the Islamic Republic of Iran. We write to advise the Court that, for the reasons set out below, and without waiving any of the immunities hereby set forth, the Order sought by the Motion cannot be legally issued against or in respect of the Fund.

Article IX, Section 3 and 4 of the Articles of Agreement of the International Monetary Fund, reprinted in 60 Statutes at Large, beginning at page 1401, provide as follows:

> *"Section 3. Immunity from judicial process*
>
> The Fund, its property and its assets, wherever located and by whomsoever held, shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract.
>
> *Section 4. Immunity from other action*
>
> Property and assets of the Fund, wherever located and by whomsoever held, shall be immune From search, requisition, confiscation, expropriation, or any other form of seizure by executive or legislative action."

Article IX, Sections 2 through 9 of the Fund's Articles have been given full force and effect in the United States by Section 11 of the Bretton Woods Agreements Act (Public Law 171 - 79th Congress, 59 Statutes at Large, page 512 et seq., approved July 3, 1945, 22 U.S.C. Section 286h), which states:

> **"STATUS, IMMUNITIES AND PRIVILEGES**
>
> *Section 11.* The provisions of article IX, sections 2 to 9, both inclusive, and the first sentence of article VIII, section 2(b) of the Articles of Agreement of the Fund, and the provisions of article VI, section 5(i) and article VII, sections 2 to 9, both inclusive, of the Articles of Agreement of the Bank, shall have full force and effect in the United States and its Territories and possessions upon acceptance of membership by the United States in, and the establishment of, the Fund and the Bank, respectively."

In addition, Executive Order 9751 of July 11, 1946 designated the International Monetary Fund as a public international organization entitled to enjoy certain privileges, exemptions, and immunities under the International Organizations Immunities Act (Public Law 291 -- 79th Congress, 59 Statutes at Large, page 669 et seq., approved December 29, 1945; 22 U.S.C. Sections 288 to 288f). Section 2 of the Act provides in part as follows:

> "Section 2. International organizations shall enjoy the status, immunities, exemptions, and privileges set forth in this section, as follows:
>
> > (b) International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract."

Finally, Section 1611(a) of the U.S. Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. (the "FSIA"), provides as follows:

> "Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions and immunities provided by the International Organizations Immunities Act [including the Fund] shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the

2

order of, a foreign state as the result of an action brought in the courts of the United States or of the States."

This provision of the FSIA thus confers immunity, not only from "attachment," but also from "any other judicial process." One of the practical objectives of Section 1611(a) was set forth in the legislative history of the FSIA:

> "[The purpose of Section 1611(a) is] to permit international organizations [such as the Fund] to carry out their functions from their offices located in the United States without hindrance by private claimants seeking to attach the payment of funds to a foreign state."

H.R. Rep. No. 94-1487, at 30 (1976).

Accordingly, we submit that the Order sought by the Motion for Assignment of Rights Pursuant to C.C.P. § 708.510(a) and F.R.C.P. 69(a) cannot legally be issued against or in respect of the International Monetary Fund or in respect of any property held by the Fund.

Very truly yours,

*Joan S. Powers*

Joan S. Powers
Assistant General Counsel


cc:   Hon. Bernard Zimmerman
      United States Magistrate Judge
      United States District Court for the
          Northern District of California
      San Francisco Division
      450 Golden Gate Avenue
      San Francisco, CA 94102

      Hon. Richard W. Wieking
      Clerk of Court
      U.S. District Court for the
          Northern District of California
      450 Golden Gate Avenue-16th Floor
      San Francisco, CA 94102

David J. Cook, Esq. (Sate Bar # 060859)
Robert J. Perkiss, Esq. (State Bar # 62386)
Cook Collection Attorneys
A Professional Law Corporation
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270



INTERNATIONAL MONETARY FUND

WASHINGTON, D. C. 20431

June 6, 2008



Hon. Richard W. Wieking
Clerk of Court
U.S. District Court for the
  Northern District of California
450 Golden Gate Avenue-16th Floor
San Francisco, CA 94102

Re:  Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.,
     3:08-mc-80030-JSW

Dear Mr. Wieking:

Please accept for filing in connection with the above-referenced matter the enclosed letter to the Hon. Jeffrey S. White, U.S.D.J., as copied to the Hon. Bernard Zimmerman, U.S. Magistrate Judge.

