1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA  94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA  94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal      )   CASE NO. 3:08-mc-80030-JSW (BZ)
13 Representative of the Estate of James C. )
   Knipple (Dec.), et al.,            )   MEMORANDUM OF POINTS AND
14                                     )   AUTHORITIES IN REPLY TO RESPONSE OF
                  Plaintiffs,          )   NON-PARTIES ABN AMRO BANK N.V.,
15                                     )   BNP PARIBAS, BANK OF TOKYO -
   vs.                                 )   MITSUBISHI AFJ, CREDIT SUISSE AG,
16                                     )   CREDIT SUISSE GROUP, MIZUHO
   ISLAMIC REPUBLIC OF IRAN, et al.,   )   CORPORATE BANK, LTD., NATIXIS,
17                                     )   RAIFFEISEN ZENTRALBANK
                  Defendants.          )   OESTERREICH AG, SUMITOMO MITSUI
18 _____)   BANKING CORPORATION, AND UBS AG IN
                                           OPPOSITION TO MOTION FOR
19                                         ASSIGNMENT OF RIGHTS PURSUANT TO
                                           C.C.P. § 708.510(a) AND FRCP 69(a)
20                                         [FINANCIAL INSTITUTION]

21                                         Date:  July 2, 2008
                                           Time:  10:00 a.m.
22                                         Courtroom: G
                                           Magistrate Judge: Bernard Zimmerman
23
                         **I. INTRODUCTION.**
24
        Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C.
25
   Knipple (Dec.), et al. ("Plaintiffs") concur with the "Non-Party Financial Institutions" that any
26
   proceeding by Plaintiffs standing in the shoes of Iran is to be considered at another date. An
27
   assignment motion replaces the judgment debtor for the judgment creditor, in which the obligor is
28

not a party.

Plaintiffs are entitled to the assignment order in that a third party obligor has no standing to object. Directly on point is *Kracht vs. Perrin, Gartland & Doyle*, 219 Cal.App.3d 1019, 268 Cal.Rptr. 637 (Cal.App.4 Dist. 1990), in which the California Appellate Court held that, notwithstanding the actual granting of an assignment, that the obligor (attorneys facing a malpractice action) had the right to defend against the enforcement. The court made it clear that the underlying court, in the granting of the motion, was not obligated to make a finding, one way or another, whether the subject matter thereof was assignable or otherwise. The court stated at page 1021 and the ensuing footnote, as follows:

> "In September of 1988 Kracht (as judgment creditor of Hogue from the prior action) sought and obtained a court order, pursuant to Code of Civil Procedure sections 708.510 and 708.520, compelling Hogue to assign all choses in action which he held against Attorneys. The order was obtained without notice to or opposition by Attorneys. [1] Kracht thereafter filed a complaint for legal malpractice against Attorneys as assignee of the claims."
>
> [1] Code of Civil Procedure section 708.510 does not require that notice of the motion to cause an assignment be given to the obligor of the judgment debtor. The order of assignment does not affect the obligor's rights until notice of the order is received by the obligor. (Code Civ.Proc., § 708.540.) The fact that the choses in action were ordered assigned under Code of Civil Procedure section 708.510 does not preclude a challenge to whether the claims were assignable ab initio, because the Legislature specifically noted that **section 708.510 "... does not make any property assignable that is not already assignable."** (See Legis.Com.Comment, Assembly 1982 Addition, West's Ann.Code Civ.Proc., § 708.510.) (Emphasis added)

This proposition is likewise consistent with the structure of C.C.P. § 708.510, in which the purpose is to permit a Judgment Creditor to reach a Judgment Debtor's contractual obligations, whatever they may be. As stated in *Debt Collection Practice in California*, 2d Edition, CEB, the author stated at page 1129, as follows:

> "An obligor's rights are not affected by an order assigning the rights to payment until the obligor receives notice of the order. C.C.P. § 708.540."

Under C.C.P. § 708.540, an obligor is a person who is or may be obligated to make payment to the Judgment Debtor. Under C.C.P. § 708.510(b), Plaintiffs are not even obligated to serve the third party obligors.

The purpose of the assignment statute serves to eject the judgment debtor as the original

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONSE OF NON-PARTIES ABN AMRO BANK N.V., BNP PARIBAS, BANK OF TOKYO - MITSUBISHI AFJ, CREDIT SUISSE AG, . . .
CASE NO. 3:08-mc-80030-JSW (BZ)                                                                                                 2

obligee and replace the judgment creditor as the substitute. all of which is consistent with C.C.P. § 708.540, in which the judgment creditor's rights are the same as the judgment debtor's rights.

