Timothy T. Scott (SBN 126971)
tscott@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark D. Hopson
mhopson@sidley.com
Griffith L. Green
ggreen@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Attorneys For The International
Bank for Reconstruction and Development

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.) *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>Defendants. | Case No. 08-mc-80030-JSW<br>Hon. Jeffrey S. White<br>Hon. Bernard Zimmerman<br><br>**REPLY IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER**<br><br>Date: July 2, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom G |

Non-Party the International Bank for Reconstruction and Development ("World Bank") submits this Reply in Support of its Motion to Stay Motion for Assignment Pending The United States District Court for the District of Columbia's Decision On Plaintiffs' Motion to Appoint a Receiver ("Stay Motion") (dkt. no. 37).

## I. PLAINTIFFS ARE "WILLING TO STAY THE ASSIGNMENT MOTION."

Plaintiffs do not oppose the entry of a stay as to the World Bank and other parties that have joined the Stay Motion. *See* Plaintiffs' Notice of Limited Nonopposition ("Pltfs.' Response") (dkt. no. 73), at 3. Indeed, Plaintiffs expressly concede that "as to [the] World Bank and [the] World Bank (and joining parties) only, *Plaintiffs are willing to stay the assignment motion, pending the outcome of the motion for appointment of receiver before Judge Royce C. Lamberth . . . .*" *Id.* (emphasis added). Plaintiffs agree that the issue of the World Bank's immunity from Plaintiffs' collection efforts is common to both actions. *Id.* at 2 ("[T]he moving party is correct of [*sic*] an overlap of issues.").[1] Plaintiffs also agree that the D.C. District Court's resolution of that issue will likely "moot" the Motion to Appoint a Receiver pending in this Court. *Id.* Accordingly, as the issue is undisputed, this Court should stay Plaintiffs' assignment motion until the D.C. District Court resolves Plaintiffs' nearly identical receivership motion.

## II. THE WORLD BANK HAS NOT CONCEDED THAT RECEIVERSHIP OR ASSIGNMENT COULD BE ORDERED.

Although Plaintiffs do not oppose the World Bank's Stay Motion, Plaintiffs' Response nonetheless raises several arguments that require a response. Plaintiffs assert that the World Bank "as much concedes" that the D.C. District Court could appoint a receiver to draw down the undisbursed amounts remaining under the World Bank's international development loans to Iran. *Id.* The World Bank has not conceded this. To the contrary, it has opposed Plaintiffs' receivership motion in the D.C. District Court on the grounds that granting the motion would violate the World Bank's immunities under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1611(a), the

---

[1] Indeed, Plaintiffs yesterday filed a motion to expedite the D.C. District Court's consideration of the Plaintiffs' receivership motion. *See* Pltfs.' Mot. for Order Expediting Hearing on Mot. for Appt. of Receiver, 01-2094 (dkt. no. 345) (filed June 17, 2008).

**REPLY IN SUPPORT OF MOTION TO STAY MOTION FOR ASSIGNMENT PENDING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA'S DECISION ON PLAINTIFFS' MOTION TO APPOINT A RECEIVER – CASE NO. 08-80030**

International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288a(b), and its Articles of Agreement. If the D.C. District Court holds, as it should, that the World Bank is immune from Plaintiffs' collection efforts, then Plaintiffs' assignment motion should be denied for the same reason. *See Quaestor Investments, Inc.* v. *The State of Chiapas*, No. CV-95-6723 JGD AJW, 1997 WL 34618203, at *7 (C.D. Cal. Sept. 2, 1997) ("[A]n assignment order [under C.C.P. § 708.510(f)] may not be issued with respect to assets which are immune from execution . . . .").

### III. THE WORLD BANK HAS STANDING TO CHALLENGE THE ASSIGNMENT MOTION.

Plaintiffs also argue that the World Bank lacks standing to oppose Plaintiffs' Motion For Assignment. Relying on a footnote from *Kracht v. Perrin, Gartland & Doyle,* Plaintiffs argue that the World Bank may not challenge a motion for assignment under C.C.P. § 708.510 until after such an order has been issued. Pltfs.' Response at 2 (citing *Kracht v. Perrin, Gartland & Doyle*, 219 Cal. App. 3d 1019, 1021 n.1 (1990)). However, *Kracht* held *only* that a party's failure to oppose a motion for assignment under C.C.P. § 708.510 (because that party was not given notice of the motion), "does not preclude a challenge to whether the claims were assignable *ab initio*." *Id. Kracht* did not hold — or even suggest — that a party *must wait* until *after* the assignment order is entered before challenging it. Indeed, in *Quaestor*, the court considered a third-party's claims that property was immune from execution (and, therefore, immune from assignment) *before* it acted on a request for an assignment order. 1997 WL 34618203, at *7.

Prohibiting the World Bank from challenging the assignment motion "unless and until Plaintiffs seek to enforce the [assignment] order(s)," Pltfs.' Response at 3, would also undermine the World Bank's immunities under the FSIA, IOIA, and its Articles of Agreement. The very point of immunity is to relieve the immune party from "the attendant burdens of litigation." *Kilburn* v. *Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (internal quotation marks omitted). For this reason, the World Bank's immunities should be considered up front, before an assignment order is issued; the Bank should not be required instead to assert its immunities in protracted (and potentially seriatim) litigation as Plaintiffs seek to enforce

2

such an order.

## CONCLUSION

For all the reasons set forth above and in its opening motion, and in light of Plaintiffs' non-opposition to the issuance of a stay, this Court should grant the World Bank's Motion to Stay Motion For Assignment Pending the United States District Court for the District of Columbia's Decision on Plaintiffs' Motion To Appoint A Receiver.

Dated: June 18, 2008                                SIDLEY AUSTIN LLP


By: /s/ Ryan M. Sandrock

Attorneys For The International Bank for Reconstruction and Development

3