# **TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendant(s). | No. 08-80030 MISC JSW (BZ)<br><br>**REPORT AND RECOMMENDATION TO: DENY PLAINTIFFS' MOTIONS FOR ASSIGNMENT OF RIGHTS; TO DENY MOTION FOR STAY; AND TO DENY MOTION TO APPEAR AS** *AMICI CURIAE* **AND FILE** *AMICUS* **BRIEF, AND GRANTING PLAINTIFFS' EX PARTE APPLICATION TO FILE UNTIMELY REPLY BRIEF** |

Plaintiffs' Motions for Assignment of Landing Rights (Docket No. 18), Shipping and Dock Fees and Bunkered Fuel Sales (Docket No. 20), and Financial Institutions (Docket No. 26) were referred to me by the Honorable Judge Jeffrey S. White.[1]

On September 7, 2007, plaintiffs obtained a default judgment in the United States District Court for the District

---

[1] Plaintiffs' *ex parte* application for leave file a late reply brief is **GRANTED**.

1

# TENTATIVE RULING

of Columbia against the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively "Iran") in the amount of $2,656,944,877.00 for damages they or their family members sustained in the 1983 bombing of the United States Marine barracks in Lebanon.  Plaintiffs are now attempting to collect the judgment in this and various other districts.  These motions seek orders assigning plaintiffs the "rights, accounts, accounts receivable, rights to payment of money, and general intangibles, owed and in favor of the Islamic Republic of Iran and all of its agencies and instrumentalities" from various airlines, shipping companies, and financial institutions.  (Pls.' Proposed Orders, Docket Nos. 77- 79.)

As authority for the orders they seek, plaintiffs cite California Code of Civil Procedure section 708.510(a).  That section provides that: "upon application of the judgment creditor on noticed motion, the court may order the **judgment debtor** to assign to the judgment creditor . . . all or part of a right to payment due or to become due . . . ."  C.C.P. § 708.510(a)(*emphasis* added).  Here, plaintiffs are not seeking orders compelling Iran, the judgment debtor, to assign any rights to plaintiffs.  Instead, plaintiffs seek orders which circumvent the statute by declaring that the assignment has occurred, even though the judgment debtor was not ordered to and did not assign anything.  Plaintiffs provide no authority to support their contention that section 708.510(a) permits such "virtual" assignments, and the court has found none.

## **TENTATIVE RULING**

This is not surprising, since the statute on its face requires that the court order the judgment debtor to make the assignment. If the "virtual" assignment plaintiff seeks were available, this part of the statute would be rendered nugatory. I therefore **RECOMMEND** that plaintiffs' applications be **DENIED**.

The briefs filed by the banks raise a host of other serious problems that plaintiffs' applications for "virtual" assignments present, including various immunities,[2] issues of the territorial scope of California's collection laws[3] and issues concerning the overbreath of the proposed orders.[4] In view of this disposition, I do not reach these other issues.[5]

---

[2] Several banks sought to stay the financial institution's motion pending the United States District Court for the District of Columbia's ruling on plaintiffs' motion to appoint a receiver. (Docket No. 37.) In view of the recommended disposition and ruling on certain of the immunities. I **RECOMMEND** that the motion to stay be **DENIED**.

[3] The proposed assignments seek to reach assets located outside the U.S. of companies that may not do business in the U.S. See e.g., Quaestor Investments Inc. V. State of Chiapas, 1997 Westlaw 34618203 at *7.

[4] Plaintiffs are requesting assignment of monies due not only to Iran, but to "all of its agencies and instrumentalities". Although a few are identified, plaintiffs fail to properly identify all of the agencies and instrumentalities or provide authority as to why the default judgment would apply to them. (Docket Nos. 77- 79.) The Landing Rights and Shipping motions have similar problems.

[5] The California Bankers Association, the Institute of International Bankers, the International Bankers Association in California, the Clearing House Association L.L.C. and the Organization for International Investment submitted a motion for leave to appear *amici curiae* and to file an *amicus* brief in response to plaintiffs' motion for assignment regarding the

3

**TENTATIVE RULING**

Dated: June 27, 2008

------------------------------
Bernard Zimmerman
United States Magistrate Judge

---

Financial Institutions. (Docket No. 55.) "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." In re Roxford Foods Litig., 790 F.Supp. 987, 997 (E.D. Cal. 1991)(quoting the U. S. v. La., 751 F.Supp. 608, 620 (E.D. La. 1990)). I **RECOMMEND** the motion be **DENIED** since the *amicus* brief adds little to the arguments made by the numerous banks who have appeared.

g:\bzall\-refs\Peterson v. Islamic Republic of Iran\R&R re Applications for Assignment.bz version.wpd            4