1   Paul J. Hall (State Bar No. 066084)
    phall@nixonpeaobdy.com
2   Walter T. Johnson (State Bar No: 111094)
    wjohnson@nixonpeabody.com
3   Isabelle L. Ord (State Bar No. 198224)
    iord@nixonpeabody.com
4   NIXON PEABODY LLP
    One Embarcadero Center, 18th Floor
5   San Francisco, CA 94111-3996
    Telephone: (415) 984-8200
6   Facsimile: (415) 984-8300

7   Attorneys for Third Parties
    MITSUI O.S.K. LINES, LTD.,
8   HANJIN SHIPPING CO., LTD., and
    COMPAÑIA SUD AMERICANA DE VAPORES
9

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15   DEBORAH D. PETERSON, Personal          Case No. 3:08-mc-80030-JSW
     Representative of the Estate of James C. Knipple
16   (Dec.), et al.,                        **EVIDENTIARY OBJECTIONS OF THIRD
                                            PARTY HANJIN SHIPPING CO., LTD. TO
17                     Plaintiff,           DECLARATION OF DAVID J. COOK**

18        vs.                               Date: November 26, 2008
                                            Time: 10:00 a.m.
19   ISLAMIC REPUBLIC OF IRAN, et al.,      Dept.: G, 15th Floor
                                            Magistrate Judge: Bernard Zimmerman
20
                       Defendants.
21

22

23

24

25

26

27

28

# EVIDENTIARY OBJECTIONS

Under Local Rule 7-5(b), third party Hanjin Shipping Co., Ltd. ("Hanjin") hereby objects to and moves to strike portions of the Declaration of David J. Cook (the "Cook Declaration") filed by plaintiffs Deborah Peterson, et al. ("Plaintiffs") in support of their Motion For Assignment of Rights concerning Hanjin.  The statements of David J. Cook (the "Declarant") in the Cook Declaration are inadmissible as set forth below.

## PROFFERED EVIDENCE NO. 1:

The shipping schedule of **HANJIN SHIPPING LINES** shows that the Shipping Line frequents Iranian ports, harbors and other facilities.  The Shipping Line's schedule is set forth by way of its website which shows its traffic, a true and correct copy of the download which is attached hereto marked *Exhibit "A."*  The schedule demonstrates that the Shipping Line services Iranian ports, and also American ports, thereby creating inferences, as follows:  1) the Shipping Line is generally subject to the jurisdiction of the U.S. in both import and export of products; 2) the Shipping Line is generally doing business with Iranian port facilities in both imported and exported products.  [Cook Declaration, ¶ 2.]

## EVIDENTIARY OBJECTION NO. 1:

Hanjin objects to this statement on the ground that the Declarant lacks personal knowledge of the facts asserted, and the statement is inadmissible hearsay. Fed. R. Ev. 602, 801, 802.  Hanjin objects to this statement on the ground that it is improper speculation and conjecture based on the Declarant's unsupported "inferences."  Hanjin objects to this statement on the ground that it is contains legal conclusions, rather than admissible facts.  Hanjin objects to this statement to the extent the Declarant purports to authenticate the documents attached as Exhibit "A" to the Cook Declaration or to rely on the documents as evidence supporting the Motion.  See Orr v. Bank of America, NT & SA, 285 F.3d 764, 773-73 (9th Cir. 2002) (requiring declarant to be "a person through whom the

11109169.1

exhibits could be admitted in to evidence.")  The Declarant lacks personal knowledge of the documents, and Declarant's purported reliance on the documents is hearsay.  Fed. R. Ev. 801, 802.  The Declarant cannot establish the authenticity, truthfulness, or accuracy of the contents of Exhibit "A."  See Local Rule 7-5(a), Fed. R. Ev. 602, 901.  The Declarant also fails to establish a proper foundation for the documents attached as Exhibit "A," including the failure to explain where, when, and how the Declarant obtained the documents, or how the Declarant knows the websites were owned or maintained by Hanjin, let alone that the information in the website print outs is accurate.  Id.; Wady v. Provident Life & Accident Ins. Co. of America, 216 F.Supp.2d 1060, 1064-65 (C.D. Cal. 2002) (confirming internet sources are unreliable and declarant cannot authenticate internet documents as statements of the entity to which declarant attributes them).  For all of these reasons, the Declarant's statements in reliance on the contents of Exhibit "A" are also hearsay and lack foundation.  Fed. R. Ev. 602, 801, 802.

