MORGAN, LEWIS & BOCKIUS LLP
PETER BUSCEMI, State Bar No. 255213
MATTHEW S. WEILER, State Bar No. 236052
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: pbuscemi@morganlewis.com
E-mail: mweiler@morganlewis.com

Attorneys for Non-Parties CMA CGM, A.P. Moller Maersk A/S, and Mediterranean Shipping Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants. | Case No. 08-MC-80030-JSW (BZ)<br><br>**OBJECTIONS OF NON-PARTY CMA CGM TO THE DECLARATION OF DAVID J. COOK**<br><br>Hearing Date: October 8, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom G<br><br>Hon. Bernard Zimmerman |

I.  **INTRODUCTION**

Non-party CMA CGM hereby submits these objections to the Declaration of David J. Cook, Esq., and exhibits thereto, filed by the Plaintiffs in support of the "Motion for Order Compelling Assignment of Rights Pursuant to CCP§708.510(a) and FRCP 69(a)."

II.  **OBJECTIONS TO SUPPLEMENTAL DECLARATION**

   A.  **General Objections**

Declarations and other evidence that would not be admissible are subject to a timely objection and may be stricken. *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991). CMA CGM generally objects to the substantive statements made by David J. Cook

on the following grounds: (1) his statements lack personal knowledge and foundation (*see* Federal Rule of Evidence ("FRE") 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")); (2) the declaration contains improper legal conclusions that are not relevant or admissible evidence (*see McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)); (3) the statements improperly assume facts that are not in evidence (*see U.S. v. Sanchez*, 176 F.3d 1214, 1223 (9th Cir. 1999)); (4) the declaration contains improper lay opinion testimony (*see* FRE 701); (5) the declaration contains inadmissible hearsay (*see* FRE 802); (6) the declaration is argumentative in places (*see* FRE 402 and 403); (7) portions of the declaration are not legally relevant (*see* FRE 402); and (8) many of Plaintiffs' exhibits are inadmissible hearsay and are not properly authenticated (FRE 802 and 901).

**B.     Specific Objections**

In addition to the general objections set forth above, CMA CGM objects to individual statements in the Cook Declaration as set forth hereunder.

| **Statement and Location** | **Objection(s)** |
|---|---|
| "The shipping schedule of CMA CGM SA & CMA CGM The French Line shows that the Shipping Line frequents Iranian ports, harbors and other facilities."  Declaration of David J. Cook ("Declaration") ¶ 2, p. 1:24-25 | • <u>Lack of Foundation</u> (FRE 602).  Cook does not establish that he is familiar with the shipping industry, with CMA CGM, or with shipping to Iranian ports. Nor does he provide any foundation that his assertions regarding the shipping lines are based on his personal knowledge or first-hand experience.<br>• <u>Improper Authentication, Inadmissible Hearsay</u> (FRE 901 and 802): the document attached as Exhibit A is not |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62115906.1

2

OBJECTIONS OF NON-PARTY CMA CGM TO DECL OF DAVID J. COOK  (CASE NO. 08-MC-80030-JSW (BZ))

| | |
|---|---|
| | properly authenticated. Moreover, the schedule attached as Exhibit A is inadmissible hearsay because it is relied upon for its truth, not merely for the fact that certain routes were listed. Moreover, the creator of the schedule is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here. |
| "The schedule demonstrates that the Shipping Line services Iranian Ports, and also American ports, thereby creating inferences, as follows: 1) the Shipping Lines is generally subject to the jurisdiction of the U.S. in both import and export of products; 2) the Shipping Line is generally doing business with Iranian port facilities in both imported and exported products." Declaration ¶ 2, p. 1:26-2:1-4. | • <u>Lack of Foundation, Impermissible Lay Opinion Testimony</u> (FRE 602, 701, 702). Cook does not establish his expertise in the shipping industry, has no personal knowledge of the subject matter of this statement, and the "inferences" he draws from the shipping schedule are pure speculation. The subject of how tariffs are imposed in Iran, and the structure and organization of shipping lines and how they operate abroad, requires expert analysis, or at least the testimony of persons with first-hand knowledge of these subjects.<br><br>• <u>Lack of Legal Relevance</u> (FRE 402): whether CMA CGM is subject to U.S. jurisdiction in "import and export of |

products" has no bearing on the issue of whether payments made to Iranian entities in Iran can be assigned in the instant matter.

- <u>Improper Authentication, Inadmissible Hearsay</u> (FRE 901 and 802): the document attached as Exhibit A is not properly authenticated. Moreover, the schedule attached as Exhibit A is inadmissible hearsay because it is relied upon for its truth, not merely for the fact that certain routes were listed. Moreover, the creator of the schedule is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here.

