# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>    Plaintiff(s),<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>    Defendant(s). | No. 08-80030 MISC JSW (BZ)<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (THE FRENCH LINE)** |

Before the court are a series of motions in which plaintiffs seek orders pursuant to California Code of Civil Procedure § 708.510 compelling judgment debtor the Islamic Republic of Iran (Iran) to assign certain rights it has from third parties. Through a series of scheduling orders, I have focused on the motion involving CMA CGM S.A. also identified as The French Line. I stayed the other motions, which are virtually identical, pending the disposition of this motion. Having considered the papers filed by plaintiffs and the

1

# **TENTATIVE RULING**

French Line. I recommend that the court enter the attached order **GRANTING** plaintiffs' motion. This order, which is more limited than the order plaintiffs sought, is recommended for the following reasons:

1. Federal Rule of Civil Procedure 69 permits this court to enforce a money judgment in accordance with California law, except to the extent a federal statute applies. California's Code of Civil Procedure § 708.510 permits a court to order a judgment debtor, such as Iran, to assign certain rights to the judgment creditor. The statute grants a court broad discretion in determining whether to order an assignment. *See* Rick Schwartz, Allen M. Ahart, California Practice Guide: Enforcing Judgments and Debts, § 6.1422.5 (Alan M. Ahart ed., 2008).

2. The French Line has asserted numerous objections to plaintiffs' requested order. Plaintiffs' response is that the objections should be deferred until they actually try to enforce the assignment. Under California law, entry of an assignment order does not preclude an obligor such as the French Line from later challenging whether the judgment debtor's claims were assignable in the first instance. Kracht v. Parrin, Gartland & Doyle, 219 Cal.App.3d 219, 1021 n.1 (1990). Presumably this is why California law requires that a motion for assignment of rights be served only on the judgment debtor but not on the obligor. California Code of Civil Procedure § 708.510(b). Plaintiffs have suggested that all the objections made by The French Line be deferred under this section. I recommend including several limitations in the

2

# **TENTATIVE RULING**

assignment order, most of which are well settled, to avoid potential multiplicity of litigation if the plaintiffs try to enforce the assignment order in multiple jurisdictions, and to avoid any mischief that might occur if it is not clear that the order is limited to the United States, should plaintiffs try to enforce the order in foreign courts which may not be familiar with California and American collection procedures. *See e.g.*, Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian, 218 Cal.App.3d 1058, 1099 (1990).  Other objections that The French Line or other obligor share, such as claims of sovereign immunity, can, if necessary, be resolved after the assignment has been made.

    3.  Cases interpreting § 708.510(b) have placed a number of limitations on assignment orders, which I recommend the court adopt.  First, I recommend that the right to payment be one that exists within the United States. Chuidian, 218 Cal.App.3d at 1099-1100; Quaestor Investments, Inc., v. The State of Chiapas, No. CV-95-6723, 1997 WL 34618203, at *7 (C.D.Cal.); Autotech Tech. v. Integral Research & Dev., 499 F.3d 737, 749-51 (7th Cir. 2007).  Second, I recommend the right to payment arise out of Iran's commercial activities. Chuidian, 218 Cal.App.3d at 1092; Autotech, 499 F.3d at 750; Rubin v. Islamic Republic of Iran, No. 03-C-9370, 2008 WL 192321, at *5 (N.D. Ill.).  Third, I recommend that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment for the reasons set forth in my Report and Recommendation dated July 2, 2008.  Finally, I recommend that

# **TENTATIVE RULING**

the assignment be limited to existing payment rights, even if the right to payment has not yet come due or will come due in the future.  Though no case law has considered this limitation, I believe that assignment of non-existent rights would lack sufficient concreteness to enable the parties to understand what their future rights and obligations are and would be commercially unreasonable.  It is hard to understand why the judgment debtor would engage in future commercial dealings with the French Line if Iran knew that any right it would have to future payments under that commercial transaction had already been assigned to the plaintiffs.  If nothing else, this would seem to punish non-party the French Line in that Iran would tend to do business with companies that were not subject to such an assignment order and would pay it.

Dated: October 6, 2008

                                         Bernard Zimmerman
                                United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\REP. AND RECOMM.RE FRENCH LINE.TENTATIVE RULE.wpd