

COOK® COLLECTION ATTORNEYS®, PLC
ATTORNEYS AT LAW

NORTHERN CALIFORNIA OFFICE:
165 FELL STREET
SAN FRANCISCO, CA 94102-5106
MAIL:
P.O. BOX 270
SAN FRANCISCO, CA 94104-0270

TEL: (415) 989-4730
FAX: (415) 989-0491

LOS ANGELES:
TEL: 213-620-8600
FAX: 213-620-1399

ORANGE COUNTY:
TEL: 714-241-1880
FAX: 714-241-1879

October 22, 2008

SEE SERVICE LIST ATTACHED HERETO

RE: *DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al. vs. ISLAMIC REPUBLIC OF IRAN, et al.*
United States District Court, District of Columbia
Consolidated Civil Actions: 01-2094 (RCL) & 01-2684 (RCL)
*DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. vs. ISLAMIC REPUBLIC OF IRAN, et al.*
United States District Court, Northern District of California
Case No. 3:08-mc-80030-JSW (BZ)

Dear HIS EXCELLENCY AYATOLLAH SAYED 'ALI KHAMENEI, HIS EXCELLENCY MAHMOUD AHMADINEJAD, HIS EXCELLENCY MOHAMMAD JAVAD LARIJANI, HONORABLE GHOLAM HOSSEIN MOHSENI EJEIE, HONORABLE AYATOLLAH MAHMOUD HASHEMI SHAHROUDI, HONORABLE MOHAMMED RAHMATI, HONORABLE ALI TAHERI, AND TO ALL OTHER COUNSEL, PERSONS AND PARTIES:

This office represents Deborah D. Peterson, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al., Judgment Creditors in the above-entitled action, in which judgment has been rendered on behalf of the United States District Court, District of Columbia, on September 7, 2007 in the amount of $2,656,944,877. This judgment remains unsatisfied.

Please be advised that the Plaintiffs have registered this judgment in the United States District Court, Northern District of California, Case No. 3:08-mc-80030-JSW (BZ), in which the Honorable Bernard Zimmerman issued that certain REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (Docket No. 178) on October 14, 2008, a copy of which I enclose. Please note on the form of order that the court stated as follows:

> "IT IS FURTHER ORDERED that plaintiffs shall prepare a form of assignment consistent with this Order, have it approved as to form by CMA CGM, and serve the assignment along with this Order on Iran by October 22, 2008."
> (ORDER GRANTING PLAINTIFFS' MOTION COMPELLING ASSIGNMENT OF RIGHTS [CMA CGM], page 2, lines 22-25.]

RE:   *DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et. al. vs.
ISLAMIC REPUBLIC OF IRAN, et al.*
United States District Court, District of Columbia
Consolidated Civil Actions: 01-2094 (RCL) & 01-2684 (RCL)
*DEBORAH D. PETERSON, Personal Representative of the
Estate of James C. Knipple (Dec.), et al. vs.
ISLAMIC REPUBLIC OF IRAN, et al.*
United States District Court, Northern District of California
Case No. 3:08-mc-80030-JSW (BZ)

October 22, 2008
Page 2

We therefore accordingly serve you with a copy of the REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (CMA CGM) and ORDER GRANTING PLAINTIFFS' MOTION COMPELLING ASSIGNMENT OF RIGHTS [CMA CGM], and moreover, a copy of the Proposed Assignment.

By this letter, we are hereby requesting that you execute the assignment where indicated on page 2 at lines 8-11, and have it appropriately notarized, acknowledged, or similar process.

Please also be advised that if Iran does not assign its rights as ordered, on December 17, 2008 in Dept. G, 15th Floor, Federal Building, 450 Golden Gate, San Francisco, California, Iran shall show cause why such assignment should not be entered on its behalf by the Clerk of this Court as a consequence of its failure to comply with this order.

If you have any questions, you may contact us by telephone at (877) 989-4730 or email of Davidcook@cookcollectionattorneys.com.

