1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA  94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA  94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal    )   CASE NO. 3:08-mc-80030-JSW (BZ)
13 Representative of the Estate of James C. )
   Knipple (Dec.), et al.,          )
14                                  )   NOTICE OF ENTRY OF ORDER
              Plaintiffs,           )
15                                  )
   vs.                              )
16                                  )
   ISLAMIC REPUBLIC OF IRAN, et al.,)
17                                  )
              Defendants.           )
18 _____)

19         TO ISLAMIC REPUBLIC OF IRAN, AND TO ALL OTHER PERSONS AND PARTIES:

20         PLEASE TAKE NOTICE that the court entered that certain REPORT AND

21 RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS

22 (CMA CGM) and ORDER GRANTING PLAINTIFFS' MOTION COMPELLING

23 ASSIGNMENT OF RIGHTS [CMA CGM], copies of which are attached hereto marked *Exhibit*

24 *"A"* and incorporated by reference as though fully set forth herein in its entirety.

25 DATED:  October 22, 2008              COOK COLLECTION ATTORNEYS

26                                       By:    /s/ David J. Cook
                                         DAVID J. COOK, ESQ. (SB# 060859)
27                                       Attorneys for Plaintiffs
                                         DEBORAH D. PETERSON, Personal Representative
28                                       of the Estate of James C. Knipple (Dec.), et al.
   F:\USERS\DJCNEW\petersonsf.notentry

NOTICE OF ENTRY OF ORDER - CASE NO. 3:08-mc-80030-JSW (BZ)                             1

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendant(s). | No. 08-80030 MISC JSW (BZ)<br><br>REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (CMA CGM) |

Before the court are a series of motions in which plaintiffs seek orders pursuant to California Code of Civil Procedure § 708.510 compelling judgment debtor the Islamic Republic of Iran (Iran) to assign certain rights it has from third parties. Through a series of scheduling orders, I have focused on the motion involving CMA CGM. I stayed the other motions, which are virtually identical, pending the disposition of this motion. Having considered the papers filed by plaintiffs and CMA CGM. I recommend that the court enter the attached order **GRANTING** plaintiffs' motion. This

order, which is more limited than the order plaintiffs sought, is recommended for the following reasons:

1. Federal Rule of Civil Procedure 69 permits this court to enforce a money judgment in accordance with California law, except to the extent a federal statute applies. California Code of Civil Procedure § 708.510 permits a court to order a judgment debtor, such as Iran, to assign certain rights to the judgment creditor. The statute grants a court broad discretion in determining whether to order an assignment. *See* Rick Schwartz, Allen M. Ahart, CALIFORNIA PRACTICE GUIDE: ENFORCING JUDGMENTS AND DEBTS, § 6.1422.5 (Alan M. Ahart ed., 2008).

2. CMA CGM has erroneously asserted that the recent amendments to the FSIA have deprived this court of subject matter jurisdiction to order the requested assignment. As a threshold matter, I recommend waiting to see whether Iran appears in response to the recommended order, as any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM.[1] In any event, CMA CGM's jurisdictional arguments appear misguided. CMA CGM argues that § 1083(c) of the 2008 Defense Authorization Act, which repealed the section of the FSIA (§ 1605(a)(7)) originally used by plaintiffs to overcome Iran's sovereign immunity, strips this court of jurisdiction because plaintiffs failed to file or re-file their § 1605(a)(7) action under the newly enacted § 1605A. While it may be true that plaintiffs did not originally file their action under § 1605A or even re-file their action as a §

---

[1] It has also been suggested that the U. S. Department of State may wish to be heard on this and other immunity issues.

1605A claim within the time limits permitted by that section, this would appear only to constrain the *remedy* to which plaintiffs are entitled (e.g., punitive damages, now permitted under § 1605A), not whether this court has jurisdiction to enforce the judgment. In numerous other cases similar to this one, where jurisdiction was originally brought under § 1605(a)(7) and a default judgment was entered before the enactment of § 1083(c), courts have retained jurisdiction despite the plaintiff's failure to file (or re-file) the case under § 1605A. See Kirschenbaum v. The Islamic Republic of Iran, No. 03-1708C 2008 WL 3905962 (D.D.C. Aug. 26, 2008); Blais v. The Islamic Republic of Iran, 567 F. Supp. 2d 143 (D.D.C. 2008).

