1 | **DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ. (State Bar # 62386)**
2 | **COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
3 | 165 Fell Street
San Francisco, CA  94102
4 | Mailing Address: P.O. Box 270
San Francisco. CA  94104-0270
5 | Tel: (415) 989-4730
Fax: (415) 989-0491
6 | File No. 52,759

7 | Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
8 | of the Estate of James C. Knipple (Dec.), et al.

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 |

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.). et al.. | CASE NO. 3:08-mc-80030-JSW (BZ) |
| Plaintiffs, | OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS; AND REQUEST FOR DE NOVO REVIEW |
| vs. | |
| ISLAMIC REPUBLIC OF IRAN, et al., | |
| Defendants. | |

COMES NOW Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs"), who hereby object to the REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (CMA CGM) dated October 14, 2008, as follows:

OBJECTION NO. 1:

The court stated at page 4, lines 14-19:

". . . First, I recommend that the right to payment be one that exists within the United States. [Multiple citations omitted]."

BASIS OF OBJECTION: Under the changes to the Foreign Sovereignty Immunities Act. applicable herein under the National Defense Appropriations Act of 2008 (NDAA). Plaintiffs have a right to receive rights to payment of money, even though those rights might originate outside the

1   United States. Specifically. Section 1610(g)(1) does not bear the same limitation as found under

2   Section 1610(a) et seq.  The effective changes to FSIA, represented by NDAA. are set forth in 28

3   U.S.C. § 1605A(a)(1) & (g)(1), which provides as follows:

4       "(a) IN GENERAL. --
        "(1) NO IMMUNITY.  – A foreign state shall not be immune from the

5   jurisdiction of courts of the United States or of the States in any case not otherwise
covered by this chapter in which money damages are sought against a foreign state

6   for personal injury or death that was caused by an act of torture, extrajudicial
killing, aircraft sabotage, hostage taking, or the provision of material support or

7   resources for such an act if such act or provision of material support or resources is
engaged in by an official, employee, or agent of such foreign state while acting

8   within the scope of his or her office, employment, or agency."

9       "(g) PROPERTY IN CERTAIN ACTIONS –
        "(1) IN GENERAL. – subject to paragraph (3), the property of a foreign

10  state against which a judgment is entered under section 1605A, and the property of
an agency or instrumentality of such a state, including property that is a separate

11  juridical entity or is an interest held directly or indirectly in a separate juridical
entity. is subject to attachment in aid of execution, and execution. upon that

12  judgment as provided in this section, regardless of –
        "(A) the level of economic control over the property by the

13        government of a foreign state;
        "(B) whether the profits of the property go to that government;

14          "( C) the degree to which officials of that government manage the
      property or otherwise control its daily affairs;

15          "(D) whether that government is the sole beneficiary in interest of
      the property; or

16          "(E) whether establishing the property as a separate entity would
      entitle the foreign state to benefits in United States courts while

17        avoiding its obligations.
        "(2) UNITED STATES SOVEREIGN IMMUNITY INAPPLICABLE.  Any

18  property of a foreign state, or agency or instrumentality of a foreign state. to which
paragraph (1) applies shall not be immune from attachment in aid of execution, or

19  execution. upon a judgement entered under section 1605A because the property is
regulated by the United States Government by reason of action taken against that

20  foreign state under the Trading With the Enemy Act or the International Emergency
Economic Powers Act."

21  Without the ability to reach assets of Iran whose nexus might be located outside the United States.

22  such as proposed here, would hinder these Plaintiffs in their attempts to recover on this judgment.

23  The language of Section 1610(g)(1) is in stark contrast to Section 1610(a)(7), which limits any

24  recovery limited to assets situated in the United States, the effect of which would be to severely

25  curtail any ability to recover.  Specifically, the purposes of the changes to FSIA represented by

26  NDAA was to broaden the scope of assets available to a judgment creditor. and specifically these

27  judgment creditors.  In an assignment setting, under C.C.P. § 708.510(a), the court keeps and

28  retains jurisdiction against Iran, and accordingly, the power of the assignment order should be

1   coextensive with the scope of accessible relief under Section 1610(g)(1).

