1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA 94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52.759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal         )    CASE NO. 3:08-mc-80030-JSW (BZ)
13 Representative of the Estate of James C. )
   Knipple (Dec.), et al.,                )    MOTION ON HEARING ON OBJECTIONS
14                                         )    TO REPORT AND RECOMMENDATION TO
             Plaintiffs,                   )    GRANT PLAINTIFFS' MOTION FOR
15                                         )    ASSIGNMENT OF RIGHTS PURSUANT TO
   vs.                                     )    FRCP 72(b)(2) AND LOCAL RULE 72-3(a)
16                                         )
   ISLAMIC REPUBLIC OF IRAN, et al.,       )    Date:  December 19, 2008
17                                         )    Time:  9:00 a.m.
             Defendants.                   )    Courtroom: 2, 17th Floor
18 _____ )    Judge: Jeffrey S. White

19      Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C.

20 Knipple (Dec.), et al. ("Plaintiffs") will and do hereby move this court for the following relief:

21      1. For an order sustaining the objections, and each of the same, dated and filed on

22 10/24/08 to the REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION

23 FOR ASSIGNMENT OF RIGHTS of the Honorable Bernard Zimmerman, Magistrate Judge of the

24 United States District Court, which said objections, and each of the same, are set forth below:

25      OBJECTION NO. 1:

26      The court stated at page 4, lines 14-19:

27      "... First, I recommend that the right to payment be one that exists within the
        United States. [Multiple citations omitted]."
28

BASIS OF OBJECTION: Under the changes to the Foreign Sovereignty Immunities Act, applicable herein under the National Defense Appropriations Act of 2008 (NDAA). Plaintiffs have a right to receive rights to payment of money, even though those rights might originate outside the United States. Specifically, Section 1610(g)(1) does not bear the same limitation as found under Section 1610(a) et seq. The effective changes to FSIA, represented by NDAA, are set forth in 28 U.S.C. § 1605A(a)(1) & (g)(1), which provides as follows:

"(a) IN GENERAL. --
"(1) NO IMMUNITY. – A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency."

"(g) PROPERTY IN CERTAIN ACTIONS –
"(1) IN GENERAL. – subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of –
"(A) the level of economic control over the property by the government of a foreign state;
"(B) whether the profits of the property go to that government;
"( C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
"(D) whether that government is the sole beneficiary in interest of the property; or
"(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.
"(2) UNITED STATES SOVEREIGN IMMUNITY INAPPLICABLE. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall not be immune from attachment in aid of execution, or execution, upon a judgement entered under section 1605A because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act or the International Emergency Economic Powers Act."

Without the ability to reach assets of Iran whose nexus might be located outside the United States, such as proposed here, would hinder these Plaintiffs in their attempts to recover on this judgment. The language of Section 1610(g)(1) is in stark contrast to Section 1610(a)(7), which limits any recovery limited to assets situated in the United States, the effect of which would be to severely

1  curtail any ability to recover. Specifically, the purposes of the changes to FSIA represented by
2  NDAA was to broaden the scope of assets available to a judgment creditor, and specifically these
3  judgment creditors. In an assignment setting, under C.C.P. § 708.510, the court keeps and retains
4  jurisdiction against Iran, and accordingly, the power of the assignment order should be coextensive
5  with the scope of accessible relief under Section 1610(g)(1).

6  Accordingly, Plaintiffs seek an order which would expand the rights to payment of money
7  for obligations which originate outside the United States and may be due and payable, or paid to
8  Iran.

9  OBJECTION NO. 2:

10  The court stated at page 4, lines 19-24 :

11  "Second, I recommend that the right to payment be derived from property of Iran
   that was used for a commercial activity in the United States. [Multiple citations
12  omitted]

13  BASIS OF OBJECTION: Under NDAA, and specifically Section 1610(g)(1), Plaintiffs are
14  not bound by the limitation that the right to payment be derived from property of Iran that was
15  used for a commercial activity in the United States. Rather, Section 1610(g)(1) provides for no
16  such limitation, permitting a Judgment Creditor to reach either property and/or a right to payment
17  of money outside the United States.

