DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel.: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et. al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RESPONSE TO POST-JUDGMENT DISCOVERY<br><br>Date: December 17, 2008<br>Time: 10:00 a.m.<br>Courtroom: G, 15th Floor<br>Magistrate Judge: Bernard Zimmerman |

## I. INTRODUCTION

Plaintiffs recovered judgment against Defendants, which remains fully unsatisfied. Defendants have taken no action to satisfy this judgment, either in part or in whole.

The starting point is that the statutory framework for enforcement in the District Court, or Bankruptcy Court, is found in the laws of the State. Under FRCP Rule 69, the appropriate method in this District would be found in the Enforcement of Judgments Law, commencing at C.C.P. § 680.010. *In Re Levander,* 180 F.3d 1114, 1121 to 1122 (9th Cir. 1999) in which the court stated as follows:

> "We have held that Federal Rule of Civil Procedure 69(a) [8] empowers federal courts to rely on state law to add judgment-debtors under Rule 69(a), which "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." Cigna Property

& Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir.1998) (quoting Peacock v. Thomas, 516 U.S. 349, 359 n. 7, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996)) (internal quotation marks omitted). [9] In Cigna, the appellant, much like the appellees in the instant case, argued that the motion to amend the judgment to add a judgment-debtor was untimely under Rule 59(e), and that the court therefore had no jurisdiction. See id. We rejected this argument, holding that Rule 69(a) allows judgment-creditors to use state law to collect on their debts. See id. Because California law allows amendment of a judgment to add a judgment-debtor, we held that the district court did not abuse its discretion in so doing. See id. at 421-22. The instant case is analogous since the Levanders also were judgment-creditors attempting to collect on a debt. As such, Rule 69(a) authorized the use of California law to collect on their debt, and the district court erred by holding that the bankruptcy court did not have the jurisdiction to allow them to do so."

While this case is domiciled in federal court, FRCP 69 incorporates the laws of the state in which, in this case, would be the Enforcement of Judgments Law effective July 1, 1983.

C.C.P. § 708.010 enables a creditor to proceed post-judgment with the service of written discovery. C.C.P. § 708.010 provides as follows:

§708.010.
(a) Except as provided in this section and in subdivision (b) of Section 708.020, the procedure in this article may be used at any time a money judgment is enforceable.

(b) If enforcement of the judgment is stayed on appeal by the giving of a sufficient undertaking under Chapter 2 (commencing with Section 916) of Title 13, all proceedings under this article are stayed. In any other case where the enforcement of the judgment is stayed, all proceedings under this article are stayed unless the court otherwise expressly orders.

Written interrogatories are propounded in accordance with C.C.P. § 708.020 which provides as follows:

§ 708.020.
(a) The judgment creditor may propound written interrogatories to the judgment debtor, in the manner provided in Chapter 13 (commencing with Section 2030.010) of Title 4 of Part 4, requesting information to aid in enforcement of the money judgment. The judgment debtor shall answer the interrogatories in the manner and within the time provided by Chapter 13 (commencing with Section 2030.010) of Title 4 of Part 4.

(b) The judgment creditor may not serve interrogatories pursuant to this section within 120 days after the judgment debtor has responded to interrogatories previously served pursuant to this section or within 120 days after the judgment debtor has been examined pursuant to Article 2 (commencing with Section 708.110), and the judgment debtor is not required to respond to any interrogatories so served.

(c) Interrogatories served pursuant to this section may be enforced, to the extent practicable, in the same manner as interrogatories in a civil action.

(d) The limitation provided by Chapter 13 (commencing with Section 2030.010) of Title 4 of Part 4 on the number of interrogatories that may be propounded applies to

each set of interrogatories propounded from time to time pursuant to this section, but does not apply cumulatively to interrogatories propounded by the judgment creditor to the judgment debtor.

Documents may be produced pursuant to C.C.P. § 708.030 which provides as follows:

§ 708.030.
(a) The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made in the manner provided in Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4, if the demand requests information to aid in enforcement of the money judgment. The judgment debtor shall respond and comply with the demand in the manner and within the time provided by Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4.

