MORGAN, LEWIS & BOCKIUS LLP
PETER BUSCEMI, State Bar No. 255213
MATTHEW S. WEILER, State Bar No. 236052
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: pbuscemi@morganlewis.com
E-mail: mweiler@morganlewis.com

Attorneys for Non-Parties CMA GGM, A.P. Moller Maersk A/S, and Mediterranean Shipping Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | Case No. 08-MC-80030-JSW (BZ) <br><br> **CMA CGM'S OBJECTIONS TO THE OCTOBER 14, 2008 REPORT AND RECOMMENDATION AND ORDER COMPELLING ASSIGNMENT OF RIGHTS** <br><br> Hearing Date: December 19, 2008 <br> Time: 9:00 A.M. <br> Place: Courtroom 2 <br><br> Hon. Jeffrey S. White |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62223214.1

NON-PARTY CMA CGM'S OBJECTIONS TO
REPORT AND RECOMMENDATION
(CASE NO. 08-MC-80030-JSW (BZ))

Under Fed. R. Civ. P. 72(b) and this Court's Rule 72-3, CMA CGM submits these Objections to the Report and Recommendation issued by Magistrate Judge Zimmerman on October 14, 2008. CMA CGM is a non-party that appeared on a limited basis to respond to the Motion to Compel Assignment ("Motion") filed by Plaintiffs Deborah D. Peterson, *et al.* ("Plaintiffs").[1]

**OBJECTION NO. 1:**

The Magistrate Judge states at Page 1, lines 27-28:

"I recommend that the court enter the attached order GRANTING plaintiffs' motion. "

The Court lacks jurisdiction to make the purported assignment. Under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (the "FSIA"), the only property of a foreign state that can be subject to attachment or execution is property that is in the United States and that has been "used for a commercial activity in the United States." The record demonstrates that no such property has been identified. Additionally, Plaintiffs have failed to properly serve Iran, the judgment debtor, with both the underlying default judgment and the pleadings in this matter.

**BASES OF OBJECTIONS:**

1. The Magistrate Judge failed to identify property of Iran that is in the United States and that has been "used for a commercial activity in the United States," and thus the jurisdictional prerequisite for the assignment is lacking. Plaintiffs may not pursue their requested relief against Iran unless they can find an applicable exception to sovereign immunity under the FSIA. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 497 (1983). "Because the absence of sovereign immunity is a prerequisite to subject matter jurisdiction, the question of immunity must be considered by a district court even though the foreign country whose immunity is at issue has not entered an appearance." *Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 373 (7th Cir. 1985). "[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court must still determine that immunity is unavailable under the [FSIA]." *Verlinden B.V.*, 461 U.S. at 493 n.20.

---

[1] To the extent relief is sought from CMA CGM, either now or in the future, CMA CGM does not waive, and expressly reserves, the right to assert any applicable defense, including lack of personal jurisdiction or improper service.

1   2.   The record shows that there can be no jurisdiction to make the assignment
2   Plaintiffs seek.  Neither CMA CGM nor any of its subsidiaries or affiliates has made or is
3   obligated to make any payments in the United States to Iran, any of its ministries, or either of the
4   Iranian entities that Plaintiffs have described as the National Iranian Oil Products Distribution Co.
5   and the Ports & Shipping Organization of Iran.  Schmitt Decl., ¶¶ 3-4.  The "evidence" submitted
6   by Plaintiffs is not to contrary; rather, Plaintiffs have merely submitted CMA CGM shipping
7   schedules, one of which appears to show a stop in an Iranian port on a shipping route having no
8   stops in the United States; a schedule of tariffs purportedly imposed on shipping lines generally;
9   and newspaper articles regarding the sale of "bunkering oil," apparently an on-site fueling that
10  takes place at ports.

11  3.   Plaintiffs also have failed to show that any of the seven enumerated subparts of
12  Section 1610 of the FSIA has been satisfied here.  *See* 28 U.S.C. §§ 1610(a)(1)-(7).

13  4.   Because Plaintiffs have not identified any assets subject to assignment in the
14  United States, they have not satisfied the prerequisites for relief under California Code of Civil
15  Procedure § 708.510.  *Quaestor Investments, Inc. v. The State of Chiapas*, 1997 WL 34618203,
16  *7 (C.D. Cal. Sept. 2, 1997) ("The abstract 'right to payment,' in the absence of conjunction with
17  some physical or at least specific asset located within the boundaries of the United States upon
18  which that right may be exercised, is insufficient standing alone to be amenable to assignment
19  under C.C.P. § 708.510."); *see also Philippine Export and Foreign Loan Guarantee Crop. v.*
20  *Chiudian*, 218 Cal. App. 3d 1058, 1099 (1990) (refusing to interpret Section 708.510 so as to
21  provide the judgment creditor "that which he could not straightforwardly achieve through
22  ordinary creditors' remedies, namely, execution upon foreign property").

23  5.   Plaintiffs failed to serve the underlying judgment and the pleadings in this
24  judgment enforcement effort, as required by the FSIA.  *See* 28 U.S.C. §§ 1608(a), 1608(e),
25  1610(c).

