1   MORGAN, LEWIS & BOCKIUS LLP
    PETER BUSCEMI, State Bar No. 255213
2   MATTHEW S. WEILER, State Bar No. 236052
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax:  415.442.1001
    E-mail:  pbuscemi@morganlewis.com
5   E-mail:  mweiler@morganlewis.com

6   Attorneys for Non-Parties CMA CGM, A.P. Moller
    Maersk A/S, and Mediterranean Shipping Company
7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12   DEBORAH D. PETERSON, Personal            Case No. 08-MC-80030-JSW (BZ)
     Representative of the Estate of James C.
13   Knipple (Dec.), et al.,                  **NON-PARTY CMA CGM'S RESPONSE
                                              TO PLAINTIFFS' OBJECTIONS TO THE
14                 Plaintiffs,                MAGISTRATE JUDGE'S OCT. 14, 2008
                                              REPORT AND RECOMMENDATION**
15          vs.
                                              Hearing Date:  N.A.
16   ISLAMIC REPUBLIC OF IRAN, et al.,        Time:          N.A.
                                              Place:         N.A.
17                 Defendants.
                                              Hon. Jeffrey S. White
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO      DB1/62248959.2

1    Under Fed. R. Civ. P. 72(b)(2), CMA CGM submits this Response to Plaintiffs'

2    Objections to the Report and Recommendation Issued by the Magistrate Judge on October 14,

3    2008 ("Objections").

4    **I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

5        On October 24, 2008, Plaintiffs filed Objections to the Magistrate Judge's Report and

6    Recommendation.  Plaintiffs asked the Court to strike certain limitations that the Magistrate

7    Judge imposed on his recommendation that Plaintiffs' motion to compel assignment be granted.

8    Plaintiffs' motion seeks an order directing Iran to assign to Plaintiffs payment obligations

9    allegedly owed to Iran or Iranian entities by CMA CGM.[1]

10       Plaintiffs' Objections pertain to those portions of the Magistrate Judge's Report and

11   Recommendation that, in an effort to comply with the Foreign Sovereign Immunities Act, 28

12   U.S.C. §§ 1602-1611 ("FSIA"), and California Code of Civil Procedure § 708.510 (a), identify

13   several restrictions that should be imposed on any assignment that is ordered.  Among other

14   things, the Magistrate Judge recommended that the payment obligations to be assigned be limited

15   to rights that (1) exist within the United States and are derived from property of Iran used for a

16   commercial activity in the United States; and (2) are rights currently in existence, not rights that

17   may or may not come into existence in the future.

18       Plaintiffs argue that the first limitation should be stricken because the January 2008

19   amendments to the FSIA allegedly permit Plaintiffs to reach property of a foreign state even

20   though that property is located outside the United States.  Plaintiffs argue that the second

21   limitation should be dropped because "[a]s long as the right is defined, even though not in

22   existence" the Court can order the assignment of rights that are currently nonexistent.

23       Plaintiffs' first objection rests on a flawed interpretation of the amended FSIA.  Contrary

24   to Plaintiffs' assertion, the 2008 amendments to the FSIA do not change the requirement,

25   imposed by Section 1610(a), that the only property of a sovereign state available for attachment

26   or execution is property that is in the United States and that has been used for a commercial

27

28

---

[1]    CMA CGM has separately filed its own objections to the Report and Recommendation, and moved for a de novo review of Plaintiffs' motion, which CMA CGM contends should be denied in its entirety.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62248959.2                    1

MEMO. ISO NON-PARTY CMA CGM'S
MOTION FOR DE NOVO REVIEW
(CASE NO. 08-MC-80030-JSW (BZ))

1    activity in the United States.  The new provision on which Plaintiffs rely, Section 1610(g)(1), is

2    limited by its express incorporation of the remainder of Section 1610 (including Section 1610(a)).

3    Section 1610(g)(1) refers to "property of a foreign state [that] … is subject to attachment in aid of

4    execution, and execution, upon that judgment *as provided in this section* [i.e., Section 1610]"

5    (emphasis added).  The only property subject to attachment or execution "as provided in" Section

6    1610 is property that is in the United States and that has been used for a commercial activity in

7    the United States.  In any event, even if Plaintiffs were correct in their expansive reading of

8    Section 1610(g)(1), it would not help them.  That is because Section 1610(g)(1), by its terms, is

9    limited to property of a foreign state "against which a judgment is entered under Section 1605A"

10   (another provision added by the 2008 amendments).  But Plaintiffs' default judgment against Iran

11   was *not* entered under Section 1605A, because Plaintiffs neither filed their action under Section

12   1605A nor refiled their action to bring it within that provision.

