EXHIBIT "D"

Case 3:08-mc-80030-JSW   Document 178   Filed 10/14/2008   Page 1 of 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendant(s). | No. 08-80030 MISC JSW (BZ) <br><br> REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS (CMA CGM) |

Before the court are a series of motions in which plaintiffs seek orders pursuant to California Code of Civil Procedure § 708.510 compelling judgment debtor the Islamic Republic of Iran (Iran) to assign certain rights it has from third parties. Through a series of scheduling orders, I have focused on the motion involving CMA CGM. I stayed the other motions, which are virtually identical, pending the disposition of this motion. Having considered the papers filed by plaintiffs and CMA CGM. I recommend that the court enter the attached order **GRANTING** plaintiffs' motion. This

1

order, which is more limited than the order plaintiffs sought, is recommended for the following reasons:

1. Federal Rule of Civil Procedure 69 permits this court to enforce a money judgment in accordance with California law, except to the extent a federal statute applies. California Code of Civil Procedure § 708.510 permits a court to order a judgment debtor, such as Iran, to assign certain rights to the judgment creditor. The statute grants a court broad discretion in determining whether to order an assignment. *See* Rick Schwartz, Allen M. Ahart, CALIFORNIA PRACTICE GUIDE: ENFORCING JUDGMENTS AND DEBTS, § 6.1422.5 (Alan M. Ahart ed., 2008).

2. CMA CGM has erroneously asserted that the recent amendments to the FSIA have deprived this court of subject matter jurisdiction to order the requested assignment. As a threshold matter, I recommend waiting to see whether Iran appears in response to the recommended order, as any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM.[1] In any event, CMA CGM's jurisdictional arguments appear misguided. CMA CGM argues that § 1083(c) of the 2008 Defense Authorization Act, which repealed the section of the FSIA (§ 1605(a)(7)) originally used by plaintiffs to overcome Iran's sovereign immunity, strips this court of jurisdiction because plaintiffs failed to file or re-file their § 1605(a)(7) action under the newly enacted § 1605A. While it may be true that plaintiffs did not originally file their action under § 1605A or even re-file their action as a §

---

[1] It has also been suggested that the U. S. Department of State may wish to be heard on this and other immunity issues.

1605A claim within the time limits permitted by that section, this would appear only to constrain the *remedy* to which plaintiffs are entitled (e.g., punitive damages, now permitted under § 1605A), not whether this court has jurisdiction to enforce the judgment. In numerous other cases similar to this one, where jurisdiction was originally brought under § 1605(a)(7) and a default judgment was entered before the enactment of § 1083(c), courts have retained jurisdiction despite the plaintiff's failure to file (or re-file) the case under § 1605A. See <u>Kirschenbaum v. The Islamic Republic of Iran</u>, No. 03-1708C 2008 WL 3905962 (D.D.C. Aug. 26, 2008); <u>Blais v. The Islamic Republic of Iran</u>, 567 F. Supp. 2d 143 (D.D.C. 2008).

   3. CMA CGM has asserted numerous other objections to plaintiffs' requested order. Plaintiffs' principal response is that the objections should be deferred until they actually try to enforce the assignment. Under California law, entry of an assignment order does not preclude an obligor such as CMA CGM from later challenging whether the judgment debtor's claims were assignable in the first instance. <u>Kracht v. Parrin, Gartland & Doyle</u>, 219 Cal.App.3d 1019, 1021 n.1 (1990). Presumably this is why California law requires that a motion for assignment of rights be served on the judgment debtor but not necessarily on the obligor. California Code of Civil Procedure § 708.510(b). Plaintiffs have suggested that all the objections made by CMA CGM be deferred under this section. I recommend including several limitations in the assignment order, most of which are well settled, to avoid

potential multiplicity of litigation if the plaintiffs try to enforce the assignment order in multiple jurisdictions, and to avoid any mischief that might occur if it is not clear that the order is limited to the United States, should plaintiffs try to enforce the order in foreign courts which may not be familiar with California and American collection procedures. See e.g., Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian, 218 Cal.App.3d 1058, 1099 (1990). Other objections that CMA CGM or other obligors share, such as claims of sovereign immunity, can, if necessary, be resolved after the assignment has been made.

