DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
**COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> MOTION FOR APPOINTMENT OF RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 [CERTAIN BANK ACCOUNTS] <br><br> Date: December 19, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2, 17th Floor <br> Judge: Jeffrey S. White |

Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs") will and do hereby move this court for the following relief:

1. For the appointment of the following:

    A.    EUGENE R. SULLIVAN, Retired Chief Judge of the United States Court of Appeals Court for the Armed Forces.

    B.    STANLEY SPORKIN, Retired United States District Court Judge and Former General Counsel for the Central Intelligence Agency.

    C.    LOUIS FREEH, Retired United States District Court Judge and Former Director of the FBI.

or any one of the same, as and for receivers of certain bank accounts, deposits, deposit accounts, general intangibles, certificates of deposits, hereinafter "Accounts," claimed, owed to, in favor of, owned by, or in which the Judgment Debtor the ISLAMIC REPUBLIC OF IRAN ("Iran") has an interest, in which the identity of the account is subject to the protective order of the United States District Court, District of Columbia, dated 6/11/08, in which such protected information shall be filed under seal herein.

2. That the receivers be authorized and imbued with the following rights, powers and duties herein.

A. To take possession of and lay claim to all of the above Accounts, and each of the same.[2]

B. To write any and all checks, drafts, instruments, demand drafts, or otherwise take any action, the effect of which would be to cause the financial institutions, and each of the same, to remit, transfer, or place in the hands of the receivers, all or any part of the funds in their possession herein; to sign the name of the Judgment Debtor on any check, draft, demand draft, or any other instrument, the effect of which would be to cause the transfer of the account in and to the possession of the receiver or designee.

C. To file suit, take action, make demand, and accordingly, retain counsel if necessary, the effect of which would be to compel the financial institutions to pay over, transfer, and hand over to the receivers, the Accounts, and every part of the same.

D. To compromise, negotiate, resolve, and otherwise enter into any settlement negotiations and compromise thereon, the effect of which would be to negotiate the disposition, transfer, or compromise of any of the Accounts, or any part of the same.

E. To establish one or more bank accounts, depository accounts, or other accounts which the receivers may designate from time to time, to act as a repository for any of the funds collected from the financial institutions holding, having control, or in possession of the Accounts, or any part of the same.

---

[2] "Accounts" means all deposits, time certificates of deposits, general intangibles, claims or rights to payment of money, debts due and owing from a financial institution, money market accounts, accounts or positions in any financial instrument, note, or bond, or any other claim or entitlement to money, or claim or entitlement, whether fractional or otherwise, in any bond, note, instrument, or security.

1    F. To engage counsel, accountants, experts, third parties, agents, investigators, or the like, the effect of which would be to aid the receivers, or any one of the same, in the performance of their duties hereunder.

G. To correspond with and communicate with the financial institutions, or any one of the same, the purpose of which is to engage in some type of communications, dialogue, or the like, for the purpose of resolving the Accounts, or any one of the same.

H. For an order restraining the Judgment Debtor from taking any action, directly or indirectly, to interfere with the conduct of the receivers, to take, demand or receive any one of the Accounts, to write any checks, drafts or money orders, or cause any wire transfer, or cause the transfer thereof of the contents of the Accounts therein; to obstruct, hinder, delay, or impede the conduct of the receivers herein, to communicate directly or indirectly with the financial institutions in an attempt to hinder, obstruct, delay, or impede the transfer of the Accounts to the receivers herein; to issue any order, directive, or execute any demand, draft, or execute any wire instructions, or issue any check, the effect of which would be to cause a transfer of the Accounts or any one of the same, to and in favor of the Judgment Debtor, the effect of which would be to prevent, preclude, hinder or delay the receivers, or any one of the same, from obtaining the Accounts, or any part of the same.

I. For an order in which the Judgment Debtor is restrained, stayed, forbidden and enjoined from taking any act, action, or cause to take any act or action, which would cause to impede, obstruct, hinder, delay or defraud the receivers or the Plaintiffs herein.

J. For an order keeping and retaining the court's continuing jurisdiction herein, for purposes of supervision over the conduct of the receivers, and issue such other orders as a court of equity might, from time to time, to manage the receivership herein.

K. For the posting of a bond in the minimum amount of $10,000 and that the bond would include the time, based upon the amount of funds collected by the receivers, or any other equitable basis, or any other order by the court herein.

The basis of this motion is that Plaintiffs have come into certain information, of which Plaintiffs are aware of "certain bank accounts, deposits, deposit accounts, general intangibles,

certificates of deposits," ("Accounts") claimed, owed to, in favor of, owned by, or in which the Judgment Debtor, Iran, has an interest in which the identity of the Accounts is subject to the protective order of the United States District Court, District of Columbia dated 6/11/08, in which the protected information shall be filed under seal herein.

This motion is based upon this Motion, the attached Notice, Memorandum of Points and Authorities, the Declaration of David J. Cook, Esq., all matters which the court may take judicial notice thereof, which include all papers, pleadings and other matters on file in that certain action known as *DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et al., vs. ISLAMIC REPUBLIC OF IRAN, et al.*, United States District Court for the District of Columbia, Consolidated Civil Actions: 01-2094 (RCL) and 01-2684 (RCL), upon all pleadings, papers and other matters on file herein, and upon all oral and written evidence and argument which may be presented at the hearing hereof.

DATED: November 3, 2008            COOK COLLECTION ATTORNEYS

By: ___/s/ David J. Cook____
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.

F:\USERS\DJCNEW\petersonsf.appointaccounts