1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA  94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA  94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9                 UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 <br><br> [CERTAIN BANK ACCOUNTS] <br><br> Date:  December 19, 2008 <br> Time:  9:00 a.m. <br> Courtroom: 2, 17th Floor <br> Judge: Jeffrey S. White |

20                      I. INTRODUCTION.

21         Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C.

22  Knipple (Dec.), et al. ("Plaintiffs") recovered a Judgment against Defendants ISLAMIC

23  REPUBLIC OF IRAN ("Iran") in the amount of $2,656,944.877 on 9/7/07 in the action entitled

24  *Peterson vs. Islamic Republic of Iran, et al.* pending in the United States District Court, District of

25  Columbia, Case No. 01-2094 (RCL) before the Honorable Royce C. Lamberth.

26         In the course and scope of Plaintiffs' post-judgment enforcement, Plaintiffs have

27  ascertained the existence of "certain bank accounts, deposits, deposit accounts, general intangibles,

28  certificates of deposits" ("Accounts") claimed to, owed to, in favor of, owned by, or in which the

1  Judgment Debtor ISLAMIC REPUBLIC OF IRAN ("Iran") has an interest, in which the identity of

2  the account is subject to the protective order of the United States District Court dated 6/11/08 in

3  which the protected information shall be filed under seal.  A copy of the underlying UNOPPOSED

4  EMERGENCY MOTION ON BEHALF OF THE OFFICE OF FOREIGN ASSETS CONTROL

5  FOR ENTRY OF PROTECTIVE ORDER AUTHORIZING DISCLOSURE IN RESPONSE TO

6  RULE 45 SUBPOENA is marked *Exhibit "A"* and a copy of the PROTECTIVE ORDER (sealing

7  order) is marked *Exhibit "B."* [3]

8       Plaintiffs have come into possession of certain confidential and sealed information which

9  shall be filed separately, which sets forth in great detail the accounts and account holders.  These

10 accounts generally consist of "deposit accounts or accounts with financial institutions, or other

11 generic accounts which would be readily subject to levy and execution.  Their identity, however, is

12 subject to a protective order and can only be released subject to the terms and conditions of the

13 order itself.

14       ## II.  ENFORCEMENT OF JUDGMENT IN DISTRICT COURT IS
         SUBJECT TO LAWS OF DOMICILED STATE.

15
16       A judgment creditor in a District Court setting resorts to the laws of the domicile under

17 FRCP 69(a)(1), which provides as follows:

18       **Rule 69. Execution**
         (a) In General.
         (1) Money Judgment; Applicable Procedure.

19       A money judgment is enforced by a writ of execution, unless the court directs
         otherwise. The procedure on execution — and in proceedings supplementary to and

20       in aid of judgment or execution — must accord with the procedure of the state
         where the court is located, but a federal statute governs to the extent it applies.

21
22       The statutory framework for enforcement in the District Court, or Bankruptcy Court, is

    found in the laws of the State.  Under F.R.C.P. Rule 69, the appropriate method in this District
23
    would be found in the Enforcement of Judgments Law, commencing at C.C.P. § 680.010.  *In Re*
24
25  *Levander*, 180 F.3d 1114, 1121 to 1122 (9th Cir. 1999) in which the court stated as follows:

26

27       ───────────────
         [3]  All exhibits are incorporated by reference as though fully set forth in this Memorandum
28  in their entirety and are attached to the Declaration of David J. Cook, Esq. which is filed
    contemporaneously herein.

    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF
    RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 [CERTAIN BANK ACCOUNTS]
    CASE NO. 3:08-mc-80030-JSW (BZ)                                                          2

1   "We have held that Federal Rule of Civil Procedure 69(a) [8] empowers federal
    courts to rely on state law to add judgment-debtors under Rule 69(a), which

2   "permits judgment creditors to use any execution method consistent with the
    practice and procedure of the state in which the district court sits." Cigna Property

3   & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir.1998) (quoting
    Peacock v. Thomas, 516 U.S. 349. 359 n. 7, 116 S.Ct. 862, 133 L.Ed.2d 817

4   (1996)) (internal quotation marks omitted). [9] In Cigna, the appellant. much like the
    appellees in the instant case, argued that the motion to amend the judgment to add a

5   judgment-debtor was untimely under Rule 59(e). and that the court therefore had no
    jurisdiction. See id. We rejected this argument, holding that Rule 69(a) allows

6   judgment-creditors to use state law to collect on their debts. See id. Because
    California law allows amendment of a judgment to add a judgment-debtor. we held

7   that the district court did not abuse its discretion in so doing. See id. at 421-22. The
    instant case is analogous since the Levanders also were judgment-creditors

8   attempting to collect on a debt. As such. Rule 69(a) authorized the use of California
    law to collect on their debt. and the district court erred by holding that the

9   bankruptcy court did not have the jurisdiction to allow them to do so."

