IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, et al., | |
|     Plaintiffs, | No. C 08-80030-MISC JSW |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, et al., | **ORDER REJECTING REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN ORDER COMPELLING ASSIGNMENT OF RIGHTS INVOLVING CMA CGM** |
|     Defendants. | |

This matter comes before the Court upon consideration of Magistrate Judge Zimmerman's Report and Recommendation re: Plaintiffs' motion for an order compelling assignment of rights involving CMA CGM. In his Report and Recommendation, Magistrate Judge Zimmerman recommends that this Court grant Plaintiffs' motion for assignment of rights, but limit the assignment in certain respects. Judge Zimmerman recommends that the assignment be limited to property in the United States that was used for commercial activity, that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment, and that the assignment be limited to existing payment rights. Both Plaintiffs and non-party CMA CGM have filed objections and motions for *de novo* review of the Report. The motions are fully briefed and ripe for decision. The Court finds these motions suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 19, 2008 is VACATED.

For the reasons set forth in the remainder of this Order, the Court REJECTS Magistrate Judge Zimmerman's Report. CMA CGM raises concerns about Iran's sovereign immunity. In his Report, Judge Zimmerman held that any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM and thus does not decide this issue. However, the absence of sovereign immunity is a prerequisite to subject matter jurisdiction. Therefore, the Court has an obligation to examine this issue, even where Iran has not appeared to assert it. *See Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 373 (7th Cir. 1985) ("Because the absence of sovereign immunity is a prerequisite to subject matter jurisdiction, the question of immunity must be considered by a district court even though the foreign country whose immunity is at issue has not entered an appearance."); *see also See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 n. 20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the [FSIA].").

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330. 1601-11 ("FSIA") provides "the sole basis for jurisdiction over foreign sovereigns in the United States." *Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200, 209 (D.D.C. 2008) (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). The exceptions to immunity from execution and attachment of property under the FSIA are contained in sections 1610 and 1611. *See* 28 U.S.C. §§ 1609-1611; *see also Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1094 (1990); *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, *5 (N.D. Ill. Jan. 18, 2008) (noting that "a plaintiffs ability to obtain a judgment does not necessarily entail the right to enforce that judgment; in some cases, the FSIA may creat a right without a remedy"). Pursuant to section 1610, only property located in the United States of a foreign state and that is or was used for commercial purposes is exempt from sovereign immunity for attachment or execution. *See* 28 U.S.C. § 1610.[1]

---

[1] Plaintiffs' reliance on 28 U.S.C. §§ 1605A and 1610(g)(1) to reach property outside of the United States is misplaced. Even to the extent Plaintiffs construction of this statute were correct, which appears doubtful, these provisions are inapplicable to Plaintiffs' action. The National Defense Authorization Act for the Fiscal Year 2008 ("NDAA"), Pub.L No.

2

Plaintiffs bear the burden to demonstrate the existence of specific property for attachment and that sovereign immunity as to such property has been waived.  *See Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 749-50 (7th Cir. 2007).  As the court in *Auotech* explained:

> First is the question whether [the plaintff] identified any specific property on which it wished to execute its judgment.  The FSIA says that immunity from execution is waived only for specific "*property*."  As a result, in order to determine whether immunity from execution or attachment has been waived, the plaintiff must identify specific property upon which it is trying to act. ... A court cannot give a party a blank check when a foreign sovereign is involved.... The only way the court can decide whether it is proper to issue the writ is if it knows which property is targeted.

*Id*. at 750 (internal citation omitted) (emphasis in original); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) ("the *sine qua non* of basing jurisdiction on a defendant's assets in the forum is the identification of some asset"); *cf Chuidian*, 218 Cal. App. 3d at 1099 (holding that a court may only compel a debtor to assign rights under California Code of Civil Procedure 708.510 that a creditor may legally execute upon in satisfaction of the judgment).  Thus, Plaintiffs must demonstrate that specific property of the judgement debtor that is or was used for commercial purposes exists in the United States.

---

110-181, 122 Stat. 3, enacted into law on January 28, 2008, revised the FSIA terrorism exception to sovereign immunity by repealing section 1605(a)(7) and replacing it with a new section codified at section 1605A and adding section 1610(g).  However, section 1083(c) of the NDAA provides that amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure.  Judgment was entered on September 7, 2007 and, thus, Plaintiffs' action against Iran was not "before the courts in any form" as of January 28, 2008.  Therefore section 1605A is inapplicable.  *See Blais v. Islamic Republic of Iran*, 567 F. Supp. 2d 143, 144 (D.D.C. 2008) (finding section 1605A inapplicable to case where final judgment had been entered in 2006); *Holland v. Islamic Republic of Iran*, 545 F. Supp. 2d 120, 121 (D.D.C. 2008) (same).

1  Based on the admissible evidence before the Court, Plaintiffs have failed to meet their burden.[2]
2  Therefore, the Court finds that it lacks jurisdiction to order the requested assignment.

3  Moreover, even if an exception to sovereign immunity were applicable here, the FSIA
4  provides that personal jurisdiction over a non-immune sovereign exists only where service has
5  been accomplished pursuant to section 1608.  *See* 28 U.S.C. § 1608; *see also Kirschenbaum*,
6  572 F. Supp. 2d at 209.  It is not clear that Plaintiffs have complied with the service
7  requirements set forth in 28 U.S.C. § 1608.  The Court finds that Plaintiffs' apparent failure to
8  serve pursuant to the statutory requirements provides an independent reason to deny Plaintiffs'
9  motion for an order compelling assignment of rights involving CMA CGM.  The Court
10  therefore REJECTS the Report and DENIES Plaintiffs' motion for an order compelling
11  assignment of rights involving CMA CGM.

12  **IT IS SO ORDERED.**

14  Dated: November 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Judge Zimmerman's rulings on the evidentiary objections to the Cook Declaration, much of Plaintiffs' evidence in support of their motion is inadmissible. Moreover, even if the Court were to consider all of Plaintiffs' evidence, Plaintiff has not submitted *any* evidence to demonstrate the existence of specific property owned by the Islamic Republic of Iran that is or was used for commercial purposes in the United States.

4