**WHITE & CASE LLP**

Francis A. Vasquez, Jr. (*pro hac vice*)
Frank Panopoulos (*pro hac vice*)
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:   (202) 639-9355
fvasquez@whitecase.com
fpanopoulos@whitecase.com

Mark F. Lambert (State Bar No. 197410)
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0347
Facsimile:  (650) 213-8158
mlambert@whitecase.com

*Attorneys for Clearstream Banking, S.A.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>Defendants. | Case No. 08-MC-80030-JSW (BZ)<br><br>CLEARSTREAM BANKING S.A.'S OBJECTION TO THE COURT'S JURISDICTION OVER ITS OMNIBUS ACCOUNT<br><br>Date:  December 19, 2008<br><br>Time:  9:00 a.m.<br><br>Place: Courtroom 2 (17th Floor) |

Clearstream Banking S.A. ("Clearstream"), a Luxembourg corporation that is both a bank and international securities settlement system, has not appeared, and is not by this objection appearing, in this action.  Clearstream is a non-party garnishee in a proceeding Plaintiffs commenced in the U.S. District Court for the Southern District of New York to enforce their judgment, captioned *Peterson, et al. v. Islamic Republic of Iran, et al.*, Case. No. 18 Misc. 302 (BSJ).  Plaintiffs' have moved before this Court for the appointment of a receiver under the pretext of the existence of certain accounts that are subject to a Protective Order issued on June 11, 2008 by Chief Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia.[1]  Those accounts concern certain securities accounts sub-custodized in an Omnibus Account that Clearstream maintains with Citibank N.A. ("Citibank") in New York City, and which are restrained in the Southern District of New York pending litigation there.

This Court does not have any jurisdiction over Clearstream's accounts and Clearstream respectfully objects to the exercise of any such jurisdiction or authority over its accounts by this Court in conjunction with Plaintiffs' motion requesting a receiver.  *To be very clear*, Clearstream is not objecting to, or taking any position regarding, Plaintiffs' motion or seeking any affirmative relief from this Court; Clearstream is simply lodging an objection to the potential exercise of any jurisdiction by the Court over its accounts.  Clearstream makes this objection without waiving, and specifically preserving, all of its and its property's rights and jurisdictional defenses.  In support of this objection, Clearstream states the following by way of background for the Court's benefit:

On June 13, 2008, Plaintiffs restrained entitlements in certain securities held in Clearstream's Omnibus Account. At the request of Clearstream and Citibank, a hearing was held before Judge John G. Koeltl of the U.S. District Court for the Southern District of New York on June 27, 2008, to lift and/or modify the restraint.  Because the testimony at the hearing concerned Confidential Material

---

[1] *See* Notice of Motion and Motion for Appointment of Receivers Under FRCP 69(a) and Under C.C.P. § 708.620 [Doc. 194] at 2; Motion for Appointment of Receivers Under FRCP 69(a) and Under C.C.P. § 708.620 [Doc. 194-2] at 2; Memorandum of Points and Authorities in Support of Motion for Appointment of Receivers Under FRCP 69(a) and Under C.C.P. § 708.620 [Doc. 194-3] at 2; Declaration of David J. Cook, Esq. in Support of Motion for Appointment of Receivers Under FRCP 69(a) and Under C.C.P. § 708.620 [Doc. 194-4] at 1.  A copy of the Protective Order is attached as Exhibit B to the Cook Declaration [Doc. 194-4].

subject to Judge Lamberth's June 11, 2008, Protective Order, the hearing and documents were placed under seal. At the conclusion of that hearing, restraints were vacated on two accounts. The remaining restraints were kept in place pending further proceedings, including determination of the underlying ownership interest in them. A copy of Judge Koeltl's June 27, 2008 Final Order concerning the hearing is attached as Exhibit 1.

Presently before the Southern District of New York is Clearstream's motion to vacate the remaining restraints pursuant to N.Y. Civil Practice Law and Rules § 5201, N.Y. Uniform Commercial Code § 8-112, and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611.

3. The accounts at issue are restrained in the Southern District of New York and not in this district, which has no jurisdiction over those accounts.

4. The Court should be aware that Plaintiffs already have made two prior applications for a receiver. On July 7, 2008, Judge Lamberth denied Plaintiffs' motion for a receiver. *See* July 7, 2008, J. Lamberth Order, attached as Exhibit 2. Presently before Judge Jones is another application for a receiver under New York law. That application is still pending. With respect to that application, Plaintiffs' counsel represented to Judge Jones at a hearing held on November 25, 2008, that the appointment of a receiver was not Plaintiffs' preferred method of proceeding in collecting on their judgment, and "not the best" relief the court could afford Plaintiffs.

Dated: December 1, 2008

Respectfully submitted,

**WHITE & CASE** LLP
Francis A. Vasquez, Jr.
Frank Panopoulos
Mark F. Lambert


/s/ Mark F. Lambert
  Mark F. Lambert
  *Attorneys for Clearstream Banking, S.A.*

-2- CLEARSTREAM BANKING S.A.'S OBJECTION TO THE COURT'S JURISDICTION OVER ITS OMNIBUS ACCOUNT
CASE NO. 08-MC-80030-JSW (BZ)