DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER VACATING ORDER TO SHOW CAUSE HEARING TENTATIVELY SCHEDULED FOR DECEMBER 17, 2008 & REQUESTING SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 195) <br><br> Courtroom: 2, 17th Floor <br> Judge: Jeffrey S. White |

## I. INTRODUCTION.

Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs") responds to the order of 11/18/2008, in which the court has requested supplemental briefing as to the following two issues:

1. Whether this hearing should be postponed pending a ruling by Judge White on the jurisdictional objections CMA CGM has made; and

2. Whether this court must have personal jurisdiction over a party before it can issue an order mandating compliance with discovery requests or imposing sanctions. (Docket #195, p. 2, ll. 11.)

Plaintiffs address each issue as follows:

After 11/18/08, the Honorable Jeffrey S. White, Judge of the United States District Court, issued an order essentially upholding all of CMA CGM's jurisdictional objections, a copy of the order is attached hereto marked *Exhibit "A"* and incorporated by reference. The summary of the order is that Judge White rejected Magistrate Judge Bernard Zimmerman's recommendation, and ruled adversely on the pending notice of motion and motion for assignment of rights (shipping lines and bunker fuel oil) (Docket # 203). The court held, among other rulings, that the property which Plaintiffs sought to seize was outside the reach of accessible property based upon Section 1610. See court's ruling, page 2, lines 23-25. Plaintiffs respectfully disagree with the court's ruling, and are planning to appeal the ruling.

In light of Judge White's ruling, the issue is whether or not this court has continuing jurisdiction by which to entertain the current motion to compel discovery under FRCP 69(a)(1) and under C.C.P. § 708.510, C.C.P. § 708.020 and C.C.P. § 708.030. The more precise issue is whether this court has jurisdiction by which to adjudicate a pending post-judgment discovery motion and enter sanctions, by way of payment of money or contempt, when the foreign entity might be "immune" from levy and execution based upon the apparent limitations under 28 U.S.C. § 1610(a). However, Plaintiffs dispute this contention and intends to appeal Judge White's ruling, and assert that this judgment is entitled to the benefit of 28 U.S.C. § 1605A. However, for purposes of analysis only, and without conceding the limitations of levy and execution, the issue is whether or not the court can entertain a discovery motion against an entity who asserts or claims immunity from levy and execution under the Foreign Sovereign Immunities Act ("FSIA").

The answer to this inquiry is found in the case entitle *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), in which the Ninth Circuit held that a creditor is entitled to the benefits of post-judgment discovery, even though the foreign sovereign may be immune from levy and execution, in the context of post-judgment proceedings. The court stated at pages 1477-1478 as follows:

"Beijing objects that requiring either course of action would violate its "immunity" from execution under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(b). Beijing misreads that provision. Section 1610 provides for the execution of judgments against foreign sovereigns. It is true that section 1610 does not empower United States courts to levy on assets located outside the United States. That provision merely limits the power of United States courts, however; it does not vest in Beijing a "right" not to pay a valid judgment against it. See Frolova v. Union of Soviet Socialist Republics, 558 F.Supp. 358, 361 (N.D.Ill.1983) (purpose of section 1610 is to provide a remedy against foreign states who fail to pay judgments against them), aff'd, 761 F.2d 370 (7th Cir.1985). TFC can seek to execute the judgment in whatever foreign courts have jurisdiction over Beijing's assets, see Nippon Emo-Trans Co. v. Emo-Trans, Inc., 744 F.Supp. 1215, 1218 (E.D.N.Y.1990), but TFC needs discovery in order to determine which courts those are. Beijing may be able as a practical matter to conceal its assets from the district court and therefore avoid execution of TFC's judgment, but it has no right to do so, and it certainly has no right to avail itself of the United States judicial system for purposes of appeal while at the same time seeking to evade the judgments of that judicial system.

This case is dispositive in permitting the trial court by which to entertain post-judgment discovery and the potential of sanctions, even though purportedly the assets of the sovereign may be free, on certain grounds, of levy and execution. Needless to say, in ***Richmark Corp. v. Timber Falling Consultants, supra***, the foreign sovereign (Beijing Ever Bright Industrial Company, which was deemed to be an agency or instrumentality of The People's Republic of China) had appeared in the action and was in the midst of an appeal from an adverse ruling. Moreover, the foreign sovereign sought to affirmatively avail itself of potential defenses through the appellate process. The court permitted the use of discovery, even in the face of clear acknowledgment that a U.S. Court would not have the jurisdictional reach for purposes of actual enforcement of the judgment. In fact, the Ninth Circuit upheld in part the consent citation (page 1482) and the monetary sanctions. This case is "on all fours" to Plaintiffs' current request in that Plaintiffs seek discovery from Iran demonstrating the nature and extent of its assets, notwithstanding, and without conceding, sovereign immunity as to some assets. Plaintiffs argue before this court that the court has jurisdiction to compel discovery, even though the subject matter of the discovery might or might not be assets which would be subject to levy and execution under the jurisdiction of this court.[1]

---

[1] Under ***Richmark Corp. v. Timber Falling Consultants, supra***, the breadth of the court's ruling permitted discovery, even as to assets which might be located outside the United States. The fact that Iran, e.g., has not appeared, is not determinative from a jurisdictional point of view.

