DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> *EXHIBIT "A"* TO DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR ORDER PERMITTING FILING OF SEALED DOCUMENTS PURSUANT TO LOCAL RULE 79-5(a) <br><br> Date: December 19, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2, 17th Floor <br> Judge: Jeffrey S. White |

I, DAVID J. COOK, hereby declare and state as follows:

1. I am one of the attorneys of record for Plaintiffs in the above-entitled action, am duly authorized to practice before all courts in the State of California, and am familiar with the facts and circumstances in this action.

2. Plaintiffs served upon the Office of Foreign Asset Control of the Department of Treasury a subpoena requesting the production of certain information pertaining and relating to the assets of The Islamic Republic of Iran ("Iran"). Pursuant thereto, the Department of Justice on behalf of the Department of Treasury, Office of Foreign Asset Control, sought and obtained a protective order in the action entitled *Peterson v. The Islamic Republic of Iran,* United States District Court, District of Columbia, Consolidated Civil Actions 01-2094 (RCL) and 01-2684

1  (RCL) entered dated 6/11/08, a "complete" true and correct copy of which is attached hereto
2  marked *Exhibit "A"*. Pursuant to the protective order of 6/11/08, Declarant received certain
3  confidential information which relate to certain assets of Iran, principally consisting of "accounts"
4  which are more particularly described in the pending notice of motion and motion for appointment
5  of receiver.

6      3. To enable the court by which to adjudicate the motion for appointment of receiver and
7  determine the nature and extent of the assets, and each of the same, which are subject thereto,
8  Declarant seeks the issuance of an order permitting the filing, under seal, of the confidential
9  information as set forth therein.

10      I declare under penalty of perjury that the foregoing is true and correct.
11      Executed on December 9, 2008.

13                                                     /s/ David J. Cook
                                                 DAVID J. COOK, ESQ. (SB# 060859)

15  F:\USERS\DJCNEW\petersonsf.appdocs

*EXHIBIT "A"* TO DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR ORDER PERMITTING FILING OF SEALED DOCUMENTS PURSUANT TO LOCAL RULE 79-5(a) - CASE NO. 3:08-mc-80030-JSW (BZ)     1

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 01-2094 (RCL) |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| STEVEN GREENBAUM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 02-2148 (RCL) |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Based upon the Court's consideration of this matter, including the Rule 45 Third-Party subpoenas issued by plaintiffs in the above-referenced cases, and the Department of the Treasury's Office of Foreign Assets Control's ("OFAC") Unopposed Emergency Motion concerning those subpoenas (Docket No. 325), it is hereby ordered that:

1.      OFAC is authorized, pursuant to the terms set forth herein, to disclose information responsive to the subpoenas issued by the plaintiffs in the above-referenced cases on February 27, 2008, and March 10, 2008.

A

2. All information produced in response to the Subpoena, and any portion thereof, is to be deemed confidential ("Confidential Information"), unless plaintiffs are otherwise advised by OFAC.

3. Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the above-captioned matters ("the Greenbaum/Peterson Litigation"), pursuant to procedures authorized by law, and for no other purpose.

4. No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties to the Greenbaum/Peterson Litigation and OFAC in writing, or by order of the Court.

5. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

>   a. the attorneys (including their paralegal, clerical, or other assistants) for parties to the Greenbaum/Peterson Litigation or in any proceedings incident to efforts to collect on the judgments entered therein who have a need therefore in connection with said proceedings;
>
>   b. the courts and their support personnel in the Greenbaum/Peterson Litigation and in any proceedings incident to efforts to collect on the judgments entered therein;
>
>   c. persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation or those holding assets identified in the Confidential Information;
>
>   d. local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation; and
>
>   e. any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation, pursuant to procedures authorized by law.

6. To the extent that Confidential Information is disclosed to persons as described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the judgments or that relate to the specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(e) above shall be provided with a copy of this Protective Order and restricted to using Confidential Information only for purposes directly related to the satisfaction of judgments issued in the Greenbaum/Peterson Litigation and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7. Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(e) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraph 5(e).

