UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH D. PETERSON, )
Personal Representative of )
the Estate of James C. ) No. 08-80030 MISC JSW (BZ)
Knipple (Dec.), et al., )
  )
    Plaintiff(s), )
  ) **ORDER COMPELLING DISCOVERY**
  v. )
  )
ISLAMIC REPUBLIC OF IRAN, )
et al., )
  )
    Defendant(s). )

    Plaintiffs have moved to compel Iran to answer interrogatories and produce documents in response to discovery requests they had earlier propounded.

    While there is language in Judge White's Order rejecting an earlier report and recommendation which may be read as holding that this court has no jurisdiction over Iran, I read the Order more narrowly as holding that because plaintiffs had failed to establish that the assets they were seeking to have assigned were not immune from execution, there was no jurisdiction to issue the proposed assignment order. In

1

granting plaintiffs a default judgment, Judge Lamberth found that there was jurisdiction over Iran, that it was not immune and that it had properly been served. <u>Peterson v. Islamic Republic of Iran</u>, 264 F.Supp.2d 46, 48, 59-60 (D.D.C. 2003). Moreover, Judge Lamberth has continued to exercise jurisdiction over ancillary proceedings after the repeal of § 1605(a)(7) and the other recent FSIA amendments.  Because the proceedings in this court are merely ancillary proceedings in aid of efforts to execute on the judgment that Judge Lamberth issued, such jurisdiction continues.  *See* <u>Peacock v. Thomas</u>, 516 U.S. 349, 355-56 (1996).  Furthermore, the Ninth Circuit has ruled a judgment creditor is entitled to discovery to help locate assets that may not be immune from execution.  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1477-1478 (9th Cir. 1992).

Judge White's Order also questions whether "Plaintiffs have complied with the service requirements set forth in 28 U.S.C. § 1608."  I read § 1608 as setting forth the requirements for service of summons and complaint.  Once again, Judge Lamberth has found that Iran was properly served with process.  Once a party defaults, F.R. Civ. P. 5(a)(2) does not require further service on defaulting party and Rule 5(b)(2)(C) permits service by mail.  The California statutes which provide for post-judgment discovery against a judgment debtor do not require that the debtor be personally served with the discovery.  Rather, the statutes state that discovery shall be taken in the same manner as discovery in an ordinary case, which is satisfied with service by mail.  *See* <u>Frates v.</u>

2

1  <u>Treder</u>, 249 Cal. App. 2d 199, 201 (1967).  Here, plaintiffs
2  have been serving Iran by mail, which I deem adequate under
3  the circumstances at least for purposes of taking discovery.
4      **IT IS THEREFORE ORDERED** that by no later than **January 30,**
5  **2009**, Iran shall answer the post-judgment interrogatories and
6  produce the requested documents, except that Iran need not
7  provide discovery with respect to any asset which is valued at
8  less than $10,000.  All objections to the propounded discovery
9  are deemed **WAIVED**.  Plaintiffs' request for sanctions is
10 **DENIED** without prejudice to being renewed if Iran does not
11 answer.
12 Dated: December 17, 2008
13                           _____
14                             Bernard Zimmerman
                          United States Magistrate Judge
15 G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\Order Compelling Discovery FINAL.wpd
16
17
18
19
20
21
22
23
24
25
26
27
28