1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA 94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

**FILED**

DEC 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal        )   CASE NO. 3:08-mc-80030-JSW (BZ)
13 Representative of the Estate of James C. )
   Knipple (Dec.), et al.,               )
14                                        )   NOTICE OF APPEAL AND APPEAL TO
              Plaintiffs,                 )   UNITED STATES COURT OF APPEAL,
15                                        )   NINTH CIRCUIT
   vs.                                    )
16                                        )
   ISLAMIC REPUBLIC OF IRAN, et al.,      )
17                                        )
              Defendants.                 )
18 _____  )

19         TO DEFENDANTS, AND TO EACH OF THE SAME, AND TO ALL OTHER PARTIES

20 IN INTEREST:

21         PLEASE TAKE NOTICE that Plaintiffs DEBORAH D. PETERSON, Personal

22 Representative of the Estate of James C. Knipple (Dec.), et al., will and does hereby appeal to the

23 Court of Appeal, Ninth Circuit, that certain ORDER REJECTING REPORT AND

24 RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN ORDER COMPELLING

25 ASSIGNMENT OF RIGHTS INVOLVING CMA CGM (Docket #203) dated 11/24/08, a true and

26 correct copy which is attached hereto marked *Exhibit "A"* and incorporated by reference as though

27 fully set forth herein.

28 ///

1  DATED: December 19, 2008         COOK COLLECTION ATTORNEYS
2
3                                    By: _____
                                     DAVID J. COOK, ESQ. (SB# 060859)
                                     Attorneys for Plaintiffs
4                                    DEBORAH D. PETERSON, etc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEAL AND APPEAL TO UNITED STATES COURT OF APPEAL, NINTH CIRCUIT
CASE NO. 3:08-mc-80030-JSW (BZ)                                            2

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBORAH D. PETERSON, et al.,

    Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

    Defendants.

No. C 08-80030-MISC JSW

**ORDER REJECTING REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN ORDER COMPELLING ASSIGNMENT OF RIGHTS INVOLVING CMA CGM**

This matter comes before the Court upon consideration of Magistrate Judge Zimmerman's Report and Recommendation re: Plaintiffs' motion for an order compelling assignment of rights involving CMA CGM. In his Report and Recommendation, Magistrate Judge Zimmerman recommends that this Court grant Plaintiffs' motion for assignment of rights, but limit the assignment in certain respects. Judge Zimmerman recommends that the assignment be limited to property in the United States that was used for commercial activity, that only the Islamic Republic of Iran, the judgment debtor, be required to make the assignment, and that the assignment be limited to existing payment rights. Both Plaintiffs and non-party CMA CGM have filed objections and motions for *de novo* review of the Report. The motions are fully briefed and ripe for decision. The Court finds these motions suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 19, 2008 is VACATED.

A

For the reasons set forth in the remainder of this Order, the Court REJECTS Magistrate Judge Zimmerman's Report. CMA CGM raises concerns about Iran's sovereign immunity. In his Report, Judge Zimmerman held that any issue of sovereign immunity would be better raised by Iran than by non-party CMA CGM and thus does not decide this issue. However, the absence of sovereign immunity is a prerequisite to subject matter jurisdiction. Therefore, the Court has an obligation to examine this issue, even where Iran has not appeared to assert it. *See Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 373 (7th Cir. 1985) ("Because the absence of sovereign immunity is a prerequisite to subject matter jurisdiction, the question of immunity must be considered by a district court even though the foreign country whose immunity is at issue has not entered an appearance.); *see also See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 n. 20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the [FSIA].").

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330. 1601-11 ("FSIA") provides "the sole basis for jurisdiction over foreign sovereigns in the United States." *Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200, 209 (D.D.C. 2008) (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). The exceptions to immunity from execution and attachment of property under the FSIA are contained in sections 1610 and 1611. *See* 28 U.S.C. §§ 1609-1611; *see also Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1094 (1990); *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, *5 (N.D. Ill. Jan. 18, 2008) (noting that "a plaintiffs ability to obtain a judgment does not necessarily entail the right to enforce that judgment; in some cases, the FSIA may creat a right without a remedy"). Pursuant to section 1610, only property located in the United States of a foreign state and that is or was used for commercial purposes is exempt from sovereign immunity for attachment or execution. *See* 28 U.S.C. § 1610.[1]

---

[1] Plaintiffs' reliance on 28 U.S.C. §§ 1605A and 1610(g)(1) to reach property outside of the United States is misplaced. Even to the extent Plaintiffs construction of this statute were correct, which appears doubtful, these provisions are inapplicable to Plaintiffs' action. The National Defense Authorization Act for the Fiscal Year 2008 ("NDAA"), Pub.L No.

