**DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ. (State Bar # 62386)**
**COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., Plaintiffs, vs. ISLAMIC REPUBLIC OF IRAN, et al., Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES RE ORDER SCHEDULING HEARING ON PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVERS<br><br>[DOCKET #216]<br><br>Date: February 4, 2009<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge: Jeffrey S. White |

COMES NOW Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs"), who hereby submit their supplemental memorandum addressing the issue of whether this court has jurisdiction to appoint a receiver, in view of Judge White's ruling dated 11/24/08, rejecting [my] earlier REPORT AND RECOMMENDATION and in view of Judge Lamberth's order denying Plaintiffs' motion for appointment of a receiver filed 7/7/08 (ORDER SCHEDULING HEARING ON PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVER, page 1, paragraph 2, lines 25-28, page 2, lines 1-4).

## I. DOES THIS COURT HAVE JURISDICTION TO ADJUDICATE THE PENDING MOTION FOR APPOINTMENT OF RECEIVER, IN LIGHT OF JUDGE <u>WHITE'S ORDER OF 11/24/08 (DOCKET # 203)?</u>

In rejecting the Magistrate Judge's recommendation, the District Court independently raised the defense of sovereign immunity by way of the Foreign Sovereignty Immunities Act ("FSIA") on behalf of Iran. (ORDER REJECTING REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN ORDER COMPELLING ASSIGNMENT OF RIGHTS INVOLVING CMA CGM, hereinafter "Order Rejecting." p. 2, ll. 5-6.)

The District Court held specifically at page 2, lines 23-25, as follows:

> "Pursuant to section 1610. only property located in the United States of a foreign state and that is or was used for commercial purposes is exempt from sovereign immunity for attachment or execution. See 28 U.S.C. C.C.P. § 1610.[1] "

The court continued to state that:

> "Plaintiffs bear the burden to demonstrate the existence of specific property for attachment and that sovereign immunity as to such property has been waived. *See Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 749-50 (7th Cir. 2007). As the court in Autotech explained:
>
> First is the question whether [the plaintiff] identified any specific property on which it wished to execute its judgment. The FSIA says that immunity from execution is waived only for specific *"property."* as a result, in order to determine whether immunity from execution or attachment has been waived, the plaintiff must identify specific property upon which it is trying to act. . . . A court cannot give a party a blank check when a foreign sovereign is involved. . . . The only way the court can decide whether it is proper to issue the writ is if it knows which property is targeted" (Order Rejecting. p. 3, ll. 1-9)

The court likewise cited *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.2d 1114, 1127 (9th Cir. 2002), stating. "the *sine qua non* of basing jurisdiction o a defendant's assets in the forum is the identification of some asset" and likewise citing the earlier case of *Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal.App.3d 1058. 1094 (1990).

The District Court found that Plaintiffs must demonstrate that specific property of the judgment debtor that is or was used for commercial purposes exists in the United States. The District Court rejected the Magistrate Judge's report, finding that Plaintiffs "failed to meet their burden . . ." in meeting the requirements of Section 1610 et seq.

The Court also raised various issues relating to 28 U.S.C. § 1608 (see below).

In this specific proceeding for the appointment of a receiver. Plaintiffs have obtained confidential and protected information, which provides the court with specific information identifying assets, consisting of bank accounts, which are ostensibly subject to the jurisdiction of the United States. This information is found in the materials previously provided under seal, and an examination by the Court will indicate that the financial institutions, account holders, obligors, and the like, are ostensibly located in the United States. In fact, the information is extremely specific in identifying the financial institution, and moreover, the third party account holder. While admittedly some of the third party account holders may or may not be subject to the jurisdiction of the United States, nonetheless, the "obligors, financial institutions, or custodians" all appear to be subject to United States jurisdiction. Accordingly, at the first level, Plaintiffs have made out a sufficient case to permit the court to grant such relief, in which the subject matter of the motion appear to be accounts from entities who are apparently subject to United States jurisdiction.

