1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ. (State Bar # 62386)**
2  **COOK COLLECTION ATTORNEYS**
   **A PROFESSIONAL LAW CORPORATION**
3  165 Fell Street
   San Francisco, CA 94102
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12
   DEBORAH D. PETERSON, Personal    )   CASE NO. 3:08-mc-80030-JSW (BZ)
13 Representative of the Estate of James C.  )
   Knipple (Dec.). et al.,          )   DECLARATION OF DAVID J. COOK. ESQ.
14                                   )   IN SUPPORT OF ORDER SCHEDULING
          Plaintiffs,               )   HEARING ON PLAINTIFFS' MOTION FOR
15                                   )   APPOINTMENT OF RECEIVERS
   vs.                              )
16                                   )
   ISLAMIC REPUBLIC OF IRAN. et al.. )   Date:  February 4, 2009
17                                   )   Time:  9:00 a.m.
          Defendants.               )   Courtroom: 2, 17th Floor
18 _____ )   Judge: Jeffrey S. White

19      I. DAVID J. COOK, hereby declare and state as follows:

20      1. I am one of the attorneys of record for Plaintiffs in the above-entitled action. am duly

21 authorized to practice before all courts in the State of California, and am familiar with the facts

22 and circumstances in this action.

23      2. This matter originally arose out of the proceeding in the United States District Court,

24 District of Columbia, entitled *Peterson v. Islamic Republic of Iran*, Case No. 01-2094 (RCL) and

25 01-2684 (RCL). These Plaintiffs filed on 5/20/08 a MOTION FOR APPOINTMENT OF

26 RECEIVER AS SUPPLEMENTAL REMEDY PURSUANT TO F.R.C.P. 69(a)(1), AND UNDER

27 RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE. 28 U.S.C. § 754 AND 28

28 U.S.C. § 1692. a true and correct copy which is attached hereto marked *Exhibit "A."*

3.  Plaintiffs similarly filed a MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF RECEIVER AS SUPPLEMENTAL REMEDY PURSUANT TO F.R.C.P. 69(a)(1), AND UNDER RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 754 AND 28 U.S.C. § 1692, a true and correct copy which is attached hereto marked *Exhibit "B."*

4.  The court denied the relief by way of the order dated 7/7/08, a true and correct copy which is attached hereto marked *Exhibit "C."*

5.  The subject of the receivership motion were independent entities entitled to their own independent grant of sovereign immunity, creating an independent bar to enforcement separate from any limitations in the enforcement of a judgment against the sovereign judgment debtor, i.e., Iran.  This analysis is found in the accompanying MEMORANDUM OPINION, a true and correct copy which is attached hereto marked *Exhibit "D"*

6.  The court issued a second MEMORANDUM & ORDER, likewise dated 7/7/08, which specifically deals with the motion for appointment of receiver, a true and correct copy which is attached hereto marked *Exhibit "E."*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2009.


/s/ David J. Cook
DAVID J. COOK, ESQ. (SB# 060859)


F:\USERS\DJCNEW\petersonsf.suppmpa

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DEBORAH D. PETERSON, Personal           )
Representatives of the Estate of James C. )
Knipple (Dec.), et. al.,                )
                                        )       Consolidated Civil Actions:
            Plaintiffs,                 )          01-2094 (RCL)
                                        )          01-2684 (RCL)
vs.                                     )
                                        )
ISLAMIC REPUBLIC OF IRAN, et al.,       )
                                        )
            Defendants.                 )
                                        )

## MOTION FOR APPOINTMENT OF RECEIVER AS SUPPLEMENTAL REMEDY PURSUANT TO F.R.C.P. 69(a)(1), AND UNDER RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 754 AND 28 U.S.C. § 1692

### [LEVIED BANK ACCOUNTS]

Plaintiffs DEBORAH D. PETERSON, Personal Representatives of the Estate of James C.

Knipple (Dec.), and all the remaining Plaintiffs (hereinafter collectively "Plaintiffs" or

"Marines"), hereby move this court for the following relief under F.R.C.P. 69(a)(1) and under

Rule 66 of the Rules of Federal Procedure, consistent with 28 U.S.C. § 754 and 28 U.S.C. §

1692, as follows:

1. For the appointment of a receiver for the purposes of the collection, recovery, and

sequestering all of the bank accounts, accounts with any bank, stockbroker, savings and loan, or

similar institution, funds held by any bank in any trust or other account, certificates of deposit,

-1-


EXHIBIT ___A___

time certificates of deposit. lines of credit. letters of credit, credits due Iran. general intangibles owed by any governmental entity. bank, import export bank which are due and payable to Iran from the following listed financial institutions, banks, governmental entities, and third parties as follows:

> JAPAN BANK FOR INTERNATIONAL COOPERATION
>
> THE WORLD BANK
>
> INTERNATIONAL FINANCE CORPORATION
>
> INTERNATIONAL MONETARY FUND
>
> IMPORT EXPORT BANK OF KOREA
>
> IMPORT EXPORT BANK OF INDIA

(hereinafter collectively "LEVIED BANKS") due to and in favor of the Islamic Republic of Iran ("Iran") for purposes of payment of the outstanding judgment in the amount of $2,656,944,877.00 in which funds, monies, credits. deposits, right to payment of money, account deposits are due from the LEVIED BANKS to and on behalf of Iran, and have been the subject of service of writs of attachment on judgment, hereinafter collectively "LEVIED BANK ACCOUNTS."

