DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ. (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street
San Francisco, CA 94102
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 52,759

Attorneys for Plaintiffs
DEBORAH D. PETERSON, Personal Representatives
of the Estate of James C. Knipple (Dec.), et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | CASE NO. 3:08-mc-80030-JSW (BZ) <br><br> APPLICATION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY |

COMES NOW Plaintiffs DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al. ("Plaintiffs"), who hereby request that the court extend the time of Defendant ISLAMIC REPUBLIC OF IRAN ("Iran") to respond to the ORDER COMPELLING DISCOVERY, Docket #213 dated 12/17/08, on the grounds that the best interest of justice are served by translating the order and the underlying discovery to dispel any uncertainty as to the obligation to respond.

The court entered an ORDER COMPELLING DISCOVERY, Docket #213 dated 12/17/08, a copy which is attached hereto marked *Exhibit "A"* and incorporated by reference, compelling a response by 1/30/09. Plaintiffs do not anticipate Iran responding, and therefore envision ensuing proceedings which might lead up to the imposition of contempt, as found in the case of *Richmark*

1  *Corporation v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992).

2  In the interest of justice and to avoid the slightest ambiguity, uncertainty, or doubt, as to the
3  obligation of the Defendant to respond, Plaintiffs believe that translating the discovery into Farsi,
4  along with the order, and serving it through DHL Courier, the established means for international
5  delivery, upon the Ministry of Foreign Affairs, would better insure that Iran has clear notice of the
6  significance of these proceedings. Iran has not appeared, nor participated in this proceeding.

7  Therefore, Plaintiffs request that the court reset the date for Iran's response to March 31,
8  2009, in which Plaintiffs will have adequate time to have these materials translated and delivered,
9  and Iran will have adequate time to respond.

10 DATED: January 12, 2009            COOK COLLECTION ATTORNEYS

11                                    By:   /s/ David J. Cook
                                      DAVID J. COOK, ESQ. (SB# 060859)
12                                    Attorneys for Plaintiffs
                                      DEBORAH D. PETERSON, Personal Representative
13                                    of the Estate of James C. Knipple (Dec.), et al.

14
   F:\USERS\DJCNEW\PETERSONSF.ext
15

APPLICATION FOR CONTINUANCE OF HEARING - CASE NO. 3:08-mc-80030-JSW (BZ)        2

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendant(s). | No. 08-80030 MISC JSW (BZ) <br><br> **ORDER COMPELLING DISCOVERY** |

    Plaintiffs have moved to compel Iran to answer interrogatories and produce documents in response to discovery requests they had earlier propounded.

    While there is language in Judge White's Order rejecting an earlier report and recommendation which may be read as holding that this court has no jurisdiction over Iran, I read the Order more narrowly as holding that because plaintiffs had failed to establish that the assets they were seeking to have assigned were not immune from execution, there was no jurisdiction to issue the proposed assignment order. In

1

EXHIBIT A

1  granting plaintiffs a default judgment, Judge Lamberth found
2  that there was jurisdiction over Iran, that it was not immune
3  and that it had properly been served. Peterson v. Islamic
4  Republic of Iran, 264 F.Supp.2d 46, 48, 59-60 (D.D.C. 2003).
5  Moreover, Judge Lamberth has continued to exercise
6  jurisdiction over ancillary proceedings after the repeal of §
7  1605(a)(7) and the other recent FSIA amendments. Because the
8  proceedings in this court are merely ancillary proceedings in
9  aid of efforts to execute on the judgment that Judge Lamberth
10 issued, such jurisdiction continues. See Peacock v. Thomas,
11 516 U.S. 349, 355-56 (1996). Furthermore, the Ninth Circuit
12 has ruled a judgment creditor is entitled to discovery to help
13 locate assets that may not be immune from execution. Richmark
14 Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1477-1478
15 (9th Cir. 1992).

16     Judge White's Order also questions whether "Plaintiffs
17 have complied with the service requirements set forth in 28
18 U.S.C. § 1608." I read § 1608 as setting forth the
19 requirements for service of summons and complaint. Once
20 again, Judge Lamberth has found that Iran was properly served
21 with process. Once a party defaults, F.R. Civ. P. 5(a)(2)
22 does not require further service on defaulting party and Rule
23 5(b)(2)(C) permits service by mail. The California statutes
24 which provide for post-judgment discovery against a judgment
25 debtor do not require that the debtor be personally served
26 with the discovery. Rather, the statutes state that discovery
27 shall be taken in the same manner as discovery in an ordinary
28 case, which is satisfied with service by mail. See Frates v.

1  Treder, 249 Cal. App. 2d 199, 201 (1967). Here, plaintiffs
2  have been serving Iran by mail, which I deem adequate under
3  the circumstances at least for purposes of taking discovery.
4      **IT IS THEREFORE ORDERED** that by no later than **January 30,**
5  **2009,** Iran shall answer the post-judgment interrogatories and
6  produce the requested documents, except that Iran need not
7  provide discovery with respect to any asset which is valued at
8  less than $10,000. All objections to the propounded discovery
9  are deemed **WAIVED**. Plaintiffs' request for sanctions is
10 **DENIED** without prejudice to being renewed if Iran does not
11 answer.
12 Dated: December 17, 2008
13                                               Bernard Zimmerman
14                                   United States Magistrate Judge
15 G:\BZALL\-REFS\PETERSON v. ISLAMIC REPUBLIC OF IRAN\Order Compelling Discovery FINAL.wpd

3