1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ. (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA  94102
4  Mailing Address: P.O. Box 270
   San Francisco. CA  94104-0270
5  Tel.: (415) 989-4730
   Fax: (415) 989-0491
6  File No. 52,759

7  Attorneys for Plaintiffs
   DEBORAH D. PETERSON, Personal Representatives
8  of the Estate of James C. Knipple (Dec.), et al.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  DEBORAH D. PETERSON, Personal          )    CASE NO. 3:08-mc-80030-JSW (BZ)
    Representative of the Estate of James C. )
    Knipple (Dec.), et al.,                 )
14                                          )    MEMORANDUM OF POINTS AND
          Plaintiffs,                       )    AUTHORITIES IN SUPPORT OF EX PARTE
15                                          )    APPLICATION FOR ENTRY OF ORDER
    vs.                                     )    AUTHORIZING PROCESS SERVER TO
16                                          )    LEVY EXECUTION PURSUANT TO C.C.P. §
    ISLAMIC REPUBLIC OF IRAN. et al.,       )    699.080
17                                          )
          Defendants.                       )
18  _____ )

19                  I.  **INTRODUCTION.**

20        Plaintiffs DEBORAH D. PETERSON, Personal Representatives of the Estate of James C.

21  Knipple (Dec.), et al. have recovered judgment in that certain action entitled *Peterson v. Islamic*

22  *Republic of Iran*. 264 F.Supp.2d 46 (D.D.C. 2003), 515 F.Supp.2d 25 (D.D.C. 2007). United

23  States District Court, District of Columbia. Consolidated Civil Actions: 01-2094 (RCL) and 01-

24  2684 (RCL) on 9/7/07, in the amount of $2,656,944,877.00.  Plaintiffs have registered this

25  judgment in the United States District Court, Northern District of California, Case No. C-08-

26

27

28

1 080030-JSW (BZ), on 3/11/08 (Docket #1), marked *Exhibit "A."* [1] This judgment remains

2 unsatisfied, either in part or in whole.

3 ## II. APPLICABILITY OF STATE LAW.

4     For Plaintiffs to enforce the Judgment, Plaintiffs are obligated to proceed essentially under

5 the law of the domicile state. In this case, it would be the Enforcement of Judgments law effective

6 July 1, 1983. As part of the significant revision, California enacted C.C.P. § 699.080, which

7 permitted a process server to exercise many of the duties of a Marshal in the enforcement of a

8 judgment. C.C.P. § 699.080 provides specifically as follows:

9 "§ 699.080.
(a) A registered process server may levy under a writ of execution on the following
10 types of property:
(1) Real property, pursuant to Section 700.015.
11 (2) Growing crops, timber to be cut, or minerals or the like (including oil and gas)
to be extracted or accounts receivable resulting from the sale thereof at the wellhead
12 or minehead, pursuant to Section 700.020.
(3) Personal property in the custody of a levying officer, pursuant to Section
13 700.050.
(4) Personal property used as a dwelling, pursuant to subdivision (a) of Section
14 700.080.
(5) Deposit accounts, pursuant to Section 700.140.
15 (6) Property in a safe-deposit box, pursuant to Section 700.150.
(7) Accounts receivable or general intangibles, pursuant to Section 700.170.
16 (8) Final money judgments, pursuant to Section 700.190.
(9) Interest of a judgment debtor in personal property in the estate of a decedent,
17 pursuant to Section 700.200.
(b) Before levying under the writ of execution, the registered process server shall
18 deposit a copy of the writ with the levying officer and pay the fee provided by
Section 26721 of the Government Code.
19 ( c) If a registered process server levies on property pursuant to subdivision (a), the
registered process server shall do both of the following:
20 (1) Comply with the applicable levy, posting, and service provisions of Article 4
(commencing with Section 700.010).
21 (2) Request any third person served to give a garnishee's memorandum to the
levying officer in compliance with Section 701.030 on a form provided by the
22 registered process server.
(d) Within five days after levy under this section, all of the following shall be filed
23 with the levying officer:
(1) The writ of execution.
24 (2) An affidavit of the registered process server stating the manner of levy
performed.
25 (3) Proof of service of the copy of the writ and notice of levy on other persons, as
required by Article 4 (commencing with Section 700.010).
26

27 ----
[1] All exhibits are incorporated by reference as though fully set forth in this Memorandum
28 in their entirety and are attached to the Declaration of David J. Cook, Esq. which is filed
contemporaneously herein.