Very truly yours,

*Joan S. Powers*

Joan S. Powers
Assistant General Counsel


Enclosure


cc:   David J. Cook, Esq. (Sate Bar # 060859)
      Robert J. Perkiss, Esq. (State Bar # 62386)
      Cook Collection Attorneys
      A Professional Law Corporation
      165 Fell Street
      San Francisco, CA 94102
      Mailing Address: P.O. Box 270
      San Francisco, CA 94104-0270



INTERNATIONAL MONETARY FUND

WASHINGTON, D. C. 20431

June 6, 2008

CABLE ADDRESS
INTERFUND

Hon. Jeffrey S. White
United States District Judge
United States District Court for the
 Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.,
    3:08-mc-80030-JSW

Dear Judge White:

The International Monetary Fund (the "Fund") was purportedly served in the above-referenced action with a Motion for Assignment of Rights Pursuant to C.C.P. § 708.510(a) and F.R.C.P. 69(a) in respect of property of the Islamic Republic of Iran. We write to advise the Court that, for the reasons set out below, and without waiving any of the immunities hereby set forth, the Order sought by the Motion cannot be legally issued against or in respect of the Fund.

Article IX, Section 3 and 4 of the Articles of Agreement of the International Monetary Fund, reprinted in 60 Statutes at Large, beginning at page 1401, provide as follows:

> *"Section 3. Immunity from judicial process*
>
> The Fund, its property and its assets, wherever located and by whomsoever held, shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract.
>
> *Section 4. Immunity from other action*
>
> Property and assets of the Fund, wherever located and by whomsoever held, shall be immune From search, requisition, confiscation, expropriation, or any other form of seizure by executive or legislative action."

Article IX, Sections 2 through 9 of the Fund's Articles have been given full force and effect in the United States by Section 11 of the Bretton Woods Agreements Act (Public Law 171 - 79th Congress, 59 Statutes at Large, page 512 et seq., approved July 3, 1945, 22 U.S.C. Section 286h), which states:

### "STATUS, IMMUNITIES AND PRIVILEGES

*Section 11.* The provisions of article IX, sections 2 to 9, both inclusive, and the first sentence of article VIII, section 2(b) of the Articles of Agreement of the Fund, and the provisions of article VI, section 5(i) and article VII, sections 2 to 9, both inclusive, of the Articles of Agreement of the Bank, shall have full force and effect in the United States and its Territories and possessions upon acceptance of membership by the United States in, and the establishment of, the Fund and the Bank, respectively."

In addition, Executive Order 9751 of July 11, 1946 designated the International Monetary Fund as a public international organization entitled to enjoy certain privileges, exemptions, and immunities under the International Organizations Immunities Act (Public Law 291 -- 79th Congress, 59 Statutes at Large, page 669 et seq., approved December 29, 1945; 22 U.S.C. Sections 288 to 288f). Section 2 of the Act provides in part as follows:

"Section 2. International organizations shall enjoy the status, immunities, exemptions, and privileges set forth in this section, as follows:

(b) International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract."

Finally, Section 1611(a) of the U.S. Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. (the "FSIA"), provides as follows:

"Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions and immunities provided by the International Organizations Immunities Act [including the Fund] shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the

2

order of, a foreign state as the result of an action brought in the courts of the United States or of the States."

This provision of the FSIA thus confers immunity, not only from "attachment," but also from "any other judicial process." One of the practical objectives of Section 1611(a) was set forth in the legislative history of the FSIA:

> "[The purpose of Section 1611(a) is] to permit international organizations [such as the Fund] to carry out their functions from their offices located in the United States without hindrance by private claimants seeking to attach the payment of funds to a foreign state."

H.R. Rep. No. 94-1487, at 30 (1976).

Accordingly, we submit that the Order sought by the Motion for Assignment of Rights Pursuant to C.C.P. § 708.510(a) and F.R.C.P. 69(a) cannot legally be issued against or in respect of the International Monetary Fund or in respect of any property held by the Fund.

Very truly yours,

*Joan S. Powers*

Joan S. Powers
Assistant General Counsel


cc:   Hon. Bernard Zimmerman
      United States Magistrate Judge
      United States District Court for the
          Northern District of California
      San Francisco Division
      450 Golden Gate Avenue
      San Francisco, CA 94102

      Hon. Richard W. Wieking
      Clerk of Court
      U.S. District Court for the
          Northern District of California
      450 Golden Gate Avenue-16th Floor
      San Francisco, CA 94102

David J. Cook, Esq. (Sate Bar # 060859)
Robert J. Perkiss, Esq. (State Bar # 62386)
Cook Collection Attorneys
A Professional Law Corporation
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270