## II. COLLATERAL ISSUES.

Various banking groups are seeking leave to file an amicus brief, the effect of which is to raise a whole host of issues, which has already been addressed by way of a reply. These Plaintiffs have urged the court to deny leave for the filing of an amicus brief as these bank associations are seeking an advisory opinion, in which this court is incapable of rendering under the doctrine of ripeness.

Classically as stated, there is no subject matter jurisdiction to grant declaratory relief as to rights or liabilities that do not yet exist or are not yet certain to arise. *See Calderon vs. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1698-1699 (1998). The court has no case or controversy where an action seeks declaratory relief as to the validity of a defense the defendant may or may not raise in subsequent litigation. The doctrine of ripeness prevents premature adjudication and is aimed at those cases that do not yet have a concrete impact upon the parties arising from a dispute in an analysis similar to an injury-in-fact inquiry under the standing doctrine. *See Thomas vs. Union Carbine Agricultural Product Co.*, 473 U.S. 568, 580, 105 S.Ct. 3325, 3332 (1985) and *Exxon Corp. vs. Heinze*, 32 F.3d 1399, 1404 (9th Cir. 1994). Federal courts have no power to render advisory opinions as to what the law ought to be for affecting a dispute that has not yet arisen. *See Aetna Life Ins. Co. of Hartford, Conn. vs. Haworth* (1937) 300 US 227, 240, 57 S.Ct. 461, 494; and see *Webster vs. Reproductive Health Services* (1989) 492 US 495, 500, 109 S.Ct. 3040, 3050.

In *Exxon Corp. vs. Heinze, supra*, the court stated as follows:

" . . . Whether a dispute is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149. 87 S.Ct. at 1515-16; Assinboine & Souix Tribes of the Fort Peck Indian Reservation v. Bd. of Oil & Gas, 792 F.2d 782, 789 (9th Cir.1986). A claim is "fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." Schaible, 874 F.2d at 627.

Here, Exxon's bias claims require further factual development. The parties have filed no pleadings and conducted only limited discovery on the remaining gas claims and counterclaims. Without any information on these claims' value or their potential impact, if any, on Permanent Fund dividends, we cannot weigh

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONSE OF NON-PARTIES ABN AMRO BANK N.V., BNP PARIBAS, BANK OF TOKYO - MITSUBISHI AFJ. CREDIT SUISSE AG. . . .
CASE NO. 3:08-mc-80030-JSW (BZ)                    3

intelligently the potential bias of Alaska judges and jurors or determine whether their alleged interest has "sufficient substance to disqualify them, given the context in which this case arose." Gibson, 411 U.S. at 579, 93 S.Ct. at 1698." (P. 1404)

These various banks seek a litigational and unsupported advantage in pre-adjudicating a jurisdictional defense, which is precisely the conduct condemned in *Calderon vs. Ashmus, supra,* at page 747, as follows:

> "We think previous decisions of this Court bar the use of the Declaratory Judgment Act for this purpose. In *Coffman v. Breeze Corps.* 323 U.S. 316 (1945), a patent owner brought suit seeking to have the Royalty Adjustment Act declared unconstitutional and to enjoin his licensee from paying accrued royalties to the government. The Court held that the action presented no case or controversy. *The validity of the Act would properly arise only in a suit by the patent holder to recover the royalties, which could afford complete and adequate relief. In such a suit, if the licensee were to assert compliance with the Act as a defense to an obligation to pay the amounts due, the patent holder's right of recovery would then depend on a determination of the Act's validity.* Id., at 322-323. The Court thus concluded that there was no justiciable question "unless and until [the patent owner] seeks recovery of the royalties, and then only if [the licensee] relies on the Act as a defense." *Id.,* at 324. See also *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 245-246 (1952).
>
> *As in Coffman, respondent here seeks a declaratory judgment as to the validity of a defense the State may, or may not, raise in a habeas proceeding.* Such a suit does not merely allow the resolution of a "case or controversy" in an alternative format, as in *Aetna Life Ins., supra,* but rather attempts to *gain a litigation advantage by obtaining an advance ruling on an affirmative defense,* see *Coffman, supra,* at 322-324; *Wycoff Co., supra,* at 245-246. The "case or controversy" actually at stake is the class members' claims in their individual habeas proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits." (Emphasis added)