**PROFFERED EVIDENCE NO. 2:**

As Plaintiffs have confirmed that the Shipping Line frequents Iranian harbors, ports, wharfs, docks, and other harbor-like facilities.  Plaintiffs likewise have determined that Iran has a whole list of Tariffs which Iran charges oceangoing freighters, carriers, tankers, and the like, a true and correct copy of the MANUAL OF Tariffs applicable to vessels and cargo in Ports of the Islamic Republic of Iran which is attached hereto marked ***Exhibit "B."***  These tariffs clearly show the charges imposed by Iran upon oceangoing carriers, such as the Shipping Lines as described herein.  Plaintiffs have also ascertained from a press release undertaken by the ports and shipping organization of the Department of Transportation of Iran, that Iran sells bunkered oil.  [*Sic*] [Cook Declaration, ¶ 3.]

**EVIDENTIARY OBJECTION NO. 2:**

Hanjin objects to the statements in Paragraph 3 of the Cook Declaration on the ground that they are hearsay and improper conclusions premised on Declarant's inadmissible statements in Paragraph 2 of the Cook Declaration.   Hanjin also objects to the statements in Paragraph 3 on each

EVIDENTIARY OBJECTIONS OF THIRD PARTY HANJIN
SHIPPING CO., LTD. TO DECLARATION OF DAVID J.
COOK
(CASE NO.  3:08-MC-80030-JSW)

11109169.1

of the grounds set forth in Evidentiary Objection No. 1, which are expressly incorporated herein by reference. The statement is unfounded and inadmissible hearsay. Fed. R. Ev. 602, 801, 802. Hanjin also objects to the statements in Paragraph 3 to the extent the Declarant purports to authenticate the document attached as Exhibit "B" to the Cook Declaration or to rely on the document as evidence supporting the Motion. See Orr, 285 F.3d at 773-73. The Declarant lacks personal knowledge of the document, and the document is hearsay. Fed. R. Ev. 602, 801, 802. Hanjin also objects to the Declarant's reliance on the document because the Declarant cannot establish the authenticity, truthfulness, or accuracy of the contents of Exhibit "B." See Local Rule 7-5(a), Fed. R. Ev. 901. The Declarant also fails to establish a proper foundation for the document attached as Exhibit "B," including the failure to explain where, when, and how Declarant obtained the document, or how the Declarant knows the purported Manual attached as Exhibit "B" is a true, accurate, and reliable copy. For all of these reasons, Declarant's statements in reliance on the contents of the Manual are also hearsay, lack foundation, and are improper legal conclusions. Fed. R. Ev. 602, 801, 802. Similarly, the Declarant's supposition that tariffs are imposed on Hanjin by Iran is not supported by the evidence in the Cook Declaration or its exhibits, and is improper speculation and conjecture. This statement is also inadmissible as hearsay and lacks foundation. [Declarant's reliance on the purported press release is addressed in Evidentiary Objection No. 3 below.]

**PROFFERED EVIDENCE NO.  3:**

A true and correct copy of the press release entitled "PSO news, In the name of God Supplement to Port & Sea Magazine Nos 2/Sep-Oct, 2007 is attached hereto marked ***Exhibit "C."*** [Cook Declaration, ¶ 4.]