- <u>Argumentative, Improper Legal Conclusion</u> (FRE 403, *McHugh*): Cook's assertion that "the Shipping Line is generally subject to the jurisdiction of the U.S." is an improper legal conclusion and/or legal argument.

- <u>Assumes Facts Not In Evidence</u> (*Sanchez*): Cook's statement that CMA CGM is "generally doing business with Iranian port facilities" is not supported

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62115906.1

4

OBJECTIONS OF NON-PARTY CMA CGM TO
DECL OF DAVID J. COOK (CASE NO. 08-MC-
80030-JSW (BZ))

| | |
|---|---|
| | by any of the evidence presented. |
| "Plaintiffs have determined that Iran has a whole list of Tariffs which Iran charges oceangoing freighters, carriers, tankers, and the like … . These tariffs clearly show the charges imposed by Iran upon oceangoing carriers, such as the Shipping Lines as described herein." Declaration ¶ 4, p. 2:27-3:1. | • <u>Lack of Foundation</u> (FRE 602). Cook has no personal knowledge of the "tariffs" he claims are paid by shipping lines, and the sole basis for his statement appears to be an unauthenticated document that lists certain payments that must be made. |
| | • <u>Assumes Facts Not In Evidence</u> (*Sanchez*): Cook assumes, without introducing evidence to the effect, that the Republic of Iran imposes the tariffs described directly on the shipping lines. Cook has not shown how CMA CGM pays tariffs, nor has he shown that the payments described are paid directly to Iran. Moreover, Plaintiffs have not introduced evidence sufficient to attribute the actions of the Ports & Shipping Organization to the Iranian state. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983). |
| | • <u>Improper Authentication; Inadmissible Hearsay</u> (FRE 901, 802): the document attached as Exhibit B is not properly authenticated. Moreover, it is |

| | |
|---|---|
| | inadmissible hearsay because it is relied upon for its truth, not merely for the fact that certain tariffs are described. Moreover, the creator of the document is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here. |
| "Plaintiffs have also ascertained from a press release undertaken by the ports and shipping organization of the Department of Transportation of Iran, that Iran sells bunkered oil."  Declaration ¶ 3, p. 2:11-12. | • Assumes Facts Not In Evidence (*Sanchez*): Cook assumes, without introducing evidence to the effect, that the Republic of Iran itself sells "bunkering oil" to the shipping lines. Cook has not shown whether or how CMA CGM pays for "bunkering oil," nor has he shown that the payments described are paid directly to Iran. Moreover, Plaintiffs have not introduced evidence sufficient to attribute the actions of any of the Iranian entities mentioned in this article to the Iranian state.  *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983).<br>• Inadmissible Hearsay (FRE 901, 802): the document attached as Exhibit C is |

| | |
|---|---|
| | inadmissible hearsay because it is relied upon for its truth. Moreover, the author of the document is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here.<br><br>• <u>Lack of Foundation</u> (FRE 602): Cook does not have personal knowledge that supports his statement that "Iran sells bunkered oil." The sole source for his statement is a hearsay press release. |
| "The Ministry of Roads and Transportation generally oversees the PORTS & SHIPPING ORGANIZATION ('P.S.O.') of Iran who manage the docks, harbors, and related facilities … ." Declaration ¶ 5, p. 2:15-16. | • <u>Argumentative, Improper Legal Conclusion</u> (FRE 402 & 403, *McHugh*): Cook's statement that that the "Ministry of Roads and Transportation generally oversees the PORTS & SHIPPING ORGANIZATION" is argumentative.<br><br>• <u>Improper Authentication, Inadmissible Hearsay</u> (FRE 901, 802): Plaintiffs do not properly authenticate Exhibit D by having a person with personal knowledge of the contents of the document attest to its authenticity. Moreover, the document attached as Exhibit D is inadmissible hearsay because it is relied upon for its truth. |

| | |
|---|---|
| | Moreover, the author of the document is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here.<br><br>• <u>Improper Lay Opinion Testimony</u> (FRE 701, 702):  Cook is not qualified to give an expert opinion on the organization of the Iranian government.  The subject of how docks and harbors are managed in Iran, and what oversight tasks are performed by which Iranian ministry, are matters that require expert testimony or testimony of someone with personal knowledge of the subject matter. |
| "Iran charges these Shipping Lines an entire array of charges for the privilege of utilizing Iranian docks, harbors, terminals and other maritime facilities, all hereinafter collectively 'DOCK FEES.'"  Declaration ¶ 6, p. 2:19-21. | • <u>Assumes Facts Not in Evidence</u> (*Sanchez*): Cook assumes, without introducing evidence to the effect, that the Republic of Iran itself charges "dock fees" to the shipping lines.  Cook has not shown how CMA CGM pays any such fees, nor has he shown that the payments described are paid directly to Iran.  Plaintiffs have not introduced evidence sufficient to attribute to the government of Iran the actions of any of the Iranian entities that purportedly |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62115906.1