Very truly yours,

David J. Cook
DJC:kj
Enclosures
F:\USERS\DJCNEW\LETTER\petersondc.frm

## SERVICE LIST

HIS EXCELLENCY AYATOLLAH
SAYED 'ALI KHAMENEI
THE OFFICE OF THE SUPREME
LEADER
Islamic Republic Street
Shahid Keshvar Doust Street
Tehran, Islamic Republic of Iran

HIS EXCELLENCY MAHMOUD
AHMADINEJAD THE PRESIDENT
Palestine Avenue
Azerbaijan Intersection
Tehran, Islamic Republic of Iran

ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue - Golestan Yekom
Teheran, Iran
ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process

ISLAMIC REPUBLIC OF IRAN
acting through its MINISTRY OF DEFENSE AND SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street
Beginning of Resalat Highway
Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process

ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue - United Nations Street
Teheran, Iran
ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process

Director, Human Rights Headquarters of Iran
HIS EXCELLENCY MOHAMMAD JAVAD LARIJANI
c/o Office of the Deputy for International Affairs
Ministry of Justice
Ministry of Justice Building
Panzdah-Khordad (Ark) Square
Tehran, Islamic Republic of Iran

Minister of Intelligence
GHOLAM HOSSEIN MOHSENI EJEIE
MINISTRY OF INTELLIGENCE
Second Negarestan Street
Pasdaran Avenue
Tehran, Islamic Republic of Iran

Head of the Judiciary
AYATOLLAH MAHMOUD HASHEMI SHAHROUDI
Howzeh Riyasat-e Qoveh Qazaiyeh
Office of the Head of the Judiciary
Pasteur Street, Vali Asr Avenue
South of Serah-e Jomhouri
Tehran 1316814737
Islamic Republic of Iran

MINISTRY OF ROADS AND TRANSPORTATION
Attn: MOHAMMED RAHMATI
MINISTER OF ROAD AND TRANSPORTATION
Taleghani Avenue
Tehran, Iran

| | |
|---|---|
| ALI TAHERI<br>DEPUTY MINISTER AND MANAGING DIRECTOR<br>PORT & SHIPPING ORGANIZATION OF THE ISLAMIC REPUBLIC OF IRAN<br>Building No. 2<br>South Didar Street<br>Shahid Hagnai Expressway, Vanak Square<br>Tehran, Iran | MATTHEW S. WEILER, ESQ.<br>MORGAN LEWIS & BOCKIUS, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 |

NATIONAL IRANIAN OIL REFINING
AND DISTRIBUTION COMPANY
Opposite of Arak Alley Ostad Nejatollahi Ave.
Zip Code 15989
P.O. Box 15815/3499
Tehran, Iran
ATTN: Responsible Officer or Agent for Service of Process

MINISTRY OF PETROLEUM OF THE
ISLAMIC REPUBLIC OF IRAN
HAFEZ CROSSING
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for Service of Process

NATIONAL IRANIAN OIL PRODUCTS
DISTRIBUTION COMPANY
Bahar St, Somaya Corner
Tehran 15617/ 33315
P.O .Box 6165        Tehran
ATTN: Responsible Officer or Agent for Service of Process

NATIONAL IRANIAN OIL COMPANY
Hafez Crossing
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for Service of Process

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendant(s). | No. 08-80030 MISC JSW (BZ) <br><br> REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (CMA CGM) |

Before the court are a series of motions in which plaintiffs seek orders pursuant to California Code of Civil Procedure § 708.510 compelling judgment debtor the Islamic Republic of Iran (Iran) to assign certain rights it has from third parties. Through a series of scheduling orders, I have focused on the motion involving CMA CGM. I stayed the other motions, which are virtually identical, pending the disposition of this motion. Having considered the papers filed by plaintiffs and CMA CGM. I recommend that the court enter the attached order **GRANTING** plaintiffs' motion. This

1

order, which is more limited than the order plaintiffs sought, is recommended for the following reasons:

1. Federal Rule of Civil Procedure 69 permits this court to enforce a money judgment in accordance with California law, except to the extent a federal statute applies. California Code of Civil Procedure § 708.510 permits a court to order a judgment debtor, such as Iran, to assign certain rights to the judgment creditor. The statute grants a court broad discretion in determining whether to order an assignment. *See* Rick Schwartz, Allen M. Ahart, CALIFORNIA PRACTICE GUIDE: ENFORCING JUDGMENTS AND DEBTS, § 6.1422.5 (Alan M. Ahart ed., 2008).

2. CMA CGM has erroneously asserted that the recent amendments to the FSIA have deprived this court of subject matter jurisdiction to order the requested assignment. As a threshold matter, I recommend waiting to see whether Iran appears in response to the recommended order, as any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM.[1] In any event, CMA CGM's jurisdictional arguments appear misguided. CMA CGM argues that § 1083(c) of the 2008 Defense Authorization Act, which repealed the section of the FSIA (§ 1605(a)(7)) originally used by plaintiffs to overcome Iran's sovereign immunity, strips this court of jurisdiction because plaintiffs failed to file or re-file their § 1605(a)(7) action under the newly enacted § 1605A. While it may be true that plaintiffs did not originally file their action under § 1605A or even re-file their action as a §

---

[1] It has also been suggested that the U. S. Department of State may wish to be heard on this and other immunity issues.