  3. CMA CGM has asserted numerous other objections to plaintiffs' requested order. Plaintiffs' principal response is that the objections should be deferred until they actually try to enforce the assignment. Under California law, entry of an assignment order does not preclude an obligor such as CMA CGM from later challenging whether the judgment debtor's claims were assignable in the first instance. Kracht v. Parrin, Gartland & Doyle, 219 Cal.App.3d 1019, 1021 n.1 (1990). Presumably this is why California law requires that a motion for assignment of rights be served on the judgment debtor but not necessarily on the obligor. California Code of Civil Procedure § 708.510(b). Plaintiffs have suggested that all the objections made by CMA CGM be deferred under this section. I recommend including several limitations in the assignment order, most of which are well settled, to avoid

3

potential multiplicity of litigation if the plaintiffs try to enforce the assignment order in multiple jurisdictions, and to avoid any mischief that might occur if it is not clear that the order is limited to the United States, should plaintiffs try to enforce the order in foreign courts which may not be familiar with California and American collection procedures. See e.g., Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian, 218 Cal.App.3d 1058, 1099 (1990). Other objections that CMA CGM or other obligors share, such as claims of sovereign immunity, can, if necessary, be resolved after the assignment has been made.

4. Cases interpreting § 708.510(b) have placed a number of limitations on assignment orders, which I recommend the court adopt. First, I recommend that the right to payment be one that exists within the United States. Chuidian, 218 Cal.App.3d at 1094,1099-1100; Quaestor Investments, Inc., v. The State of Chiapas, No. CV-95-6723, 1997 WL 34618203, at *7 (C.D.Cal.); Autotech Tech. v. Integral Research & Dev., 499 F.3d 737, 749-51 (7th Cir. 2007). Second, I recommend that the right to payment be derived from property of Iran that was used for a commercial activity in the United States. Chuidian, 218 Cal.App.3d at 1092; Autotech, 499 F.3d at 750; Rubin v. Islamic Republic of Iran, No. 03-C-9370, 2008 WL 192321, at *5 (N.D. Ill.). Third, I recommend that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment for the reasons set forth in my Report and Recommendation dated July 2, 2008. Finally, I recommend that the assignment be limited to existing payment rights, even if

4

1  the right to payment has not yet come due or will come due in
2  the future.  Though no case law has considered this
3  limitation, I believe that assignment of non-existent rights
4  would lack sufficient concreteness to enable the parties to
5  understand what their future rights and obligations are and
6  would be commercially unreasonable.  It is hard to understand
7  why the judgment debtor would engage in future commercial
8  dealings with CMA CGM if Iran knew that any right it would
9  have to future payments under that commercial transaction had
10 already been assigned to the plaintiffs.  If nothing else,
11 this would seem to punish non-party CMA CGM in that Iran would
12 tend to do business with companies that were not subject to
13 such an assignment order and would pay it.

14 Dated: October 14, 2008

15                           _____
16                                   Bernard Zimmerman
                                United States Magistrate Judge

17 G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\REP. AND RECOMM.RE
   FRENCH LINE.FINAL VERSION.wpd

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

11  DEBORAH D. PETERSON,            )
    Personal Representative of      )
12  the Estate of James C.          )   No. 08-80030 MISC JSW (BZ)
    Knipple (Dec.), et al.,         )
13                                  )   ORDER GRANTING PLAINTIFFS'
               Plaintiff(s),        )   MOTION COMPELLING ASSIGNMENT
14                                  )   OF RIGHTS [CMA CGM]
         v.                         )
15                                  )
    ISLAMIC REPUBLIC OF IRAN,       )
16  et al.,                         )
                                    )
17             Defendant(s).        )
                                    )
18

19       IT IS ORDERED that plaintiffs' motion for an order
20  compelling the Islamic Republic of Iran ("Iran") to assign its
21  rights to certain payments purportedly due from CMA CGM is
22  **GRANTED**.
23       **IT IS FURTHER ORDERED** that by November 20, 2008, Iran
24  must assign to plaintiffs, care of their attorney, David J.
25  Cook, Cook Collection Attorneys, P.L.C., 165 Fell Street,
26  Third Floor, San Francisco, CA 94102, pursuant to F.R.Civ.P.
27  69(a) and California Code of Civil Procedure section
28  780.510(a), all or part of any existing right to payment in

                                 1

1  the United States, due or to become due, whether or not that
2  right is conditioned on future developments, from and owing by
3  CMA CGM, arising out of any commercial activity pertaining,
4  specifically, to the use of any harbor, docking, wharf,
5  drayage, loading or other harbor-like facilities in the United
6  States, along with and including the sale of bunkered oil
7  and/or fuel provided, sold, delivered, or vended to CMA CGM by
8  Iran in the United States, for the purposes of satisfaction,
9  in part or in whole, of the judgment of $2,656,944,877.00 in
10 Peterson v. Islamic Republic of Iran, case numbers 01-
11 2094(RCL) and 01-2684(RCL) filed in United States District
12 Court for the District of Columbia.