2       Accordingly, Plaintiffs seek an order which would expand the rights to payment of money

3   for obligations which originate outside the United States and may be due and payable, or paid to

4   Iran.

5       OBJECTION NO. 2:

6       The court stated at page 4, lines 19-24 :

7       "Second, I recommend that the right to payment be derived from property of Iran
        that was used for a commercial activity in the United States. [Multiple citations
8       omitted]

9       BASIS OF OBJECTION: Under NDAA, and specifically Section 1610(g)(1), Plaintiffs are

10  not bound by the limitation that the right to payment be derived from property of Iran that was

11  used for a commercial activity in the United States.  Rather, Section 1610(g)(1) provides for no

12  such limitation, permitting a Judgment Creditor to reach either property and/or a right to payment

13  of money outside the United States.

14      Again, the Magistrate Judge's limitation tethers Plaintiffs to assets of Iran "used for a

15  commercial activity in the United States" which by its very nature is a limited asset base.  In this

16  setting, the subject matter of the assignment motion are obligations payable by an international

17  cargo carrier, CMA CGM, which ostensibly does business out of its Marseille office, a matter

18  which is not conceded.  Accordingly, the limitation imposed by the Magistrate Judge restricts

19  Plaintiffs' ability to reach the revenue stream payable by CMA CGM to Iran, as it originates both

20  outside the United States and related to a commercial activity likewise outside the United States.

21      OBJECTION NO. 3:

22      The court stated at page 4, lines 27-18; page 5, lines 1-2:

23      "Finally, I recommend that the assignment be limited to existing payment rights,
        even if the right to payment has not yet come due or will come due in the future."
24

25      BASIS OF OBJECTION: C.C.P. § 708.510 provides for the assignment of rights, and

26  nothing in the statute requires that the rights come into "fruition" as of the date of the assignment.

    Plaintiffs therefore are entitled to seek an assignment of rights, whose existence might arise in the
27
    future, including those rights which are "non-existent."  C.C.P. § 708.510 provides for the
28
    assignment of rights, without limitation as to whether and/or when those rights would or would not

1  arise.

2       The exact language of C.C.P. § 708.510 does not require that the right be in existence and

3  the list of potential rights are by their nature recurring or "evergreen," meaning that these rights

4  might well originate in the future, such as rents, commissions, royalties, and other contingent

5  rights. As long as the right is defined, even though not in existence, Plaintiffs would be entitled to

6  have that right assigned. Requiring that the right be in existence is beyond the scope of C.C.P. §

7  708.510, who only requires that the right be defined with such particularity that the judgment

8  debtor be informed as to what right might be assigned, and therefore enabling the judgment debtor

9  to comply with the court's order, file opposition, or seek an exemption.

10      OBJECTION NO. 4:

11      The proposed form of order states as follows at page 1, lines 23-28; page 2, lines 1-12:

12      "**IT IS FURTHER ORDERED** that by November 20, 2008, Iran must assign to
        plaintiffs, care of their attorney, David J. Cook, Cook Collection Attorneys, P.L.C.,
13      165 Fell Street, Third Floor, San Francisco, CA 94102, pursuant to F.R.Civ.P. 69(a)
        and California Code of Civil Procedure section 780.510(a), **all or part of any**
14      **existing right to payment in the United States, due or to become due, whether**
        **or not that right is conditioned on future developments, from and owing by**
15      **CMA CGM, arising out of any commercial activity pertaining, specifically, to**
        **the use of any harbor, docking, wharf, drayage, loading or other harbor-like**
16      **facilities in the United States, along with and including the sale of bunkered oil**
        **and/or fuel provided, sold, delivered, or vended to CMA CGM by Iran in the**
17      **United States**, for the purpose of satisfaction, in part or in whole, of the judgment
        of $2,656,944,877.00 in <u>Peterson vs. Islamic Republic of Iran</u>, Case No. 01-2094
18      (RCL) and 01-2684 (RCL) filed in the United States District Court for the District
        of Columbia.