18  Again, the Magistrate Judge's limitation tethers Plaintiffs to assets of Iran "used for a
19  commercial activity in the United States" which by its very nature is a limited asset base. In this
20  setting, the subject matter of the assignment motion are obligations payable by an international
21  cargo carrier, CMA CGM, which ostensibly does business out of its Marseille office, a matter
22  which is not conceded. Accordingly, the limitation imposed by the Magistrate Judge restricts
23  Plaintiffs' ability to reach the revenue stream payable by CMA CGM to Iran, as it originates both
24  outside the United States and related to a commercial activity likewise outside the United States.

25  OBJECTION NO. 3:

26  The court stated at page 4, lines 27-18; page 5, lines 1-2:

27  "Finally, I recommend that the assignment be limited to existing payment rights,
   even if the right to payment has not yet come due or will come due in the future."
28

1  BASIS OF OBJECTION: C.C.P. § 708.510 provides for the assignment of rights, and
2 nothing in the statute requires that the rights come into "fruition" as of the date of the assignment.
3 Plaintiffs therefore are entitled to seek an assignment of rights, whose existence might arise in the
4 future, including those rights which are "non-existent." C.C.P. § 708.510 provides for the
5 assignment of rights, without limitation as to whether and/or when those rights would or would not
6 arise.

7  The exact language of C.C.P. § 708.510 does not require that the right be in existence and
8 the list of potential rights are by their nature recurring or "evergreen," meaning that these rights
9 might well originate in the future, such as rents, commissions, royalties, and other contingent
10 rights. As long as the right is defined, even though not in existence, Plaintiffs would be entitled to
11 have that right assigned. Requiring that the right be in existence is beyond the scope of C.C.P. §
12 708.510, who only requires that the right be defined with such particularity that the judgment
13 debtor be informed as to what right might be assigned, and therefore enabling the judgment debtor
14 to comply with the court's order, file opposition, or seek an exemption.

15  OBJECTION NO. 4:

16  The proposed form of order states as follows at page 1, lines 23-28; page 2, lines 1-12:

17  "**IT IS FURTHER ORDERED** that by November 20, 2008, Iran must assign to plaintiffs, care of their attorney, David J. Cook, Cook Collection Attorneys, P.L.C.,
18  165 Fell Street, Third Floor, San Francisco, CA 94102, pursuant to F.R.Civ.P. 69(a) and California Code of Civil Procedure section 780.510(a), **all or part of any**
19  **existing right to payment in the United States, due or to become due, whether or not that right is conditioned on future developments, from and owing by**
20  **CMA CGM, arising out of any commercial activity pertaining, specifically, to the use of any harbor, docking, wharf, drayage, loading or other harbor-like**
21  **facilities in the United States, along with and including the sale of bunkered oil and/or fuel provided, sold, delivered, or vended to CMA CGM by Iran in the**
22  **United States**, for the purpose of satisfaction, in part or in whole, of the judgment of $2,656,944,877.00 in Peterson vs. Islamic Republic of Iran, Case No. 01-2094
23  (RCL) and 01-2684 (RCL) filed in the United States District Court for the District of Columbia.

24
25  BASIS OF OBJECTION: Plaintiffs object to the proposed form of order, the following
26 language as highlighted above. The basis of the objection is the inclusion of the language "...
27 facilities in the United States . . . and . . . vended to CMA CGM by Iran in the United States, . . ."
28 Plaintiffs object as to the limitations as to the rights relating to "facilities in the United States," and

MOTION ON HEARING ON OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS
CASE NO. 3:08-mc-80030-JSW (BZ)                                                         4

1  the fact that the sale of the "bunkered oil" be in the United States. Under Section 1610(g)(1),
2  Plaintiffs are not bound by such a limitation or restriction thereof.
3      The precise language of this order incorporates the limitations as set forth in the REPORT
4  AND RECOMMENDATION, which objections are specifically incorporated herein.
5      This motion is based upon this Motion, the attached Notice, Memorandum of Points and
6  Authorities, Declaration of David J. Cook, Esq., the transcript of the hearing therein, all matters
7  upon which this court may take judicial notice thereunder, upon all pleadings, papers and other
8  matters on file herein, and upon all oral evidence and argument which may be presented at the
9  hearing hereof.

10  DATED: October 24, 2008         COOK COLLECTION ATTORNEYS

By:   /s/ David J. Cook
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representative
of the Estate of James C. Knipple (Dec.), et al.

F:\USERS\DJCNEW\petersonsf.objreport