(b) The judgment creditor may not serve interrogatories or inspection demands pursuant to this section or Section 708.020 within 120 days after the judgment debtor has responded to the interrogatories or demands previously served pursuant to this section or Section 708.020, or within 120 days after the judgment debtor has been examined pursuant to Article 2 (commencing with Section 708.110), and the judgment debtor is not required to respond to any discovery so served.

( c) Inspection demands served pursuant to this section may be enforced to the extent practicable, in the same manner as inspection demands in a civil action.

## II. SCHEDULE OF DISCOVERY

After obtaining judgment in this action, Plaintiffs promptly propounded POST-JUDGMENT INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS marked *Exhibit "A"* and incorporated by reference as though fully set forth herein.[1] Defendants have failed and refused, and continue to fail and refuse, to respond to the above items of discovery.

## III. INTERROGATORIES

C.C.P. ¶ 2030.210 provides for the propounding of interrogatories as follows:

§ 2030.210.
(a) The party to whom interrogatories have been propounded shall respond in writing under oath separately to each interrogatory by any of the following:
(1) An answer containing the information sought to be discovered.
(2) An exercise of the party's option to produce writings.
(3) An objection to the particular interrogatory.
(b) In the first paragraph of the response immediately below the title of the case, there shall appear the identity of the responding party, the set number, and the identity of the propounding party.
( c) Each answer, exercise of option, or objection in the response shall bear the same identifying number or letter and be in the same sequence as the corresponding

---

[1] All exhibits are incorporated by reference as though fully set forth in this Memorandum in their entirety and are attached to the Declaration of David J. Cook, Esq. which is filed contemporaneously herein.

interrogatory, but the text of that interrogatory need not be repeated.

Defendants failed to respond. C.C.P. § 2030.290(b)&(c) therefore provide the remedy as follows:

§ 2030.290.
. . .
(b) The party propounding the interrogatories may move for an order compelling response to the interrogatories.
(c) The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust. If a party then fails to obey an order compelling answers, the court may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Chapter 7 (commencing with Section 2023.010). In lieu of or in addition to that sanction, the court may impose a monetary sanction under Chapter 7 (commencing with Section 2023.010). 2030.300."

Plaintiffs likewise are entitled to relief under FRCP 33(b)(4), 33(d), and 34(b)(2)(A), which provide as follows:

FRCP 33(b)(4):

(4) Objections.
The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

FRCP 33(d):

**(d) Option to Produce Business Records.**
If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FRCP 34(b)(2)(A):

(2) Responses and Objections.
(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

## VI. <u>REQUEST FOR SANCTIONS</u>

Defendant defaulted in its obligation to respond to the discovery propounded by the

Plaintiff. Defendant has no excuse and as a result has abused discovery. Plaintiff is entitled to monetary sanctions against the Defendant and its attorney, if any, in the amount of $1,700 against Defendants under C.C.P. § 2023.030(a) and FRCP 37(a)(5), which provides as follows:

> "(5) Payment of Expenses; Protective Orders.
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*
> If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust."

## V. PLAINTIFFS HAVE ADEQUATELY MET AND CONFERRED.

Plaintiffs have adequately met and conferred by that letter to Defendants dated September 2, 2008 via U.S. Mail and email, marked *Exhibit "B,"* and Plaintiffs have received no response.

Plaintiffs have complied with FRCP 37(a)(1) in making a good faith effort to resolve the failure of Iran to respond to the discovery. Iran has not responded, thereby satisfying Plaintiffs' obligation of a good faith attempt to resolve discovery.

## VI. CONCLUSION.

Plaintiff is entitled to the granting of this motion and an award of sanctions.

DATED: October 28, 2008          COOK COLLECTION ATTORNEYS

By:___/s/ David J. Cook_____
DAVID J. COOK (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al.

F:\USERS\DJCNEW\petersonsf.cplpdis