26  **OBJECTION NO. 2:**

27  The Magistrate Judge states at page 2, line 12–14, and page 2, line 25, to page 3, line 5:
28  "CMA CGM has erroneously asserted that the recent amendments to the FSIA have

1  deprived this court of subject matter jurisdiction to order the requested assignment. . . . While it
2  may be true that plaintiffs did not originally file their action under § 1605A or even re-file their
3  action as a § 1605A claim within the time limits permitted by that section, this would appear only
4  to constrain the *remedy* to which plaintiffs are entitled (e.g., punitive damages, now permitted
5  under § 1605A), not whether this court has jurisdiction to enforce the judgment."

6  The Report misapprehends CMA CGM's argument. CMA CGM did not argue that
7  Section 1605A stripped the Court of jurisdiction that otherwise existed; rather, CMA CGM
8  argued that 1605A did not confer jurisdiction to enforce a judgment where the requirements of
9  Section 1610 are not satisfied.

10  **BASES OF OBJECTIONS:**

11  1.  Plaintiffs cannot rely on Section 1605A for two reasons. First, Section 1605A did
12  not change the relevant language of Section 1610, which limits the immunity exception for
13  property of a foreign state to property that is in the United States and that has been used for a
14  commercial activity in the United States. Second, Section 1605A does not apply to the default
15  judgment that Plaintiffs obtained against Iran, because Plaintiffs' claims against Iran were neither
16  filed nor refiled under the new statute. *See* 28 U.S.C. 1605A(a)(2). Plaintiffs obtained their
17  judgment in September 2007, and Section 1605A was not enacted until January 2008. Plaintiffs
18  thus did not file their claims under Section 1605A, and they did not attempt to refile their claims
19  under that provision within 60 days of the enactment of the statute. *See* 28 U.S.C.
20  1605A(a)(2)(A)(i)(II); Section 1083(c)(2)(A) and (C) of the National Defense Authorization Act
21  for Fiscal Year 2008, 122 Stat. 342, reproduced in Historical and Statutory Notes following 28
22  U.S.C. § 1605A.

23  2.  Plaintiffs' failure to file or refile their action under Section 1605A affects more
24  than the "remedy," as stated in the Report. It prevents Plaintiffs from making the requisite
25  additional showing (after property has been identified that is in the United States and used for a
26  commercial activity in the United States) that one of the seven enumerated subparts of Section
27  1610(a) is satisfied. *See* 28 U.S.C. §§ 1610(a)(1)-(7). Plaintiffs seek to rely on Section
28  1610(a)(7), but that provision is inapplicable here, because Plaintiffs' claims were neither filed

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62223214.1               3                NON-PARTY CMA CGM'S OBJECTIONS TO
                                              REPORT AND RECOMMENDATION
                                              (CASE NO. 08-MC-80030-JSW (BZ)))

1 nor refiled under Section 1605A.

2 **OBJECTION NO. 3:**

3 The Magistrate Judge states at Page 4, lines 8-11:

4 "Other objections that CMA CGM or other obligors share, such as claims of sovereign

5 immunity, can, if necessary, be resolved after the assignment has been made."

6 The Court lacks jurisdiction to make the purported assignment. The question of

7 jurisdiction under the FSIA cannot be postponed until some unspecified time well after relief has

8 been granted.

9 **BASES OF OBJECTIONS:**

10 1. The Magistrate Judge improperly has ordered an assignment *before* the threshold

11 jurisdictional issue has been resolved. The Report failed to identify eligible property of Iran that

12 is in the United States and that has been used for a commercial activity in the United States, and

13 thus the jurisdictional prerequisite for the requested assignment is lacking.

14 2. The payment obligations that Plaintiffs sought to compel Iran to assign are not in

15 the United States, nor have they been used for a commercial activity in the United States. Rather,

16 as Plaintiffs' own description of the alleged payment obligations shows, those obligations,

17 assuming they exist at all, are obligations to pay in Iran for goods or services provided in Iran by

18 Iranian entities other than Iran itself, the only judgment debtor.

19 **OBJECTION NO. 4:**

20 The Magistrate Judge states at Page 4, lines 14-15:

21 "I recommend that the right to payment be one that exists within the United States."

22 The evidence before the Magistrate Judge demonstrates there are no relevant "rights to

23 payments that exist within the United States." The purported assignment is thus purely

24 theoretical and not based in fact.