13         Plaintiffs' objection to the limitation that payment obligations actually exist is similarly

14   baseless.  Merely "defining" or describing payment obligations that have not yet come into

15   existence does not create an underlying debt that is capable of assignment.  Accordingly,

16   Plaintiffs seek assignment of nothing more than a possibility, and that is not authorized by

17   California law.

18   **II.    BACKGROUND**

19         Section 1609 of the FSIA states that "property in the United States of a foreign state shall

20   be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of

21   this chapter."  Thus, the only exception to immunity that can be created under the FSIA is for

22   property located in the United States.  Section 1610 of the FSIA, entitled "Exceptions to the

23   immunity from attachment or execution," specifies the circumstances in which property of a

24   foreign state will "not be immune from attachment in aid of execution, or from execution, upon a

25   judgment . . . ."  According to the prefatory language to Section 1610(a), the ***only*** property of a

26   foreign state that is *not* immune from the Court's exercise of jurisdiction is property that is in the

27   United States and that has been used for a commercial activity in the United States, and for which

28   at least one of the seven subparts of Section 1610(a) is also satisfied.  The Court lacks subject

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62248959.2                            2                  NON-PARTY CMA CGM'S RESPONSE TO
                                                            PLAINTIFFS' OBJECTIONS
                                                            (CASE NO. 08-MC-80030-JSW (BZ)))

1    matter jurisdiction to make the assignment unless an exception to immunity is satisfied. *Republic*

2    *of Austria v. Altmann*, 541 U.S. 677, 691 (2004) ("'[a]t the threshold of every action in a district

3    court against a foreign state . . . the court must satisfy itself that one of the exceptions [in the

4    FSIA] applies,' as 'subject matter jurisdiction in any such action depends' on that application.").

5         The FSIA was amended in January 2008 by Section 1083 of the National Defense

6    Authorization Act for Fiscal Year 2008. In relevant part, the amendments added Section 1605A,

7    which is entitled "Terrorism exception to the jurisdictional immunity of a foreign state," and

8    Section 1610(g), which applies to "the property of a foreign state against which a judgment is

9    entered under Section 1605A." The amendments to the FSIA did not change the prefatory

10   language to Section 1610(a), which provides an exception to immunity for property of a foreign

11   state that is "in the United States" and that has been "used for a commercial activity in the United

12   States." Nor do the amendments add any provision whatsoever pertaining to property located

13   outside of the United States.

14        Plaintiffs filed their underlying action against Iran and the Iranian Ministry of Information

15   and Security on October 3, 2001, long before Section 1605A was enacted. Their default

16   judgment was entered in September 2007, four months before Section 1605A was enacted.

17   Plaintiffs neither filed their action under Section 1605A nor refiled it under that provision within

18   60 days of enactment, as authorized by Section 1083(c)(2) of the National Defense Authorization

19   Act (reproduced in Historical and Statutory Notes following 28 U.S.C. § 1605A).

20   **III.    ARGUMENT**

21        **A.    The Recent Amendments to the FSIA Do Not Reach Property Outside the
            United States And In Any Event Are Inapplicable to this Case.**

22

23        1.    The Text of the Amended FSIA Shows that Section 1610's Limitation to
                Property in the United States Still Applies.

24        The plain language of the amended FSIA contradicts Plaintiffs' assertion that "Section

25   1610(g)(1) does not bear the same limitation as found under Section 1610(a) et seq." Objections

26   at 2. It is clear from the text of Section 1610(g)(1) that the other provisions of Section 1610,

27   including the prefatory language of Section 1610(a), are not displaced. Section 1610(g)(1) states

28   that property of a foreign state "is subject to attachment in aid of execution, and execution, upon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62248959.2                                3                    NON-PARTY CMA CGM'S RESPONSE TO
                                                                   PLAINTIFFS' OBJECTIONS
                                                                   (CASE NO. 08-MC-80030-JSW (BZ)))

1   that judgment *as provided in this section* . . . ."  (emphasis added).  Thus, Section 1610(g)(1) is

2   still subject to the other provisions in Section 1610, including Section 1610(a)'s requirements that

3   property be "in the United States" and "used for a commercial activity in the United States."  The

4   use of the word "section" refers to the whole of Section 1610, not merely to subsection (g).

5   *Compare* 28 U.S.C. § 1610(g)(3) (referring to 1610(g) as "this subsection"); *see also Koons Buick*

6   *Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) (explaining Congress' "hierarchical scheme"

7   of dividing numbered "sections" into lettered "subsections").

8           Similarly, the new Section 1605A refers to the entirety of Section 1610.  In establishing a

9   lis pendens over the property of a foreign state, Section 1605A(g) expressly states that the lien

10   will apply to property that is "subject to attachment in aid of execution, or execution, *under*

11   *Section 1610*."  28 U.S.C. § 1605A(g)(1)(A) (emphasis added).  The incorporation of the entirety

12   of Section 1610—which provides an exception to immunity only where property is "in the United

13   States" and has been "used for a commercial activity in the United States"—shows that the 2008

14   amendments did not alter Section 1610's basic requirements for a waiver of immunity.