4. Cases interpreting § 708.510(b) have placed a number of limitations on assignment orders, which I recommend the court adopt. First, I recommend that the right to payment be one that exists within the United States. Chuidian, 218 Cal.App.3d at 1094, 1099-1100; Quaestor Investments, Inc., v. The State of Chiapas, No. CV-95-6723, 1997 WL 34618203, at *7 (C.D.Cal.); Autotech Tech. v. Integral Research & Dev., 499 F.3d 737, 749-51 (7th Cir. 2007). Second, I recommend that the right to payment be derived from property of Iran that was used for a commercial activity in the United States. Chuidian, 218 Cal.App.3d at 1092; Autotech, 499 F.3d at 750; Rubin v. Islamic Republic of Iran, No. 03-C-9370, 2008 WL 192321, at *5 (N.D. Ill.). Third, I recommend that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment for the reasons set forth in my Report and Recommendation dated July 2, 2008. Finally, I recommend that the assignment be limited to existing payment rights, even if

the right to payment has not yet come due or will come due in the future. Though no case law has considered this limitation, I believe that assignment of non-existent rights would lack sufficient concreteness to enable the parties to understand what their future rights and obligations are and would be commercially unreasonable. It is hard to understand why the judgment debtor would engage in future commercial dealings with CMA CGM if Iran knew that any right it would have to future payments under that commercial transaction had already been assigned to the plaintiffs. If nothing else, this would seem to punish non-party CMA CGM in that Iran would tend to do business with companies that were not subject to such an assignment order and would pay it.

Dated: October 14, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\REP. AND RECOMM.RE FRENCH LINE.FINAL VERSION.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendant(s). | No. 08-80030 MISC JSW (BZ) <br><br> ORDER GRANTING PLAINTIFFS' MOTION COMPELLING ASSIGNMENT OF RIGHTS [CMA CGM] |

   **IT IS ORDERED** that plaintiffs' motion for an order compelling the Islamic Republic of Iran ("Iran") to assign its rights to certain payments purportedly due from CMA CGM is **GRANTED**.

   **IT IS FURTHER ORDERED** that by November 20, 2008, Iran must assign to plaintiffs, care of their attorney, David J. Cook, Cook Collection Attorneys, P.L.C., 165 Fell Street, Third Floor, San Francisco, CA 94102, pursuant to F.R.Civ.P. 69(a) and California Code of Civil Procedure section 780.510(a), all or part of any existing right to payment in

1   the United States, due or to become due, whether or not that
2   right is conditioned on future developments, from and owing by
3   CMA CGM, arising out of any commercial activity pertaining,
4   specifically, to the use of any harbor, docking, wharf,
5   drayage, loading or other harbor-like facilities in the United
6   States, along with and including the sale of bunkered oil
7   and/or fuel provided, sold, delivered, or vended to CMA CGM by
8   Iran in the United States, for the purposes of satisfaction,
9   in part or in whole, of the judgment of $2,656,944,877.00 in
10  Peterson v. Islamic Republic of Iran, case numbers 01-
11  2094(RCL) and 01-2684(RCL) filed in United States District
12  Court for the District of Columbia.
13       Pursuant to California Code of Civil Procedure section
14  780.540, nothing in this order shall alter, affect,
15  predetermine, prejudice or preadjudicate any rights, claims,
16  defenses, privileges or entitlement due and in favor of CMA
17  CGM in any action proceeding, undertaking, demand, or claim
18  asserted by plaintiffs under and pursuant to the conditions of
19  this order, and all such rights, claims, defenses, privileges,
20  or entitlements due and in favor of CMA CGM are hereby
21  preserved.
22       **IT IS FURTHER ORDERED** that plaintiffs shall prepare a
23  form of assignment consistent with this Order, have it
24  approved as to form by CMA CGM, and serve the assignment along
25  with this Order on Iran by October 22, 2008.
26       **IT IS FURTHER ORDERED** that if Iran does not assign its
27  rights as ordered, on December 17, 2008, in Courtroom G, 15th
28  Floor, Federal Building, 450 Golden Gate Avenue, San

1  Francisco, California 94102, Iran shall show cause why such
2  assignment shall not be entered on its behalf by the Clerk of
3  Court, as a consequence of its failure to comply with this
4  Order. In that event, by **December 3, 2008**, plaintiffs shall
5  file a memorandum discussing this court's authority to enter
6  such an assignment as a consequence of Iran's failure to
7  comply and shall provide proof that Iran has been properly
8  served.

Dated: October 14, 2008

---
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\ASSIGNMENT ORDER.TENTATIVE RULE FINALIZED.wpd