10  ### III.  APPOINTMENT OF RECEIVERS IS APPROPRIATE REMEDY.

11  Typically. a judgment creditor would reach bank accounts by a simple levy and execution

12  permitted under local law.  In California. e.g.. a judgment creditor would employ the Marshal or

13  Sheriff, open up a Marshal and/or Sheriff's file, and serve the garnishee bank with a copy of the

14  Notice of Levy. Writ of Execution. and Memorandum of Garnishee. by which to reach the bank

15  account under and pursuant to C.C.P. § 700.140(a). which provides as follows:

16  § 700.140.
    (a) Subject to Section 700.160. to levy upon a deposit account. the levying officer

17  shall personally serve a copy of the writ of execution and a notice of levy on the
    financial institution with which the deposit account is maintained. or shall

18  personally serve the writ of execution and notice of levy to a centralized location
    within the county designated by the financial institution.

19
    If the writ of execution is received at the designated central location. it shall apply

20  to all deposit accounts held by the financial institution regardless of the location of
    that property.

21
    The execution lien reaches only amounts in the deposit account at the time of

22  service on the financial institution, including any item in the deposit account that is
    in the process of being collected. unless the item is returned unpaid to the financial

23  institution. This section does not require a financial institution to designate a central
    location for personal service of the writ of execution and notice of levy.

24
    This method of levy is not only efficient. but the preferred method.  However, as the court

25  may see through the "field information." Plaintiff has a limited amount of information and cannot

26  readily determine the account number. branch, or perhaps other identifying information which

27  would enable the judgment creditor to use the process authorized by way of a Writ of Execution.

28

1    The alternative is the appointment of a receivers pursuant to C.C.P. § 708.620, which

2  would substitute the receivers in the place of Iran, and permit the receivers to liquidate the bank

3  accounts through their general equitable powers.

4    C.C.P. § 708.620 provides as follows:

5  **§ 708.620.**
   The court may appoint a receivers to enforce the judgment where the judgment

6  creditor shows that, considering the interests of both the judgment creditor and the
   judgment debtor, the appointment of a receivers is a reasonable method to obtain

7  the fair and orderly satisfaction of the judgment.

8  ### IV.  DUTIES AND RESPONSIBILITIES OF RECEIVERS.

9    Plaintiffs seek to empower the receivers with the following rights, powers and duties:

10    A.  To take possession of and lay claim to all of the above Accounts, and each of the same.[4]

11    B.  To write any and all checks, drafts, instruments, demand drafts, or otherwise take any

12  action, the effect of which would be to cause the financial institutions, and each of the same, to

13  remit, transfer, or place in the hands of the receivers, all or any part of the funds in their possession

14  herein; to sign the name of the Judgment Debtor on any check, draft, demand draft, or any other

15  instrument, the effect of which would be to cause the transfer of the account in and to the

16  possession of the receiver or designee.

17    C.  To file suit, take action, make demand, and accordingly, retain counsel if necessary, the

18  effect of which would be to compel the financial institutions to pay over, transfer, and hand over to

19  the receivers, the Accounts, and every part of the same.

20    D.  To compromise, negotiate, resolve, and otherwise enter into any settlement negotiations

21  and compromise thereon, the effect of which would be to negotiate the disposition, transfer, or

22  compromise of any of the Accounts, or any part of the same.

23    E.  To establish one or more bank accounts, depository accounts, or other accounts which

24  the receivers may designate from time to time, to act as a repository for any of the funds collected

25

26    [4] "Accounts" means all deposits, time certificates of deposits, general intangibles, claims
27  or rights to payment of money, debts due and owing from a financial institution, money market
    accounts, accounts or positions in any financial instrument, note, or bond, or any other claim or
28  entitlement to money, or claim or entitlement, whether fractional or otherwise, in any bond, note,
    instrument, or security.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF
RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 [CERTAIN BANK ACCOUNTS]
CASE NO. 3:08-mc-80030-JSW (BZ)                                                    4

1  from the financial institutions holding, having control, or in possession of the Accounts, or any

2  part of the same.