While not necessarily raised by the court, Plaintiffs do not see any type of order as necessarily futile. If Plaintiffs are able to achieve an order compelling discovery and any type of ensuing consequences, the end result might be to compel Iran to appear and participate, which is precisely the outcome in the proceedings before the Honorable Blanche M. Manning, in the action entitled *Jenny Rubin v. Islamic Republic of Iran*, Case No. 03-CV-9370, United States District Court, Northern District of Illinois.

Accordingly, even though Judge White upheld various jurisdictional objections, nonetheless, these Plaintiffs are entitled to the benefits of post-judgment discovery, as permitted in *Richmark Corp. v. Timber Falling Consultants, supra.*

## II. PERSONAL JURISDICTION.

This court has personal jurisdiction over Islamic Republic of Iran ("Iran") as this case has been registered under 28 U.S.C. § 1963. A judgment which is registered has the same force and effect had this court been the original trial court rendering this judgment.

In the underlying proceeding entitled **Deborah D. PETERSON, Personal Representative of the Estate of James C. Knipple, et al. v. The ISLAMIC REPUBLIC OF IRAN, et al.**, 264 F.Supp.2d 46 (D.D.C. 2003) Nos. CIV.A. 01-2094(RCL), CIV.A. 01-2684(RCL), United States District Court, District of Columbia, pending before Chief Judge Lamberth, clearly found personal jurisdiction, as follows:

> "5. 28 U.S.C. § 1605(a)(7) provides for personal jurisdiction over foreign state sponsors of terrorism. As this Court has noted in a previous case involving the government of Iran, "[because] international terrorism is subject to universal jurisdiction. Defendants had adequate notice that their actions were wrongful and susceptible to adjudication in the United States." *Flatow*, 999 F.Supp. at 14 (citing Eric S. Kobrick, *The Ex Post Facto Prohibition and the Exercise of Universal Jurisdiction over International Crimes*, 87 COLUM. L. REV. 1515, 1528-30 (1987)); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 88-89 (D.C.Cir.2002) ( "In enacting [28 U.S.C. § 1605(a)(7) ], Congress sought to create a judicial forum for compensating the victims of terrorism, and in so doing to punish foreign states who have committed or sponsored such acts and deter them from doing so in the future.")
>
> 6. Applying the above-mentioned law, this Court concludes that it possesses personal jurisdiction over the defendants in these actions, the Islamic Republic of Iran and the Iranian Ministry of Information and Security." (P. 60)

The court always maintains jurisdiction over the judgment debtor. See **FREDRIC**

*GOLDMAN v. ORENTHAL JAMES SIMPSON*, 160 Cal.App.4th 255, B200082, ___ Cal.Rptr. 3 ___(Cal.App.2 Dist. 2008); and *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, in which the court stated:

> "The focus of Thomas' argument is that his suit to extend liability for payment of the ERISA judgment from Tru-Tech to Peacock fell under the District Court's ancillary enforcement jurisdiction. We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Riggs v. Johnson County*, 6 Wall. 166, 187 (1868). In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments— including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances. See, e. g., *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S., at 834, n. 10 (garnishment); *Swift & Co. Packers v. Compania Colombiana Del Caribe, S. A.*, 339 U.S. 684, 690-692 (1950) (prejudgment attachment of property); *Dewey v. West Fairmont Gas Coal Co.*, 123 U.S. 329, 332-333 (1887) (prejudgment voidance of fraudulent transfers); *Labette County Comm'rs v. United States ex rel. Moulton*, 112 U.S. 217, 221-225 (1884) (mandamus to compel public officials in their official capacity to levy tax to enforce judgment against township); *Krippendorf v. Hyde*, 110 U.S. 276, 282-285(1884) (prejudgment dispute over attached property); *Riggs, supra,* at 187-188 (mandamus to compel public officials in their official capacity to levy tax to enforce judgment against county).[6]" (p. 356)

As Iran is a judgment debtor, this court always has jurisdiction by which to permit enforcement of the judgment under FRCP 69. Chief Judge Lamberth already ruled that Iran is subject to the jurisdiction of the court in the underlying judgment itself. Therefore, this court does have the jurisdiction over Iran to issue an order.

### III. SUMMARY.

Under *Richmark Corp. v. Timber Falling Consultants*, Plaintiffs have available to them the right of ongoing and active discovery, notwithstanding Judge White's order as to the issue of jurisdictional barriers in reaching assets which are located outside the United States.