8. The termination of the Greenbaum/Peterson Litigation or any proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

9. All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the judgments entered in the Greenbaum/Peterson Litigation by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11. The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12. Entry of this Order constitutes only a determination that OFAC is authorized to disclose information as provided herein under the Trade Secrets Act. Entry of this Order does not constitute a determination as to any right, privilege, or immunity OFAC may have with respect to plaintiffs' subpoenas, or as to any objection(s) OFAC may have to plaintiffs' subpoenas. OFAC's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity OFAC may have with respect to such information.

13. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized or allowed by law.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 11, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH D. PETERSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants. ) | Civil Action No. 01-2094 (RCL) |
| STEVEN GREENBAUM, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants. ) | Civil Action No. 02-2148 (RCL) |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned actions, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____
[signature]

_____
[print name]

DATED: _____

## PROOF OF SERVICE

| | |
|---|---|
| HIS EXCELLENCY AYATOLLAH SAYED 'ALI KHAMENEI<br>THE OFFICE OF THE SUPREME LEADER<br>Islamic Republic Street<br>Shahid Keshvar Doust Street<br>Tehran, Islamic Republic of Iran | Minister of Intelligence<br>GHOLAM HOSSEIN MOHSENI EJEIE<br>MINISTRY OF INTELLIGENCE<br>Second Negarestan Street<br>Pasdaran Avenue<br>Tehran, Islamic Republic of Iran |
| HIS EXCELLENCY MAHMOUD AHMADINEJAD THE PRESIDENT<br>Palestine Avenue<br>Azerbaijan Intersection<br>Tehran, Islamic Republic of Iran | Head of the Judiciary<br>AYATOLLAH MAHMOUD HASHEMI SHAHROUDI<br>Howzeh Riyasat-e Qoveh Qazaiyeh<br>Office of the Head of the Judiciary<br>Pasteur Street, Vali Asr Avenue<br>South of Serah-e Jomhouri<br>Tehran 1316814737<br>Islamic Republic of Iran |
| ISLAMIC REPUBLIC OF IRAN<br>Pasadaran Avenue<br>Golestan Yekom<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | VINCENT M. GARVEY<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044-0883 |
| ISLAMIC REPUBLIC OF IRAN<br>acting through its MINISTRY OF DEFENSE AND SUPPORT FOR ARMED FORCES<br>No. 1 Shahid Kaboli Street<br>Beginning of Resalat Highway<br>Seyyed Khandan Bridge<br>P.O. Box 16765-1479<br>Tehran, Iran<br>Attn: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | JACQUELINE COLEMAN SNEAD<br>Trial Attorney, Federal Programs Branch<br>Civil Division<br>20 Massachusetts Avenue NW,<br>Room 7340 (Courier)<br>Washington, D.C. 20001<br>P.O. Box 883<br>Washington, D.C. 20044 |
| ISLAMIC REPUBLIC OF IRAN<br>Khomeini Avenue<br>United Nations Street<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | ATTORNEY GENERAL'S OFFICE<br>US DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br>ATTN: MICHAEL B. MUKASEY |
| Director, Human Rights Headquarters of Iran<br>HIS EXCELLENCY MOHAMMAD JAVAD LARIJANI<br>c/o Office of the Deputy for International Affairs<br>Ministry of Justice<br>Ministry of Justice Building<br>Panzdah-Khordad (Ark) Square<br>Tehran, Islamic Republic of Iran | DEPARTMENT OF TREASURY<br>OFFICE OF FOREIGN ASSETS CONTROL<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br>Attn: TREASURY SECRETARY HENRY M. PAULSON, JR.<br><br>FRANCIS A. VASQUEZ, JR.<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, D.C. 20005 |

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

*EXHIBIT "A"* TO DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR ORDER PERMITTING FILING OF SEALED DOCUMENTS PURSANT TO LOCAL RULE 79-5(a)

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2008.

/s/ Karene Jen
Karene Jen