2

Plaintiffs bear the burden to demonstrate the existence of specific property for attachment and that sovereign immunity as to such property has been waived. *See Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 749-50 (7th Cir. 2007). As the court in *Auotech* explained:

> First is the question whether [the plaintff] identified any specific property on which it wished to execute its judgment. The FSIA says that immunity from execution is waived only for specific "*property.*" As a result, in order to determine whether immunity from execution or attachment has been waived, the plaintiff must identify specific property upon which it is trying to act. ... A court cannot give a party a blank check when a foreign sovereign is involved.... The only way the court can decide whether it is proper to issue the writ is if it knows which property is targeted.

*Id.* at 750 (internal citation omitted) (emphasis in original); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) ("the *sine qua non* of basing jurisdiction on a defendant's assets in the forum is the identification of some asset"); *cf Chuidian*, 218 Cal. App. 3d at 1099 (holding that a court may only compel a debtor to assign rights under California Code of Civil Procedure 708.510 that a creditor may legally execute upon in satisfaction of the judgment). Thus, Plaintiffs must demonstrate that specific property of the judgement debtor that is or was used for commercial purposes exists in the United States.

---

110-181, 122 Stat. 3, enacted into law on January 28, 2008, revised the FSIA terrorism exception to sovereign immunity by repealing section 1605(a)(7) and replacing it with a new section codified at section 1605A and adding section 1610(g). However, section 1083(c) of the NDAA provides that amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure. Judgment was entered on September 7, 2007 and, thus, Plaintiffs' action against Iran was not "before the courts in any form" as of January 28, 2008. Therefore section 1605A is inapplicable. *See Blais v. Islamic Republic of Iran*, 567 F. Supp. 2d 143, 144 (D.D.C. 2008) (finding section 1605A inapplicable to case where final judgment had been entered in 2006); *Holland v. Islamic Republic of Iran*, 545 F. Supp. 2d 120, 121 (D.D.C. 2008) (same).

3

1  Based on the admissible evidence before the Court, Plaintiffs have failed to meet their burden.[2]
2  Therefore, the Court finds that it lacks jurisdiction to order the requested assignment.
3  Moreover, even if an exception to sovereign immunity were applicable here, the FSIA
4  provides that personal jurisdiction over a non-immune sovereign exists only where service has
5  been accomplished pursuant to section 1608. *See* 28 U.S.C. § 1608; *see also Kirschenbaum*,
6  572 F. Supp. 2d at 209. It is not clear that Plaintiffs have complied with the service
7  requirements set forth in 28 U.S.C. § 1608. The Court finds that Plaintiffs' apparent failure to
8  serve pursuant to the statutory requirements provides an independent reason to deny Plaintiffs'
9  motion for an order compelling assignment of rights involving CMA CGM. The Court
10 therefore REJECTS the Report and DENIES Plaintiffs' motion for an order compelling
11 assignment of rights involving CMA CGM.

**IT IS SO ORDERED.**

Dated: November 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Judge Zimmerman's rulings on the evidentiary objections to the Cook Declaration, much of Plaintiffs' evidence in support of their motion is inadmissible. Moreover, even if the Court were to consider all of Plaintiffs' evidence, Plaintiff has not submitted *any* evidence to demonstrate the existence of specific property owned by the Islamic Republic of Iran that is or was used for commercial purposes in the United States.