Parenthetically, it is possible that through the process of actual enforcement of the receiver order, that the third parties who are the actual account holders, and accordingly, might or might not have an interest in the actual funds, might ultimately claim some type of independent, jurisdictional immunity. These issues, and all of the same, are independently raised in the event that the receiver attempts to collect from the individual account holders. Any issue in resolving jurisdiction over the "account holders" would be premature.

Section 1610(a) ostensibly limits the reach of enforcement in a District Court to "property in the United States," and moreover, specific property used for a commercial purpose. Funds in an American bank, and ostensibly held for some type of banking purpose, would at least fall within the general definitions of "commercial purposes." This of course would contrast with a non-commercial purpose, such as use of property for political, diplomatic, ambassadorial, or counselor purposes.

While imperfect and subject to further proceedings, therefore, based upon the information at hand, Plaintiffs have made out a sufficient case to show that the accounts which are the subject

of the protective order itself, fall within the general parameters of Section 1610(a).

By this claim, Plaintiffs do not concede, nor adopt, that the underlying judgment is only subject to the confines under 28 U.S.C. § 1605(a)(7), but asserts that the judgment is subject to the benefits of 28 U.S.C. § 1605A. However, for purposes of this memorandum, and specifically an analysis of Judge White's order, that a receivership would even be proper under 28 U.S.C. § 1610(a).

## II. CHIEF JUDGE LAMBERTH'S RULING.

This matter originally arose out of the proceeding in the United States District Court, District of Columbia, entitled *Peterson v. Islamic Republic of Iran*, Case No. 01-2094 (RCL) and 01-2684 (RCL). These Plaintiffs filed on 5/20/08 a MOTION FOR APPOINTMENT OF RECEIVER AS SUPPLEMENTAL REMEDY PURSUANT TO F.R.C.P. 69(a)(1), AND UNDER RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 754 AND 28 U.S.C. § 1692, marked ***Exhibit "A."***[1] Plaintiffs similarly filed a MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF RECEIVER AS SUPPLEMENTAL REMEDY PURSUANT TO F.R.C.P. 69(a)(1), AND UNDER RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 754 AND 28 U.S.C. § 1692, marked ***Exhibit "B."***

The court denied the relief by way of the order dated 7/7/08, marked ***Exhibit "C."***

The current motion is in stark contrast to the motion brought before Judge Lamberth. The motion before Judge Lamberth sought the appointment of a receiver pursuant to paragraph 1 (Docket #286), as follows:

> " 1. For the appointment of a receiver for the purposes of the collection, recovery, and sequestering all of the bank accounts, accounts with any bank, stockbroker, savings and loan, or similar institution, funds held by any bank in any trust or other account, certificates of deposit, time certificates of deposit, lines of credit, letters of credit, credits due Iran, general intangibles owed by any governmental entity, bank, import export bank which are due and payable to Iran from the following listed financial institutions, banks, governmental entities, and third parties as follows:

---

[1] All exhibits are incorporated by reference as though fully set forth in this Memorandum in their entirety and are attached to the Declaration of David J. Cook, Esq. which is filed contemporaneously herein.

JAPAN BANK FOR INTERNATIONAL COOPERATION
THE WORLD BANK
INTERNATIONAL FINANCE CORPORATION
INTERNATIONAL MONETARY FUND
IMPORT EXPORT BANK OF KOREA
IMPORT EXPORT BANK OF INDIA

(hereinafter collectively "LEVIED BANKS") due to and in favor of the Islamic Republic of Iran ("Iran") for purposes of payment of the outstanding judgment in the amount of $2,656,944,877.00 in which funds. monies, credits, deposits, right to payment of money. account deposits are due from the LEVIED BANKS to and on behalf of Iran, and have been the subject of service of writs of attachment on judgment, hereinafter collectively "LEVIED BANK ACCOUNTS."

All of these banks, and each of the same, were "LEVIED BANKS," which were subject to a pre-existing levy under District of Columbia law. These banks are itemized above.