2. For an order authorizing. permitting and directing the receiver to make demand upon all LEVIED BANKS directing all of the LEVIED BANK ACCOUNTS be paid to the receiver up to and including the amount necessary to satisfy this judgment, plus any and all accruing interest. costs. and other fees and charges which the court may assess from time to time herein.

3. For an order restraining. to the extent possible, Iran and all of its agencies and instrumentalities from any act of interference with the conduct of the receiver herein. an order

-2-

prohibiting, restraining, staying and enjoining Iran from taking any action in any court, other than this court, by which the action would be to interfere with the conduct of the receiver, either in part or in whole.

4. For an order authorizing the receiver to retain counsel or take such other appropriate action by which to effectuate a recovery of the LEVIED BANK ACCOUNTS: the establishment of one or more bank accounts; the filing of one or more actions in a court of competent jurisdiction, other than this court herein, if necessary; the retention of accountants, auditors or experts, necessary to aid and assist the receiver herein; and such other action which the receiver deems just and appropriate.

5. For an order authorizing the receiver to receive any and all monies due Iran based upon any LEVIED BANK ACCOUNTS, an order permitting and authorizing the receiver to authorize the receiver to negotiate a financial disposition, either in part or in whole, of any "LEVIED BANK ACCOUNTS;" and moreover, an order permitting the receiver to settle, resolve, discount, or compromise, any and all claims, of any type or nature, which Iran may have to and against any and all parties.

6. For an order permitting the receiver to affix the name of Iran or any government official on any check, draft, money order, or other note or instrument, to cash either in part or in whole, any letter of credit, or instrument, or device thereunder.

7. For an order permitting and authorizing the receiver to take such action as if the owner of any LEVIED BANK ACCOUNTS of Iran, and to take such action as may be necessary by which to convert those assets into a sum of money, for purposes of payment, either in part or in whole, of the outstanding judgment.

8. For an order continuing the jurisdiction of this court, in which the receiver would be required to report from time to time.

9. For an order setting the bond in an amount based upon the court's discretion, and an order permitting and allowing the receiver to incur any and all obligations necessary to perform the duties, but in which such obligations are not the personal liability of the receiver.

10. For an order continuing from time to time this motion, for purposes of determining compliance by Iran with any order, judgment, or decree of this court, and an order permitting the court to refer any matter to a Magistrate Judge, or other subordinate judicial officer for any evidentiary hearing which the court may request from time to time, and/or an order appointing a referee or other fact-finder which may be necessary.

11. Plaintiff proposes the members of the Gavel Group as potential receivers:

A.    EUGENE R. SULLIVAN, Retired Chief Judge of the United States Court of Appeals Court for the Armed Forces.

B.    STANLEY SPORKIN, Retired United States District Court Judge and Former General Counsel for the Central Intelligence Agency.

C.    LOUIS FREEH, Retired United States District Court Judge and Former Director of the Federal Bureau of Investigation.

The basis of this motion is that the Plaintiffs have recovered a judgment in the amount of S2,656,944,877.00, that the judgment is unsatisfied. Plaintiff is informed and believes that certain financial institutions have in their possession monies, funds and properties, which constitute the property of Iran, that the monies, funds and properties consist of deposit accounts, rights to payment of money, general intangible, contract rights, rights for any refund of money, either in part or in whole, which would permit these Plaintiffs the ability by which to recover this

judgment.

Plaintiffs further seek an order setting this motion on an expedited basis to permit the appointment of the receivers, the effect of which would be to oust Iran as a potential (but non appearing) participant in these proceedings in which the receivers on behalf of Iran, and standing it the shoes of Iran, can instruct the LEVIED BANKS to turn over funds in their possession to Plaintiffs, leaving to the result that issue of purported sovereign immunity would be mooted.

This motion is based upon the foregoing, the attached Memorandum of Points and Authorities, all matters which the court may consider, all pleadings, papers and files which pertain and relate to any other matter, and upon all oral evidence and argument which may be presented at the hearing hereof. Plaintiffs request, if necessary, an evidentiary hearing by one or more experts, to testify as to various matters which the court may request, from time to time.

DATED: May 20, 2008          COOK COLLECTION ATTORNEYS

                             By: _/s/ David J. Cook_____
                             DAVID J. COOK, ESQ. (SB# 060859)
                             P.O. Box 270
                             San Francisco, CA 94104-0270
                             Telephone: (415) 989-4730
                             Fax: (415) 989-0491
                             Email: Cook@Squeezebloodfromturnip.com

DATED: May 20, 2008          PERLES LAW FIRM

                             By:__/s/ Steve Perles_____
                                 STEVE PERLES, ESQ.
                             1146 19th Street, 5th Floor
                             Washington D.C., DC 20036
                             Telephone: 202-955-9055
                             Fax: 202-955-3806

DATED: May 20. 2008

FAY LAW PA

By:____/s/ Thomas Fortune Fay_____
     THOMAS FORTUNE FAY, ESQ.
601 Pennsylvania Avenue, NW
#900 - South Building
Washington, DC  20004
Telephone:  202-589-1300
Fax:  202-589-1300
Email: ThomasFay@aol.com

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal
Representatives of the Estate of James C. Knipple
(Dec.). et. al.

F:\USERS\DJCNEW\peterson.appoint.banklevies

-6-