(4) Instructions in writing, as required by the provisions of Section 687.010.
(e) If the fee provided by Section 26721 of the Government Code has been paid, the levying officer shall perform all other duties under the writ as if the levying officer had levied under the writ and shall return the writ to the court. If the registered process server does not comply with subdivisions (b) and (d), the levy is ineffective and the levying officer is not required to perform any duties under the writ and may issue a release for any property sought to be levied upon.
(f) The fee for services of a registered process server under this section shall be allowed as a recoverable cost pursuant to Section 1033.5.
(g) A registered process server may levy more than once under the same writ of execution, provided that the writ is still valid."

As can be seen, many of the levy and execution procedures are fairly routine, such as the levy upon a bank, wage levy, garnishment upon an account or account receiveable, or general intangible, or real property levy. The overall purpose of enacting C.C.P. § 699.080 was to relieve the Sheriff, Marshal or Constable (and directly, the U.S. Marshal) from the duties and responsibilities of levy and execution, when in fact the process server would not come into direct possession of monies. Furthermore, levy and execution upon such types of property is extremely "time-consuming" in the service upon the third party, service by mail upon the debtor, the filing of proofs of service, and related duties and responsibilities. Relegating these tasks to a process server would free up the levying officer from either non-civil tasks, or alternatively, civil tasks within the province of the levying officer such as the actual receipt and disbursement of money, sale of property, installation of a keeper, or the like.

## III. **PRACTICES AND PROCEDURES OF U.S. MARSHAL.**

Typically, the U. S. Marshal, and specifically, the U. S. Marshal for the Northern District, requires an order authorizing the use of a private process server issued by the court. The U.S. Marshal requires the insurance of the fact that the levy and execution undertaken by the process server is authorized by the court.

## IV. **NO PREJUDICE TO THE DEFENDANT.**

Plaintiffs seek this relief of an order authorizing the process server on an ex parte basis, in that the Judgment Debtors will suffer no prejudice, one way or another. Plaintiffs by this application do not seek to reduce or diminish any of the rights of the Judgment Debtors to assert a claim of exemption, if any, or otherwise alter the rights or remedies of the Plaintiffs by which to effectuate collection. Plaintiffs seek essentially to obtain an order authorizing the use of a private

1  process server to perform those exact duties and responsibilities which a Sheriff, Marshal or

2  Constable (or U.S. Marshal) would otherwise be authorized to conduct.

3  **V.  APPOINTMENT OF ATTORNEY SERVICE OF SAN FRANCISCO.**

4  Plaintiffs hereby appoint Attorney Service of San Francisco, 4104 - 24th Street, PMB 393,

5  San Francisco, CA 94114, as the designated process server.  This process server has outstanding a

6  registration with the County of San Francisco (copy of which is attached to the Declaration of

7  David J. Cook, Esq.), and is authorized to perform the services and duties as a process server.

8  David J. Cook, Esq. as lead counsel has employed this process server over the last approximately

9  10 years, in which the process server has a reputation for integrity, honesty, and performance of

10  duties and responsibilities.  Attorney Service of San Francisco, a registered process server, is

11  authorized to perform the services under C.C.P. § 699.080.

12  DATED:  May 5, 2010                    COOK COLLECTION ATTORNEYS

13                                         By:___/s/ David J. Cook_____
                                              DAVID J. COOK, ESQ. (SB# 060859)
14                                         Attorneys for Plaintiffs
                                           DEBORAH D. PETERSON, Personal
15                                         Representatives of the Estate of James C. Knipple
                                           (Dec.), et al.

16

17  F:\USERS\DJCNEW\petersonsf.exps

18

19

20

21

22

23

24

25

26

27

28