In *Coffman vs. Breeze Corps.* 323 U.S. 316 (1945) the Supreme Court made its clear that the courts should decline to pre-adjudicate an affirmative defense (i.e., validity of the act) to a potential action which has yet to be filed. The issue in *Coffman* was whether a licensee was properly paying royalties to the government in which and the patent holder sought a pre-adjudication of the licensee's obligation. The Supreme Court found the patent holder's suit as non-justiciable as follows:

> "So far as the present suit seeks a declaratory judgment or an injunction restraining payment of the royalties into the Treasury, it raises no justiciable issue. Appellant asserts in the present suit no right to recover the royalties. It asks only a determination that the Royalty Adjustment Act is unconstitutional, and, if so found, that compliance with the Act be enjoined -- an issue which appellee by its answer

declines to contest. If contested, the validity of the Act would be an issue which, so far as it could ever become material, would properly arise only in a suit to recover the royalties, where it could be appropriately decided." (P. 323)

This case is directly on point to this issue. These various banks can readily see adjudication of entire panoply of defenses when and if the judgment creditors seek to enforce the assignment order and in which that proceeding will provide a full and fair tribunal to test each defense proffered by the various banks. Accordingly, any of the issues raised in the proposed brief are ultimately seeking to pre-adjudicate issues which are unripe.

### III. OPPOSITION TO DEUTSCHE BANK TRUST COMPANY AMERICAS ("DBTCA").

DBTCA has filed opposition arguing bad service, indicating that an assignment order applies to the Defendant, and moreover, adopting issues as raised in the proposed amicus brief.

In response, Plaintiffs are not required to serve DBTCA (C.C.P. § 708.510(b)), that this is an action between a judgment creditor and the judgment debtor, and that the amicus brief raises non-ripe issues.

### IV. CONCLUSION.

These various banks acknowledge that any adjudication between the Plaintiffs and themselves are left for another day.

DATED: June 17, 2008            COOK COLLECTION ATTORNEYS

By: ___/s/ David J. Cook_____
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et al.

F:\USERS\DJCNEW\petersonsf.opposbanksassign1

**PROOF OF SERVICE**

| | |
|---|---|
| HIS EXCELLENCY MAHMOUD AHMADINEJAD THE PRESIDENT<br>Palestine Avenue<br>Azerbaijan Intersection<br>Tehran, Islamic Republic of Iran<br>Fax: +98 21 6 649 5880 | JAMES H. HULME<br>ARENT FOX PLLC<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5339 |
| ISLAMIC REPUBLIC OF IRAN<br>Pasadaran Avenue<br>Golestan Yekom<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinjad or Responsible Officer or Agent for Service of Process | JAY ROBERT HENNEBERRY<br>CHADBOURNE & PARKE<br>350 S. Grand Avenue, Suite 3300<br>Los Angeles, CA 90071<br><br>MATTHEW PAUL LEWIS<br>WHITE & CASE LLP<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90071-2007 |
| ISLAMIC REPUBLIC OF IRAN<br>Khomeini Avenue<br>United Nations Street<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinjad or Responsible Officer or Agent for Service of Process | NOEL ANDREW LEIBNITZ<br>FARELLA BRAUN & MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br><br>WILLIAM LEWIS STERN<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 |
| RYAN SANDROCK<br>SIDLEY AUSTIN LLP<br>555 California Street<br>San Francisco, CA 94104-1715 | MARK FREDRICK LAMBERT<br>WHITE & CASE LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, CA 94306 |
| MARK D. HOPSON<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005 | FRANCIS A. VASQUEZ, JR.<br>WHITE & CASE LLP<br>701 Thirteenth Street, N.W.<br>Washington, D.C. 20005-3807 |
| JERROLD EVAN ABELES<br>ARENT FOX LLP<br>555 W. Fifth Street, 48th Floor<br>Los Angeles, CA 90013 | |

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONSE OF NON-PARTIES ABN AMRO BANK N.V., BNP PARIBAS, BANK OF TOKYO - MITSUBISHI AFJ, CREDIT SUISSE AG, CREDIT SUISSE GROUP, MIZUHO CORPORATE BANK, LTD., NATIXIS, RAIFFEISEN ZENTRALBANK OESTERREICH AG, SUMITOMO MITSUI BANKING CORORATION, AND UBS AG IN OPPOSITION TO MOTION FOR ASSIGNMENT OF RIGHTS PURSUANT TO C.C.P. § 708.510(a) AND FRCP 69(a)

1 | on the above-named person(s) by:

2 | ___XXX___ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2008.

/s/ Karene Jen
Karene Jen