**EVIDENTIARY OBJECTION NO. 3:**

Hanjin objects to the statement in Paragraph 4 of the Cook Declaration on the ground that it is hearsay and an improper conclusion premised on Declarant's inadmissible statements in Paragraph 3 of the Cook Declaration. Hanjin also objects to the statement in Paragraph 4 on each of the grounds

EVIDENTIARY OBJECTIONS OF THIRD PARTY HANJIN
SHIPPING CO., LTD. TO DECLARATION OF DAVID J.
COOK
(CASE NO. 3:08-MC-80030-JSW)

11109169.1

1  set forth in Evidentiary Objection Nos. 1 and 2, which are expressly incorporated herein by reference.

2  Hanjin also objects to the statement in Paragraph 4 to the extent the Declarant purports to

3  authenticate the document attached as Exhibit "C" to the Cook Declaration or to rely on the

4  document as evidence supporting the Motion. See Orr, 285 F.3d at 773-73. The Declarant lacks

5  personal knowledge of the document, and the document is hearsay. Fed. R. Ev. 602, 801, 802.

6  Hanjin also objects to the document on the ground that the Declarant cannot establish the

7  authenticity, truthfulness, or accuracy of the contents of Exhibit "C." See Local Rule 7-5(a), Fed. R.

8  Ev. 901. The Declarant also fails to establish a proper foundation for the document attached as

9  Exhibit "C," including the failure to explain where, when, and how the Declarant obtained the

10  document, or how the Declarant knows the purported press release attached as Exhibit "C" is a true,

11  accurate, and reliable copy. For all of these reasons, Declarant's statements in reliance on the

12  contents of the press release are also hearsay, lack foundation, and are improper legal conclusions.

13  Fed. R. Ev. 602, 801, 802.

14

15  **PROFFERED EVIDENCE NO. 4:**

16  The Ministry of Roads and Transportation generally oversees the PORTS & SHIPPING

17  ORGANIZATION ("P.S.O.") of Iran who manage the docks, harbors and related facilities pursuant

18  to the printout from the website entitled IR IRAN's Ports & Shipping Organization, a true and correct

19  copy of which is attached hereto marked ***Exhibit "D."*** [*Sic*] [Cook Declaration, ¶ 5.]

20

21  **EVIDENTIARY OBJECTION NO. 4:**

22  Hanjin objects to the statement in Paragraph 5 of the Cook Declaration for each of the reasons

23  set forth in Evidentiary Objection No. 1, which are expressly incorporated herein by reference. The

24  statement is unfounded and inadmissible hearsay. Fed. R. Ev. 602, 801, 802. The statement is also

25  an unqualified and irrelevant opinion of Declarant concerning the purported operations of Iranian port

26  facilities. Fed. R. Ev. 401, 402, 701. Hanjin also objects to the statement in Paragraph 5 to the extent

27  the Declarant purports to authenticate the document attached as Exhibit "D" to the Cook Declaration

28

-5-

1  or to rely on the document as evidence supporting the Motion.  See Orr, 285 F.3d at 773-73.  The

2  Declarant lacks personal knowledge of the document, and the document is hearsay.  The Declarant

3  cannot establish the authenticity, truthfulness, or accuracy of the contents of Exhibit "D."  See Local

4  Rule 7-5(a), Fed. R. Ev. 602, 901.  The Declarant also fails to establish a proper foundation for the

5  document attached as Exhibit "D," including the failure to explain where, when, and how Declarant

6  obtained the document, or how the Declarant knows the purported website print out from a website

7  entitled "Iran's Ports and Shipping Organization," is a true, accurate, and reliable copy, or how the

8  Declarant knows the website pages are owned or maintained by the Ports and Shipping Organization

9  of Iran.  Id.; Wady, 216 F.Supp.2d at 1064-65.  For all of these reasons, Declarant's statements in

10 reliance on the contents of the purported website pages are also inadmissible hearsay and lack

11 foundation.  Fed. R. Ev. 602, 801, 802.