8

OBJECTIONS OF NON-PARTY CMA CGM TO
DECL OF DAVID J. COOK  (CASE NO. 08-MC-
80030-JSW (BZ))

| | |
|---|---|
| | collect "dock fees." *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983).<br><br>• <u>Improper Authentication, Inadmissible Hearsay</u> (FRE 901, 802): Plaintiffs do not properly authenticate Exhibit B by having a person with personal knowledge of the contents of the document attest to its authenticity. Moreover, the document attached as Exhibit B is inadmissible hearsay because it is relied upon for its truth, not merely for the fact that certain tariffs are described. Moreover, the creator of the document is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here. |
| "The National Iranian Oil Products Distribution Company is a subsidiary of the National Iranian Oil Refining and Distribution Co., which is part of the Ministry of Petroleum of the Islamic Republic of Iran per the attached download, a true and correct copy of which is attached hereto marked Exhibit E."  Declaration ¶ 7, p. 2:24-27. | • <u>Lack of Foundation</u> (FRE 602): Cook does not establish that he has personal knowledge of the activities of the "National Iranian Oil Products Distribution Company."<br><br>• <u>Improper Lay Opinion Testimony</u> (FRE 701, 702): Cook does not establish his authority to opine on the organization of |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62115906.1

9

OBJECTIONS OF NON-PARTY CMA CGM TO
DECL OF DAVID J. COOK  (CASE NO. 08-MC-
80030-JSW (BZ))

| | |
|---|---|
| | either the "National Iranian Oil Products Distribution Company," or the "National Iranian Oil Refining and Distribution Co.," or the arms of the Iranian government. The subject of the structure and ownership of the Iranian entities at issue requires expert analysis or at minimum the testimony of someone with personal knowledge of the relevant facts. |
| | • <u>Improper Authentication, Inadmissible Hearsay</u> (FRE 901, 802): Plaintiffs have not properly authenticated the document that Cook has "downloaded" from the Internet. Moreover, the document attached as Exhibit E is inadmissible hearsay because it is relied upon for its truth. Moreover, the author of the document is not identified, the creator has not submitted a declaration, and no exception to the hearsay rule is present here. |
| "Declarant personally read, reviewed and downloaded all of the above-listed exhibits, and personally obtained these documents by examining the website maintained by the Ports & Shipping Organization website of The Islamic Republic of Iran. Furthermore, Declarant over the last six months has become familiar, if not immersed, in generally the economy of Iran and its large-scale business and in which Iran maintains a series of websites, providing for a vast amount of | • <u>Lack of Foundation</u> (FRE 602): That Cook has personally reviewed various Internet "websites" does not give him personal knowledge of the activities of any of the Iranian entities at issue here. |

| | | |
|---|---|---|
| 1 | information. These Tariffs clearly show charges imposed by Iran upon oceangoing carriers, such as the Shipping Lines as described herein." Declaration ¶ 8, p. 3:1-7. | • Argumentative (FRE 402 & 403): Cook's statement that "[t]hese Tariffs clearly show charges imposed by Iran" is argumentative. |

- **Argumentative (FRE 402 & 403):** Cook's statement that "[t]hese Tariffs clearly show charges imposed by Iran" is argumentative.

- **Improper Lay Opinion Testimony (FRE 701, 702):** Cook has not established credentials that would qualify him to opine on "the economy of Iran and its large-scale business." Browsing the Internet websites of Iranian entities over a period of six months does not establish the requisite expertise. The subject of how tariffs are imposed in Iran, the organization of the Iranian government, and the structure and ownership of the Iranian entities at issue all require expert analysis, or at least testimony of a person with first-hand knowledge of these subjects.

- **Assumes Facts Not in Evidence (*Sanchez*):** Cook assumes, without introducing evidence to the effect, that the Republic of Iran itself charges "tariffs" to the shipping lines. Cook has not shown how CMA CGM pays tariffs, nor has he shown that the payments described are paid directly to Iran.

| | |
|---|---|
| | Plaintiffs have not introduced evidence sufficient to attribute the actions of any of the Iranian entities that purportedly collect "tariffs." *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983). |

Dated: September 15, 2008

MORGAN, LEWIS & BOCKIUS LLP
MATTHEW S. WEILER


By      /s/
    Matthew S. Weiler
Attorneys for Non-Parties CMA GGM,
A.P. Moller Maersk A/S, and Mediterranean Shipping Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62115906.1

12

OBJECTIONS OF NON-PARTY CMA CGM TO DECL OF DAVID J. COOK (CASE NO. 08-MC-80030-JSW (BZ))