1605A claim within the time limits permitted by that section, this would appear only to constrain the *remedy* to which plaintiffs are entitled (e.g., punitive damages, now permitted under § 1605A), not whether this court has jurisdiction to enforce the judgment. In numerous other cases similar to this one, where jurisdiction was originally brought under § 1605(a)(7) and a default judgment was entered before the enactment of § 1083(c), courts have retained jurisdiction despite the plaintiff's failure to file (or re-file) the case under § 1605A. See <u>Kirschenbaum v. The Islamic Republic of Iran</u>, No. 03-1708C 2008 WL 3905962 (D.D.C. Aug. 26, 2008); <u>Blais v. The Islamic Republic of Iran</u>, 567 F. Supp. 2d 143 (D.D.C. 2008).

3. CMA CGM has asserted numerous other objections to plaintiffs' requested order. Plaintiffs' principal response is that the objections should be deferred until they actually try to enforce the assignment. Under California law, entry of an assignment order does not preclude an obligor such as CMA CGM from later challenging whether the judgment debtor's claims were assignable in the first instance. <u>Kracht v. Parrin, Gartland & Doyle</u>, 219 Cal.App.3d 1019, 1021 n.1 (1990). Presumably this is why California law requires that a motion for assignment of rights be served on the judgment debtor but not necessarily on the obligor. California Code of Civil Procedure § 708.510(b). Plaintiffs have suggested that all the objections made by CMA CGM be deferred under this section. I recommend including several limitations in the assignment order, most of which are well settled, to avoid

1 potential multiplicity of litigation if the plaintiffs try to
2 enforce the assignment order in multiple jurisdictions, and to
3 avoid any mischief that might occur if it is not clear that
4 the order is limited to the United States, should plaintiffs
5 try to enforce the order in foreign courts which may not be
6 familiar with California and American collection procedures.
7 See e.g., <u>Philippine Export and Foreign Loan Guarantee Corp.</u>
8 <u>v. Chuidian</u>, 218 Cal.App.3d 1058, 1099 (1990). Other
9 objections that CMA CGM or other obligors share, such as
10 claims of sovereign immunity, can, if necessary, be resolved
11 after the assignment has been made.

12    4.  Cases interpreting § 708.510(b) have placed a number
13 of limitations on assignment orders, which I recommend the
14 court adopt. First, I recommend that the right to payment be
15 one that exists within the United States. <u>Chuidian</u>, 218
16 Cal.App.3d at 1094,1099-1100; <u>Quaestor Investments, Inc., v.</u>
17 <u>The State of Chiapas</u>, No. CV-95-6723, 1997 WL 34618203, at *7
18 (C.D.Cal.); <u>Autotech Tech. v. Integral Research & Dev.</u>, 499
19 F.3d 737, 749-51 (7th Cir. 2007). Second, I recommend that
20 the right to payment be derived from property of Iran that was
21 used for a commercial activity in the United States.
22 <u>Chuidian</u>, 218 Cal.App.3d at 1092; <u>Autotech</u>, 499 F.3d at 750;
23 <u>Rubin v. Islamic Republic of Iran</u>, No. 03-C-9370, 2008 WL
24 192321, at *5 (N.D. Ill.). Third, I recommend that only the
25 Islamic Republic of Iran, the judgment debtor, be required to
26 make the assignment for the reasons set forth in my Report and
27 Recommendation dated July 2, 2008. Finally, I recommend that
28 the assignment be limited to existing payment rights, even if

the right to payment has not yet come due or will come due in the future. Though no case law has considered this limitation, I believe that assignment of non-existent rights would lack sufficient concreteness to enable the parties to understand what their future rights and obligations are and would be commercially unreasonable. It is hard to understand why the judgment debtor would engage in future commercial dealings with CMA CGM if Iran knew that any right it would have to future payments under that commercial transaction had already been assigned to the plaintiffs. If nothing else, this would seem to punish non-party CMA CGM in that Iran would tend to do business with companies that were not subject to such an assignment order and would pay it.

Dated: October 14, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\REP. AND RECOMM.RE FRENCH LINE.FINAL VERSION.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendant(s). | No. 08-80030 MISC JSW (BZ)<br><br>ORDER GRANTING PLAINTIFFS' MOTION COMPELLING ASSIGNMENT OF RIGHTS [CMA CGM] |

IT IS ORDERED that plaintiffs' motion for an order compelling the Islamic Republic of Iran ("Iran") to assign its rights to certain payments purportedly due from CMA CGM is GRANTED.