13       Pursuant to California Code of Civil Procedure section
14 780.540, nothing in this order shall alter, affect,
15 predetermine, prejudice or preadjudicate any rights, claims,
16 defenses, privileges or entitlement due and in favor of CMA
17 CGM in any action proceeding, undertaking, demand, or claim
18 asserted by plaintiffs under and pursuant to the conditions of
19 this order, and all such rights, claims, defenses, privileges,
20 or entitlements due and in favor of CMA CGM are hereby
21 preserved.

22       **IT IS FURTHER ORDERED** that plaintiffs shall prepare a
23 form of assignment consistent with this Order, have it
24 approved as to form by CMA CGM, and serve the assignment along
25 with this Order on Iran by October 22, 2008.

26       **IT IS FURTHER ORDERED** that if Iran does not assign its
27 rights as ordered, on December 17, 2008, in Courtroom G, 15th
28 Floor, Federal Building, 450 Golden Gate Avenue, San

1  Francisco, California 94102, Iran shall show cause why such
2  assignment shall not be entered on its behalf by the Clerk of
3  Court, as a consequence of its failure to comply with this
4  Order.  In that event, by **December 3, 2008**, plaintiffs shall
5  file a memorandum discussing this court's authority to enter
6  such an assignment as a consequence of Iran's failure to
7  comply and shall provide proof that Iran has been properly
8  served.
9  Dated: October 14, 2008

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Bernard Zimmerman
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\ASSIGNMENT ORDER.TENTATIVE RULE FINALIZED.wpd

## PROOF OF SERVICE

HIS EXCELLENCY AYATOLLAH SAYED
`ALI KHAMENEI
THE OFFICE OF THE SUPREME
LEADER
Islamic Republic Street
Shahid Keshvar Doust Street
Tehran, Islamic Republic of Iran

HIS EXCELLENCY MAHMOUD
AHMADINEJAD THE PRESIDENT
Palestine Avenue
Azerbaijan Intersection
Tehran, Islamic Republic of Iran

ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue
Golestan Yekom
Teheran, Iran
ATTN: President Mahmoud Ahmadinejad or
Responsible Officer or Agent for Service of
Process

ISLAMIC REPUBLIC OF IRAN
acting through its MINISTRY OF DEFENSE
AND SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street
Beginning of Resalat Highway
Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: President Mahmoud Ahmadinejad or
Responsible Officer or Agent for Service of
Process

ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue
United Nations Street
Teheran, Iran
ATTN: President Mahmoud Ahmadinejad or
Responsible Officer or Agent for Service of
Process

Director, Human Rights Headquarters of Iran
HIS EXCELLENCY MOHAMMAD
JAVAD LARIJANI
c/o Office of the Deputy for International
Affairs
Ministry of Justice
Ministry of Justice Building
Panzdah-Khordad (Ark) Square
Tehran, Islamic Republic of Iran

Minister of Intelligence
GHOLAM HOSSEIN MOHSENI EJEIE
MINISTRY OF INTELLIGENCE
Second Negarestan Street
Pasdaran Avenue
Tehran, Islamic Republic of Iran

Head of the Judiciary
AYATOLLAH MAHMOUD HASHEMI
SHAHROUDI
Howzeh Riyasat-e Qoveh Qazaiyeh
Office of the Head of the Judiciary
Pasteur Street, Vali Asr Avenue
South of Serah-e Jomhouri
Tehran 1316814737
Islamic Republic of Iran

MINISTRY OF ROADS AND
TRANSPORTATION
Attn: MOHAMMED RAHMATI
MINISTER OF ROAD AND
TRANSPORTATION
Taleghani Avenue
Tehran, Iran

ALI TAHERI
DEPUTY MINISTER AND MANAGING
DIRECTOR
PORT & SHIPPING ORGANIZATION OF
THE ISLAMIC REPUBLIC OF IRAN
Building No. 2
South Didar Street
Shahid Hagnai Expressway, Vanak Square
Tehran, Iran

NATIONAL IRANIAN OIL REFINING
AND DISTRIBUTION COMPANY
Opposite of Arak Alley Ostad Nejatollahi
Ave.
Zip Code 15989
P.O. Box 15815/3499
Tehran, Iran
ATTN: Responsible Officer or Agent for
Service of Process

MINISTRY OF PETROLEUM OF THE
ISLAMIC REPUBLIC OF IRAN
HAFEZ CROSSING
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for
Service of Process

```
NATIONAL IRANIAN OIL PRODUCTS
DISTRIBUTION COMPANY
Bahar St, Somaya Corner
Tehran 15617/ 33315
P.O .Box 6165
Tehran
ATTN: Responsible Officer or Agent for
Service of Process

NATIONAL IRANIAN OIL COMPANY
Hafez Crossing
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for
Service of Process

MATTHEW S. WEILER, ESQ.
MORGAN LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105
```

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

NOTICE OF ENTRY OF ORDER

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2008.

                                                                                    /s/ Karene Jen
                                                                                      Karene Jen