19
        BASIS OF OBJECTION: Plaintiffs object to the proposed form of order, the following
20
    language as highlighted above. The basis of the objection is the inclusion of the language ". . .
21
    facilities in the United States . . . and . . . vended to CMA CGM by Iran in the United States, . . ."
22
    Plaintiffs object as to the limitations as to the rights relating to "facilities in the United States," and
23
    the fact that the sale of the "bunkered oil" be in the United States. Under Section 1610(g)(1),
24
    Plaintiffs are not bound by such a limitation or restriction thereof.
25
        The precise language of this order incorporates the limitations as set forth in the REPORT
26
    AND RECOMMENDATION, which objections are specifically incorporated herein.
27
        WHEREFORE, Plaintiffs pay that an order be entered herein, sustaining the objections
28
    therein, and excising or striking the limitations as set forth thereunder, and entering a new and

OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR
ASSIGNMENT OF RIGHTS  - CASE NO. 3:08-mc-80030-JSW (BZ)                                    4

1  different assignment order consistent with the objections hereunder.

2  DATED:  October 24, 2008                COOK COLLECTION ATTORNEYS

3

4                                          By:    /s/ David J. Cook
                                           DAVID J. COOK, ESQ. (SB# 060859)
                                           Attorneys for Plaintiffs
5                                          DEBORAH D. PETERSON, Personal Representative
                                           of the Estate of James C. Knipple (Dec.), et al.

6

7
   F:\USERS\DJCNEW\petersonsf.objreport
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **DAVID J. COOK, ESQ. (State Bar # 060859)**
    **ROBERT J. PERKISS, ESQ. (State Bar # 62386)**
2   **COOK COLLECTION ATTORNEYS**
    **A PROFESSIONAL LAW CORPORATION**
3   165 Fell Street
    San Francisco, CA 94102
4   Mailing Address: P.O. Box 270
    San Francisco, CA 94104-0270
5   Tel: (415) 989-4730
    Fax: (415) 989-0491
6   File No. 52.759

7   Attorneys for Plaintiffs
    DEBORAH D. PETERSON, Personal Representatives
8   of the Estate of James C. Knipple (Dec.), et al.

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12
    DEBORAH D. PETERSON, Personal      )    CASE NO. 3:08-mc-80030-JSW (BZ)
13  Representative of the Estate of James C.  )
    Knipple (Dec.), et al.,            )
14                                     )    PROOF OF SERVICE
                Plaintiffs,            )
15                                     )
    vs.                                )
16                                     )
    ISLAMIC REPUBLIC OF IRAN, et al..  )
17                                     )
                Defendants.            )
18  _____  )

19  HIS EXCELLENCY AYATOLLAH SAYED        ISLAMIC REPUBLIC OF IRAN
    `ALI KHAMENEI                        acting through its MINISTRY OF DEFENSE
20  THE OFFICE OF THE SUPREME            AND SUPPORT FOR ARMED FORCES
    LEADER                               No. 1 Shahid Kaboli Street
21  Islamic Republic Street              Beginning of Resalat Highway
    Shahid Keshvar Doust Street          Seyyed Khandan Bridge
22  Tehran, Islamic Republic of Iran     P.O. Box 16765-1479
                                         Tehran, Iran
23  HIS EXCELLENCY MAHMOUD               Attn: President Mahmoud Ahmadinejad or
    AHMADINEJAD THE PRESIDENT            Responsible Officer or Agent for Service of
24  Palestine Avenue                     Process
    Azerbaijan Intersection
25  Tehran, Islamic Republic of Iran     ISLAMIC REPUBLIC OF IRAN
                                         Khomeini Avenue
26  ISLAMIC REPUBLIC OF IRAN             United Nations Street
    Pasadaran Avenue                     Teheran, Iran
27  Golestan Yekom                       ATTN: President Mahmoud Ahmadinejad or
    Teheran, Iran                        Responsible Officer or Agent for Service of
28  ATTN: President Mahmoud Ahmadinejad or  Process
    Responsible Officer or Agent for Service of
    Process

    PROOF OF SERVICE  -  CASE NO. 3:08-mc-80030-JSW (BZ)                    1

Director, Human Rights Headquarters of Iran
HIS EXCELLENCY MOHAMMAD
JAVAD LARIJANI
c/o Office of the Deputy for International
Affairs
Ministry of Justice
Ministry of Justice Building
Panzdah-Khordad (Ark) Square
Tehran. Islamic Republic of Iran

Minister of Intelligence
GHOLAM HOSSEIN MOHSENI EJEIE
MINISTRY OF INTELLIGENCE
Second Negarestan Street
Pasdaran Avenue
Tehran. Islamic Republic of Iran

Head of the Judiciary
AYATOLLAH MAHMOUD HASHEMI
SHAHROUDI
Howzeh Riyasat-e Qoveh Qazaiyeh
Office of the Head of the Judiciary
Pasteur Street, Vali Asr Avenue
South of Serah-e Jomhouri
Tehran 1316814737
Islamic Republic of Iran

MINISTRY OF ROADS AND
TRANSPORTATION
Attn: MOHAMMED RAHMATI
MINISTER OF ROAD AND
TRANSPORTATION
Taleghani Avenue
Tehran. Iran

ALI TAHERI
DEPUTY MINISTER AND MANAGING
DIRECTOR
PORT & SHIPPING ORGANIZATION OF
THE ISLAMIC REPUBLIC OF IRAN
Building No. 2
South Didar Street
Shahid Hagnai Expressway.Vanak Square
Tehran. Iran

NATIONAL IRANIAN OIL REFINING
AND DISTRIBUTION COMPANY
Opposite of Arak Alley Ostad Nejatollahi
Ave.
Zip Code 15989
P.O. Box 15815/3499
Tehran. Iran
ATTN: Responsible Officer or Agent for
Service of Process

MINISTRY OF PETROLEUM OF THE
ISLAMIC REPUBLIC OF IRAN
HAFEZ CROSSING
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for
Service of Process

NATIONAL IRANIAN OIL PRODUCTS
DISTRIBUTION COMPANY
Bahar St, Somaya Corner
Tehran 15617/ 33315
P.O .Box 6165
Tehran
ATTN: Responsible Officer or Agent for
Service of Process

NATIONAL IRANIAN OIL COMPANY
Hafez Crossing
Taleghani Avenue
Tehran, Iran
ATTN: Responsible Officer or Agent for
Service of Process

MATTHEW S. WEILER, ESQ.
MORGAN LEWIS & BOCKIUS. LLP
One Market, Spear Street Tower
San Francisco, CA 94105

1    I declare:

2    I am employed in the County of San Francisco, California. I am over the age of eighteen
(18) years and not a party to the within cause. My business address is 165 Fell Street, San
3    Francisco, CA 94102. On the date set forth below, I served the attached:

4    OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS'
MOTION FOR ASSIGNMENT OF RIGHTS

5
NOTICE OF MOTION AND MOTION ON HEARING ON OBJECTIONS TO REPORT
6    AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT
OF RIGHTS PURSUANT TO FRCP 72(b)(2) AND LOCAL RULE 72-3(a)

7
MOTION ON HEARING ON OBJECTIONS TO REPORT AND RECOMMENDATION
8    TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS PURSUANT
TO FRCP 72(b)(2) AND LOCAL RULE 72-3(a)

9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ON
10   HEARING ON OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS PURSUANT TO FRCP
11   72(b)(2) AND LOCAL RULE 72-3(a)

12   DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF MOTION ON
HEARING ON OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT
13   PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS PURSUANT TO FRCP
72(b)(2) AND LOCAL RULE 72-3(a)

14
on the above-named person(s) by:

15
   XXX   (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage
16   thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the
person(s) served above.

17
I declare under penalty of perjury that the foregoing is true and correct.

18
Executed on October 24, 2008.

19

20                                    /s/ Karene Jen
                                        Karene Jen
21

22

23

24

25

26

27

28