25 **BASES OF OBJECTION:**

26 1. The evidence before the Magistrate Judge shows that any payment obligations for

27 which Plaintiffs have sought an assignment do not exist within the United States. Neither CMA

28 CGM nor any of its subsidiaries or affiliates has made or is obligated to make any payments in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62223214.1                                      4                    NON-PARTY CMA CGM'S OBJECTIONS TO
                                                                         REPORT AND RECOMMENDATION
                                                                         (CASE NO. 08-MC-80030-JSW (BZ)))

the United States to Iran, or to any of its ministries, or to the entities that Plaintiffs have described as the National Iranian Oil Products Distribution Co. and the Ports & Shipping Organization of Iran. Schmitt Decl., ¶¶ 3-4. The "evidence" submitted by Plaintiffs is not to contrary; rather, Plaintiffs have merely submitted CMA CGM shipping schedules, one of which appears to show a stop in an Iranian port on a shipping route having no stops in the United States; a schedule of tariffs purportedly imposed on shipping lines generally; and newspaper articles regarding the sale of "bunkering oil," apparently an on-site fueling that takes place at ports.

2. Because Plaintiffs failed to identify any property in the United States subject to attachment or execution, the Magistrate Judge should not have ordered an assignment of such hypothetical rights to payment.

3. Because any payment obligations identified by Plaintiffs do not satisfy the requirements of Section 1610 of the FSIA, they do not fall within any exception to foreign sovereign immunity and are immune from attachment or execution.

4. Because Plaintiffs failed to identify property in the United States, they have not satisfied the prerequisites for relief under California Code of Civil Procedure § 708.510.

**OBJECTION NO. 5:**

The Magistrate Judge states at Page 4, lines 19-21:

"I recommend that the right to payment be derived from property of Iran that was used for a commercial activity in the United States."

The evidence before the Magistrate Judge demonstrates there is no relevant "right to payment . . . derived from property of Iran that was used for a commercial activity in the United States." The purported assignment is thus purely theoretical and not based in fact.

**BASES OF OBJECTION:**

1. The evidence before the Magistrate Judge does not show any right to payment derived from property of Iran that was used for a commercial activity in the United States, and thus the jurisdictional prerequisite for the requested assignment is lacking.

2. Moreover, because Plaintiffs failed to identify any right to payment derived from property of Iran that was used for commercial activity in the United States, the Magistrate Judge

1    should not have ordered an assignment of such hypothetical rights.

2    　　　　3.　　Because any payment obligations identified by Plaintiffs do not satisfy the
3    requirements of Section 1610, they do not fall within any exception to sovereign immunity and
4    are immune from execution.

5    　　　　4.　　Because Plaintiffs failed to identify any payment obligations derived from
6    property of Iran that has been used for a commercial activity in the United States, they have not
7    satisfied the prerequisites for relief under the California Code of Civil Procedure.

8    **OBJECTION NO. 6:**

9    　　　　The Magistrate Judge states at Page 4, lines 24-27:

10   　　　　"I recommend that only the Islamic Republic of Iran, the judgment debtor, be required to
11   make the assignment for the reasons set forth in my Report and Recommendation dated July 2,
12   2008."

13   　　　　According to Plaintiffs' own description, any payment obligations are owed not to Iran
14   itself, but to other Iranian entities.  The Magistrate Judge's purported assignment is thus purely
15   hypothetical and not based on fact.  In addition, the Magistrate Judge erred by not applying the
16   limitation, suggested by CMA CGM in its Opposition to Plaintiffs' motion, that Plaintiffs can
17   seek to compel Iran to assign obligations allegedly owed to other Iranian entities only if Plaintiffs
18   have first established the necessary relationship between Iran and those other entities, under the
19   standard articulated by the Supreme Court in its *Bancec* decision.

20   **BASIS OF OBJECTION:**

21   　　　　1.　　The Report and Recommendation fails to recognize that Plaintiffs' Motion should
22   be denied for the additional reason that Plaintiffs have not demonstrated, or adduced any evidence
23   to show, the nature of any relationship between Iran and the Iranian entities to which payment
24   obligations allegedly are owed.  Plaintiffs thus have not demonstrated the propriety of looking to
25   either or both of these entities for purposes of attempting to satisfy a judgment entered against
26   Iran.  Plaintiffs have not obtained a judgment against either the Ports & Shipping Organization of
27   Iran or the National Iranian Oil Products Distribution Company.  To treat the alleged assets of
28   these entities as if they belonged to Iran, Plaintiffs must meet the legal standard set forth in *First*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62223214.1                                6                    NON-PARTY CMA CGM'S OBJECTIONS TO
                                                                    REPORT AND RECOMMENDATION
                                                                    (CASE NO. 08-MC-80030-JSW (BZ)))

*Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*"). *Bancec* held that a debt owed by a foreign sovereign cannot be enforced unless the entity is found to be "so extensively controlled by [the foreign state] that a relationship of principal and agent is created" or unless treating the entity as separate from the foreign state "would work fraud or injustice." *Id.* at 629. Plaintiffs have not come close to meeting this standard.

Dated: October 28, 2008

MORGAN, LEWIS & BOCKIUS LLP
MATTHEW S. WEILER

By     /s/
    Matthew S. Weiler
Attorneys for Non-Parties CMA GGM,
A.P. Moller Maersk A/S, and Mediterranean Shipping Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62223214.1

7

NON-PARTY CMA CGM'S OBJECTIONS TO
REPORT AND RECOMMENDATION
(CASE NO. 08-MC-80030-JSW (BZ))