15                   2.       Plaintiffs' Action Was Neither Filed Nor Refiled Under Section 1605A.

16           Even if Plaintiffs were correct in their claims about the alleged breadth of Section

17   1610(g)(1), it would not help them.  Section 1610(g)(1) applies, by its own terms, only where a

18   judgment has been entered against a foreign state under 1605A.  Plaintiffs' judgment against Iran

19   was not entered under Section 1605A.  Plaintiffs' action against Iran was not "filed under"

20   Section 1605A, nor was it "refiled" under that provision within the 60-day period authorized by

21   the statute.  *See* 28 U.S.C. § 1605A(a)(2)(A)(i)(I) and (II).  Indeed, it appears not only that

22   Plaintiffs' action was not refiled under Section 1605A, but also that it *could not have been* refiled

23   under Section 1605A.  Section 1083 of the National Defense Authorization Act allows actions

24   that are "pending before the court" to be deemed refiled under Section 1605A if they are refiled

25   within 60 days of the enactment of the statute.  Because Plaintiffs' judgment was entered in

26   September 2007, Plaintiffs' action against Iran was not, and could not have been, "pending before

27   the court" at the time Section 1605A was enacted four months later.  *See Holland v. Islamic*

28   *Republic of Iran*, 545 F. Supp. 2d 120, 121-22 (D.D.C. 2008) (an action in which a judgment was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62248959.2                         4                  NON-PARTY CMA CGM'S RESPONSE TO
                                                              PLAINTIFFS' OBJECTIONS
                                                          (CASE NO. 08-MC-80030-JSW (BZ)))

issued in February 2006 was not "pending before the court" for purposes of Section 1083, and

thus could not be refiled under Section 1605A).  Accordingly, Plaintiffs cannot satisfy either

Section 1605A(a)(2)(A)(i)(I) or (II).

### B.      The Limitation that Only Existing Payment Obligations Can Be Assigned Is Proper.

The Magistrate Judge's recommended limitation that any assignment apply only to

payment obligations that currently exist comports with California law because it limits

assignment to obligations that "are in a crucial respect 'sums certain,' predictable amounts owed

to the debtor by a third party, capable of specific and relatively precise determination." *Quaestor*

*Investments v. The State of Chiapas*, 1997 WL 34618203, at *8 (C.D. Cal. Sept. 2, 1997).

Plaintiffs offer no authority in support of their objection that "Plaintiffs … are entitled to seek an

assignment of rights, whose existence might arise in the future, including those rights which are

'non-existent.'"  Objections at 3.  The examples Plaintiffs give of assignable rights—"rents,

commissions, royalties"—can all be distinguished because those payment obligations are derived

from an existing legal or contractual relationship that gives rise to the payment obligations.

California Code of Civil Procedure §708.510 does not extend to all "rent" in the abstract, even

when no obligation to pay rent exists.  Rather, the statute applies only to rent owed under an

existing lease or tenancy.  The same principle applies to other periodic payments, like

commissions or royalties.  No such underlying permanent obligation has been identified here.

Rather, the existence of payments made in connection with wharfing and "bunkering oil" are on-

site payments premised on trips to Iran that may or may not occur.  Under California law, the

breadth of the assignment sought by Plaintiffs is improper, because "[a] mere possibility, not

coupled with an interest, cannot be transferred."  Cal. Civil Code § 1045; *see also In re TMCI*

*Elecs.*, 297 B.R. 552, 559-60 (Bankr. N.D. Cal. 1999) (a debtor cannot acquire an interest in a

"mere expectancy" based on a right that "may or may not come into existence based on certain

contingencies occurring in the future") (citing Cal. Civil Code § 1045).

## IV.    CONCLUSION

For the foregoing reasons, the limitations imposed by the Magistrate Judge are proper, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/62248959.2                                    5

NON-PARTY CMA CGM'S RESPONSE TO
PLAINTIFFS' OBJECTIONS
(CASE NO. 08-MC-80030-JSW (BZ)))

1     this Court should overrule Plaintiffs' Objections.

2     Dated: November 6, 2008                    MORGAN, LEWIS & BOCKIUS LLP
                                                 MATTHEW S. WEILER
3

4
                                                 By _____/s/_____
5                                                     Matthew S. Weiler
                                                 Attorneys for Non-Parties CMA CGM,
6                                                A.P. Moller Maersk A/S, and Mediterranean
                                                 Shipping Company
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO          DB1/62248959.2                    6             NON-PARTY CMA CGM'S RESPONSE TO
                                                                       PLAINTIFFS' OBJECTIONS
                                                                       (CASE NO. 08-MC-80030-JSW (BZ)))