3    F.  To engage counsel, accountants, experts, third parties, agents, investigators, or the like,

4  the effect of which would be to aid the receivers, or any one of the same, in the performance of

5  their duties hereunder.

6    G.  To correspond with and communicate with the financial institutions, or any one of the

7  same, the purpose of which is to engage in some type of communications, dialogue, or the like, for

8  the purpose of resolving the Accounts, or any one of the same.

9    H.  For an order restraining the Judgment Debtor from taking any action, directly or

10  indirectly, to interfere with the conduct of the receivers, to take, demand or receive any one of the

11  Accounts, to write any checks, drafts or money orders, or cause any wire transfer, or cause the

12  transfer thereof of the contents of the Accounts therein; to obstruct, hinder, delay, or impede the

13  conduct of the receivers herein, to communicate directly or indirectly with the financial institutions

14  in an attempt to hinder, obstruct, delay, or impede the transfer of the Accounts to the receivers

15  herein; to issue any order, directive, or execute any demand, draft, or execute any wire

16  instructions, or issue any check, the effect of which would be to cause a transfer of the Accounts or

17  any one of the same, to and in favor of the Judgment Debtor, the effect of which would be to

18  prevent, preclude, hinder or delay the receivers, or any one of the same, from obtaining the

19  Accounts, or any part of the same.

20    I.  For an order in which the Judgment Debtor is restrained, stayed, forbidden and enjoined

21  from taking any act, action, or cause to take any act or action, which would cause to impede,

22  obstruct, hinder, delay or defraud the receivers or the Plaintiffs herein.

23    J.  For an order keeping and retaining the court's continuing jurisdiction herein, for

24  purposes of supervision over the conduct of the receivers, and issue such other orders as a court of

25  equity might, from time to time, to manage the receivership herein.

26    K.  For the posting of a bond in the minimum amount of $10,000 and that the bond would

27  include the time, based upon the amount of funds collected by the receivers, or any other equitable

28  basis, or any other order by the court herein.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF
RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 [CERTAIN BANK ACCOUNTS]
CASE NO. 3:08-mc-80030-JSW (BZ)                                                    5

1    The court has wide discretion in drafting a receivership order, the effect of which would be

2  to fulfill its basic functions. *See People of the State of California vs. Riverside University etc.*, 35

3  Cal. App.3d 572 (1973) in which the court indicated that the trial court in granting powers to a

4  Receiver has wide discretion under general equitable principals. The court stated as follows at

5  pages 583 to 584:

6       "A receiver's sale is a judicial sale as distinguished from a sale under execution.
         (Peebler v. Olds, 56 Cal.App.2d 13, 15.) In execution sales, the sheriff or marshal
7        acts as a ministerial officer and not as an officer of the court; 'the court is not the
         vendor' and the officer's authority 'rests in the law and on the writ and does not as in
8        judicial sales emanate from the court.' (2 Clark, Law on Receivers, Supra, § 484.) A
         receiver, on the other hand, is an agent of the court and the property in his hands is
9        really under the control and continuous supervision of the court. (Lesser & Son v.
         Seymour, Supra, 35 Cal.2d 494, 499.) *Consequently, unless regulated by statute,*
10       *the court has full power to order the receiver to dispose of property in such a*
         *manner as the court may deem to be for the best interest of the parties concerned*
11       *and the advice of the receiver and his opinion in regard to the value of the*
         *property, the manner, time and place of its disposition are entitled to great*
12       *respect and weight.* (Hannon v. Mechanics Building & Loan Ass'n, 177 S.C. 153,
         180 S.E. 873, 876. See also Chapman v. Schiller, 95 Utah 514, 251; Yakima
13       Finance Corporation v. Thompson, 171 Wash. 309, 910; 66 Am.Jur.2d § 403.)

14     Iran has no intention of paying, and the intervention of this court is necessary to reach these

15  specific assets.

16     Plaintiffs no longer shows "exhaustion of remedies" otherwise as required. The Legislative

17  Comment states as follows:

18       Section 708.620 supersedes portions of Section 564 that authorize the appointment
         of a receiver to enforce a judgment. It eliminates as a prerequisite to the
19       appointment of a receiver a showing that a writ of execution has been returned
         unsatisfied or that the judgment debtor refuses to apply property in satisfaction of
20       the judgment as formerly required by subdivision 4 of Section 564. See Olson v.
         Comora, 73 C.A.3d 642, 647-649; 140 C.R. 835 (1970).
21
         Under Section 708.620, a receiver may be appointed where a writ of execution did
22       not reach certain property and other remedies appear inadequate. A receiver may be
         appointed in examination proceedings under Article 2 (commencing with Section
23       708.110) where the requisite showing is made under this section. Cf. Tucker v.
         Fontes, 70 C.A.2d 768, 771-772; 161 P.2d 697, 699 (1945); Medical Finance
24       Associates v. Short, 36 C.A.2d Supp. 745, 747; 92 P.2d 961, 962 (1939)
         (appointment of a receiver and supplementary proceeding under former law.)
25
         Plaintiffs likewise are entitled to proceed under C.C.P. § 564.
26
         Dispositive is *Crocker Nat'l Bank v. O'Donnell*, 115 C.A.3d 264; 171 C.R. 225
27
28  (Cal.App.2 Dist. 1981) in which the Appellate Court upheld the appointment of a Receiver of the

1  earnings of a physician from his solely-owned corporation. The receivership order specifically

2  provided the receiver is authorized to demand, collect and receive all earnings of the judgment

3  debtor from any source, including from his medical corporation, to enter upon the business, to

4  receive, review and reconcile the books and records of the medical corporation of the debtor for

5  the purposes of determining the earnings of the debtor; to take possession of all books and records

6  of the judgment debtor and his medical corporation, and that such records will be available to the

7  judgment debtor and his corporation at a reasonable time for use in the business. The court

8  affirmed the appointment of a receiver on the basis that the defendant's sole source of income was

9  from his wholly-owned medical corporation; that a wage garnishment would be futile and useless;

10  and that no other remedy would be available or reasonable. A receiver may also deal with the

11  refusal of a debtor to apply his property in satisfaction of a debt. See *In re Ferguson*, 123

12  Cal.App.2d 799 (1954). The court stated at 268 P.2d at page 75, as follows:

13     ". . . If there be property which cannot be reached by execution in which the
       judgment debtor refuses to apply to the satisfaction of the judgment, he may be
14     compelled, upon examination in proceedings supplementary to execution, to deliver
       in satisfaction of the judgment."

15                          V. **NOMINATION OF RECEIVERS.**

16  Plaintiffs nominate the following nominees as receivers:

17     A.     EUGENE R. SULLIVAN, Retired Chief Judge of the United States Court of

18            Appeals Court for the Armed Forces.

19     B.     STANLEY SPORKIN, Retired United States District Court Judge and Former

20            General Counsel for the Central Intelligence Agency.

21     C.     LOUIS FREEH, Retired United States District Court Judge and Former Director of

22            the FBI.

23  Each one of these individuals are former federal judges, all with backgrounds in national

24  security, military, and intelligence matters, and all of them would be more than capable of

25  performing in this assignment, meeting the expectations of all parties. These proposed receivers

26  are all very exceptional individuals who bring with them such experience, sagacity, and wisdom,

27  unlike other commercial receivers, to meet the challenge of this significant case, and attempt to

28

1  reconcile multiple conflicting interests.

## VI. AMOUNT OF BOND.

3  Plaintiffs propose a $10,000 bond, which the bond amount would be increased from time
4  to time.

## VII. CONCLUSION.

6  Plaintiffs seek to collect this judgment, and has determined the existence of multiple bank
7  accounts located in the United States. of which if liquidated, would provide for recompense for
8  and on behalf of the Plaintiffs herein.  The appointment of the receivers would enable these
9  Plaintiffs to use an effective remedy. the effect of which would be to permit the receivers to
10  contact the financial institution and obtain the funds at issue.

11  DATED:  November 3, 2008                COOK COLLECTION ATTORNEYS

13  By: ___/s/ David J. Cook_____
     DAVID J. COOK, ESQ. (SB# 060859)
     Attorneys for Plaintiffs
14  DEBORAH D. PETERSON, Personal Representative
     of the Estate of James C. Knipple (Dec.). et al.

16  F:\USERS\DJCNEW\petersonsf.appointaccounts

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF
RECEIVERS UNDER FRCP 69(a) AND UNDER C.C.P. § 708.620 [CERTAIN BANK ACCOUNTS]
CASE NO. 3:08-mc-80030-JSW (BZ)                                                      8