Plaintiffs similarly are entitled to proceed as the court has personal jurisdiction over Iran.

DATED: December 2, 2008

COOK COLLECTION ATTORNEYS
By: ___/s/ David J. Cook___
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.

F:\USERS\DJCNEW\petersonsf.briefing

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER VACATING ORDER TO SHOW CAUSE HEARING TENTATIVELY SCHEDULED FOR DECEMBER 17, 2008 & REQUESTING SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 195) - CASE NO. 3:08-mc-80030-JSW (BZ)                                                                       5

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBORAH D. PETERSON, et al.,

    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

    Defendants.

No. C 08-80030-MISC JSW

ORDER REJECTING REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN ORDER COMPELLING ASSIGNMENT OF RIGHTS INVOLVING CMA CGM

---

This matter comes before the Court upon consideration of Magistrate Judge Zimmerman's Report and Recommendation re: Plaintiffs' motion for an order compelling assignment of rights involving CMA CGM. In his Report and Recommendation, Magistrate Judge Zimmerman recommends that this Court grant Plaintiffs' motion for assignment of rights, but limit the assignment in certain respects. Judge Zimmerman recommends that the assignment be limited to property in the United States that was used for commercial activity, that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment, and that the assignment be limited to existing payment rights. Both Plaintiffs and non-party CMA CGM have filed objections and motions for *de novo* review of the Report. The motions are fully briefed and ripe for decision. The Court finds these motions suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 19, 2008 is VACATED.

A

For the reasons set forth in the remainder of this Order, the Court REJECTS Magistrate Judge Zimmerman's Report. CMA CGM raises concerns about Iran's sovereign immunity. In his Report, Judge Zimmerman held that any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM and thus does not decide this issue. However, the absence of sovereign immunity is a prerequisite to subject matter jurisdiction. Therefore, the Court has an obligation to examine this issue, even where Iran has not appeared to assert it. *See Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 373 (7th Cir. 1985) ("Because the absence of sovereign immunity is a prerequisite to subject matter jurisdiction, the question of immunity must be considered by a district court even though the foreign country whose immunity is at issue has not entered an appearance."); *see also See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 n. 20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the [FSIA].").

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1601-11 ("FSIA") provides "the sole basis for jurisdiction over foreign sovereigns in the United States." *Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200, 209 (D.D.C. 2008) (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). The exceptions to immunity from execution and attachment of property under the FSIA are contained in sections 1610 and 1611. *See* 28 U.S.C. §§ 1609-1611; *see also Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1094 (1990); *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, *5 (N.D. Ill. Jan. 18, 2008) (noting that "a plaintiffs ability to obtain a judgment does not necessarily entail the right to enforce that judgment; in some cases, the FSIA may creat a right without a remedy"). Pursuant to section 1610, only property located in the United States of a foreign state and that is or was used for commercial purposes is exempt from sovereign immunity for attachment or execution. *See* 28 U.S.C. § 1610.[1]

---

[1] Plaintiffs' reliance on 28 U.S.C. §§ 1605A and 1610(g)(1) to reach property outside of the United States is misplaced. Even to the extent Plaintiffs construction of this statute were correct, which appears doubtful, these provisions are inapplicable to Plaintiffs' action. The National Defense Authorization Act for the Fiscal Year 2008 ("NDAA"), Pub.L No.

Plaintiffs bear the burden to demonstrate the existence of specific property for attachment and that sovereign immunity as to such property has been waived. *See Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 749-50 (7th Cir. 2007). As the court in *Auotech* explained:

> First is the question whether [the plaintff] identified any specific property on which it wished to execute its judgment. The FSIA says that immunity from execution is waived only for specific "*property*." As a result, in order to determine whether immunity from execution or attachment has been waived, the plaintiff must identify specific property upon which it is trying to act. ... A court cannot give a party a blank check when a foreign sovereign is involved.... The only way the court can decide whether it is proper to issue the writ is if it knows which property is targeted.

*Id.* at 750 (internal citation omitted) (emphasis in original); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) ("the *sine qua non* of basing jurisdiction on a defendant's assets in the forum is the identification of some asset"); *cf Chuidian*, 218 Cal. App. 3d at 1099 (holding that a court may only compel a debtor to assign rights under California Code of Civil Procedure 708.510 that a creditor may legally execute upon in satisfaction of the judgment). Thus, Plaintiffs must demonstrate that specific property of the judgement debtor that is or was used for commercial purposes exists in the United States.

---

110-181, 122 Stat. 3, enacted into law on January 28, 2008, revised the FSIA terrorism exception to sovereign immunity by repealing section 1605(a)(7) and replacing it with a new section codified at section 1605A and adding section 1610(g). However, section 1083(c) of the NDAA provides that amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure. Judgment was entered on September 7, 2007 and, thus, Plaintiffs' action against Iran was not "before the courts in any form" as of January 28, 2008. Therefore section 1605A is inapplicable. *See Blais v. Islamic Republic of Iran*, 567 F. Supp. 2d 143, 144 (D.D.C. 2008) (finding section 1605A inapplicable to case where final judgment had been entered in 2006); *Holland v. Islamic Republic of Iran*, 545 F. Supp. 2d 120, 121 (D.D.C. 2008) (same).

3

Based on the admissible evidence before the Court, Plaintiffs have failed to meet their burden.[2] Therefore, the Court finds that it lacks jurisdiction to order the requested assignment.

Moreover, even if an exception to sovereign immunity were applicable here, the FSIA provides that personal jurisdiction over a non-immune sovereign exists only where service has been accomplished pursuant to section 1608. *See* 28 U.S.C. § 1608; *see also Kirschenbaum*, 572 F. Supp. 2d at 209. It is not clear that Plaintiffs have complied with the service requirements set forth in 28 U.S.C. § 1608. The Court finds that Plaintiffs' apparent failure to serve pursuant to the statutory requirements provides an independent reason to deny Plaintiffs' motion for an order compelling assignment of rights involving CMA CGM. The Court therefore REJECTS the Report and DENIES Plaintiffs' motion for an order compelling assignment of rights involving CMA CGM.

**IT IS SO ORDERED.**

Dated: November 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Judge Zimmerman's rulings on the evidentiary objections to the Cook Declaration, much of Plaintiffs' evidence in support of their motion is inadmissible. Moreover, even if the Court were to consider all of Plaintiffs' evidence, Plaintiff has not submitted *any* evidence to demonstrate the existence of specific property owned by the Islamic Republic of Iran that is or was used for commercial purposes in the United States.

4

## PROOF OF SERVICE

HIS EXCELLENCY AYATOLLAH SAYED
'ALI KHAMENEI
THE OFFICE OF THE SUPREME
LEADER
Islamic Republic Street
Shahid Keshvar Doust Street
Tehran, Islamic Republic of Iran

HIS EXCELLENCY MAHMOUD
AHMADINEJAD THE PRESIDENT
Palestine Avenue
Azerbaijan Intersection
Tehran, Islamic Republic of Iran

ISLAMIC REPUBLIC OF IRAN
Pasadaran Avenue Golestan Yekom
Teheran, Iran ATTN: President Mahmoud
Ahmadinejad or Responsible Officer or
Agent for Service of Process

ISLAMIC REPUBLIC OF IRAN
acting through its MINISTRY OF DEFENSE
AND SUPPORT FOR ARMED FORCES
No. 1 Shahid Kaboli Street Beginning of
Resalat Highway Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: President Mahmoud Ahmadinejad or
Responsible Officer or Agent for Service of
Process

ISLAMIC REPUBLIC OF IRAN
Khomeini Avenue
United Nations Street
Teheran, Iran ATTN: President Mahmoud
Ahmadinejad or Responsible Officer or
Agent for Service of Process

Director, Human Rights Headquarters of Iran
HIS EXCELLENCY MOHAMMAD
JAVAD LARIJANI
c/o Office of the Deputy for International
Affairs Ministry of Justice
Ministry of Justice Building
Panzdah-Khordad (Ark) Square
Tehran, Islamic Republic of Iran

Minister of Intelligence
GHOLAM HOSSEIN MOHSENI EJEIE
MINISTRY OF INTELLIGENCE
Second Negarestan Street
Pasdaran Avenue
Tehran, Islamic Republic of Iran

Head of the Judiciary
AYATOLLAH MAHMOUD HASHEMI
SHAHROUDI Howzeh Riyasat-e Qoveh
Qazaiyeh Office of the Head of the Judiciary
Pasteur Street, Vali Asr Avenue
South of Serah-e Jomhouri
Tehran 1316814737
Islamic Republic of Iran

VINCENT M. GARVEY
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044-0883

JACQUELINE COLEMAN SNEAD
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Avenue NW,
Room 7340 (Courier)
Washington, D.C. 20001
P.O. Box 883
Washington, D.C. 20044

ATTORNEY GENERAL'S OFFICE
US DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
ATTN: MICHAEL B. MUKASEY

DEPARTMENT OF TREASURY
OFFICE OF FOREIGN ASSETS CONTROL
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Attn: TREASURY SECRETARY
       HENRY M. PAULSON, JR.

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER VACATING ORDER TO SHOW CAUSE HEARING TENTATIVELY SCHEDULED FOR DECEMBER 17, 2008 & REQUESITN SUPUPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 195)

on the above-named person(s) by:

___XXX___ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2008.

                                          /s/ Karene Jen
                                             Karene Jen