**PROOF OF SERVICE**

| | |
|---|---|
| HIS EXCELLENCY AYATOLLAH SAYED 'ALI KHAMENEI<br>THE OFFICE OF THE SUPREME LEADER<br>Islamic Republic Street<br>Shahid Keshvar Doust Street<br>Tehran, Islamic Republic of Iran | Minister of Intelligence<br>GHOLAM HOSSEIN MOHSENI EJEIE<br>MINISTRY OF INTELLIGENCE<br>Second Negarestan Street<br>Pasdaran Avenue<br>Tehran, Islamic Republic of Iran |
| HIS EXCELLENCY MAHMOUD AHMADINEJAD THE PRESIDENT<br>Palestine Avenue<br>Azerbaijan Intersection<br>Tehran, Islamic Republic of Iran | Head of the Judiciary<br>AYATOLLAH MAHMOUD HASHEMI SHAHROUDI<br>Howzeh Riyasat-e Qoveh Qazaiyeh<br>Office of the Head of the Judiciary<br>Pasteur Street, Vali Asr Avenue<br>South of Serah-e Jomhouri<br>Tehran 1316814737<br>Islamic Republic of Iran |
| ISLAMIC REPUBLIC OF IRAN<br>Pasadaran Avenue<br>Golestan Yekom<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | MINISTRY OF ROADS AND TRANSPORTATION<br>Attn: MOHAMMED RAHMATI<br>MINISTER OF ROAD AND TRANSPORTATION<br>Taleghani Avenue<br>Tehran, Iran |
| ISLAMIC REPUBLIC OF IRAN<br>acting through its MINISTRY OF DEFENSE AND SUPPORT FOR ARMED FORCES<br>No. 1 Shahid Kaboli Street<br>Beginning of Resalat Highway<br>Seyyed Khandan Bridge<br>P.O. Box 16765-1479<br>Tehran, Iran<br>Attn: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | ALI TAHERI<br>DEPUTY MINISTER AND MANAGING DIRECTOR<br>PORT & SHIPPING ORGANIZATION OF THE ISLAMIC REPUBLIC OF IRAN<br>Building No. 2<br>South Didar Street<br>Shahid Hagnai Expressway, Vanak Square<br>Tehran, Iran |
| ISLAMIC REPUBLIC OF IRAN<br>Khomeini Avenue<br>United Nations Street<br>Teheran, Iran<br>ATTN: President Mahmoud Ahmadinejad or Responsible Officer or Agent for Service of Process | NATIONAL IRANIAN OIL REFINING AND DISTRIBUTION COMPANY<br>Opposite of Arak Alley Ostad Nejatollahi Ave.<br>Zip Code 15989<br>P.O. Box 15815/3499<br>Tehran, Iran<br>ATTN: Responsible Officer or Agent for Service of Process |
| Director, Human Rights Headquarters of Iran<br>HIS EXCELLENCY MOHAMMAD JAVAD LARIJANI<br>c/o Office of the Deputy for International Affairs<br>Ministry of Justice<br>Ministry of Justice Building<br>Panzdah-Khordad (Ark) Square<br>Tehran, Islamic Republic of Iran | MINISTRY OF PETROLEUM OF THE ISLAMIC REPUBLIC OF IRAN<br>HAFEZ CROSSING<br>Taleghani Avenue<br>Tehran, Iran<br>ATTN: Responsible Officer or Agent for Service of Process |

| | |
|---|---|
| 1 | NATIONAL IRANIAN OIL PRODUCTS DISTRIBUTION COMPANY |
| 2 | Bahar St, Somaya Corner<br>Tehran 15617/ 33315 |
| 3 | P.O .Box 6165<br>Tehran |
| 4 | ATTN: Responsible Officer or Agent for Service of Process |
| 5 | |
| 6 | NATIONAL IRANIAN OIL COMPANY<br>Hafez Crossing |
| 7 | Taleghani Avenue<br>Tehran, Iran |
| 8 | ATTN: Responsible Officer or Agent for Service of Process |
| 9 | MATTHEW S. WEILER, ESQ.<br>MORGAN LEWIS & BOCKIUS, LLP |
| 10 | One Market, Spear Street Tower<br>San Francisco, CA 94105 |
| 11 | |
| 12 | I declare: |

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

NOTICE OF APPEAL AND APPEAL TO UNITED STATES COURT OF APPEAL, NINTH CIRCUIT

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2008.

_____
Karene Jen