A review of the record indicates that the court denied relief, among other grounds. on the basis that all of these financial institutions were entitled to complete or qualified solid immunity, and accordingly, were neither subject to levy and execution or other process, or alternatively, not subject to the appointment of a receiver, as an alternative, post-judgment. supplemental remedy. The court held, among other reasons, that sovereign immunity protected these financial institutions from levy and execution thereunder.

The starting point is that the subject of the receivership motion were independent entities entitled to their own independent grant of sovereign immunity, creating an independent bar to enforcement separate from any limitations in the enforcement of a judgment against the sovereign judgment debtor, i.e., Iran. This analysis is found in the accompanying MEMORANDUM OPINION is marked ***Exhibit "D."*** The court issued a second MEMORANDUM and ORDER, likewise dated 7/7/08, which specifically deals with the motion for appointment of receiver, marked ***Exhibit "E."*** The court stated as follows:

> Plaintiffs argue that a receiver would "stand in the shoes of Iran" and order the garnishee banks to draw down funds owed to Iran in order to satisfy the judgment. According to plaintiffs' theory. sovereign immunity would be wholly unavailable as a defense to any claim brought by Iran. Otherwise stated, faced with the garnishee banks' assertion of sovereign immunity, plaintiffs seek to use a receiver to do indirectly what they cannot do directly.[10] As this Court has already discussed at length. the FSIA flatly prohibits attachment and execution against property held by foreign states and international organizations. The FSIA makes no exception for attachment sought by a receiver. To be sure, plaintiffs have failed to cite a single decision holding that a United States court has jurisdiction over an action brought by a court-appointed receiver to pursue collection against a foreign sovereign entitled to immunity.[11] Even with a receiver "standing in the shoes of Iran," this Court would still lack jurisdiction over any action by a party acting on behalf of Iran against the garnishee banks to collect funds created out of financial

> transactions that have no nexus to the United States. For all of these reasons, this Court finds that appointment of a receiver to collect assets held by the foreign financial institutions and international organizations involved in the instant motions would be both improper and futile. (Memorandum Opinion, pp. 14-15.)

Chief Judge LAMBERTH denied Plaintiffs' motion for appointment of a receiver, as Chief Judge Lamberth held that the parties (the financial institutions) were immune from enforcement by virtue of their own independent sovereign immunity. The court held that given the lack of jurisdiction over the subject matter of the receivership, that the court had no power to act, and denied the motion. (Memorandum Opinion, pp. 14-15.)

This motion for appointment of receiver contrasts, in that the bulk of the financial institutions are not subject to sovereign immunity; that the account holders (with the exception of certain number of them) are likewise not subject to apparent sovereign immunity; that these entities have no apparent defense for any type of supplemental relief. The overwhelming bulk of these financial institutions, if not all of them, do not appear to be entitled to any claim of sovereign immunity, and therefore Chief Judge Lamberth's opinion would be inapplicable. Accordingly, the restrictions and barriers imposed as a result of the sovereign immunity in favor of the independent financial institutions in the motion for appointment of receiver before Chief Judge Lamberth, is not present in this case.

This is not to say that some of the financial institutions might well at a later date potentially raise an issue that the account is not located in the United States, and domiciled in a non-U.S. jurisdiction. However, the limited information does not necessarily lead to one conclusion or another, necessitating the prospect of discovery as part of the jurisdictional prerequisite to any relief.

## IV. CONCLUSION.

Plaintiffs are entitled to proceed with the appointment of a receiver of the financial institutions, all or nearly all of which are ostensibly subject to the jurisdiction of this court. These accounts, and each of the same, appear to be located in the United States, or to the extent they are not located in the United States, may or may not be subject to the restrictions enunciated in Judge White's Order Rejecting. These are matters which may be determined on an "account by account basis," but it appears that the financial institutions are all present.

Chief Judge Lamberth's order prohibited enforcement against sovereign banks, of which none of these are at issue in this particular proceeding.

Accordingly. this court is free to proceed.

DATED: January 7, 2009

COOK COLLECTION ATTORNEYS

By: /s/ David J. Cook
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al.

F:\USERS\DJCNEW\petersonsf.suppmpa