12

13 **PROFFERED EVIDENCE NO.  5:**

14         Iran charges these Shipping Lines an entire array of charges for the privilege of utilizing

15 Iranian docks, harbors, terminals and other maritime facilities, all hereinafter collectively "DOCK

16 FEES."  This label is illustrative as seen by, e.g., the entire range of charges imposed by Iran through

17 its Manual of Tariffs Applicable to Vessels and Cargo in the Ports of the Islamic Republic of Iran, a

18 true and correct copy of which is attached hereto marked *Exhibit "B."*  [Cook Declaration, ¶ 6.]

19

20 **EVIDENTIARY OBJECTION NO. 5:**

21        Hanjin objects to the statements in Paragraph 6 of the Cook Declaration and the Declarant's

22 improper reliance on Exhibit "B" for all the reasons set forth in Evidentiary Objection Nos. 1-2,

23 which are expressly incorporated herein by this reference.  The statement is unfounded and

24 inadmissible hearsay.  Fed. R. Ev. 602, 801, 802.  The statement is also an unqualified and irrelevant

25 opinion of Declarant concerning purported tariffs of Iran.  Fed. R. Ev. 401, 402, 701.  Hanjin objects

26 to Declarant's statements in Paragraph 6 and Declarant's reliance on Exhibit "B" as improper

27 conclusions based on the Declarant's inadmissible statements in Paragraph 3 of the Cook

28

-6-

EVIDENTIARY OBJECTIONS OF THIRD PARTY HANJIN
SHIPPING CO., LTD. TO DECLARATION OF DAVID J.
COOK
(CASE NO. 3:08-MC-80030-JSW)

11109169.1

Declaration. Hanjin also objects to the statements in Paragraph 6 and Declarant's reliance on Exhibit "B" as hearsay, improper speculation, and unfounded conclusions. Fed. R. Ev. 602, 801-802, 901. In particular, the Declarant lacks personal knowledge of whether Hanjin is charged "dock fees," and this statement is based solely on the Declarant's conjecture. Id.

**PROFFERED EVIDENCE NO. 6:**

The National Iranian Oil Products Distribution Company is a subsidiary of the National Iranian Oil Refining and Distributing Co., which is part of the Ministry of Petroleum of the Islamic Republic of Iran per the attached download, a true and correct copy which is attached hereto marked ***Exhibit "E."*** [Cook Declaration, ¶ 7.]

**EVIDENTIARY OBJECTION NO. 6:**

Hanjin objects to the statements in Paragraph 7 of the Cook Declaration for each of the reasons set forth in Evidentiary Objection No. 1, which are expressly incorporated herein by reference. The statement is unfounded and inadmissible hearsay. Fed. R. Ev. 602, 801, 802. The statement is also an unqualified and irrelevant opinion of Declarant concerning organization of the Ministry of Petroleum. Fed. R. Ev. 401, 402, 701. Hanjin also objects to the statements in Paragraph 7 on the ground that they are entirely based on Exhibit "E" to the Cook Declaration, which is inadmissible for all the reasons below. Hanjin also objects to the statements in Paragraph 7 to the extent the Declarant purports to authenticate the document attached as Exhibit "E" or to rely on the document as evidence supporting the Motion. See Orr, 285 F.3d at 773-73. The Declarant lacks personal knowledge of the document, and the document is hearsay. Fed. R. Ev. 602, 801, 802. The Declarant cannot establish the authenticity, truthfulness, or accuracy of the contents of Exhibit "E." See Local Rule 7-5(a), Fed. R. Ev. 901. The Declarant also fails to establish a proper foundation for Exhibit "E," including the failure to explain where, when, and how the Declarant obtained the document, or how the Declarant knows the internet website where he purportedly obtained the print out is owned or maintained by the National Iranian Oil Products Distribution Company, the National

EVIDENTIARY OBJECTIONS OF THIRD PARTY HANJIN
SHIPPING CO., LTD. TO DECLARATION OF DAVID J.
COOK
(CASE NO. 3:08-MC-80030-JSW)

11109169.1

1   Iranian Oil Refining and Distributing Co., or the Ministry of Petroleum. Id.; Wady, 216 F.Supp.2d at

2   1064-65.  For all of these reasons, Declarant's statements in reliance on the purported internet print

3   outs are also unreliable, hearsay, and lack foundation.  Fed. R. Ev. 801, 802.  Further, Declarant fails

4   to establish a proper foundation and personal knowledge or expert qualifications supporting his

5   statement that the "National Iranian Oil Products Distribution Company is a subsidiary of the

6   National Iranian Oil Refining and Distribution Company, which is a part of the Ministry of Petroleum

7   of the Islamic Republic of Iran."  Fed. R. Ev. 602, 701.

8

9   **PROFFERED EVIDENCE NO. 7:**

10          Declarant personally read, reviewed and downloaded all of the above-listed exhibits, and

11   personally obtained these documents by examining the website maintained by the Ports & Shipping

12   Organization website of The Islamic Republic of Iran.  Furthermore, Declarant over the last six

13   months has become familiar with, if not immersed, in generally the economy of Iran and its large-

14   scale business and in which Iran maintains a series of websites, providing for a vast amount of

15   information.  These Tariffs clearly show the charges imposed by Iran upon oceangoing carriers, such

16   as the Shipping Lines as described herein. [Cook Declaration, ¶ 8.]

17

18   **EVIDENTIARY OBJECTION NO. 7:**

19          Hanjin objects to the statements in Paragraph 8 of the Cook Declaration for each of the

20   reasons set forth in Evidentiary Objection No. 1, which are expressly incorporated herein by

21   reference.  Hanjin also objects to the statements in Paragraph 7 to the extent the Declarant purports to

22   authenticate the documents attached as Exhibits to the Cook Declaration or to rely on the Exhibits as

23   evidence supporting the Motion.  See Orr, 285 F.3d at 773-73.  As explained above, the Declarant

24   lacks personal knowledge of the Exhibits, and cannot establish the authenticity, truthfulness, or

25   accuracy of the contents. See Local Rule 7-5(a), Fed. R. Ev. 602, 901.  The Declarant also fails to

26   establish a proper foundation for the Exhibits, and the cursory statement that the Declarant

27   downloaded and reviewed certain websites is insufficient to establish personal knowledge or to

28

-8-

authenticate the Exhibits.  Specifically, the Declarant fails to explain where, when, and how the Declarant obtained any of the Exhibits, or how the Declarant knows the Exhibits are accurate and reliable.  Additionally, the Declarant fails to explain how he knows the Exhibits he purportedly obtained from the internet are from websites owned or maintained by Hanjin or various purported agencies of Iran.  Id.; Wady, 216 F.Supp.2d at 1064-65.  For all of these reasons, Declarant's statements in reliance on the contents of the purported Exhibits are also unreliable hearsay and lack foundation.  Fed. R. Ev. 602, 801, 802.  Additionally, the Declarant's attempt to establish a basis for the Exhibits and his evidence on the ground that he recently became familiar with the economy of Iran, its businesses, and various websites is an unqualified and irrelevant opinion.  Fed. R. Ev. 401, 402, 701.  Also, the Declarant's statement that tariffs are imposed on Hanjin by Iran is an unqualified opinion and based on speculation and hearsay.  Fed. R. Ev. 602, 701, 801, 802.

DATED:        September 15, 2008

NIXON PEABODY LLP

By: _____
Paul J. Hall
Walter T. Johnson
Isabel L. Ord
Attorneys for Third Parties
MITSUI O.S.K. LINES, LTD.,
HANJIN SHIPPING CO., LTD., and
COMPAÑIA SUD AMERICANA DE
VAPORES

11109169.1