IT IS FURTHER ORDERED that by November 20, 2008, Iran must assign to plaintiffs, care of their attorney, David J. Cook, Cook Collection Attorneys, P.L.C., 165 Fell Street, Third Floor, San Francisco, CA 94102, pursuant to F.R.Civ.P. 69(a) and California Code of Civil Procedure section 780.510(a), all or part of any existing right to payment in

1

the United States, due or to become due, whether or not that right is conditioned on future developments, from and owing by CMA CGM, arising out of any commercial activity pertaining, specifically, to the use of any harbor, docking, wharf, drayage, loading or other harbor-like facilities in the United States, along with and including the sale of bunkered oil and/or fuel provided, sold, delivered, or vended to CMA CGM by Iran in the United States, for the purposes of satisfaction, in part or in whole, of the judgment of $2,656,944,877.00 in Peterson v. Islamic Republic of Iran, case numbers 01-2094(RCL) and 01-2684(RCL) filed in United States District Court for the District of Columbia.

Pursuant to California Code of Civil Procedure section 780.540, nothing in this order shall alter, affect, predetermine, prejudice or preadjudicate any rights, claims, defenses, privileges or entitlement due and in favor of CMA CGM in any action proceeding, undertaking, demand, or claim asserted by plaintiffs under and pursuant to the conditions of this order, and all such rights, claims, defenses, privileges, or entitlements due and in favor of CMA CGM are hereby preserved.

IT IS FURTHER ORDERED that plaintiffs shall prepare a form of assignment consistent with this Order, have it approved as to form by CMA CGM, and serve the assignment along with this Order on Iran by October 22, 2008.

IT IS FURTHER ORDERED that if Iran does not assign its rights as ordered, on December 17, 2008, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San

Francisco, California 94102, Iran shall show cause why such assignment shall not be entered on its behalf by the Clerk of Court, as a consequence of its failure to comply with this Order. In that event, by **December 3, 2008**, plaintiffs shall file a memorandum discussing this court's authority to enter such an assignment as a consequence of Iran's failure to comply and shall provide proof that Iran has been properly served.

Dated: October 14, 2008

———————————————————
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\ASSIGNMENT ORDER.TENTATIVE RULE FINALIZED.wpd

DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> PROPOSED ASSIGNMENT |

Pursuant to the order granting Plaintiffs' motion compelling assignment of rights, executed by the Honorable Bernard Zimmerman, Magistrate Judge of the United States District Court, dated October 14, 2008, and pursuant to Fed.R.Civ.Proc. 69(a)(1) and under C.C.P. § 708.510(a), and for purposes of payment of that certain judgment entitled *Peterson vs. Islamic Republic of Iran*, Case No. 01-2094 (RCL) and 01-2684 (RCL) filed in the United States District Court for the District of Columbia in the amount of $2,656,944,977.00, with interest accruing at the federal rate from September 7, 2007 ("Judgment"), and for valuable consideration thereof,

ISLAMIC REPUBLIC OF IRAN hereby assigns to DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al., Plaintiffs, care of their attorneys, David J. Cook, Esq., Cook Collection Attorneys, P.L.C., 165 Fell Street, San Francisco, California 94102, in the above-entitled action, all or part of any existing right to payment in the United

PROPOSED ASSIGNMENT - CASE NO. 3:08-mc-80030-JSW (BZ)                        1

States, due or to become due, whether or not that right is conditioned on future developments, from and owing by CMA CGM arising out of any commercial activity pertaining, specifically, to the use of any harbor, docking, wharf, drayage, loading or other harbor-like facilities in the United States, along with and including the sale of bunkered oil and/or fuel provided, sold, delivered, or vended to CMA CGM by Iran in the United States, for purposes of satisfaction, in part or in whole, of the judgment of $2,656,944,877.00 in *Peterson vs. Islamic Republic of Iran,* Case No. 01-2094 (RCL) and 01-2684 (RCL) filed in the United States District Court for the District of Columbia.

DATED: _____        ISLAMIC REPUBLIC OF IRAN

By:_____
Name:_____
Title: _____

APPROVED AS TO FORM:

MORGAN LEWIS & BOCKIUS, LLP

By: _____
    MATTHEW S. WEILER, ESQ.
Attorneys for CMA CGM

NOTARIAL ACKNOWLEDGMENT: